UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

NML CAPITAL, LTD,                                  :       03 Civ. 8845 (TPG)
                                                   :       05 Civ. 2432 (TPG)
                              Plaintiff,           :       06 Civ. 6466 (TPG)
                                                   :       07 Civ. 1910 (TPG)
          -against-                                :       07 Civ. 2690 (TPG)
                                                   :       07 Civ. 6563 (TPG)
                                                   :       08 Civ. 2541 (TPG)
THE REPUBLIC OF ARGENTINA,                         :       08 Civ. 3302 (TPG)
                                                   :       08 Civ. 6978 (TPG)
                              Defendant.           :       08 Civ. 7974 (TPG)

-------------------------------------------------------------- x

## NON-PARTY DEUTSCHE BANK AG'S MEMORANDUM OF LAW IN OPPOSITION TO NML CAPITAL, LTD.'S MOTION TO COMPEL DEUTSCHE BANK AG TO RESPOND TO SUBPOENA

**Duval & Stachenfeld LLP**
101 Park Avenue, Eleventh Floor
New York, New York 10178
(212) 883-1700

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................ii

BACKGROUND.................................................................................................................. 1

ARGUMENT ...................................................................................................................... 4

    I      THE SUBPOENA IMPOSES NO DUTY TO SUPPLEMENT UPON
           NON-PARTY DBAG AND CANNOT COMPEL PRODUCTION
           OF DOCUMENTS CREATED MONTHS AFTER THE SUBPOENA
           RESPONSE DATE................................................................................................ 4

    II.     NML HAS FAILED TO COMPLY WITH ITS MEET AND CONFER
           OBLIGATIONS ................................................................................................... 5

    III.    THE SUBPOENA SEEKS TO IMPOSE UNDUE BURDENS ON DBAG
           TO OBTAIN CONFIDENTIAL INFORMATION THAT IS NEITHER
           RELEVANT NOR DISCOVERABLE.......................................................................... 6

CONCLUSION .................................................................................................................. 8

i

## TABLE OF AUTHORITIES

### CASES

Alexander v. Fed. Bureau of Investigation,
192 F.R.D. 37 (D.D.C. 2000) ........................................................................ 4

Boukadoum v. Hubanks,
239 F.R.D. 427 (D. Md. 2006) ..................................................................... 5

EM Ltd. v. Republic of Argentina,
131 Fed. Appx. 745, 2005 WL 1131662 (2d Cir. May 13, 2005) ................... 3

Erinmedia, LLC v. Nielsen Media Research, Inc.,
No. 05 Civ. 1123, 2007 WL 1970860 (M.D. Fla. July 3, 2007) ..................... 4

Med. Components, Inc. v. Classic Med., Inc.,
210 F.R.D. 175 (M.D.N.C. 2002) .................................................................. 5

Myers v. Andzel,
No. 06 Civ. 14420 (RWS), 2007 WL 3256865 (S.D.N.Y. Oct. 15, 2007) ...... 5

NML Capital Ltd. v. Republic of Argentina,
No. 02 Civ. 3804, et al., 2005 WL 743086 (S.D.N.Y. Mar. 31, 2005) ........ 3, 7

St. Johns Ins. Co. v. Nautilus Ins. Co.,
No. 08 Civ. 2313, 2008 WL 2090730 (M.D. Fla. 2008) ............................... 5

### RULES & REGULATIONS

Fed. R. Civ. P. 26(e)(1) ................................................................................ 4

Fed. R. Civ. P. 37(a) ............................................................................. 1, 2, 5

Fed. R. Civ. P. 45 ......................................................................................... 1

Fed. R. Civ. P. 45(c)(3)(B)(i) ....................................................................... 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

NML CAPITAL, LTD,                             :     03 Civ. 8845 (TPG)
                                              :     05 Civ. 2432 (TPG)
                              Plaintiff,       :     06 Civ. 6466 (TPG)
                                              :     07 Civ. 1910 (TPG)
           -against-                          :     07 Civ. 2690 (TPG)
                                              :     07 Civ. 6563 (TPG)
                                              :     08 Civ. 2541 (TPG)
THE REPUBLIC OF ARGENTINA,                    :     08 Civ. 3302 (TPG)
                                              :     08 Civ. 6978 (TPG)
                              Defendant.       :     08 Civ. 7974 (TPG)

