UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

NML CAPITAL, LTD.

         Plaintiff,

                               08 Civ. 6978 (TPG)
  v.                            09 Civ. 1707 (TPG)
                               09 Civ. 1708 (TPG)

REPUBLIC OF ARGENTINA,

         Defendant.
---------------------------------------------------------x

**NML CAPITAL LTD'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT
FOR PRINCIPAL AND INTEREST DUE**

                                           DECHERT LLP
                                           Robert A. Cohen
                                           Charles I. Poret
                                           1095 Avenue of the Americas
                                           New York, NY 10036-6796
                                           (212) 698-3500

                                           Attorneys for Plaintiff NML Capital, Ltd.

**TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT ................................................................................. 1

II.   THE UNDISPUTED FACTS .................................................................................... 2

    A.   The Bonds At Issue In This Motion................................................................. 2

    B.   Argentina's Default On NML's Bonds............................................................. 3

    C.   Other Litigation Involving Argentina's Foreign Debt ..................................... 4

III.  ARGUMENT.............................................................................................................. 5

    A.   The Summary Judgment Standard ................................................................... 5

    B.   Argentina's Declaration Of A Moratorium And Its Failure To Pay Interest
        On NML's Bonds Entitle NML To Summary Judgment...................................... 6

        1.   Argentina Is Collaterally Estopped From Relitigating The Issue Of
            Its Obligation To Pay On NML's Bonds ...................................................... 6

        2.   NML Would Be Entitled To Summary Judgment Even If It Had To
            Relitigate The Issue Of Argentina's Liability On The Bonds ................... 8

        3.   Argentina's Affirmative Defenses Fail to Raise Any Factual Issues ........ 8

IV.   CONCLUSION......................................................................................................... 12

# TABLE OF AUTHORITIES

**CASES**

Anderson v. Liberty Lobby, Inc.,
  477 U.S. 242 (1986) ................................................................................................................5

Aniero Concrete Co. v. New York City Constr. Auth.,
  No. 94 Civ. 3506, 2000 WL 863208 (S.D.N.Y. June 27, 2000) .............................................10

Applestein v. Republic of Argentina,
  No. 02 Civ. 4124 (TPG), 2003 WL 22743762 (S.D.N.Y. Nov. 20, 2003) ...............................5

Dvoskin v. Prinz,
  613 N.Y.S.2d 654 (2d Dep't 1994) ..........................................................................................6

EM Ltd. v. Republic of Argentina,
  No. 03 Civ. 2507 (TPG), 2003 WL 22120745 (S.D.N.Y. Sept. 12, 2003), aff'd, 382
  F.3d 291 (2d Cir. 2004) ........................................................................................................5, 8

FFI Fund, Ltd. v. Republic of Argentina,
  No. 05 Civ. 3328 (TPG), 2006 WL 435734 (S.D.N.Y. Feb. 23, 2006) ..........................5, 8, 10

Gelb v. Royal Globe Ins. Co.,
  798 F.2d 38 (2d Cir. 1986) .......................................................................................................7

Greylock Global Distressed Debt Master Fund, Ltd. v. Republic of Argentina,
  No. 05 Civ. 4246 (TPG), 2006 WL 397908 (S.D.N.Y. Feb. 17, 2006) ................................5, 8

IBM Corp. v. Burlington Air Express, Inc.,
  No. 98 Civ. 2503 (TPG), 2000 WL 890196 (S.D.N.Y. July 5, 2000) ......................................6

LeBlanc-Sternberg v. Fletcher,
  67 F.3d 412 (2d Cir. 1995) .......................................................................................................7

Lightwater Corp. v. Republic of Argentina,
  Nos. 02 Civ. 3804, 3808 & 5932 (TPG),
  2003 WL 1878420 (S.D.N.Y. Apr. 14, 2003) ............................................................5, 8, 9, 10

Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,
  475 U.S. 574 (1986) ................................................................................................................5

NML Capital, Ltd. v. Republic of Argentina,
    No. 07 CV 1910 (TPG), 2008 WL 1318018 (S.D.N.Y. Apr. 10, 2008) .......................... *passim*

NML Capital, Ltd. v. Republic of Argentina,
    No. 07 CV 6563 (TPG), 2008 WL 1719487 (S.D.N.Y. Apr. 10, 2008) ................................... 5

