# Exhibit B

EXHIBIT 99.D.2
Case 1:08-cv-06978-LAP   Document 362-2   Filed 01/06/12   Page 2 of 5
Page 3 of 39
Case 1:08-cv-06978-TPG   Document 231-19   Filed 10/20/10   Page 3 of 39

## FORM OF SECURITY

THIS GLOBAL SECURITY (THIS "SECURITY") IS A GLOBAL SECURITY WITHIN THE MEANING OF THE INDENTURE REFERRED TO HEREINAFTER AND IS REGISTERED IN THE NAME OF CEDE & CO., AS NOMINEE OF THE DEPOSITORY TRUST COMPANY ("DTC"). THIS SECURITY MAY NOT BE EXCHANGED, IN WHOLE OR IN PART FOR A SECURITY REGISTERED, AND NO TRANSFER OF THIS SECURITY IN WHOLE OR IN PART MAY BE REGISTERED, IN THE NAME OF ANY PERSON OTHER THAN DTC OR A NOMINEE THEREOF, EXCEPT IN THE LIMITED CIRCUMSTANCES DESCRIBED IN THE INDENTURE.

UNLESS THIS SECURITY IS PRESENTED BY AN AUTHORIZED REPRESENTATIVE OF DTC TO THE REPUBLIC OR ITS AGENT FOR REGISTRATION OF TRANSFER, EXCHANGE OR PAYMENT, AND ANY SECURITY ISSUED IS REGISTERED IN THE NAME OF CEDE & CO. OR SUCH OTHER NAME AS REQUESTED BY AN AUTHORIZED REPRESENTATIVE OF DTC, OR ANY PAYMENT IS MADE TO CEDE & CO. OR TO SUCH OTHER ENTITY AS IS NOMINATED BY AN AUTHORIZED REPRESENTATIVE OF DTC, ANY TRANSFER, PLEDGE OR OTHER USE HEREOF FOR VALUE OR OTHERWISE BY OR TO ANY PERSON IS WRONGFUL IN AS MUCH AS THE REGISTERED OWNER HEREOF, CEDE & CO., HAS AN INTEREST HEREIN.

### REGISTERED GLOBAL SECURITY

No.___

CUSIP No: 040114 GK 0
ISIN: US040114GK09

representing

U.S. Dollar-Denominated Par Bonds due 2038

Original Principal Amount U.S. $_____

    THE REPUBLIC OF ARGENTINA (the "Republic"), for value received, hereby promises to pay to Cede & Co. or registered assigns, the principal sum set forth in the Schedule of Principal Increases and Decreases annexed hereto as Schedule A, in twenty semi-annual installments, the first nineteen installments on March 31 and September 30 of each year commencing on September 30, 2029, and the last installment on December 31, 2038 (each such date, a "Principal Payment Date"). The amount of each such principal payment shall equal the principal amount of this Security outstanding as of any such Principal Payment Date, divided by the number of principal installments from and including such Principal Payment Date to and including December 31, 2038.

    The Republic further unconditionally promises to pay interest at the rate per annum set forth below on the principal amount of this Security outstanding from time to time, which

EXHIBIT 99.D.2
Case 1:08-cv-06978-LAP  Document 362-2  Filed 01/06/12  Page 3 of 5
Page 4 of 39
Case 1:08-cv-06978-TPG  Document 231-19  Filed 10/20/10  Page 4 of 39

interest shall accrue from and including the most recent date to which interest has been paid or duly provided for, or, if no interest has been paid or duly provided for, from and including December 31, 2003, to, but excluding, the date on which payment of said principal sum has been made or duly provided for.

| From and including | To but excluding | Interest Rate |
| --- | --- | --- |
| December 31, 2003 | March 31, 2009 | 1.33% |
| March 31, 2009 | March 31, 2019 | 2.50% |
| March 31, 2019 | March 31, 2029 | 3.75% |
| March 31, 2029 | December 31, 2038 | 5.25% |

Interest shall be payable in arrears on March 31 and September 30 of each year, and on December 31, 2038 (each such date, an "Interest Payment Date") commencing on March 31, 2004, provided that (i) interest accrued from and including December 31, 2003 to but excluding March 31, 2005 shall be payable on [April 1, 2005] (the "Original Settlement Date").

As further noted in Paragraph 2(b) of the Terms and Conditions set forth on the reverse hereof (the "Terms"), if any date for payment of the principal of or the interest on this Security is not a Business Day, no payment shall be made until the next following Business Day, and no interest nor other sum shall be payable in respect of such postponed payment.

\* \* \*

The statements in the legend relating to the Depositary set forth above are an integral part of the terms of this Security and by acceptance hereof each Holder of this Security agrees to be subject to and bound by the terms and provisions set forth in such legend.

This Security is governed by (i) the Trust Indenture dated as of April [   ], 2005, between the Republic and The Bank of New York, as trustee (the "Trustee"), as amended from time to time (the "Indenture"), the terms of which are incorporated herein by reference, and (ii) by the Terms, as supplemented or amended by the Authorization (as defined in the Indenture) of the Republic for this Security, the terms of which are incorporated herein by reference. This Security shall in all respects be entitled to the same benefits as other Debt Securities under the Indenture and the Terms.

Upon any exchange of all or a portion of this Security for Certificated Securities in accordance with the Indenture, this Security shall be endorsed on Schedule A to reflect the change of the principal amount evidenced hereby.

Unless the certificate of authentication hereon has been executed by the Trustee, this Security shall not be valid or obligatory for any purpose.

Capitalized terms used but not defined herein shall have the meaning assigned to each such term in the Terms, and, if not defined therein, in the Indenture.

