# Exhibit C

Case 1:08-cv-06978-LAP   Document 362-3   Filed 01/06/12   Page 2 of 5
Unassociated Document                                                    Page 1 of 22
Case 1:08-cv-06978-TPG   Document 231-20   Filed 10/20/10   Page 1 of 22

EX-99.C.4 4 roa-posam3exc4_0900.htm

THIS GLOBAL SECURITY (THIS "SECURITY") IS A GLOBAL SECURITY WITHIN THE MEANING OF THE INDENTURE HEREINAFTER REFERRED TO AND IS REGISTERED IN THE NAME OF THE BANK OF NEW YORK DEPOSITARY (NOMINEES) LIMITED, AS NOMINEE OF THE COMMON DEPOSITARY FOR EUROCLEAR BANK S.A./N.V., AS OPERATOR OF THE EUROCLEAR SYSTEM ("EUROCLEAR") AND CLEARSTREAM BANKING, SOCIÉTÉ ANONYME ("CLEARSTREAM, LUXEMBOURG"). THIS SECURITY MAY NOT BE EXCHANGED, IN WHOLE OR IN PART FOR A SECURITY REGISTERED, AND NO TRANSFER OF THIS SECURITY IN WHOLE OR IN PART MAY BE REGISTERED, IN THE NAME OF ANY PERSON OTHER THAN THE COMMON DEPOSITARY OR A NOMINEE THEREOF, EXCEPT IN THE LIMITED CIRCUMSTANCES DESCRIBED IN THE INDENTURE.

REGISTERED GLOBAL SECURITY

No. [●]                                                              ISIN: XS0501195480
                                                                     Common Code: 050119548

representing

U.S. Dollar-Denominated 8.75% Global Bonds due 2017

Original Principal Amount U.S. $[●]

THE REPUBLIC OF ARGENTINA (the "Republic"), for value received, hereby promises to pay to The Bank of New York Depositary (Nominees) Limited or registered assigns, the principal amount hereof on June 2, 2017 (the "Maturity Date"), and to pay interest at the rate of 8.75% per annum on the principal amount of this Security outstanding from time to time, which interest shall accrue from and including the most recent date to which interest has been paid or duly provided for, or, if no interest has been paid or duly provided for, from and including June 2, 2010 to, but excluding, the date on which payment of said principal sum has been made or duly provided for. Interest shall be payable in arrears on June 2 and December 2 of each year, commencing on December 2, 2010 (each such date, an "Interest Payment Date").

As further noted in Paragraph 2(b) of the Terms and Conditions set forth on the reverse hereof (the "Terms"), if any date for payment of the principal of or the interest on this Security is not a Business Day, no payment shall be made until the next following Business Day, and no interest nor other sum shall be payable in respect of such postponed payment.

*   *   *

The statements in the legend relating to the Depositary set forth above are an integral part of the terms of this Security and by acceptance hereof each Holder of this Security agrees to be subject to and bound by the terms and provisions set forth in such legend.

This Security is governed by (i) the Trust Indenture dated as of June 2, 2005 between the Republic and The Bank of New York Mellon (formerly known as The Bank of New York), as trustee (the "Trustee") (as amended by the first supplemental indenture, dated as of April 30, 2010, and as further amended from time to time, the "Indenture"), the terms of which are incorporated herein by reference, and (ii) by the Terms, as supplemented or amended by the Authorization (as defined in the Indenture) of the Republic for this Security, the terms of which are incorporated herein by reference. This Security shall in all respects be entitled to the same benefits as other Debt Securities under the Indenture and the Terms.

Case 1:08-cv-06978-LAP   Document 362-3   Filed 01/06/12   Page 3 of 5
Unassociated Document                                          Page 2 of 22
Case 1:08-cv-06978-TPG   Document 231-20   Filed 10/20/10   Page 2 of 22

Upon any exchange of all or a portion of this Security for Certificated Securities in accordance with the Indenture, this Security shall be endorsed on Schedule A to reflect the change of the principal amount evidenced hereby.

Unless the certificate of authentication hereon has been executed by the Trustee, this Security shall not be valid or obligatory for any purpose.

Capitalized terms used but not defined herein shall have the meaning assigned to each such term in the Terms, and, if not defined therein, in the Indenture.

2

Case 1:08-cv-06978-LAP   Document 362-3   Filed 01/06/12   Page 4 of 5
Unassociated Document                                              Page 5 of 22
Case 1:08-cv-06978-TPG   Document 231-20   Filed 10/20/10   Page 5 of 22

