# Exhibit G

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re THE RESERVE FUND SECURITIES AND DERIVATIVE LITIGATION | 09 MD. 2011 (PGG) |
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> RESERVE MANAGEMENT COMPANY, INC., RESRV PARTNERS, INC., BRUCE BENT SR., and BRUCE BENT II, <br><br> Defendants, <br><br> and <br><br> THE RESERVE PRIMARY FUND, <br><br> Relief Defendant. | **ECF CASE** <br><br> 09 Civ. 4346 (PGG) <br><br> **ORDER** <br><br> USDS SDNY <br> DOCUMENT <br> ELECTRONICALLY FILED <br> DOC #: _____ <br> DATE FILED: 12/11/09 |

PAUL G. GARDEPHE, U.S.D.J.:

On November 25, 2009, this Court issued a Memorandum Opinion and an accompanying Order that, inter alia, provided for the pro rata distribution of the remaining assets of the Primary Fund and enjoined all claims against (1) Primary Fund assets, including shareholder claims against the Primary Fund; and (2) any of the Defendants and any of the Defendants' officers, directors, trustees, representatives, agents or employees to the extent that such claims are subject to indemnification by the Primary Fund. At that time, the Court also stated its intention to refer to an independent monitor or a United States Magistrate Judge a number of oversight responsibilities concerning distribution and use of Primary Fund assets.

On December 11, 2009, this Court held a conference to address the parties'

requests for clarification of the November 25 Memorandum Opinion and Order. This Court has considered the written submissions made by the parties and various claimants in advance of that conference, as well as the statements made on the record at the December 11 conference.

It is HEREBY ORDERED that this Court will oversee the distribution of Primary Fund assets and the review of claims for indemnification expenses and management fees and expenses. For the reasons stated on the record at the December 11 conference, this Court has determined that maintaining direct control over these issues will result in the most expeditious, least costly resolution.

It is further ORDERED that, pursuant to and consistent with the November 25 Memorandum Opinion and Order, the Independent Trustees are authorized to make distributions of the remaining Primary Fund assets to investors. Based on the representations of the parties, it is this Court's expectation that $3.4 billion will be distributed to investors by the week of January 25, 2010. If the parties encounter any obstacle to disbursing this amount by the week of January 25, they are directed to bring the issue to the Court's attention immediately.

Defendants have moved for an order directing that RMCI be reimbursed for its post-September 9, 2009 costs in managing the Fund. In their motion, Defendants do not seek a determination as to the precise amount of costs RMCI is entitled to, but merely request permission to submit those costs in accordance with the procedures laid out in the November 25 Memorandum Opinion and Order for the making of claims against the Expense Fund. That application is GRANTED, both as to costs incurred between September 9, 2009 and today, as well as to future costs. At today's hearing, the Commission indicated that it intended to challenge certain costs submitted by Defendants. Those challenges, and any objections made by any other party or claimant, are to be briefed pursuant to the following schedule. In accordance

with the November 25 Memorandum Opinion and Order, Defendants will make any application for fees and/or costs by January 11, 2010; any opposition will be filed by January 25, 2010; and a reply, if necessary, is to be filed by February 1, 2010. This same briefing schedule applies to claims for indemnification

It is further ORDERED that the parties shall submit briefing on the issue of the allocation of the proceeds of Investment Management Insurance Policy No. 427-32-65, issued by National Union Fire Insurance Company of Pittsburgh, Pennsylvania. The insureds on this policy are RMCI, the Fund, and the Independent Trustees. The November 25 Memorandum Opinion and Order provided that if the insureds were unable to reach agreement within 14 days after the entry of the Order, any insured was permitted to request a determination as to the allocation of the Insurance Proceeds, with any proceeds allocated to the Fund and the Independent Trustees to be deposited in the Expense Fund. The Independent Trustees have advised the Court that the insureds were unable to reach agreement within the allotted time. Accordingly, the Independent Trustees are directed to submit briefing on this issue by December 23, 2009. The Defendants, the Relief Defendant and any other party wishing to be heard concerning this issue are directed to respond by January 7, 2010.

Dated: New York, New York
       December 11, 2009

                                    SO ORDERED.

                                    *Paul G. Gardephe*
                                    Paul G. Gardephe
                                    United States District Judge