UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
NML CAPITAL, LTD., :
: **OPINION**
Plaintiff, :
: 08 Civ. 6978 (TPG)
– against – : 09 Civ. 1707 (TPG)
: 09 Civ. 1708 (TPG)
REPUBLIC OF ARGENTINA, :
:
Defendants. :
:
------------------------------------------------x

On March 5, 2012, this court signed an order staying the effect of the February 23, 2012 Order pending Argentina's appeal. Specifically, the stay was to remain in effect until the Court of Appeals issued its mandate disposing of Argentina's appeal. However, the March 5, 2012 Order contained the following provision in paragraph 2:

> 2. To secure Plaintiffs' rights during the pendency of the Republic's appeals of the February 23, 2012 Orders to the Second Circuit, it is ordered that the Republic shall not during the pendency of the appeal to the Second Circuit take any action to evade the directives of the February 23, 2012 Orders in the event they are affirmed, render them ineffective in the event they are affirmed, or diminish the Court's ability to supervise compliance with the February 23, 2012 Orders in the event they are affirmed, including without limitation, altering or amending the processes or specific transfer mechanisms by which it makes payments on the Exchange Bonds, without prior approval of the Court.

Finally, the concluding paragraph 4 of the March 5, 2012 Order provided:

> 4. This Court shall retain jurisdiction to monitor and enforce this ORDER, and, on notice to the parties, to modify, amend, or extend it as justice requires to achieve its equitable purposes and account

>   for materially changed circumstances, including any failure by
>   the Republic to abide by Paragraph (2) herein.

The February 23, 2012 Order was affirmed by the Court of Appeals on October 26, 2012, subject to a remand to the District Court for clarification on two specified questions. The District Court is this day filing an opinion responding to the questions raised by the Court of Appeals. The matter will now return to the Court of Appeals to deal with the District Court's responses to the questions posed. After that, there will be a final ruling by the Court of Appeals. However, it should be made clear that the questions posed to the District Court did not affect the basic ruling of the Court of Appeals that there can be no payments by Argentina to exchange bondholders without an appropriate payment to plaintiffs.

Under these circumstances, the District Court would ordinarily leave the March 5, 2012 Stay in effect until the Court of Appeals has finished its work. However, an extraordinary circumstance has arisen, which clearly demands judicial action, and that action can only be taken now by the District Court, where the case now resides.

From the moment of the October 26, 2012 Court of Appeals' decision, the highest officials in Argentina have declared that Argentina would pay the exchange bondholders but would not pay one dollar to holders of the original FAA Bonds. President Cristina Kirchner made such a statement. The Minister

2

of Economy, Lorenzino, declared that despite any ruling to come out of any jurisdiction, Argentina would not pay the FAA bondholders.

On November 9, 2012, the court met with counsel and asked the attorney for Argentina if the press reports of the above statements were correct. In response, the attorney turned to other subjects, meaning that the press reports were not denied. At the November 9, 2012 meeting, the court reminded all concerned that Argentina is subject to the jurisdiction of the federal courts in New York, to which Argentina has consented. For the past ten years Argentina has repeatedly submitted matters to the District Court and the Court of Appeals, and received what was undoubtedly fair treatment, since Argentina prevailed in most matters. The court went on to urge that the Argentine government should back away from these ill-advised threats to defy the current court rulings, and that any defiance of the rulings of the courts would not only be illegal but would represent the worst kind of irresponsibility in dealing with the judiciary.

This did not stop the highest Argentine officials who have continued to the present time their inflammatory declarations that the court rulings will not be obeyed.

These statements are a violation of paragraph 2 of the March 5, 2012 Stay Order. In that paragraph, Argentina is prohibited, during the appeal, from taking any action to evade the February 23, 2012 Order in the event it is affirmed, and is further prohibited from taking any action to diminish the

3

court's ability to supervise compliance with the February 23, 2012 Order in the event of affirmance.  Pursuant to paragraph 4 of the Stay Order, the Court retains jurisdiction to deal with materially changed circumstances, including any failure by Argentina to abide by paragraph 2.

It could be argued that the statements of the high Argentine officials do not literally constitute the kind of "action" referred to in paragraph 2.  But the essential issue goes beyond this.

Surely an extraordinary circumstance of the most serious nature arises from continuous declarations by the President of Argentina and cabinet officers, that Argentina will not honor or carry out the current rulings of the District Court and Court of Appeals in the litigation to which Argentina is a party.

It is the view of the District Court that these threats of defiance cannot go by unheeded, and that action is called for.

After due consideration, the court has resolved that the following steps should be taken.  The court believes that the Order regarding Ratable Payments should be put into effect at the earliest possible time.  The less time Argentina is given to devise means for evasion, the more assurance there is against such evasion.  Therefore, the provision in the March 5, 2012 Order staying the carrying out of the February 23, 2012 Order is vacated and it is directed that the February 23, 2012 Order, as now somewhat modified, is to be

carried out forthwith. This means that the February 23, 2012 Order will be applicable to the interest payments made to exchange bondholders in December 2012. In order to avoid confusion and to give some reasonable time to arrange mechanics, the court specifies that the precise interest payment involved will be that of December 15, 2012. Counsel for Argentina is directed to consult with counsel for plaintiffs in order to arrive at the exact amount to be paid to plaintiffs and other mechanics.

Since the Court of Appeals has not finally spoken on the subject of the calculation of the payment to plaintiffs, such payment is to be made into an escrow account, so that any adjustments required by the final Court of Appeals' ruling can be made. The court will consult with counsel about the proper party or institution to hold the escrow account.

Copies of this opinion, together with copies of the Amended February 23, 2012 Order, such amendment to be dated as of this date, will be promptly provided to the parties involved in payments to exchange bondholders, who will be on notice that the December 15, 2012 interest payments due to exchange bondholders cannot be made unless Argentina certifies that it is making the appropriate payment for the benefit of plaintiffs to the escrow account, either in advance of or concurrent with any payment to exchange bondholders.

The Amended February 23, 2012 Order is being issued today. It will be called "Amended February 23, 2012 Order," and will be dated today, November 21, 2012.

Dated: New York, New York
November 21, 2012

_____
Thomas P. Griesa
U. S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
\#: _____
DATE FILED: 11/21/12