

**Dechert**
LLP

1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

**ROBERT A. COHEN**

robert.cohen@dechert.com
+1 212 698 3501  Direct
+1 212 314 0001  Fax

May 30, 2014

**VIA E-MAIL -**
michelle_diamond@NYSD.uscourts.gov

The Honorable Thomas P. Griesa
U.S. District Court for the Southern District of New York
United States Courthouse
500 Pearl St., Room 1630
New York, NY 10007-1312

    Re:    *NML Capital, Ltd. v. The Republic of Argentina*, 08-CV 6978 (TPG), 08 Civ. 6978 (TPG), 09 Civ. 1707 (TPG);
*Aurelius Capital Master Fund, et al v. Republic of Argentina*, 09 Civ. 8757 (TPG) 09 Civ. 10620 (TPG);
*Aurelius Opportunities Fund II, et al v. Republic of Argentina*, 10 Civ. 1602 (TPG), 10 Civ. 3507 (TPG), 10 Civ. 3970 (TPG), 10 Civ. 8339 (TPG);
*Blue Angel Capital I LLC*, 10 Civ. 4101 (TPG), 10 Civ. 4782 (TPG);
*Olifant Fund, Ltd. v. Republic of Argentina*, 10 Civ. 9587 (TPG);
*Varela, et al v. The Republic of Argentina*, 10 CV 5338 (TPG)

Dear Judge Griesa,

We represent NML Capital, Ltd. ("**NML**"), Plaintiff in three of the above-referenced actions,[1] and write pursuant to our obligations under Rule 3.3(b) of the New York Rules of Professional Conduct to advise Your Honor of information we have obtained that potentially reveals a fraud upon the Court perpetrated by attorneys for The Republic of Argentina (the "**Republic**"),[2] and to provide the Court with the papers that support the motion now scheduled to be discussed with Your Honor at 4:00 p.m. today.

---

[1]    We are submitting the accompanying papers on behalf of the plaintiffs in the remaining actions listed in the caption to write on their behalf as well. However, not all of those plaintiffs have reviewed and joined in this letter.

[2]    Under Rule 3.3(b) "[a] lawyer who represents a client before a tribunal and who knows that a person intents to engage, is engaging or has engaged in criminal or fraudulent conduct related to the proceeding shall take reasonable remedial measures including, if necessary, disclosure to the tribunal."



The Honorable Thomas P. Griesa
May 30, 2014
Page 2

The Court has previously relied on unequivocal assurances given by the Republic's counsel that there are no plans to evade the Equal Treatment injunctions previously entered in these actions, despite troubling indications to the contrary.  We now have press reports that reference documents which indicate not only that such plans are in place, but that the very attorneys who gave those assurances to Your Honor helped develop those plans and have provided advice that following such plans would be a wise course when asked by the Republic for their best counsel of future action should the Supreme Court deny Argentina's petition for certiorari, and the Equal Treatment injunctions become effective.  This is a matter of urgency because, as the Court may already know, the Supreme Court could act on Argentina's petition as soon as June 16.

On May 24, 2014, an Argentine news-breaking website, ▇ published what appears to be a copy of a five-page memorandum, dated May 2, 2014, from counsel for the Republic to the Republic's Ministry of Economy, written in Spanish and marked as privileged (the "**May 2 Cleary Memorandum**").

On May 28, 2014 the Argentine daily newspaper ▇ published a story which stated:[3]

> In a document describing ▇
> ▇
> ▇ Argentina's lawyers recommended that ▇
> ▇.

▇ also published a separate article reporting[4]:

> Yesterday, ▇ obtained a confidential document signed by Argentina's attorneys Jonathan Blackman, Carmin Bocuzzi [sic] and Carmen Correa in which they made a series of recommendations. All three work for the law firm that is defending Argentina in the so-called trial of the century, Cleary Gottlieb Steen & Hamilton. ▇
> ▇
> ▇.

---

[3]   An English translation of the May 28, 2014 ▇ article entitled ▇ ▇ is Exhibit C to the May 30, 2014 Declaration of Robert A. Cohen ("**Cohen Decl.**") submitted contemporaneously with this letter.

[4]   An English translation of the May 28, 2014 ▇ article entitled ▇ ▇ is Exhibit D to the Cohen Decl.



▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇

This was followed later in the day with a piece on the Argentine website, ▇▇▇▇▇ which reported, in relevant part:

> Over the last few hours a supposedly confidential document has been circulating on the Web and in newsrooms allegedly signed by the attorneys representing Argentina: Jonathan Blackman, Carmin Bocuzzi [sic] and Carmen Correa of the local offices of the law firm of Cleary Gottlieb Steen and Hamilton.
>
> According to that text, the attorneys recommend that, ▇▇▇▇▇
> ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
> ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
> ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

(emphasis in original).

Yesterday, the ▇▇▇▇▇ published a piece on its ▇▇▇▇▇ blog that purports to reproduce a portion of the Cleary memorandum appearing on the ▇▇ website. A comment appended to the article published a translation of that section of the memorandum:

> It's for this reason that we [Mssrs. Blackman and Boccuzzi, and Ms. Corrales] think that, ▇▇▇▇▇
> ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
> ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
> ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇[6]

(emphasis added).

---

[5] An English translation of the May 29, 2014 ▇▇▇▇▇ article entitled ▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ is annexed to the Cohen Decl. as Ex. E.

[6] Cohen Decl. Ex. F (emphasis added).



