

**Eric A. Schaffer**
Direct Phone: +1 412 288 4202
Email: eschaffer@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

July 1, 2014

**Via Email to michelle_diamond@nysd.uscourts.gov**

Honorable Thomas P. Griesa
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1630
New York, NY 10007-1312

*NML Capital, Ltd. v. The Republic of Argentina,* Nos. 08 Civ. 6978 (TPG), 09 Civ. 1707 (TPG), and 09 Civ. 1708 (TPG); *Aurelius Capital Master, Ltd. et al. v. The Republic of Argentina,* Nos. 09 Civ. 8757 (TPG), 09 Civ. 10620 (TPG), 10 Civ. 1602 (TPG), 10 Civ. 3507 (TPG), 10 Civ. 3970 (TPG), 10 Civ. 8339 (TPG); *Blue Angel Capital I, LLC v. The Republic of Argentina,* Nos. 10 Civ. 4101 (TPG), 10 Civ. 4782 (TPG); *Pablo Alberto Varela, et al. v. The Republic of Argentina,* No. 10 Civ. 5338 (TPG), *Olifant Fund, Ltd. v. The Republic of Argentina,* 10 Civ. 9587 (TPG)

Dear Judge Griesa:

I represent The Bank of New York Mellon, as Indenture Trustee. The Trustee is not a party to the above-referenced actions. As the Court will recall, I appeared at the hearing last Friday, June 27, 2014, at the Court's request. I represented that on June 26, 2014, the Trustee had received from Argentina payment of approximately $539 million in dollars and euros (the "Funds") and had retained the Funds in its account in Banco Central de la Republica de Argentina in accordance with the Court's prior orders. The Court acknowledged that the Trustee acted "properly" in retaining the Funds, and then suggested that the proper course was for the Trustee to return the Funds to Argentina. Tr. at 33:5. Under any circumstances, however, the Court acknowledged that it would be appropriate to "craft something that truly leaves the Bank of New York Mellon not exposed to any liability where it has complied with [Y]our Honor's order." *Id.* at 36:12-15.

This afternoon, plaintiffs submitted a proposed order that would require the Trustee to return the Funds to Argentina, as the Court suggested at the hearing. As plaintiffs note in their cover letter, the Trustee has three significant concerns regarding the proposed order.

First, ordering the Trustee to return the Funds to Argentina could expose the Trustee to litigation risk (however baseless), particularly outside the United States. By way of example, in the wake of the hearing, the Euro Bondholders sent correspondence to the Trustee explicitly threatening that, if the Trustee "returns the funds to Argentina," the Euro Bondholders "will seek appropriate remedies and relief." In addition, on Sunday, June 29, 2014, the Euro Bondholders filed an "Emergency Motion for Clarification." *See* 08 Civ. 6978 ECF Docket #543. On June 30, 2014, non-party Fintech Advisory, Inc. joined that motion. *See* ECF Docket #548. An order that could expose to Trustee to threats of liability,

Honorable Thomas P. Griesa
July 1, 2014
Page 2

ReedSmith

where the Trustee has done nothing except adhere to its obligations under the Indenture and the orders of this Court, would be fundamentally unfair.

Second, an order requiring the Trustee to maintain the Funds in its account at Banco Central would maintain the status quo – a chief concern the Court expressed at the hearing – and would not prejudice plaintiffs in any way. By contrast, an order affirmatively compelling the non-party Trustee to take certain mandatory actions (whether returning the Funds or transferring them to the U.S.) raises significant due process considerations. Unlike an injunction prohibiting the Trustee from aiding and abetting certain actions by a party to the litigation, Fed. R. Civ. P. 65(d)(2) does not extend to affirmative orders to non-parties. Such a directive would go beyond the scope of the current injunction.

Third, the Trustee cannot practically comply with plaintiffs' proposed order as written. In order to return the Funds to Argentina, the Trustee would need Argentina to provide wiring instructions for a specific account at a specific bank. Moreover, if Argentina failed to provide such instructions, rejected the Funds, or returned them to the Trustee, then the Trustee would be incapable of complying with the plaintiffs' proposed order unless it then "file[d] an interpleader action" – a significant change in the Trustee's involvement in this proceeding and a procedure that the Court disfavored at Friday's hearing.

The Trustee submits this letter in order to provide its input to the Court as quickly as possible. However, the Trustee is prepared to file a formal Motion for Clarification if the Court believes it would be helpful. If so, the Trustee proposes to file the motion on July 10, 2014 (accounting for the holiday weekend). In the interim, the Trustee commits to maintaining the status quo by maintaining the Funds in its account at Banco Central, pending further order of this Court.

We appreciate the Court's consideration of this request.

Respectfully submitted,

*[signature]*
Eric A. Schaffer

cc:   Edward A. Friedman, Esq.
      Robert A. Cohen, Esq.
      Carmine D. Boccuzzi, Jr., Esq.
      Kevin S. Reed, Esq.
      Michael C. Spencer, Esq.
      Leonard F. Lesser, Esq.
      (*via email*)