```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NML CAPITAL, LTD.,

                              Plaintiff,          08 Civ. 6978 (TPG)
     -against-                                    09 Civ. 1707 (TPG)
                                                  09 Civ. 1708 (TPG)
THE REPUBLIC OF ARGENTINA,

                              Defendant.
------------------------------------------------------------------X
AURELIUS CAPITAL MASTER, LTD. and
ACP MASTER, LTD.,

                              Plaintiffs,         09 Civ. 8757  (TPG)
     -against-                                    09 Civ. 10620 (TPG)

THE REPUBLIC OF ARGENTINA,

                              Defendant.
------------------------------------------------------------------X
AURELIUS OPPORTUNITIES FUND II, LLC
and AURELIUS CAPITAL MASTER, LTD.,     10 Civ. 1602  (TPG)
                                                  10 Civ. 3507  (TPG)
                              Plaintiffs,         10 Civ. 3970  (TPG)
     -against-                                    10 Civ. 8339  (TPG)

THE REPUBLIC OF ARGENTINA,

                              Defendant.
------------------------------------------------------------------X
BLUE ANGEL CAPITAL I LLC,

                              Plaintiff,          10 Civ. 4101 (TPG)
     -against-                                    10 Civ. 4782 (TPG)

THE REPUBLIC OF ARGENTINA,
                                                  (captions continue on
                              Defendant.          following page)
------------------------------------------------------------------X
```

**MEMORANDUM OF LAW IN SUPPORT OF
EUROCLEAR BANK SA/NV'S MOTION FOR CLARIFICATION**

```
-----------------------------------------------------------------X
OLIFANT FUND, LTD.,

                              Plaintiff,            10 Civ. 9587 (TPG)
    -against-

THE REPUBLIC OF ARGENTINA,

                              Defendant.
-----------------------------------------------------------------X
PABLO ALBERTO VARELA, et al.,
                                                    10 Civ. 5338 (TPG)


                              Plaintiff,
    -against-

THE REPUBLIC OF ARGENTINA,

                              Defendant.
-----------------------------------------------------------------X
```

Euroclear Bank SA/NV ("Euroclear Bank") respectfully submits this memorandum of law in support of Euroclear Bank's motion for clarification of the orders entered by the United States District Court for the Southern District of New York, District Court Judge Thomas P. Griesa, on November 21, 2012 (the "Amended February 23, 2012 Orders"), and in particular for a clarification that the Amended February 23, 2012 Orders do not purport to restrain payments onward by Euroclear of payments made by the Republic of Argentina (the "Republic") on Peso- and U.S. Dollar-denominated bonds that were issued by the Republic in 2005 and 2010, subject to Argentine law and payable in Argentina, pursuant to decrees issued by the Republic on December 9, 2004 and April 26, 2010 (the "Argentine Law Bonds").

### FACTUAL AND PROCEDURAL BACKGROUND

In the Amended February 23, 2012 Orders, this Court stated that any non-party that requires clarification regarding the scope of those Orders may make an application and

"[s]uch clarification will be promptly provided." Amended February 23, 2012 Orders at 6-7 [Dkt. No. 425]. Similarly, the Second Circuit instructed that "when questions arise as to who is bound by an injunction through operation of Rule 65, district courts will not 'withhold a clarification in the light of a concrete situation'...[and][t]he doors of the district court obviously remain open for such applications." *NML Capital Ltd. v. Republic of Argentina*, 727 F.3d 230, 243 (2d Cir. 2013).

On June 27, 2014, this Court issued an Order clarifying that the Amended February 23, 2012 Orders do not as a matter of law prohibit payments by Citibank, N.A.'s Argentine branch on the Argentine Law Bonds.

As a result, Citibank's Argentine branch has indeed made payments on the Argentine Law Bonds. Some of those payments were made to Euroclear Bank. (The factual assertions set forth herein are also set forth in the Declaration of Fabien Debarre, submitted herewith.)

Euroclear Bank believes that the Court intended by its Order of June 27, 2014 to clarify that payments with respect to the Argentine Law Bonds are excluded from the scope of the Amended February 23, 2012 Orders such that Euroclear Bank is not restrained by the Amended February 23, 2012 Orders from making payments onward of the funds which it has received from Citibank's Argentine branch in respect of the Argentine Law Bonds. The Order of June 27, 2014 does not specifically state this, however, and it does not mention Euroclear Bank.

