**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Matthew D. McGill
Direct: +1 202.887.3680
Fax: +1 202.530.9662
MMcGill@gibsondunn.com

July 15, 2014

**VIA ECF**

The Honorable Thomas P. Griesa
U.S. District Court for the Southern District of New York
United States Courthouse
500 Pearl St., Room 1630
New York, NY 10007-1312

    Re:    *NML Capital, Ltd.* v. *Republic of Argentina*, Nos. 08 Civ. 6978 (TPG), 09 Civ. 1707 (TPG), 09 Civ. 1708 (TPG); and related cases

Dear Judge Griesa,

I write on behalf of Plaintiffs in the above-referenced actions in regard to the briefing schedule for the Euro Bondholders' emergency motion for clarification in light of their filing yesterday evening of a "corrected" memorandum of law in support of their motion.

The Euro Bondholders filed their original motion and memorandum on June 29, 2014.  On July 10, 2014, the Bank of New York Mellon filed a response to that motion that demonstrated that the Euro Bondholders had made numerous misstatements about the payment process on their Exchange Bonds.  Of greatest relevance, the Bank of New York Mellon explained in its response that the account at Banco Central de Republica de Argentina ("BCRA") to which Argentina sent approximately €225.9 million in an illegal attempt to pay the Euro Bondholders' Exchange Bonds, was owned by Bank of New York Mellon and not (as the Euro Bondholders had asserted) Bank of New York Luxembourg ("BNY (Lux)"), and that the Bank of New York Mellon, not BNY (Lux), directed and controlled the entire process of payment on the Euro Bonds.  ECF No. 581, at 1, 3.  That misstatement by the Euro Bondholders was a critical linchpin of their assertion that all of the participants in the payment processes of the euro-denominated Exchange Bonds were "foreign entities that are outside of this Court's jurisdiction."  ECF No. 545 at 1.  As the Court has repeatedly ruled, both the Bank of New York Mellon and Argentina are subject to the jurisdiction of this Court.  Because the BCRA account is owned by the Bank of New York Mellon, not by any foreign entity beyond the Court's jurisdiction, the analysis ends there, and the status of any other entity is irrelevant.

Yesterday, the Euro Bondholders stated that they had "submit[ted] th[e] corrected memorandum based on information that came to light in filings by the Bank of New York

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Hong Kong • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

**GIBSON DUNN**

The Honorable Thomas P. Griesa
July 15, 2014
Page 2


Mellon ("BNYM") on July 10, 2014, subsequent to the filing of the Euro Bondholders' motion for clarification." But this "corrected" memorandum advances arguments not made in the original memorandum, and seeks relief not sought in the original motion.

Most conspicuously, the "corrected" memorandum includes an entirely new section that asks this Court to modify the injunction to permit the depositories and clearing systems involved in payments on the Exchange Bonds to share the identity of the beneficial owners of the Exchange Bonds **with Argentina**. *Compare* ECF No. 587, at 4-5, 18-19 (corrected motion making this request), *with* ECF No. 545 (original motion, without request). That entirely new request for relief plainly is not a clarification and is most disconcerting to Plaintiffs: Argentina's actions to date have made clear that it is actively attempting to fulfill its payment obligations to the Exchange Bondholders without making a Ratable Payment to Plaintiffs, in clear violation of the Injunction. Identifying the beneficial interest holders of Exchange Bonds to Argentina would facilitate an attempt by Argentina to circumvent Bank of New York Mellon and to set up a new clearing system outside the jurisdiction of this Court to make illegal payments on the Exchange Bonds.

Even if this is not the intention of the Euro Bondholders' new request for relief, that new request for relief plainly exceeds what is allowed under any practice of "correction" of a previously filed motion. *See, e.g., Dudley ex rel. Estate of Patton v. Penn-Am. Ins. Co.*, 313 F.3d 662, 675 (2d Cir. 2002) ("The heart of the distinction between an error that is correctable under Rule 60(a) and one that is not is that a correction under Rule 60(a) cannot alter the substantive rights of the parties, but rather may only correct the record . . . .").

Inasmuch as the agreement of the parties to the briefing schedule stated in the July 14 letter of counsel for the Euro Bondholders was predicated on the filing of a corrected memorandum, and inasmuch as the memorandum was not merely corrected, but instead includes new arguments and adds a new request for relief, Plaintiffs cannot fairly be bound by the schedule to which they had agreed. Unless the Euro Bondholders and plaintiffs agree on a revised schedule, plaintiffs will treat the "corrected" memorandum as the filing of a new motion and will file their opposition accordingly. Obviously, if the Court would prefer a different schedule for consideration of this matter, plaintiffs will comply.

Very truly yours,

/s/ Matthew D. McGill
Matthew D. McGill

cc:     All counsel of record (via ECF)