UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
NML CAPITAL, LTD.,
               Plaintiff,
    - against -
THE REPUBLIC OF ARGENTINA,
               Defendant.

No. 08 Civ. 6978 (TPG)
No. 09 Civ. 1707 (TPG)
No. 09 Civ. 1708 (TPG)

------------------------------------- x
AURELIUS CAPITAL MASTER, LTD. and
ACP MASTER, LTD.,
             Plaintiffs,
    - against -
THE REPUBLIC OF ARGENTINA,
               Defendant.

No. 09 Civ. 8757 (TPG)
No. 09 Civ. 10620 (TPG)

------------------------------------- x
AURELIUS OPPORTUNITIES FUND II, LLC
and AURELIUS CAPITAL MASTER, LTD.,
             Plaintiffs,
    - against -
THE REPUBLIC OF ARGENTINA,
               Defendant.

No. 10 Civ. 1602 (TPG)
No. 10 Civ. 3507 (TPG)
No. 10 Civ. 3970 (TPG)
No. 10 Civ. 8339 (TPG)

------------------------------------- x
BLUE ANGEL CAPITAL I LLC,
             Plaintiff,
    - against -
THE REPUBLIC OF ARGENTINA,
               Defendant.

No. 10 Civ. 4101 (TPG)
No. 10 Civ. 4782 (TPG)

------------------------------------- x   *(captions continue on following page)*

**CITIBANK, N.A.'S MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL
RECONSIDERATION OF THE JUNE 27, 2014 ORDER**

```
------------------------------------ x
OLIFANT FUND, LTD.,                  :
                 Plaintiff,          :
         - against -                 :   No. 10 Civ. 9587 (TPG)
THE REPUBLIC OF ARGENTINA,           :
                 Defendant.          :
------------------------------------ x
PABLO ALBERTO VARELA, et al.,        :
                 Plaintiffs,         :
         - against -                 :   No. 10 Civ. 5338 (TPG)
THE REPUBLIC OF ARGENTINA,           :
                 Defendant.          :
------------------------------------ x
```

Citibank, N.A. ("Citibank"), an interested non-party, respectfully submits this memorandum of law in opposition to Plaintiffs' Motion for Partial Reconsideration of the June 27, 2014 Order Granting Citibank, N.A.'s Motion for Clarification or Modification.

## PRELIMINARY STATEMENT

On June 27, 2014, this Court granted Citibank's renewed motion for clarification of this Court's Amended February 23, 2012 Orders (the "Orders"), ruling that:

> [T]his Court's Amended February 23, 2012 Orders do not as a matter of law prohibit payments by Citibank N.A's Argentine branch on Peso- and U.S. Dollar-denominated bonds—governed by Argentine law and payable in Argentina—that were issued by the Republic of Argentina in 2005 and 2010 to customers for whom it acts as custodian in Argentina.

Order, June 27, 2014 (Docket No. 547).[1] Citibank had first sought clarification thirteen months earlier, arguing (i) that the Orders did not, and should not, apply to the Argentine Law Bonds because they, regardless of their currency, were materially different from the bonds the Court had intended to make subject to the Orders, and (ii) Citibank's position, given the presence of its branch in Argentina, was materially different from that of other participants in the payment process on Exchange Bonds. Citibank submitted a memorandum of law outlining the substantial legal bases for Citibank's position.[2]

Uniquely, Citibank also offered the unrebutted testimony of three experts who outlined both the distinct structure and payment mechanism of the Argentine Law Bonds, and the severe civil, regulatory and criminal risks faced by Citibank Argentina—an entity governed by the laws

---

[1] "Docket No." refers to the assigned docket number in *NML Capital, Ltd. v. Republic of Argentina*, No. 08 Civ. 6978 (TPG).

[2] Defined terms have the same meaning as they do in the Memorandum of Law in Support of Citibank, N.A.'s Renewed Motion by Order to Show Cause for Clarification or Modification (Docket No. 550) ("Citi Renewed Mem."). Citibank incorporates by reference all of the papers filed in support of its original and renewed motions.

of Argentina and subject to the regulations of the Central Bank of the Republic of Argentina—and its employees and officers, should the Orders be applied to payments on the Argentine Law Bonds.

Citibank renewed its motion on June 19, 2014, after the Supreme Court denied petitions for certiorari in these cases. Plaintiffs did not refute Citibank's evidence regarding either the differences between the Argentine Law Bonds and the bonds addressed by the Orders, or the severe consequences to which Citibank Argentina would be exposed if the Orders were not clarified to exempt the Argentine Law Bonds.

