# FRIEDMAN KAPLAN SEILER & ADELMAN LLP

BRUCE S. KAPLAN
EDWARD A. FRIEDMAN
GARY D. FRIEDMAN
BARRY A. ADELMAN
ERIC SEILER
ROBERT D. KAPLAN
ANDREW W. GOLDWATER
ROBERT J. LACK
GREGG S. LERNER
SCOTT M. BERMAN
ERIC CORNGOLD
HAL NEIER
PHILIPPE ADLER
LANCE J. GOTKO
KATHERINE L. PRINGLE
MERYL S. ROSENBLATT
DANIEL B. RAPPORT
DAVID I. TANENBAUM
HALLIE B. LEVIN
ANNE E. BEAUMONT
MARY E. MULLIGAN
EMILY A. STUBBS
KENT K. ANKER
AMY C. BROWN
RICARDO SOLANO JR.
JOHN N. ORSINI
JEFFREY R. WANG
JEFFREY C. FOURMAUX
JASON C. RUBINSTEIN
MICHAEL A. GORDON

7 TIMES SQUARE
NEW YORK, NY 10036-6516

TELEPHONE (212) 833-1100
FACSIMILE (212) 833-1250
WWW.FKLAW.COM

WRITER'S DIRECT DIAL
212-833-1102

WRITER'S DIRECT FAX
212-373-7902

E-MAIL
EFRIEDMAN@FKLAW.COM

RICHARD M. HOFFMAN
SENIOR COUNSEL

NORMAN ALPERT
ASAF REINDEL
L. REID SKIBELL
COUNSEL

STEVEN E. FRANKEL
DANIEL R. GREENBERG
TIMOTHY M. HAGGERTY
CHRISTOPHER M. COLORADO
CHRISTOPHER L. McCALL
YITZCHAK E. SOLOVEICHIK
PEARLINE M. HONG
ERIC J. FINKELSTEIN
JENNIFER A. MUSTES
EMILY L. CHANG
ANDREW M. ENGLANDER
CHARLES E. ENLOE
ALEXANDER D. LEVI
ELIZABETH L. MACCHIAVERNA
SARAH F. FOLEY
JAMUNA D. KELLEY
RAINA L. NORTICK
MICHAEL S. PALMIERI
ELLIOT CHOI
TANVIR VAHORA
NORA BOJAR
KEVIN J. LIN
ANDREW C. KOSTIC

July 27, 2014

BY E-MAIL

Honorable Thomas P. Griesa
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007-1312

   Re: *NML Capital, Ltd. v. The Republic of Argentina*
       Nos. 08 Civ. 6978, 09 Civ. 1707, 09 Civ. 1708
     *Aurelius Capital Master, Ltd. v. The Republic of Argentina*
       Nos. 09 Civ. 8757, 09 Civ. 10620, 10 Civ. 3970, 10 Civ. 8339
     *Aurelius Opportunities Fund II, LLC v. The Republic of Argentina*
       Nos. 10 Civ. 1602, 10 Civ. 3507
     *Blue Angel Capital I LLC v. The Republic of Argentina*
       Nos. 10 Civ. 4101, 10 Civ. 4782
     *Pablo Alberto Varela v. The Republic of Argentina*
       No. 10 Civ. 5338
     *Olifant Fund, Ltd. v. The Republic of Argentina*
       No. 10 Civ. 9587

Dear Judge Griesa:

   We represent plaintiffs Aurelius Capital Master, Ltd., Aurelius Opportunities Fund II, LLC, ACP Master, Ltd., and Blue Angel Capital I LLC. We write on behalf of plaintiffs in all of the above-referenced cases in response to the July 23 letter to Your Honor from Karen Wagner, counsel to Citibank, N.A. ("Citibank").

