New York        Paris
Menlo Park      Madrid
Washington DC   Tokyo
São Paulo       Beijing
London          Hong Kong

# Davis Polk

**Karen E. Wagner**

Davis Polk & Wardwell LLP    212 450 4404 tel
450 Lexington Avenue         212 701 5404 fax
New York, NY 10017           karen.wagner@davispolk.com

July 28, 2014

Re:  *NML Capital, Ltd. v. Republic of Argentina*, Nos. 08 Civ. 6978 (TPG), 09 Civ. 1707 (TPG), 09 Civ. 1708 (TPG);

*Aurelius Capital Master, Ltd. and ACP Master, Ltd. v. Republic of Argentina*, Nos. 09 Civ. 8757 (TPG) and 09 Civ. 10620 (TPG);

*Aurelius Opportunities Fund II, LLC and Aurelius Capital Master, Ltd. v. Republic of Argentina*, Nos. 10 Civ. 1602 (TPG), 10 Civ. 3507 (TPG), 10 Civ. 3970 (TPG) and 10 Civ. 8339 (TPG);

*Blue Angel Capital I LLC v. Republic of Argentina*, Nos. 10 Civ. 4101 (TPG) and 10 Civ. 4782 (TPG);

*Olifant Fund, Ltd. v. Republic of Argentina*, No. 10 Civ. 9587 (TPG); and

*Pablo Alberto Varela, et al. v. Republic of Argentina*, No. 10 Civ. 5338 (TPG).

Hon. Thomas P. Griesa
United States District Judge
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Dear Judge Griesa:

We represent non-party Citibank, N.A. ("Citibank") in these cases. We write in connection with letters recently sent to the Court regarding Plaintiffs' request that this Court's June 27, 2014 Order be reconsidered, and the scope of its Amended February 23, 2012 Orders be expanded.

When we moved for clarification of the Court's Amended February 23, 2012 Orders as regards bonds governed by Argentine law and payable solely in Argentina, we designated these bonds the "Argentine Law Bonds." In support of our motion, granted by Order of this Court dated June 27, 2014, we argued that these bonds had not been, and should not be, subject to the Amended February 23, 2012 Orders, and we reiterate those arguments. However, unknown to us at the time was the further fact that very few of these "Argentine Law Bonds" are Exchange Bonds, an additional basis for declining to reconsider the June 27, 2014 Order.

As issuer, the Republic is uniquely situated to have information about these bonds. The Republic has confirmed that only a very small fraction of the "Argentine Law Bonds" are Exchange Bonds—either 4.8% or 7.4%, depending upon the inclusion or exclusion of Peso-

denominated bonds.[1]  Letter from Carmine D. Boccuzzi, Jr. to Hon. Thomas P. Griesa, dated July 27, 2014, at 2 & n.2.[2]

As Plaintiffs note, the bonds that are Exchange Bonds are indistinguishable from the bonds that are not Exchange Bonds, because they were issued with the same International Securities Identification Numbers ("ISINs").  Accordingly, Citibank's Argentine branch ("Citibank Argentina")—which, as custodian for certain holders of these bonds, does not know when and how its customers acquired bonds in its custody—is unable to determine when it receives payments on the "Argentine Law Bonds" whether the payments relate to Exchange Bonds or non-Exchange Bonds.

One such example, as Plaintiffs note, are the bonds issued to settle the Repsol litigation, which are indistinguishable from bonds issued in the 2005 Exchange Offer:

> [T]he Republic chose to issue the bonds to Repsol in 2014 with the same International Securities Identification Number (ISIN) (ARARGE03E113) as one of the series of Exchange Bonds that are the subject of Plaintiffs' Motion for Partial Reconsideration. Citibank observes that it cannot tell which of the bonds that share the ISIN were issued in the 2005 Exchange, and which were subsequently issued. . . .
>
> * * * * *
>
> [I]t is now impossible for Citibank and other financial institutions who process payments to distinguish some of the 2005 Exchange Bonds from identical later-issued bonds . . . .

