UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
NML CAPITAL, LTD.,
    Plaintiff,
 - against -
THE REPUBLIC OF ARGENTINA,
    Defendant.

No. 08 Civ. 6978 (TPG)
No. 09 Civ. 1707 (TPG)
No. 09 Civ. 1708 (TPG)

------------------------------------- x
AURELIUS CAPITAL MASTER, LTD. and
ACP MASTER, LTD.,
    Plaintiffs,
 - against -
THE REPUBLIC OF ARGENTINA,
    Defendant.

No. 09 Civ. 8757 (TPG)
No. 09 Civ. 10620 (TPG)

------------------------------------- x
AURELIUS OPPORTUNITIES FUND II, LLC
and AURELIUS CAPITAL MASTER, LTD.,
    Plaintiffs,
 - against -
THE REPUBLIC OF ARGENTINA,
    Defendant.

No. 10 Civ. 1602 (TPG)
No. 10 Civ. 3507 (TPG)
No. 10 Civ. 3970 (TPG)
No. 10 Civ. 8339 (TPG)

------------------------------------- x
BLUE ANGEL CAPITAL I LLC,
    Plaintiff,
 - against -
THE REPUBLIC OF ARGENTINA,
    Defendant.

No. 10 Civ. 4101 (TPG)
No. 10 Civ. 4782 (TPG)

------------------------------------- x *(captions continue on following page)*

**DECLARATION OF FEDERICO ELEWAUT IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION OF THE JUNE 27, 2014 ORDER**

```
------------------------------------ x
OLIFANT FUND, LTD.,                   :
              Plaintiff,              :
         - against -                  :   No. 10 Civ. 9587 (TPG)
THE REPUBLIC OF ARGENTINA,            :
              Defendant.              :
------------------------------------ x
PABLO ALBERTO VARELA, et al.,         :
              Plaintiffs,             :
         - against -                  :   No. 10 Civ. 5338 (TPG)
THE REPUBLIC OF ARGENTINA,            :
              Defendant.              :
------------------------------------ x
```

Pursuant to 28 U.S.C. 1746, I, Federico Elewaut, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. I am Head of Citi Treasury and Trade Solutions for Citibank Argentina, which is a branch of Citibank, N.A. ("Citibank") located in Buenos Aires, Argentina, and currently includes Custody services.

2. I make this declaration in opposition to Plaintiffs' motion for partial reconsideration of the Order entered by this Court on June 27, 2014.

3. I have read the letter submitted to the Court by counsel for Citibank on July 23, 2014, attached hereto. I confirm the facts contained in the letter.

4. I further confirm that, among bonds governed by Argentine law that have the same International Securities Identification Number ("ISIN"), it is not possible to determine which bonds were issued in connection with the 2005 and 2010 Exchange Offers and are therefore Exchange Bonds, and which bonds were issued at other times and for other purposes,

1

and are therefore not Exchange Bonds. Compliance with any order that was intended to enjoin payments to customers only on Exchange Bonds would therefore be operationally impossible.

Dated: July 28, 2014
Buenos Aires, Argentina

_____
Federico Elewaut

|  |  |
|---|---|
| New York | Paris |
| Menlo Park | Madrid |
| Washington DC | Tokyo |
| São Paulo | Beijing |
| London | Hong Kong |

# Davis Polk

**Karen E. Wagner**

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

212 450 4404 tel
212 701 5404 fax
karen.wagner@davispolk.com

July 23, 2014

Re:   *NML Capital, Ltd. v. Republic of Argentina*, Nos. 08 Civ. 6978 (TPG), 09 Civ. 1707 (TPG), 09 Civ. 1708 (TPG);

*Aurelius Capital Master, Ltd. and ACP Master, Ltd. v. Republic of Argentina*, Nos. 09 Civ. 8757 (TPG) and 09 Civ. 10620 (TPG);

*Aurelius Opportunities Fund II, LLC and Aurelius Capital Master, Ltd. v. Republic of Argentina*, Nos. 10 Civ. 1602 (TPG), 10 Civ. 3507 (TPG), 10 Civ. 3970 (TPG) and 10 Civ. 8339 (TPG);

*Blue Angel Capital I LLC v. Republic of Argentina*, Nos. 10 Civ. 4101 (TPG) and 10 Civ. 4782 (TPG);

*Olifant Fund, Ltd. v. Republic of Argentina*, No. 10 Civ. 9587 (TPG); and

*Pablo Alberto Varela, et al. v. Republic of Argentina*, No. 10 Civ. 5338 (TPG).

Hon. Thomas P. Griesa
United States District Judge
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Dear Judge Griesa:

We represent non-party Citibank, N.A. ("Citibank") in these cases.

As the Court requested, we write to provide additional details regarding the Argentine Law Bonds that were the subject of Citibank's motion for clarification and this Court's June 27, 2014 Order, and the June 30, 2014 payment on those bonds.

As was discussed yesterday, the Amended February 23, 2012 Orders referred only to Exchange Bonds.  Citibank moved for clarification because it believed that the Argentine Law Bonds were Exchange Bonds but that the bonds had not been addressed by plaintiffs, were not within the Court's contemplation when it issued the Amended February 23, 2012 Orders, and should not as a matter of law be encompassed by those Orders.

Therefore, at yesterday's hearing, I responded to the Court's question as follows:

>    THE COURT:  Let's start one step at a time and go through your reasoning.  These bonds that we are talking about are exchange bonds, right?

      MS. WAGNER:  Yes.

      THE COURT:  They were part of the 2005 or the 2010 or both, right?

      MS. WAGNER:  Yes.

July 22, 2014 Hr'g Tr. at 22:4-10.