------------------------------------------------------------- x

## NON-PARTY DEUTSCHE BANK AG'S MEMORANDUM OF LAW IN OPPOSITION TO NML CAPITAL, LTD.'S MOTION TO COMPEL DEUTSCHE BANK AG TO RESPOND TO SUBPOENA

Pursuant to Rules 37 and 45 of the Federal Rules of Civil Procedure, non-party

Deutsche Bank AG, New York Branch ("DBAG"), by its attorneys, Duval & Stachenfeld

LLP, respectfully submits this Memorandum of Law in Opposition to NML Capital, Ltd.'s

Motion to Compel Deutsche Bank AG to Respond to Subpoena (the "Motion").[1]

## BACKGROUND

In the Motion, plaintiff NML Capital, Ltd. ("NML") asserts that DBAG is "currently

in talks with Argentina concerning the launch of an exchange offer or similar transaction."

Mot. at 4-5. The Motion seeks to compel non-party DBAG to produce a variety of

documents relating to these purported discussions, including documents evidencing

communications with the Republic of Argentina (the "Republic"), documents concerning any

---

[1] NML's subpoena was initially, and improperly, directed at DBAG. While Deutsche Bank AG, New York Branch was the entity that filed objections and responses, we have since learned, from information attached by NML to the Motion, that the appropriate United States non-party Deutsche Bank legal entity is Deutsche Bank Securities Inc. ("DBSI").

proposed compensation to be received by DBAG, and documents evidencing communications with the SEC with respect to a potential Exchange Offer. Id. at 5-6. According to NML, DBAG is obligated to produce these documents, even if DBAG has not been engaged for any transaction by the Republic, or done any work on its behalf. NML contends that DBAG must produce the documents because they conceivably could have some relevance to its on-going litigation with the Republic:

> [d]epending on the nature and structure of the transaction . . . it is possible that property of Argentina – perhaps either the consideration to be paid to participating debt-holders or the defaulted debt surrendered, or other consideration paid to Argentina, could be present in this country or in other countries where NML is able to collect the money Argentina owes. In the event that occurs, such property could well be subject to seizure by NML, which is therefore entitled to discovery into this possibility.

Mot. at 5 (emphasis added).

In support of its argument seeking to compel DBAG to produce documents, NML relies on a subpoena that it served on DBAG more than six months ago (the "Subpoena"). Mot. at 1; Declaration of William B. Mack, dated September 22, 2009 ("Mack Decl."), Exhibit ("Ex.") A. On April 8, 2009, DBAG served objections and responses to the Subpoena (the "Objections and Responses"). Mack Decl., Ex. H. After DBAG timely provided the Objections and Responses, NML did not communicate with DBAG again about the Subpoena prior to filing the Motion. Given that NML did not contact DBAG regarding the subpoena responses, let alone hold a meet-and-confer session for the Subpoena, NML has not -- and cannot – demonstrate that it acted in good faith or provided a certificate, as required by Fed. R. Civ. P. 37(a), stating that it conferred in good faith with DBAG in an effort to resolve or narrow any disputes before filing its motion to compel.

While the Motion makes reference to certain proceedings before the Court concerning NML's disputes with the Republic, it conspicuously fails to reference what is clearly most pertinent for the Motion -- the Court's decision to vacate NML's prior attachment orders based on the deleterious effect that those orders would have had on the Republic's proposed 2005 debt exchange offer. NML Capital Ltd. v. Republic of Argentina, No. 02 Civ. 3804, et al., 2005 WL 743086, at *1-*3 (S.D.N.Y. Mar. 31, 2005), aff'd, EM Ltd. v. Republic of Argentina, 131 Fed. Appx. 745, 2005 WL 1131662 (2d Cir. May 13, 2005).