NML Capital, Ltd. v. Republic of Argentina,
    No. 08 CV 2541 (TPG), 2009 WL 562270 (S.D.N.Y. Mar. 4, 2009) ................................ 5, 9

Omni Quartz, Ltd. v. CVS Corp.,
    287 F.3d 61 (2d Cir. 2002) ................................................................................................... 6

Pasquali v. Republic of Argentina,
    No. 05 Civ. 10636 (TPG), 2006 WL 3316975 (S.D.N.Y. Nov. 14, 2006) ..................... 5, 7, 10

Rexnord Holdings, Inc. v. Bidermann,
    21 F.3d 522 (2d Cir. 1994) ................................................................................................... 9

Sabetay v. Sterling Drug, Inc.,
    506 N.E.2d 919 (N.Y.1987) ............................................................................................... 10

Valley Nat'l Bank v. Greenwich Ins. Co.,
    254 F. Supp. 2d 448 (S.D.N.Y. 2003) ................................................................................... 6

**STATUTES**

Argentine Law No. 26,071 ............................................................................................................. 8

N.Y. Judiciary Law § 489 ......................................................................................................... 9, 10

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56 ........................................................................................................................ 1, 5

Local Rule 56.1 .............................................................................................................................. 1

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1, Plaintiff NML Capital, Ltd., ("NML") respectfully submits this memorandum of law, together with the Declaration of Elliot Greenberg, dated October 18, 2010 (the "Greenberg Decl."), the Declaration of Robert A. Cohen, dated October 18, 2010 (the "Cohen Decl."), and NML's Statement of Material Facts Pursuant to Local Rule 56.1 in support of its Motion For Summary Judgment against defendant, the Republic of Argentina ("Argentina") in <u>NML Capital, Ltd. v. The Republic of Argentina</u>, Case Nos. 08 Civ. 6978, 09 Civ. 1707, and 09 Civ. 1708.

## I. **PRELIMINARY STATEMENT**

NML seeks summary judgment based upon Argentina's failure to pay interest and principal on sovereign indebtedness issued by Argentina (referred to here for simplicity as "bonds") which are beneficially owned by NML, as stated in the Complaints.[1]

NML is entitled to summary judgment based on the following incontestable facts:

- NML is the beneficial owner of the bonds on which its claim is based;

- Argentina declared a moratorium in December 2001 on payments of principal and interest with respect to its foreign debt, at which time Argentina ceased all payments on its external debt obligations – including the bonds owned by NML;

- Argentina has not paid NML anything on the bonds and is therefore in default on its unconditional obligation to pay NML on those bonds.

---

[1] Contemporaneously with this filing, NML has also filed a Motion for Leave to Amend and a Motion for Partial Summary Judgment and For Injunctive Relief Pursuant to The Equal Treatment Provision. If the Court grants the Motion for Leave to Amend, NML requests that the Court render its decisions on both Partial Summary Judgment Motions on the same day.

Accordingly, there are no genuine issues as to any material fact; NML's unimpeachable documentary evidence establishes that NML is entitled to summary judgment. This court has already issued summary and/or final judgments in the eight other cases brought by NML for the same default by Argentina on other series of bonds. The significant facts are the same here.

## II.  THE UNDISPUTED FACTS

### A.  The Bonds At Issue In This Motion

NML is the beneficial owner of certain Global Bonds issued by Argentina, designated CUSIP Nos. 040114AX8, 040114AN0, 040114BE9, 040114FC9, 040114GD6, 040114AR1, 040114FB1, 040114AV2, and 040114GG9 (the "Bonds"). See Account Statement from JPMorgan, dated October 13, 2010 (Greenberg Decl. Ex. 1). Argentina issued these bonds pursuant to the Fiscal Agency Agreement ("FAA") dated October 19, 1994. FAA (Cohen Decl. Ex. 1). The $81,080,000 principal amount of NML's bond, which is the subject of Case No. 08 Civ. 6978, was acquired by NML on dates from June 9, 2008 to July 24, 2008; the $30,000 principal amount of NML's bonds, which is the subject of Case No. 09 Civ. 1707, was acquired by NML on October 16, 2008; and the $140,889,549 principal amount of NML's bonds, which is the subject of Case No. 09 Civ. 1708, was acquired by NML on dates from August 4, 2008 to July 2, 2010. See Tables 1-16 (Cohen Decl. Ex. 9).