2

REVERSE OF SECURITY

TERMS AND CONDITIONS OF THE SECURITIES

1. General. (a) This Security is one of a duly authorized series of debt securities (each, a "Series") of The Republic of Argentina (the "Republic"), designated as its U.S. Dollar-Denominated Par Bonds Due 2038 (each Security of this Series a "Security," and collectively, the "Securities"), and issued or to be issued in one or more Series (such Series collectively, the "Debt Securities") pursuant to a Trust Indenture dated as of [          ], between the Republic and The Bank of New York, as Trustee (the "Trustee"), as amended from time to time (the "Indenture"). The Holders (as defined below) of the Securities will be entitled to the benefits of, be bound by, and be deemed to have notice of, all of the provisions of the Indenture. A copy of the Indenture is on file and may be inspected at the Corporate Trust Office of the Trustee in the City of New York. Subject to Paragraph 16, the Republic hereby certifies and warrants that all acts, conditions and things required to be done and performed and to have happened precedent to the creation, execution and, as applicable, issuance of the Indenture and the Securities and to constitute the same legal, valid and binding obligations of the Republic enforceable in accordance with their terms, have been done and performed and have happened in due and strict compliance with all applicable laws. All capitalized terms used in this Security but not defined herein shall have the meanings assigned to them in the Indenture. Insofar as the provisions of the Indenture may conflict with the provisions set forth in this Security, the latter shall control for purposes of this Security.

(b) The Securities are issuable only in fully registered form without coupons and are represented by one or more registered global securities (each, a "Global Security") held by or on behalf of the Person or Persons that are designated, pursuant to the Indenture, by the Republic to act as depositary for such Global Securities (the "Depositary"). Securities issued in certificated form ("Certificated Securities") will be available only in the limited circumstances set forth in the Indenture. The Securities, and transfers thereof, shall be registered as provided in Section 2.6 of the Indenture. Any person in whose name a Security shall be registered (each, a "Holder") may (to the fullest extent permitted by applicable law) be treated at all times, by all persons and for all purposes as the absolute owner of such Security regardless of any notice of ownership, theft, loss or any writing thereon.

(c) The Securities are issuable in authorized denominations of U.S. $1.00 and integral multiples of U.S. $1.00 in excess thereof.

(d) As used herein, the following terms have the meanings set forth below:

"Business Day" means any day other than (i) a Saturday or a Sunday or (ii) a day on which banking institutions or trust companies are authorized or obligated by law, regulation or executive order to close in the City of New York or in the City of Buenos Aires.

2. Payments and Trustee Paying Agents. (a) Principal of and interest on the Securities will be payable in such coin or currency of the United States of America as at the time of payment shall be legal tender for payment of public and private debts. Payments of principal of and interest on each Security will be made in immediately available funds to the person in whose

R-1

name such Security is registered at the close of business on the Record Date (as defined below) for the relevant Principal Payment Date and Interest Payment Date, respectively. The Republic will make payments of principal of and interest on the Securities by (i) providing the Trustee or trustee paying agent (as defined below) the amount of such payment, in immediately available funds, not later than 1:00P.M. local time at the place of payment, not later than the Business Day prior to each Principal Payment Date or Interest Payment Date, as applicable; and (ii) directing the Trustee to hold these funds in trust for the Trustee and the beneficial owners of the Securities in accordance with their respective interests and to make a wire transfer of such amount to Cede & Co., as the registered owner of the Securities, which will receive the funds in trust for distribution to the beneficial owners of the Securities; *provided* that the Republic may, subject to applicable laws and regulations, make payments of principal of and interest on the Securities by mailing, or directing the Trustee to mail, from funds made available by the Republic for such purpose, a check to the person entitled thereto, on or before the due date for the payment at the address that appears on the security register maintained by the Registrar on the applicable record date.

The record date with respect to any Interest Payment Date or Principal Payment Date will be the 15th day prior to such date (each such day, a "Record Date"), whether or not such day is a Business Day notwithstanding the cancellation of such Securities upon any transfer or exchange thereof subsequent to the Record Date and prior to such Interest Payment Date or Principal Payment Date. Notwithstanding anything herein to the contrary, the Republic's obligation to make payments of principal of and interest on the Securities shall not have been satisfied until such payments are received by the Holders of the Securities.

None of the Republic, the Trustee or any paying agent that shall be appointed by the Trustee at the expense of the Republic (each, a "trustee paying agent") will have any responsibility or liability for any aspect of the records relating to, or payments made on account of, beneficial ownership interests in the Securities or for maintaining, supervising or reviewing any records relating to such beneficial ownership interests.

(b) Any payment of principal or interest required to be made on a Principal Payment Date or Interest Payment Date, as applicable, that is not a Business Day (or, in the case of the Luxembourg Trustee Paying Agent, as defined in Paragraph 2(d), that is a day on which banking institutions or trust companies in Luxembourg are required or authorized by law to close) need not be made on such day, but may be made on the next succeeding Business Day (or, in the case of a Luxembourg Trustee Paying Agent, the next succeeding day on which banking institutions or trust companies in Luxembourg are not required or authorized by law to close) with the same force and effect as if made on such Principal Payment Date or Interest Payment Date, and no interest will accrue with respect to any such principal payment for the period from and after such Principal Payment Date.

(c) Interest shall be calculated on the basis of a 360-day year of twelve 30-day months.

(d) So long as any of the Securities are outstanding, the Trustee shall appoint, at the expense of the Republic, a trustee paying agent and a transfer agent in a Western European city for payment on and transfers of the Securities (which will be Luxembourg, so long as the Securities are listed on the Luxembourg Stock Exchange and the rules of such Exchange so

R-2