REVERSE OF SECURITY

TERMS AND CONDITIONS OF THE SECURITIES

1. <u>General</u>. a) This Security is one of a duly authorized series of debt securities (each, a "<u>Series</u>") of The Republic of Argentina (the "<u>Republic</u>"), designated as its U.S. Dollar-Denominated 8.75% Global Bonds due 2017 (each Security of this Series a "<u>Security</u>," and collectively, the "<u>Securities</u>"), and issued or to be issued in one or more Series (such Series collectively, the "<u>Debt Securities</u>") pursuant to a Trust Indenture dated as of June 2, 2005, between the Republic and The Bank of New York Mellon (formerly known as The Bank of New York), as Trustee (the "<u>Trustee</u>") (as amended by the first supplemental indenture, dated as of April 30, 2010, and as further amended from time to time, the "<u>Indenture</u>"). This Security shall be consolidated and form a single Series with, and be fully fungible with, the U.S. $736,318,848 aggregate principal amount of U.S. Dollar-Denominated 8.75% Global Bonds due 2017 issued by the Republic in June 2010. The Holders (as defined below) of the Securities will be entitled to the benefits of, be bound by, and be deemed to have notice of, all of the provisions of the Indenture. A copy of the Indenture is on file and may be inspected at the Corporate Trust Office of the Trustee in the City of New York. Subject to Paragraph 13, the Republic hereby certifies and warrants that all acts, conditions and things required to be done and performed and to have happened precedent to the creation, execution and, as applicable, issuance of the Indenture and the Securities and to constitute the same legal, valid and binding obligations of the Republic enforceable in accordance with their terms, have been done and performed and have happened in due and strict compliance with all applicable laws. All capitalized terms used in this Security but not defined herein shall have the meanings assigned to them in the Indenture. Insofar as the provisions of the Indenture may conflict with the provisions set forth in this Security, the latter shall control for purposes of this Security.

(b) The Securities are issuable only in fully registered form without coupons and are represented by one or more registered global securities (each, a "<u>Global Security</u>") held by or on behalf of the Person or Persons that are designated, pursuant to the Indenture, by the Republic to act as depositary for such Global Securities (the "<u>Depositary</u>"). Securities issued in certificated form ("<u>Certificated Securities</u>") will be available only in the limited circumstances set forth in the Indenture. The Securities, and transfers thereof, shall be registered as provided in Section 2.6 of the Indenture. Any person in whose name a Security shall be registered (each, a "<u>Holder</u>") may (to the fullest extent permitted by applicable law) be treated at all times, by all persons and for all purposes as the absolute owner of such Security regardless of any notice of ownership, theft, loss or any writing thereon.

(c) The Securities are issuable in authorized denominations of U.S. $1.00 and integral multiples of U.S. $1.00 in excess thereof.

(d) As used herein, the following terms have the meanings set forth below:

R-1

Case 1:08-cv-06978-LAP   Document 362-3   Filed 01/06/12   Page 5 of 5
Unassociated Document                                                    Page 6 of 22
Case 1:08-cv-06978-TPG   Document 231-20   Filed 10/20/10   Page 6 of 22

"Business Day" means any day other than (i) a Saturday or a Sunday or (ii) a day on which banking institutions or trust companies are authorized or obligated by law, regulation or executive order to close in the City of New York or in the City of Buenos Aires.

2. Payments and Trustee Paying Agents. b) Principal of and interest on the Securities will be payable in such coin or currency of the United States of America as at the time of payment shall be legal tender for payment of public and private debts. Payments of interest on each Security will be made in immediately available funds to the person in whose name such Security is registered at the close of business on the Record Date (as defined below) for the relevant Interest Payment Date. The Republic will make payments of principal of and interest on the Securities by (i) providing the Trustee or trustee paying agent (as defined below) the amount of such payment, in immediately available funds, not later than 1:00 P.M. local time at the place of payment, not later than the Business Day prior to the Maturity Date or each Interest Payment Date, as applicable; and (ii) directing the Trustee to hold these funds in trust for the Trustee and the beneficial owners of the Securities in accordance with their respective interests and to make a wire transfer of such amount to The Bank of New York Depositary (Nominees) Limited, as the registered owner of the Securities, which will receive the funds in trust for distribution to the beneficial owners of the Securities; *provided* that the Republic may, subject to applicable laws and regulations, make payments of interest on the Securities by mailing, or directing the Trustee to mail, from funds made available by the Republic for such purpose, a check to the person entitled thereto, on or before the due date for the payment at the address that appears on the security register maintained by the Registrar on the applicable record date.

The record date with respect to any Interest Payment Date will be the Business Day prior to such date (each such day, a "Record Date"). Notwithstanding anything herein to the contrary, (i) the Republic's obligation to make payments of principal of and interest on the Securities shall not have been satisfied until such payments are received by the Holders of the Securities and (ii) Holders shall be entitled to receive the principal payable by the Republic hereunder on the Maturity Date only upon surrender of this Security to the Trustee or a trustee paying agent for cancellation thereof.

None of the Republic, the Trustee or any paying agent that shall be appointed by the Trustee at the expense of the Republic (each, a "trustee paying agent") will have any responsibility or liability for any aspect of the records relating to, or payments made on account of, beneficial ownership interests in the Securities or for maintaining, supervising or reviewing any records relating to such beneficial ownership interests.

(b) Any payment of principal or interest required to be made on the Maturity Date or an Interest Payment Date, as applicable, that is not a Business Day need not be made on such day, but may be made on the next succeeding Business Day with the same force and effect as if made on the Maturity Date or such Interest Payment Date, and no interest will accrue with respect to any such principal payment for the period from and after the Maturity Date.

(c) Interest shall be calculated on the basis of a 360-day year of twelve 30-day months.

R-2