The Honorable Thomas P. Griesa
May 30, 2014
Page 4

If the Cleary memorandum is genuine and not a hoax, it reflects a fraud upon the Court on the crucial question of whether the Republic now is engaged in planning to evade this Court's Amended February 23 Orders, in violation of this Court's October 3, 2013 Anti-Evasion Order and contrary to assurances given to the Court by Argentina's lawyers.

As Your Honor may recall, in a letter dated October 11, 2013,[7] Carmine Boccuzzi of Cleary Gottlieb, writing as counsel for the Republic, ardently denied that his client was engaged in any planning to violate this Court's Amended February 23 Orders:

> [T]he Republic has informed me that it has no plans to violate the Anti-Evasion Injunction and accordingly does not have documents responsive to paragraph 4 of the October 3 Order.

The Court relied on those representations in denying NML's motion to compel discovery from the Republic relating to any efforts it may have undertaken to evade the Equal Treatment injunctions. During oral argument on that motion held on November 15, 2013, the Republic's attorneys made the following representations in order to avoid being required to make the requested disclosures:

> MR. COHEN: [for NML] . . .
> And all we're asking for is not litigation but disclosure. Tell us what's going on. The President said she's got a plan. We have sophisticated investors in Argentine exchange bonds saying there is a plan. The plan is we're not -- we're going to exchange the exchange bonds for bonds payable in Argentina. And that is how they will avoid this Court's order.
> We should not let them take steps to implement that plan while this unfolds, because that's what they're going to do. And the day the orders become effective we'll have nothing, because they will have executed that plan.
>
> MR. BLACKMAN [for the Republic]: Your Honor, that would be perhaps cogent if it were true, ***but the only evidence in the record is that there is no such plan.***

---

[7]    Cohen Decl. Ex. G.



The Honorable Thomas P. Griesa
May 30, 2014
Page 5

       \* \* \*

> MR. COHEN: Your Honor, if I may?
> What they have said is no steps have been implemented during the pendency of the appeals. They have not said definitively that they are not working on a plan to implement after the appeals are finished.
> They have also said --
>
> MR. BOCCUZZI [for the Republic]: *We are not working on that plan* --
>
>     \* \* \*
>
> MR. BLACKMAN: . . .
> There is no plan of any kind -- and it's set forth in an affidavit -- to do anything with respect to the exchange bonds, the bonds that were issued in the two exchange offers that this Court blessed that are held by 93 percent of the original debt. No such plan. No evidence of such a plan.
>
>     \* \* \*
>
> MR. BLACKMAN: . . .
> These people have private eyes. They have search firms. They have people on the ground in Argentina. If there were any shred of evidence here that anything untoward was going on, they would be right in font [sic] of the Court producing it.

Transcript of Hearing, November 13, 2013, annexed to Cohen Decl. as Ex. H at pp. 9, 12, 15, 16 (emphasis added).

The widely-published May 2 Cleary Memorandum reveals these representations to be untruthful. In fact, Argentina and its attorneys appear to be actively considering a course of conduct that plainly would violate the Amended February 23 Orders.

The revelation of the Republic's plans to evade this Court's jurisdiction requires Plaintiffs to seek immediate relief from the Court. The Supreme Court is due to consider on June 12 the Republic's petition for a writ of *certiorari* seeking review of the Second Circuit's decision affirming the Amended February 23 Orders. An order on the Republic's petition could be issued as soon as June 16. If the petition is denied, the Court's Amended February 23 Orders would



The Honorable Thomas P. Griesa
May 30, 2014
Page 6

immediately go into effect. The plan to evade Your Honor's jurisdiction reflected in the reporting on the May 2 Cleary Memorandum thus may be implemented in little more than two weeks. Accordingly, together with this letter, Plaintiffs are submitting a motion seeking an order: (1) finding that the May 2 Cleary Memorandum is not privileged; (2) finding that the May 2 Cleary Memorandum violates this Court's October 3 Anti-Evasion Order; (3) ordering appropriate disclosure; and (4) awarding additional relief necessary to prevent further violations of this Court's orders. Plaintiffs are serving their papers in support of their request for relief on the Republic contemporaneously with delivering this letter to the Court.

Plaintiffs also request leave to submit to the Court a certified translation of the May 2 Cleary Memorandum. The information available in the public domain, standing alone, warrants an immediate finding that the Memorandum is not privileged. First, the full text of the May 2 Cleary Memorandum is now public. ███████████████████████████████████████████ Second, because the Memorandum reflects advice of counsel in furtherance of the Republic's apparent plans to evade this Court's standing injunctions, it falls within the crime-fraud exception to the attorney-client privilege.

But if Your Honor is not inclined to rule on the May 2 Cleary Memorandum's privileged status immediately, the evidence discussed above more than justifies an *in camera* inspection of the Memorandum to determine its privileged status. As the Supreme Court explained in *United States v. Zolin*, 491 U.S. 554, 572 (1989), *in camera* review for this purpose is appropriate where the requesting party makes "a showing of a factual basis adequate to support a good faith belief by a reasonable person that *in camera* review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies." *Id.* at 572 (quotation marks and internal citation omitted). "[T]he threshold showing to obtain *in camera* review may be met by using any relevant evidence, lawfully obtained, that has not been adjudicated privileged." *Id.* at 575.

Respectfully submitted,

Robert A. Cohen

cc: (via email)
Carmine D. Boccuzzi, Esq.
Jonathan I. Blackman, Esq.