Euroclear Bank seeks an order of this Court clarifying that Euroclear Bank's understanding is correct and that the Amended February 23, 2012 Orders do not as a matter of

3

law prohibit payments by Euroclear Bank which are made as part of the payment process with respect to the Argentine Law Bonds.

Euroclear Bank is a user-owned and user-governed commercial bank and securities settlement system incorporated in Belgium. It is regulated by the National Bank of Belgium and the Financial Services and Markets Authority, and has its registered office at 1 Boulevard du Roi Albert II, B-1210 Brussels, Belgium.

Euroclear Bank provides settlement and related securities services for cross-border transactions involving domestic and international bonds, equities, investment funds and derivatives. Its clients are major financial institutions located in more than 90 countries. Euroclear Bank holds securities and book-entry interests in securities for participating organizations and facilitates the clearance and settlement of securities transactions through electronic book-entry changes in accounts of such participants.

As a custodian of securities for its clients, Euroclear Bank receives income and redemption payments from paying agents appointed by issuers and then credits such amounts to its account holders. Euroclear Bank does not act on behalf of securities issuers. Its contractual obligations are solely to its clients/account holders. Some of its clients/account holders own or hold the Argentine Law Bonds and keep those bonds in accounts at Euroclear Bank.

Euroclear Bank conducts no banking operations in the United States. It maintains a small representative office in New York for client relationship and support purposes.

The Court appears to have determined that the payment by the Republic of Argentina in respect of the Argentine Law Bonds was not subject to the Court's Amended February 23, 2012 Orders. Accordingly, payments onward by Citibank Argentina – and by

Euroclear Bank – were not and would not be in furtherance of a violation of the Amended February 23, 2012 Orders, and it is appropriate for this Court to issue a clarifying Order as requested by Euroclear Bank to make it clear that the Amended February 23, 2012 Orders do not as a matter of law prohibit payments onward by Euroclear Bank.

## ARGUMENT

### SINCE THE PAYMENT BY THE REPUBLIC OF ARGENTINA IN RESPECT OF THE ARGENTINE LAW BONDS DID NOT CONSTITUTE A VIOLATION OF THE AMENDED FEBRUARY 23, 2012 ORDERS, PARTICIPATION IN THE SUBSEQUENT PAYMENT PROCESS CANNOT, AS A MATTER OF LAW, CONSTITUTE AIDING AND ABETTING OF A VIOLATION OF THOSE ORDERS

The legal basis for Euroclear Bank's motion is self-evident. If indeed the Republic of Argentina did not violate the Amended February 23, 2012 Orders by making payments in respect of the Argentine Law Bonds, then actions taken by Euroclear Bank (and others) in furtherance of the subsequent payment process do not constitute actions in furtherance of a violation of the Amended February 23, 2012 Orders and are not, as a matter of law, precluded by those Orders. See, e.g., Armstrong v. McAlpin, 699 F.2d 79, 91 (2d Cir. 1983) (a violation by a primary wrongdoer must be proven in order to establish aiding and abetting liability); IIT v. Cornfeld, 462 F.Supp. 209, 224 (S.D.N.Y. 1978); aff'd in part, rev'd in part on other grounds, 619 F.2d 909 (2d Cir. 1980) ("[w]ithout primary liability, there can be no aiding and abetting liability").

Although the legal basis for Euroclear Bank's motion is self-evident, the motion is necessary because the express language of the Amended February 23, 2012 Orders precludes Euroclear Bank from participating in the payment process and the Order of June 27, 2014 does

not specifically exempt Euroclear Bank – or the payment process as a whole – from the scope of the Amended February 23, 2012 Orders.

## CONCLUSION

Euroclear Bank's motion should be granted and an Order should be entered clarifying that the Amended February 23, 2012 Orders do not as a matter of law prohibit payments by Euroclear Bank in respect of the Argentine Law Bonds.

Dated: July 2, 2014
       New York, New York

                              Respectfully submitted,

                              **GREENFIELD STEIN & SENIOR, LLP**

                              By: _____
                                      Paul T. Shoemaker
*Attorneys for Interested Non-Party*
  *Euroclear Bank SA/NV*
  600 Third Avenue
New York, New York 10016
(212) 818-9600