Plaintiffs now argue, most disingenuously, that the Court did not understand Citibank's argument. They contend that the Court may have "overlooked" the fact that bonds denominated in U.S. Dollars are External Indebtedness that may be covered by the *pari passu* clause, and that "there were other statements made about the bonds generally during the hearing that Plaintiffs believe may have resulted in the Court not appreciating the difference between the Peso-denominated Bonds and the U.S. Dollar-denominated Bonds – for example, statements that the bonds have been 'treated differently . . . all along,' and that the Court 'may have granted a similar motion before.'" Mem. Law Supp. Pls.' Mot. for Partial Reconsideration, July 10, 2014 (Docket No. 586) ("Pls. Mem.") at 7–8.

Plainly, this Court well understood Citibank's argument, based upon its briefs and uncontradicted expert evidence, that the Argentine Law Bonds should not, as a matter of law, be subject to the Orders, and were not, as a matter of fact, ever considered by the Court when issuing the Orders. Plaintiffs have put forward no basis whatsoever for partial reconsideration under Local Civil Rule 6.3, and their motion must be denied.

**ARGUMENT**

**I.  THE STANDARDS FOR RECONSIDERATION ARE HIGH**

Motions for reconsideration under Local Civil Rule 6.3 are "generally not favored and [are] properly granted only upon a showing of exceptional circumstances." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (citation omitted).  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Schrader v. CSX Transp., Inc.* 70 F.3d 255, 257 (2d Cir. 1995).  "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*  Instead, motions for reconsideration "should be granted only when the defendant identifies an intervening change of law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kobel Beth Yechiel of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013).

**II.  PLAINTIFFS OFFER NO BASIS FOR RECONSIDERATION**

Plaintiffs do not suggest the existence of any intervening change of law, or any new evidence, and there is none.  They argue only that the Court was confused.  The Court was not confused, and Plaintiffs can show no clear error or manifest injustice.

Plaintiffs' motion is premised upon the contention that, when the Court articulated its "understanding that the bonds you're talking about have been treated differently . . . all along," June 27, 2014 Hr'g Tr. at 26:23-27:1, the Court "misunderstood," believing perhaps that it had already issued an order differentiating these Argentine Law Bonds.  Pls. Mem. at 8.  No such misunderstanding could have arisen from either the hearing or Citibank's papers.  Citibank never argued that any prior order governed the Argentine Law Bonds, or that the Orders should exempt

3

the Argentine Law Bonds because the bonds denominated in U.S. Dollars were not External Indebtedness, or were not covered by the *pari passu* clause. Instead, Citibank focused on the unique characteristics of the Argentine Law Bonds, both Dollar- and Peso-denominated, arguing that these bonds are materially different from the bonds described in this Court's opinion explaining the Orders—and different in a way that the Court has previously recognized as material. *See, e.g.*, Citi Renewed Mem. at 7 ("Whether denominated in U.S. Dollars or Pesos, the Argentine Law Bonds were both issued pursuant to Argentine decrees, not the Indenture, and both are subject to Argentine law and payable in Argentina.").

In its opinion issued in connection with the Orders, this Court described in detail the payments that were to be enjoined:

> The process and the parties involved in making payments on the Exchange Bonds are as follows. Argentina transfers funds to the Bank of New York Mellon ("BNY"), which is the indenture trustee in a Trust Indenture of 2005. Presumably there is a similar indenture for the 2010 exchange offer. BNY then forwards the funds to the "registered owner" of the Exchange Bonds. There are two registered owners for the 2005 and 2010 Exchange Bonds. One is Cede & Co. and the other is the Bank of New York Depositary ("BNY Depositary"). Cede and BNY Depositary transfer the funds to a "clearing system" such as the Depository Trust Company ("DTC"). The funds are then deposited into financial institutions, apparently banks, which then transfer the funds to their customers who are the beneficial interest holders of the bonds.

*NML Capital, Ltd. v. Republic of Argentina*, No. 08 Civ. 6978 (TPG), 2012 WL 5895786, at *5 (S.D.N.Y. Nov. 21, 2012).

Citibank argued that the Court could not have intended to include the Argentine Law Bonds in the scope of the Orders because they are entirely different from those described in this opinion. The Argentine Law Bonds were issued under Argentine decrees, not the Indenture governing the other Exchange Bonds; payment to Citibank Argentina is made solely in Argentina through local entities, not through BNY in the United States; no U.S. depository is

involved; and the bonds do not provide for any submission to U.S. jurisdiction. *See* Citi Renewed Mem. at 3-6. The Court certainly understood these critical distinctions when remarking that "to grant your motion does not affect the other bonds of concern at all." June 27, 2014 Hr'g Tr. at 27:4-5.