2967380.1

Hon. Thomas P. Griesa - 2 - July 27, 2014

   At the July 22, 2014 hearing Your Honor asked the following question: "[W]hat is the volume that we are talking about?"  Citibank's letter neither addresses that question nor disputes the answer Plaintiffs provided in their own letter of July 23 to the Court.  Instead, Citibank's letter raised an entirely new issue, which relates to what Citibank calls the "Repsol Bonds."  In May of this year, Argentina issued these bonds to Repsol, a global energy company headquartered in Spain, pursuant to a negotiated settlement agreement.

   Citibank's new argument is that the bonds issued to Repsol are not Exchange Bonds but are indistinguishable from bonds that Citibank concedes are Exchange Bonds, and that it cannot stop payment on the Exchange Bonds without also stopping payment on the bonds issued to Repsol – so the Court should permit Argentina to make payment on the Exchange Bonds.[1]  This new argument is based on the fact that the Republic chose to issue the bonds to Repsol in 2014 with the same International Securities Identification Number (ISIN) (ARARGE03E113)[2] as one of the series of Exchange Bonds that are the subject of Plaintiffs' Motion for Partial Reconsideration.[3]  Citibank observes that it cannot tell which of the bonds that share the ISIN were issued in the 2005 Exchange, and which were subsequently issued.  Citibank points to this administrative challenge as a purported basis for carving all the U.S. Dollar Argentine law Exchange Bonds out of the Amended February 23 Orders and denying Plaintiffs' motion.

---

[1] At 4:37 p.m. on Sunday, as we were about to submit this letter in compliance with the Court's 5:00 p.m. deadline, the Republic filed a letter attempting to bolster the Citibank position with a further new assertion that there are more bonds like the bonds issued to Repsol.  Plaintiffs do not believe that the Republic's new assertions provide any more basis than Citibank's assertions for modifying the Amended February 23 Orders.

[2] ISINs are alpha-numeric symbols used to identify bonds, similar to a stock exchange ticker symbol.  Bonds sharing the same ISIN must have identical terms, but the converse is not true.  Bonds with the same terms may be assigned different ISINs, as often happens when bonds with the same terms are issued in separate offerings or at different times.

[3] There are four other ISINs for the U.S. Dollar Argentine law bonds (issued in the 2005 and 2010 Exchanges) that were the subject of Citibank's motion for clarification and are the subject of Plaintiffs' motion: ARARGE03G688, ARARGE03E097, ARARGE03G704 and ARARGE03E154. Citibank's new argument does not even apply to any of these four ISINs, yet Citibank is asking the Court to carve all of these Exchange Bonds out of the Orders.

Hon. Thomas P. Griesa - 3 - July 27, 2014

Citibank's new argument is wrong, for a host of reasons.

Argentina could have issued bonds to Repsol with a different ISIN, as is common market practice when bonds with identical terms need to be distinguished from one another. For example, in the 2010 Exchange, Argentina issued certain bonds with the same terms as bonds that had been issued in the 2005 Exchange, but with a different ISIN for the 2010 bonds. In contrast, in 2014, Argentina and Repsol chose to use the same ISIN that had been used for Exchange Bonds issued in the 2005 Exchange – even though that would mean that the bonds issued to Repsol and the 2005 Exchange Bonds would be indistinguishable.

Argentina cannot issue bonds with the same ISIN as preexisting Exchange Bonds and then use that as a basis for excluding those Exchange Bonds from the Amended February 23 Orders. At the time that Argentina issued bonds to Repsol, Argentina, Repsol and other market participants were well aware of the Orders, which had already been affirmed by the Second Circuit. They knew that Exchange Bonds with the same ISIN were subject to those Orders, and that payment on bonds with that ISIN would be enjoined if Argentina did not make a Ratable Payment to Plaintiffs. Indeed, the agreement between Argentina and Repsol expressly addressed the possibility that payment on the bonds issued to Repsol might be disrupted by court orders obtained by Republic's creditors, including Plaintiffs.[4]

By issuing bonds to Repsol with the same ISIN, Argentina has attempted to create an excuse to exclude Exchange Bonds that would otherwise be subject to the Amended February 23 Orders. Argentina was prohibited from taking any action to evade the Orders, render them ineffective, or diminish the Court's ability to supervise compliance with them. Were the Court to endorse Citibank's argument, the Republic would have a blueprint to eviscerate those Orders — the Republic could simply issue new bonds with the same ISINs for all the Exchange Bonds.