Letter from Edward A. Friedman to Hon. Thomas P. Griesa, dated July 27, 2014 ("Friedman Letter"), at 2, 3.[3]

Consequently, it would be "operationally impossible" for Citibank Argentina to comply with any order that was intended to enjoin payments on bonds issued under Argentine law that are Exchange Bonds, but to allow payments on bonds that are not Exchange Bonds but have the same ISIN.[4]  See Suppl. Decl. of Federico Elewaut, dated July 28, 2014 (submitted herewith).

Plaintiffs recognize this impossibility, but suggest that the appropriate solution is to extend the Amended February 23, 2012 Orders to bonds that are not Exchange Bonds.  Any such extension is not possible, given the express terms of those Orders.  The Amended February 23, 2012 Orders were drafted by these very Plaintiffs, who are extremely knowledgeable and experienced traders of distressed sovereign debt, and who surely knew the import of the words "Exchange Bonds."  And the Amended February 23, 2012 Orders are explicit—*they apply only to Exchange Bonds*:

---

[1] It is agreed that Peso-denominated bonds are not subject to the Court's Amended February 23, 2012 Orders.

[2] Docket No. 609 in *NML Capital, Ltd. v. Republic of Argentina*, No. 08 Civ. 6978 (TPG).

[3] Docket No. 448 in *Aurelius Capital Master, Ltd. v. Republic of Argentina*, No. 09 Civ. 8757 (TPG).

[4] This operational impossibility exists, of course, with respect to all bonds issued with ISINs applicable to Exchange Bonds, as is conceded in today's letter from Mr. Friedman.  See Letter from Edward A. Friedman to Hon. Thomas P. Griesa, dated July 28, 2014, at 2 (Docket No. 449 in *Aurelius Capital Master, Ltd. v. Republic of Argentina*, No. 09 Civ. 8757 (TPG)).

> Whenever the Republic pays any amount due under the terms of the bonds or other obligations *issued pursuant to the Republic's 2005 or 2010 Exchange Offers*, or any subsequent exchange of or substitution for the 2005 or 2010 Exchange Offers that may occur in the future (collectively the "Exchange Bonds") the Republic shall concurrently or in advance make a "ratable payment" to NML[.]

Am. Feb. 23, 2012 Order ¶ 2.a (emphasis added).

Plaintiffs have never offered, and cannot offer now, any rationale for a completely unwarranted expansion of the Amended February 23, 2012 Orders to enjoin payment on *bonds that are not Exchange Bonds*.[5] There is none, and indeed Plaintiffs state that they "have no wish to expand the coverage of the Amended February 23 Orders." Friedman Letter at 4.

Further, Plaintiffs have not rebutted Citibank's contentions that (a) as a matter of law, payments on bonds governed by Argentine law and payable solely in Argentina, whether Exchange Bonds or not, cannot be subjected to an injunction barring payment; (b) as a matter of fact, set out in expert declarations, Citibank Argentina will be subject to extreme risk if it is required to withhold payments made to customers who own such bonds; and (c) the only bonds encompassed by Plaintiffs' arguments and by the Court's implementing decision were Exchange Bonds payable through Bank of New York Mellon, as Indenture Trustee.

For all of these reasons, Your Honor's June 27, 2014 Order granting the relief sought in Citibank's motion for clarification is consistent with the premise for the Amended February 23, 2012 Orders, and with the now known impossibility of compliance with those Orders. Plaintiffs offer no justification whatsoever for rewriting the Amended February 23, 2012 Orders or reconsidering the June 27, 2014 Order.

Very respectfully yours,

*/s/ Karen E. Wagner*

Karen E. Wagner

By ECF

cc:   All counsel of record (via ECF)

---

[5] For that reason, Plaintiffs' citation to *United States v. Swift & Co.*, 286 U.S. 106 (1932), is irrelevant. It is also entirely misleading. In *Swift*, the Supreme Court acknowledged that a court of equity could modify even an injunction entered by consent where defendants were "suffering hardship so extreme and unexpected as to justify us in saying that they are the victims of oppression." *Id.* at 119. In that case, defendants could make no such showing. Here, not only has Citibank—a non-party that most certainly did not consent to be bound by the Amended February 23, 2012 Orders—demonstrated extreme hardship to itself and to other innocent third parties, but Plaintiffs have agreed with Citibank that the additional risk posed by the inability to distinguish among bonds that are and are not Exchange Bonds is entirely unexpected.