However, we have today been advised that bonds other than Exchange Bonds have been issued pursuant to the decrees that authorized issuance of the Exchange Bonds.  Consequently, many Argentine law bonds issued pursuant to those decrees are not, in fact, Exchange Bonds, including $1.25 billion in discount bonds governed by Argentine law issued on April 30, 2014 in settlement of litigation with Repsol (the "Repsol Bonds").[1]  The Repsol Bonds were issued pursuant to the 2004 Presidential Decree authorizing the issuance of Argentine Law Bonds as part of the 2005 Exchange Offer, and have characteristics identical to the Exchange Bonds, including the same International Securities Identification Number ("ISIN") (ARARGE03E113), but the Repsol Bonds are not Exchange Bonds because they were not issued as part of the 2005 or 2010 Exchange Offers.  *See* Am. Feb. 23, 2012 Order ¶ 2.a (defining "Exchange Bonds"). Accordingly, the Repsol Bonds, which trade, are not subject to the Amended February 23, 2012 Orders of this Court.

It is apparent, therefore, that in addition to the Argentine Law Bonds that were the subject of Citibank's motion—and which are Exchange Bonds—there are many U.S. Dollar-denominated bonds governed by Argentine law that are identical to the Exchange Bonds but are not Exchange Bonds.  Because these bonds are identical, they are fungible.  Citibank Argentina is not able to determine which of the bonds it holds on any particular date for its customers are, or are not, Exchange Bonds.  In addition, as customers trade the bonds on a daily basis, it would not be possible to maintain current information about their holdings.  Therefore, if Citibank Argentina and the Argentine Law Bonds that are Exchange Bonds were held to be subject to the Amended February 23 Orders, Citibank Argentina would be unable to determine how much of any payment received from the Caja de Valores in respect of bonds with the specified ISINs would be attributable to Exchange Bonds.  Citibank Argentina is similarly unable to determine how much of the approximately $85 million interest payment it received from the Caja de Valores on June 30, 2014 was payable on Exchange Bonds as opposed to bonds with the same ISINs that are not Exchange Bonds.

Contrary to Mr. Friedman's statement at the hearing yesterday, no payment "between 200 million and 300 million" was received by Citibank Argentina.  Hr'g Tr. at 30:24-25.  We understand that the total interest payment to be made by the Republic of Argentina on June 30, 2014 in respect of its U.S. Dollar-denominated bonds governed by Argentine law, including both Exchange Bonds and non-Exchange Bonds with the same ISINs, was approximately $217 million, but Citibank Argentina received only $85 million.[2]  And, while Mr. Friedman indicated that the U.S. Dollar-denominated bonds governed by Argentine law account for "almost 25 percent of the universe of exchange bonds," Hr'g Tr. at 10:19-20, and today has sent the Court a letter containing the same information, he provides no support for that number, and does not account for the fact that many of these bonds may not be Exchange Bonds.

---

[1] *See* Resolution No. 26/2014 of Secretary of Finance, issued Apr. 30, 2014, Art. 2, *available at* http://infoleg.mecon.gov.ar/infolegInternet/anexos/225000-229999/229627/norma.htm.

[2] Citibank Argentina also received from the Caja de Valores approximately $28 million in payment of the Peso-denominated Argentine Law Bonds.  As plaintiffs' counsel acknowledged at the hearing yesterday, the Peso-denominated Argentine Law Bonds are not covered by the *pari passu* clause.  Hr'g Tr. at 35:6-11.

Hon. Thomas P. Griesa                                    3                                    July 23, 2014

As of June 30, 2014, Citibank Argentina's custody clients receiving payment on U.S. Dollar-denominated bonds governed by Argentine law having the relevant ISINs included several hundred individuals and a number of corporate customers (of which more than half are non-resident). All such non-resident corporate customers have given Citibank Argentina standing instructions as to payments received on U.S. Dollar-denominated bonds. When Citibank Argentina made payments on June 30, it either credited the cash accounts of its custody account customers holding such bonds, or made payments as directed by standing instructions. *See* Declaration of Federico Elewaut, May 22, 2013, ¶ 12.[3]

Euroclear Bank has issued standing instructions directing Citibank Argentina to transfer any U.S. Dollar payments received on behalf of Euroclear Bank to its account with a financial institution in the United States (not Citibank). Citibank Argentina followed those standing instructions, and transferred the June 30, 2014 payment (which, again, may or may not be solely on account of Exchange Bonds) to the financial institution designated by Euroclear.

In our motion for clarification, we have taken the position that the U.S. Dollar-denominated bonds governed by Argentine law and held at Citibank Argentina are fundamentally different from the Exchange Bonds described in detail in this Court's opinion of November 21, 2012, and that, as a matter of law, they should not be subject to the Orders issued with that opinion. We remain of that view. We have now learned that many such bonds are not Exchange Bonds. Were the Amended February 23, 2012 Orders now held to apply to the Argentine Law Bonds, compliance with those Orders would be impossible, as it is not possible to distinguish between customer holdings of Argentine Law Bonds that are Exchange Bonds and bonds with the same ISINs that are not Exchange Bonds.

For all of these reasons we believe your Honor's June 27, 2014 Order is consistent with the premise for the Amended February 23, 2012 Orders and with the law set forth in our briefs, and it is consistent with the realities presented by fungible bonds that cannot be identified as Exchange Bonds.

Very respectfully yours,

/s/ Karen E. Wagner
Karen E. Wagner

By ECF

cc:     All counsel of record (via ECF)

---

[3] Docket No. 461 in *NML Capital, Ltd. v. Republic of Argentina*, No. 08 Civ. 6978 (TPG).