NML's motion is flawed in several respects. In the first place, NML cannot revive the Subpoena, which DBAG responded to last April, as a means of requiring DBAG to produce documents created months after the response date. NML, furthermore, failed to hold a required meet-and-confer session prior to making the Motion. Additionally, NML is not entitled to any preliminary communications between the Republic and DBAG that address nothing more than a potential transaction. The mere possibility of a future exchange offer does not provide any information which NML could arguably use to attach the Republic's assets, and fails to justify the disclosure of DBAG's confidential information and the imposition of subpoena compliance costs. Even if DBAG were working on an actual exchange offer for the Republic, NML has failed to show how this information could be relevant or discoverable in light of the Court's prior ruling that assets being exchanged as part of an exchange offer by the Republic may not be attached.

## ARGUMENT

**I.    THE SUBPOENA IMPOSES NO DUTY TO SUPPLEMENT UPON NON-PARTY DBAG AND CANNOT COMPEL PRODUCTION OF DOCUMENTS CREATED MONTHS AFTER THE SUBPOENA RESPONSE DATE**

To support its argument that DBAG must produce documents purportedly relating to recent discussions with the Republic, NML seeks to revitalize its six-month old Subpoena, even though DBAG's response to the Subpoena was provided to NML months before the talks now at issue purportedly took place. A subpoena, however, "addresses itself to documents in existence as of the date the subpoena is responded to, not documents created thereafter." Erinmedia, LLC v. Nielsen Media Research, Inc., No. 05 Civ. 1123, 2007 WL 1970860, at *4 (M.D. Fla. July 3, 2007). In contrast to party litigants, who have affirmative duties to supplement discovery disclosures and responses, see Fed. R. Civ. P. 26(e)(1), "a non-party served with a subpoena duces tecum is under no duty to supplement its discovery responses." Alexander v. Fed. Bureau of Investigation, 192 F.R.D. 37, 38 (D.D.C. 2000).

Here, two basic facts are fatal to NML's motion: DBAG responded to the Subpoena on April 8, 2009, Mack Decl. Ex. H, and the targeted documents could not have been created until at least some four months later, in or about September 2009. Mot. at 4-5; Mack Decl. Exs. G.11, G.12, and G.14. Because the Subpoena does not impose any duty to supplement and does not prospectively require DBAG to produce documents created after the response date, it simply cannot compel production of the later-created documents that are now the subject of the Motion. Without a supporting subpoena, the Motion lacks any legitimate basis upon which non-party DBAG possibly could be compelled to produce the requested materials. The Motion should accordingly be denied as legally deficient.

4

## II.   NML HAS FAILED TO COMPLY WITH ITS MEET AND CONFER OBLIGATIONS

NML's attempt to rejuvenate the abandoned Subpoena founders for another reason -- NML has failed to comply with its obligation to confer in good faith, as required by Fed. R. Civ. P. 37(a).

Far from being merely a technical requirement, the mandatory meet-and-confer rule serves the important function of minimizing burdens on both the judiciary and the responding party. Myers v. Andzel, No. 06 Civ. 14420 (RWS), 2007 WL 3256865, at *1 (S.D.N.Y. Oct. 15, 2007). Under Rule 37(a), the requesting party must "make a genuine effort to resolve the dispute by determining . . . what the discovering party is reasonably capable of producing that is responsive to the request; and what specific genuine issues, if any, cannot be resolved without judicial intervention." Id. (quotations omitted). If litigants ignore the mandatory meet-and-confer requirements, courts will not hesitate to deny a motion to compel. Id.

Nor is there any question that a party litigant must meet-and-confer before filing a motion against a non-party, like DBAG, that has been served with a subpoena. See e.g., St. Johns Ins. Co. v. Nautilus Ins. Co., No. 08 Civ. 2313, 2008 WL 2090730, at *1 (M.D. Fla. 2008) ("[W]here counsel subpoenas documents from a non-party . . . counsel must engage in a good faith effort to secure the non-party's compliance before filing a motion to compel and must certify to the effort made as part of the motion to compel.") (quotations omitted) (alteration in original); Boukadoum v. Hubanks, 239 F.R.D. 427, 431 (D. Md. 2006) (same); Med. Components, Inc. v. Classic Med., Inc., 210 F.R.D. 175, 178-79 & n.5 (M.D.N.C. 2002) (holding that party serving subpoena must confer in good faith with non-party because

5

Rule 45 "specifically imposes on [the subpoenaing party] a duty to take reasonable steps to avoid imposing undue burden or expense on a person subject to [the] subpoena.") (quotations omitted).