Pursuant to the FAA, Argentina (1) consented to the personal jurisdiction of this Court, FAA ¶22 (Cohen Decl. Ex. 1); (2) consented to service of process by service on its agent, Banco de la Nación Argentina, in New York City, id.; (3) waived sovereign immunity to the fullest extent permitted by law, id.; and (4) agreed that the FAA would be governed by and construed in accordance with the laws of the State of New York, id. at ¶ 23.

Pursuant to Section 12 of the FAA, Argentina's failure to pay interest on the bonds when such interest came due and its declaration of a moratorium on payments of principal or interest with respect to its foreign debt both constituted events of default. Id. at § 12. Argentina further agreed in the FAA that, in the event of a default, a bondholder could give written notice and declare "the principal amount of such Securities held by it due and payable immediately." Id.

### B. Argentina's Default On NML's Bonds

On December 24, 2001, Argentina "declared a moratorium on payments of principal and interest on [its] external debt." Order and Opinion, NML Capital, Ltd. v. The Republic of Argentina, No. 07 Civ. 1910 (TPG), 2008 WL 1318018, at *1(S.D.N.Y. April 10, 2008) ("NML IV"); CNN.com article, dated December 24, 2001 (Cohen Decl. Ex. 2). Since declaring the moratorium, Argentina has made no payments of interest or principal – a fact it acknowledged in its Answers. See Answers (Cohen Decl. Ex. 3). ("[S]ince December 2001 [Argentina] has not paid interest or principal on nonperforming debt."). The moratorium is still in effect. Indeed, Argentina repudiated its external indebtedness as part of its January 2005 restructuring. Argentine Law 26,017 (Cohen Decl. Ex. 4).

On August 1, 2008, Plaintiff advised Argentina, by written notice to Argentina's Fiscal Agent, that it was declaring the $81,080,000 amount of the Bonds at issue in Case No. 08 Civ. 6978, CUSIP Nos. 040114AN0, 040114BE9, 040114FC9, 040114GD6, 040114AR1, 040114FB1, and 040114AV2, together with any accrued and unpaid interest, immediately due and payable pursuant to Section 12(a) and (d) of the FAA. Letters to Bankers Trust Company, dated August 1, 2008 (Cohen Decl. Ex. 5). Argentina failed to make any payments to NML of

principal or interest on the $81,080,000 principal amount of these Bonds. (Greenberg Decl. ¶ 45).

On February 4, 2009, Plaintiff NML advised Argentina, by written Notice to Argentina's Fiscal Agent, that it was declaring the $147,276,549 amount of the Bonds at issue in Case No. 09 Civ. 1708, CUSIP Nos. 040114BE9, 040114FC9, 040114GD6, 040114AR1, 040114FB1, 040114AV2, and 040114GG9, together with any accrued and unpaid interest, immediately due and payable pursuant to Section 12(a) and (d) of the FAA. Letters to Bankers' Trust Company, dated Feb. 4, 2009 (Cohen Decl. Ex. 6).

The $3,667,000 amount of the 11% bonds at issue in the cases, CUSIP No. 040114ANO, matured on October 9, 2006 at which time the entire principal, along with all accrued and unpaid interest became due and payable. Greenberg Decl. ¶¶ 5, 25.

Argentina failed to make any payments to NML of principal or interest on the principal amount of the Bonds. (Greenberg Decl. ¶ 45).

The $30,000 Floating Rate Accrual Notes (FRANS) at issue in case 09 Civ. 1707, CUSIP No. 040114AX8, had matured on April 10, 2005, at which time the entire principal amount of the FRANS along with all accrued and unpaid interest became due and payable. (Greenberg Decl. ¶ 22). Argentina failed to make any payments to NML of principal or interest on the $30,000 principal amount of the FRANS. (Greenberg Decl. ¶ 45).