Citibank had also made substantial arguments that, a matter of law, the Amended February 23, 2012 Orders could not and should not be applied to the Argentine Law Bonds:

> Were the [Amended February 23, 2012] Orders to restrain payments in Argentina on the Argentine Law Bonds, the [Amended February 23, 2012] Orders would be inconsistent with this Court's prior rulings that restraints may not be imposed on payments of funds, not owned by the Republic of Argentina (the "Republic"), that are to be made entirely in Argentina. Further, because the *situs* of these payments is Argentina for act of state purposes, any such interpretation of the [Amended February 23, 2012] Orders would also contravene the act of state doctrine, as authoritatively construed by the Second Circuit *en banc* in *Allied Bank International v. Banco Credito Agricola de Cartago*, 757 F.2d 516 (2d Cir. 1985). Finally, by exposing Citibank Argentina to grave regulatory, civil and possible criminal risk for obeying a court order not recognized as valid in Argentina, a construction of the injunctions that would prevent legally mandated payments with an Argentine *situs* would impose an extreme and inequitable burden upon Citibank Argentina well beyond the "minor and ancillary" relief permitted in equity jurisprudence against a non-party. *Gen. Bldg.Contractors Ass'n v. Penn*, 458 U.S. 375, 399–402 (1982); *Alemite Mfg. Corp. v. Staff*, 42 F.2d 832, 832–33 (2d Cir. 1930).

Citi Renewed Mem. at 2-3.

In its brief, Citibank made extensive reference to two decisions of this Court that were relevant to its legal argument. *See* Citi Renewed Mem. at 8-13 (discussing *EM Ltd. v. Republic of Argentina ("EM Ltd.")*, 865 F. Supp. 2d 415 (S.D.N.Y. 2012) and *Aurelius Capital Partners, LP v. Republic of Argentina ("ANSES")*, No. 07 Civ. 2715, 2010 WL 768874 (S.D.N.Y. Mar. 5, 2010)). Both decisions described in detail the funds that were the subject of those opinions, and both decisions held that, as in this case, no restraint was appropriate as a matter of law. *See id.*

It was to these decisions that counsel for Citibank understood the Court was referring when it remarked that it "may have granted a similar motion before." June 27, 2014 Hr'g Tr. at 27:4.

Finally, Citibank Argentina put before the Court material evidence that is entirely uncontradicted. Federico Elewaut testified that under Argentine law it would be illegal not to distribute payments on the Argentine Law Bonds to customers. See Decl. of Federico Elewaut Supp. Citibank's Mot. for Clarification, May 22, 2013 (Docket No. 461). Manuel Beccar Varela testified that non-payment would subject Citibank Argentina, and its personnel, to criminal sanctions in Argentina. See Decl. of Manuel Beccar Varela Supp. Citibank's Mot. for Clarification, May 22, 2013 (Docket No. 462). Maximiliano D'Auro testified that foreign court orders would not be recognized as a defense by Argentine courts. See Decl. of Maximiliano D'Auro Supp. Citibank's Mot. for Clarification, May 22, 2013 (Docket No. 463).

None of this testimony was refuted by Plaintiffs. The declarations present compelling evidentiary support for Citibank's arguments that the Amended February 23, 2012 Orders should not apply to the Argentine Law Bonds under the act of state doctrine and the doctrine of foreign sovereign compulsion because Citibank Argentina and its personnel were at material risk. See Citi Renewed Mem. at 17–20.

Plaintiffs ignore all of this. Their motion is premised solely upon the contention that the Argentine Law Bonds were described at the hearing as "internal Argentine bonds," and their speculation that, as a result, the Court was mistaken as to whether the U.S. Dollar-denominated bonds were Exchange Bonds covered by the Court's Amended February 23, 2012 Orders. See Pls. Mem. at 7 (quoting June 27, 2014 Hr'g Tr. at 26:5–6). The record, including the papers before the Court, makes plain that there is no support for any such conjecture. The Court well understood Citibank's arguments, which were consistent with prior rulings of this Court.

6

## CONCLUSION

Plaintiffs have made no showing of any basis for reconsideration under Local Civil Rule 6.3, and their motion should be denied.

Dated:   New York, New York
         July 17, 2014

                        DAVIS POLK & WARDWELL LLP

By:   /s/ Karen E. Wagner
      Karen E. Wagner
      James L. Kerr
      Matthew B. Rowland
      Lindsey T. Knapp

      450 Lexington Avenue
      New York, New York  10017
      Telephone:   (212) 450-4000
      Facsimile:   (212) 701-5800

*Attorneys for Non-Party Citibank, N.A.*