Plaintiffs, obviously, did not play any role in the issuance of the bonds to Repsol or the decision to use the same ISIN. They should not be prejudiced by these

---

[4] *See* http://www.repsol.com/imagenes/es_en/Convenio_Argentina_en_tcm11-673555.pdf, at 123 (defining DISRUPTIVE MEASURES to include "measures ordered by courts or authorities of any country at the request of third parties bringing claims for monies owed against ARGENTINE REPUBLIC that prevent or limit REPSOL from collecting COMPENSATION and/or on the GOVERNMENT BONDS on the terms of issuance.") Repsol has since sold the new bonds on the secondary market. Like Repsol, the market was aware that Argentina was using the same ISIN as the original Exchange Bonds, there would be no way to distinguish the new from the original bonds, and the original bonds were subject to the Amended February 23 Orders.

Hon. Thomas P. Griesa - 4 - July 27, 2014

choices made by Argentina. Nor should it be the burden and responsibility of the Court or Plaintiffs to limit and modify the Amended February 23 Orders because of Argentina's own conduct. While it is now impossible for Citibank and other financial institutions who process payments to distinguish some of the 2005 Exchange Bonds from identical later-issued bonds, this is a direct and foreseeable consequence of choices made by Argentina. Plaintiffs have no wish to expand the coverage of the Amended February 23 Orders, but strongly oppose contracting the coverage of the Orders to exclude bonds that unquestionably are Exchange Bonds.[5]

Were the Court to accept Citibank's argument, it would not be merely "clarifying" the Amended February 23 Orders, it would be modifying them. As a matter of law, the Court is prohibited from modifying the Orders "in the absence of a clear showing of grievous wrong evoked by new and unforeseen conditions," *United States v. Swift & Co.*, 286 U.S. 106, 119 (1932). There is nothing "grievous[ly] wrong" with the terms of the Orders as written and affirmed. Accordingly, it would be reversible error for the Court to modify the Amended February 23 Orders as Citibank suggests (and as the June 27 Citibank Order would do, unless the Court grants Plaintiffs' requested partial reconsideration).[6]

For the foregoing reasons and those previously submitted, Plaintiffs respectfully submit the Court should grant Plaintiffs' Motion for Partial Reconsideration, and not carve the Argentine law U.S.-Dollar denominated Exchange Bonds out of the Amended February 23 Orders.

Respectfully yours,

*Edward A. Friedman*

Edward A. Friedman

---

[5] In all events, the bonds issued to Repsol, regardless of whether they are Exchange Bonds, are undisputedly "External Indebtedness" as defined under the FAA (because they are in a currency other than the Argentine peso), and subject to the *pari passu* provision in the FAA no differently than the Exchange Bonds.

[6] For this reason it is totally improper for Citibank to ask this Court to modify the express terms of the Orders based on what Citibank argues the Court may have "contemplated," e.g., Citibank's argument that even though the Orders by their terms cover all Exchange Bonds, the Court only contemplated covering Exchange Bonds as to which Bank of New York Mellon is Indenture Trustee. *See* Amended February 23 Orders, 2.a. (defining "Exchange Bonds" as the bonds or other obligations issued pursuant to the Republic's 2005 and 2010 Exchange Offers, not limited to Exchange Bonds under any particular law or with any particular Indenture Trustee).

2967380.1

Hon. Thomas P. Griesa — - 5 - — July 27, 2014

cc:   Karen E. Wagner, Esq.
      Carmine Boccuzzi, Esq.
      Robert A. Cohen, Esq.
      Kevin S. Reed, Esq.
      Michael Spencer, Esq.
      Leonard F. Lesser, Esq.

2967380.1