By not communicating at all with DBAG after the Objections and Responses were served, NML has utterly failed to comply with -- or even recognize -- its meet-and-confer obligations. By not taking these required steps, NML is precluded from its current attempt to compel discovery through the Motion.[2]

## III.    THE SUBPOENA SEEKS TO IMPOSE UNDUE BURDENS ON DBAG TO OBTAIN CONFIDENTIAL INFORMATION THAT IS NEITHER RELEVANT NOR DISCOVERABLE

In addition to its failure to meet-and-confer, NML uses the Motion to argue both that "boilerplate objections are improper" and that each of the objections asserted by DBAG in its April 8, 2009 letter is itself inappropriate. Mot. at 7-14. Although NML is quick to offer numerous arguments that misstate the alleged improprieties of the Objections and Responses, NML completely ignores the Subpoena's most glaring deficiencies -- the fact that no exchange offer has taken place since a failed effort in 2005, and the fact that the Court has already expressly vacated NML's previously-obtained attachment orders on grounds that it could have caused the Republic to abandon a debt exchange offer valued at over $60 billon.

---

[2] According to its motion papers, NML communicated with both Citigroup, Inc. and Barclays Bank PLC prior to filing motions to compel against them. See Memorandum of NML in Support of Motion to Compel Citigroup Inc [sic] to Respond to Subpoena, at 6-7 ("After service of the Subpoena, counsel for NML and Citi engaged in a series of discussions concerning Citi's objections and response to the Subpoena, which culminated in a June 26, 2009 letter from Citi's counsel."); Memorandum of NML in Support of Motion to Compel Barclays Bank PLC to Respond to Subpoena, at 7 ("Counsel for NML and Barclays subsequently conferred on several occasions in an effort to resolve Barclays' objections. However, such discussions were unsuccessful and Barclays has adhered to its positions that it will not produce any documents in response to the Subpoena."). Irrespective of whether NML considered DBAG to be a lower-priority target or whether it chose not to pursue discussions with DBAG for any other reason, NML's failure to meet-and-confer mandates that the Motion be denied.

6

Indeed, while NML could have used its Motion to address these flaws, it did not, because it offers no convincing arguments as to why such flaws are not fatal to its attempt to collect information pursuant to the Subpoena.

NML claims that DBAG should be compelled to bear the costs and burdens of producing documents relating to any confidential discussions with the Republic about a possible exchange offer. NML's theory is that preliminary discussions conceivably could provide information about the location of the Republic's assets. Mot. at 5. In the absence of an actual engagement or transaction, however, NML cannot point to anything that could arguably provide a basis for it to attach the Republic's assets. The mere possibility of a future transaction that was not actually pursued is simply too speculative to justify the imposition of subpoena compliance costs on DBAG, or the disclosure of its confidential information. Fed. R. Civ. P. 45(c)(3)(B)(i) (court may quash a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information").

Even if DBAG had done work on an actual exchange offer for the Republic, the Motion would still be in conflict with the Court's prior rulings. In 2005, NML and others obtained attachment orders and restraining notices relating to the Republic's rights in connection with a $60 billion exchange offer. The Court vacated the attachment orders and restraining notices, noting that "[i]f these attachments are still in effect, we throw into doubt, to say the least, the conclusion of the exchange offer." NML Capital Ltd., 2005 WL 743086, at *3. In light of this ruling recognizing that assets being exchanged in connection with an exchange offer may not be attached, NML has failed to show how the information it

7

ultimately seeks could possibly be relevant or discoverable -- even if DBAG had been actually participating in an exchange offer for the Republic.

## CONCLUSION

For these reasons, DBAG requests that the Court deny NML's Motion to Compel Deutsche Bank AG to Respond to Subpoena.

Dated:  New York, New York
October 9, 2009

Respectfully submitted,

DUVAL & STACHENFELD LLP

By:

Allan N. Taffet, Esq.
Brian A. Burns, Esq.
101 Park Avenue, 11th Floor
New York, New York 10178
Tel. No.:  (212) 883-1700

Attorneys for Non-Party
Deutsche Bank AG, New York Branch

8