C.  **Other Litigation Involving Argentina's Foreign Debt**

This Court has already held in a multitude of cases that Argentina is in default on bonds, like those at issue here, that are governed by the FAA. Similarly, the Court has granted summary judgment to beneficial owners of bonds governed by the FAA in many other cases,

finding that "[t]he obligations of [Argentina] on the bonds involved in these lawsuits are unconditional. Sovereign immunity has been waived. [Argentina] defaulted on the bonds when it ceased to pay the interest." See, e.g., Lightwater Corp. v. Republic of Argentina, Nos. 02 Civ. 3804, 3808 & 5932 (TPG), 2003 WL 1878420, at *4 (S.D.N.Y. Apr. 14, 2003).[2]

### III. ARGUMENT

#### A. The Summary Judgment Standard

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must view the evidence in the light most favorable to the moving party. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Once the movant presents evidence to support each of the elements of its claim, the burden shifts to the non-moving party to present evidence of a real factual dispute as to a material issue in the case. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

---

[2] See also, e.g., NML Capital, Ltd. v. Republic of Argentina, No. 08 CV 2541 (TPG), 2009 WL 562270 (S.D.N.Y. Mar. 4, 2009); NML Capital, Ltd. v. Republic of Argentina, No. 07 CV 6563 (TPG), 2008 WL 1719487 (S.D.N.Y. Apr. 10, 2008); NML Capital, Ltd. v. Republic of Argentina, No. 07 CV 1910 (TPG), 2008 WL 1318018 (S.D.N.Y. Apr. 10, 2008); Pasquali v. Republic of Argentina, No. 05 Civ. 10636 (TPG), 2006 WL 3316975, at *3 (S.D.N.Y. Nov. 14, 2006); FFI Fund, Ltd. v. Republic of Argentina, No. 05 Civ. 3328 (TPG), 2006 WL 435734, at *2 (S.D.N.Y. Feb. 23, 2006); Greylock Global Distressed Debt Master Fund, Ltd. v. Republic of Argentina, No. 05 Civ. 4246 (TPG), 2006 WL 397908, at *2 (S.D.N.Y. Feb. 17, 2006); EM Ltd. v. Republic of Argentina, No. 03 Civ. 2507 (TPG), 2003 WL 22120745, at *2 (S.D.N.Y. Sept. 12, 2003), aff'd, 382 F.3d 291 (2d Cir. 2004); Applestein v. Republic of Argentina, No. 02 Civ. 4124 (TPG), 2003 WL 22743762, at *3 (S.D.N.Y. Nov. 20, 2003).

Summary judgment is particularly appropriate where, as here, the issue before the Court is the interpretation of an unambiguous contract. See Omni Quartz, Ltd. v. CVS Corp., 287 F.3d 61, 64 (2d Cir. 2002) ("The proper interpretation of an unambiguous contract is a question of law for the court, and a dispute on such an issue may properly be resolved by summary judgment."). "It is a basic principle of contract law that absent fraud, bad faith, gross mistake, or public policy considerations, contractual terms that are clear and unambiguous should be enforced." IBM Corp. v. Burlington Air Express, Inc., No. 98 Civ. 2503 (TPG), 2000 WL 890196, at *4 (S.D.N.Y. July 5, 2000). Under New York law, the holder of a debt instrument establishes a prima facie entitlement to summary judgment by demonstrating the existence of the debt obligation and the defendant's default. See Dvoskin v. Prinz, 613 N.Y.S.2d 654, 655 (2d Dep't 1994) ("A party establishes her prima facie entitlement to judgment on promissory notes as a matter of law by producing the promissory notes executed by the defendant and by establishing the defendant's default thereon."); Valley Nat'l Bank v. Greenwich Ins. Co., 254 F. Supp. 2d 448, 453 (S.D.N.Y. 2003) ("In cases involving notes and guaranties . . . a plaintiff establishes its prima facie entitlement to summary judgment by establishing the execution of the agreements at issue and nonpayment thereunder.") (internal quotations omitted).

### B. Argentina's Declaration Of A Moratorium And Its Failure To Pay Interest On NML's Bonds Entitle NML To Summary Judgment

#### 1. Argentina Is Collaterally Estopped From Relitigating The Issue Of Its Obligation To Pay On NML's Bonds

Because this Court has already granted summary judgment to plaintiff bondholders in scores of similar actions based upon its finding that Argentina's declaration of a

moratorium and its failure to pay interest on bonds issued pursuant to the FAA constituted a default, thereby entitling the plaintiffs in those cases to judgment in the principal amount of their bonds and all accrued interest, NML is entitled to the application of collateral estoppel to preclude Argentina from relitigating that issue in this case. See LeBlanc-Sternberg v. Fletcher, 67 F.3d 412, 433-34 (2d Cir. 1995) (collateral estoppel bars party from "relitigating an issue that it has litigated unsuccessfully in another action") (citing Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.4 (1979)).  With Argentina's default thus established, and with NML's ownership of its bonds incontestable, NML's right to summary judgment is clear.

The Second Circuit has established a four-part test to determine when the doctrine of collateral estoppel should be applied:

1. the issues in both proceedings must be identical;

2. the issue in the prior proceeding must have been actually litigated and actually decided;

3. there must have been a full and fair opportunity for litigation in the prior proceeding; and

4. the issue previously litigated must have been necessary to support a valid and final judgment on the merits.

Gelb v. Royal Globe Ins. Co., 798 F.2d 38, 44 (2d Cir. 1986).  Each of these factors is present here.  First, this motion presents the identical issue presented in NML IV, among other actions, i.e., whether Argentina's admitted failure to pay interest due and owing on bonds issued pursuant to the FAA constitutes a default under the FAA, entitling NML to recover all outstanding principal and accrued interest.  Second, in all the prior cases, the Court actually decided that Argentina is, in fact, in default and that bondholders are entitled to full payment.  See, e.g., NML IV, 2008 WL 1318018, at *2. (S.D.N.Y. April 10, 2008); Pasquali v. Republic of Argentina,

2006 WL 3316975, at *3; FFI Fund, Ltd. v. Republic of Argentina, 2006 WL 435734, at *2; Greylock Global Distressed Debt Master Fund, Ltd. v. Republic of Argentina, 2006 WL 397908, at *2.  Third, as the Court recognized in granting summary judgment in the Greylock and EM cases, the issue of Argentina's default was actually litigated and decided in Lightwater after the Court afforded Argentina a full and fair opportunity for litigation.  Greylock, 2006 WL 397908, at *1; EM Ltd, 2003 WL 22120745, at *2.  Finally, because the judgments granted in all of those cases were for damages resulting from Argentina's default on its bonds, the issue of Argentina's default was obviously necessary to support the Court's final judgments in those cases.

### 2. NML Would Be Entitled To Summary Judgment Even If It Had To Relitigate The Issue Of Argentina's Liability On The Bonds

Even if the Court were willing to permit Argentina to relitigate the issue of its default and liability on NML's Bonds, summary judgment would nevertheless be warranted.  There can be no dispute that NML is the beneficial owner of the Bonds at issue in this case.  Similarly, there can be no dispute that Argentina defaulted when it declared a moratorium in December 2001, and has remained in default by failing to make any payment on NML's Bonds since declaring that moratorium.  (Greenberg Decl. ¶¶ 44, 45).  Indeed, Argentina went so far as to pass a law repudiating its external debt under the FAA, including the Bonds at issue in this action.  Argentine Law No. 26,071 (Cohen Decl. Ex. 4).

### 3. Argentina's Affirmative Defenses Fail to Raise Any Factual Issues

All of the affirmative defenses set forth in Argentina's Answers have already been rejected by the Court in granting summary judgment to plaintiff bondholders, including NML in other cases, and are without merit as a matter of law.  Argentina asserts the same eight affirmative defenses in each of the present actions as it has in the past:  (1) failure to state a

claim; (2) the act of state doctrine; (3) lack of good faith; (4) unclean hands; (5) abuse of rights; (6) champerty under N.Y. Judiciary Law § 489; (7) lack of standing and/or capacity to sue; and (8) statute of limitations.  See Answer, Case No. 08 Civ. 6978 at ¶¶ 81-88; Answer, Case No. Civ. 1707, ¶¶ 19-27; Answer, Case No. 09 Civ. 1708, ¶¶ 92-99, (Cohen Decl. Ex. 3).  Argentina raised all of these defenses in NML IV and in NML, 08 Civ. 2541.  See Answer in NML IV and 08 Civ. 2541 (Cohen Decl. Ex. 8).  In granting summary judgment for the plaintiff bondholders, the Court rejected all of those defenses – finding that they did not create a genuine issue of material fact as to the plaintiffs' entitlement to full payment.  NML IV, 2008 WL 1318018, at * 2 (S.D.N.Y. April 10, 2008); NML, 08 Civ. 2541, 2009 WL 562270 (S.D.N.Y. Mar. 4, 2009).

Argentina's First Affirmative Defense for failure to state a claim is clearly unavailing.  Certainly, NML has alleged all the requisite elements under New York law for breach of contract, including the existence of the contract, its own performance, Argentina's breach, and damages.  See Answers (Cohen Decl. Ex. 3).  Accord Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525 (2d Cir. 1994).  As far as its Second Affirmative Defense is concerned, Argentina admitted in its Answer that the Court in Lightwater addressed and rejected this defense (as well as the champerty and abuse of rights defenses).  See Answers (Cohen Decl. Ex. 3), n.1 ("The Republic pleads these [act of state and abuse of rights] Affirmative Defenses here to preserve them for potential appellate review."); see also Lightwater, 2003 WL 1878420, at **3-5.

Argentina's Third and Fourth Affirmative Defenses for bad faith and unclean hands must also be rejected as a matter of fact because the unambiguous terms of the FAA entitle plaintiffs to payment of principal and interest due and payable.  NML merely seeks to enforce its

contractual rights, and Argentina cannot use the obligation of good faith and fair dealing to create terms that are inconsistent with the other terms of the contractual relationship. Sabetay v. Sterling Drug, Inc., 506 N.E. 2d 919, 922 (N.Y. 1987). Moreover, the defense of unclean hands in unavailable in actions seeking money damages, as is the case here. See Aniero Concrete Co. v. New York City Constr. Auth., No. 94 Civ. 3506, 2000 WL 863208, at *10 (S.D.N.Y. June 27, 2000) ("unclean hands is 'an equitable defense to equitable claims,' not to actions at law which seek money damages") (citations omitted). Furthermore, as noted above, Argentina conceded in its Answer that its Fifth Affirmative Defense, abuse of rights, has already been addressed and rejected in Lightwater. Answers (Cohen Decl. Ex. 3), n.1.

With respect to its Sixth Affirmative Defense, champerty under N.Y. Judiciary Law § 489, Argentina asserts that "facts may exist in the present case that were not before the Court" in the cases in which this Court has already expressly rejected that affirmative defense. Id. But Argentina's consistently unsuccessful champerty argument has no more validity in this action than in any of the others in which it was rejected. Indeed, like Lightwater and EM, NML bought its bonds with the intention of collecting on them, and thus there is no violation of § 489.

Finally, Argentina's Seventh Affirmative Defense for lack of standing/capacity to sue has no merit. The Court has held, repeatedly, that beneficial owners of bonds have standing to sue "where the court makes a finding of current ownership." E.g., NML IV, 2008 WL 1318018, at * 2 (S.D.N.Y. April 10, 2008); Pasquali, 2006 WL 3316975, at *3; FFI Fund, 2006 WL 435734, at *2. In NML IV, the Court held that an account statement from JP Morgan, as custodian of the 2018 Bonds, was sufficient to prove ownership. NML IV, 2008 WL 1318018 at * 1 (S.D.N.Y. April 10, 2008). See also FFI Fund, 2006 WL 435734, at *2 (holding that plaintiff

had established proof of current ownership where the only evidence proffered was an account statement from a participant institution). The evidence demonstrates that NML is the beneficial owner of all the bonds at issue in these three cases, which Argentina admitted that it issued. See Answers, Case No. 08 Civ. 6978, ¶¶ 7, 11, 15, 19, 23, 27, 31; Case No. 09 Civ. 1707, ¶ 7; Case No. 09 Civ. 1708, ¶¶ 8, 12, 16, 20, 24, 28, 32, 36, 40 (Cohen Decl. Ex. 3); ITD Reports from JPMorgan (Greenberg Decl. Ex. 2). NML remains the beneficial owner of these Bonds. JPMorgan COB Report dated October 13, 2010 showing total holdings (Greenberg Decl. Ex. 1). Accordingly, Argentina's lack of standing Affirmative Defense is no impediment to granting NML's motion for summary judgment.

## IV.  CONCLUSION

For the reasons discussed above, the Court should grant summary judgment for NML in Case Nos. 08 Civ. 6978, 09 Civ. 1707, and 09 Civ. 1708. Thereafter, pursuant to the Courts' Order of February 22, 2007, the parties will submit an Order specifying the amount of principal and interest to be entered as a final judgment.

Dated: New York, New York

October 20, 2010

Respectfully submitted,

**DECHERT LLP**

By: /s/ Robert A. Cohen
    Robert A. Cohen
    (robert.cohen@dechert.com)
    Charles I. Poret
    (charles.poret@dechert.com)
    1095 Avenue of the Americas
    New York, NY 10036-6797
    Telephone: (212) 698-3500
    Facsimile: (212) 698-3599
    Attorneys for Plaintiff NML Capital, Ltd.