Christopher J. Clark
Direct Dial: 212.906.1350
christopher.clark2@lw.com

53rd at Third
885 Third Avenue
New York, New York  10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Milan |
| Barcelona | Moscow |
| Beijing | Munich |
| Boston | New Jersey |
| Brussels | New York |
| Chicago | Orange County |
| Doha | Paris |
| Dubai | Riyadh |
| Düsseldorf | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

August 4, 2014

**VIA HAND AND ECF**

Honorable Thomas P. Griesa
Daniel Patrick Moynihan
  United States Courthouse
500 Pearl St.
New York, New York 10007-1312

Re:   *NML Capital, Ltd. v. Republic of Argentina*, 08 Civ. 6978 (TPG) and related cases

Dear Judge Griesa:

On August 1, 2014, Plaintiffs Aurelius Capital Master, Ltd., Aurelius Opportunities Fund II, LLC, ACP Master, Ltd., and Blue Angel Capital I LLC filed a letter with this Court, proposing an Order to resolve The Bank of New York Mellon's ("BNY") pending motion for clarification of the Amended February 23, 2012 Orders. [[*See* Dkt. No. 463 in 09 Civ. 8757]] ("Letter").  We write to alert this Court to an unnecessary and unlawful provision embedded within Plaintiff and BNY's proposed Order, which invites this Court to issue a blanket exculpation immunizing BNY from any liability for **claims that have not been raised, by individuals that are not parties to this action, which are governed by foreign law on which this court has not been briefed**.  It goes without saying that such an Order would not only amount to an impermissible advisory opinion, but would plainly violate due process.  To the extent that the Court is otherwise disposed to accept Plaintiffs' and BNY's Proposed Order, we respectfully urge this Court to excise the offensive provision in question.

In their Proposed Order, Plaintiffs and BNY seek, *inter alia*, an Order providing that "BNY shall retain the Funds in its accounts at the [Banco Central] pending further Order of this Court, and shall not make or allow any transfer of the Funds unless ordered by the Court."  As we—and BNY—have explained to this Court, BNY is presently holding those funds in trust for the benefit of the exchange bondholders, including the Euro Bondholders.  Because the Euro Bondholders are entitled to their property, we continue to believe that this Court should order BNY to transfer those funds to the bond holders, who all agree are innocent third parties to this litigation and possess an indisputable right to receive the payments.  Nonetheless, this letter is not intended to address or revisit that decision.

**LATHAM&WATKINS**LLP

We write instead to object to the separate and unnecessary proposal presented within Paragraph Four of Plaintiffs' proposed order. That provision invites this Court to rule, among other things, that "*BNY shall incur no liability under the Indenture governing the Exchange Bonds or otherwise to any person or entity for complying with this Order and the Amended February 23 Orders.*" (emphasis added). As the Euro Bondholders explained in their Reply Memorandum of Law in Support of Non-Parties Euro Bondholders' Emergency Motion For Clarification, BNY is inviting this Court to enter an Order that it lacks authority to issue. BNY has never pointed to any authority that would grant this Court the power to presumptively exonerate BNYM from liability for claims that have not yet been asserted against it, and which are not even governed by American law. Indeed, to issue such an order would deprive the Euro Bondholders and others, of a valuable legal right without due process, and constitute an improper advisory opinion. *See, e.g.*, *In re Vel Rey Properties*, 174 B.R. 859, 867 (Bankr. D.D.C. 1994) ("the trustee wants blanket assurance that he will not be held liable. The court can give no advisory opinion regarding whether he will be liable or enjoy immunity."). This is particularly true in regard to potential claims arising under the Euro Bonds, which are governed by the law of England and Wales. Indeed, it is unlikely that a foreign court—the proper forum for claims arising under the Euro Bonds—would recognize such a finding in a future action brought against BNY.

Unless this Court orders BNY to transfer the June 26 Payments to the Euro Bondholders and other beneficial holders, BNY will be exposed to liability in foreign courts for claims arising under the Euro Bonds. This Court plainly lacks blanket authority to adjudicate unspecified claims, which have not yet been brought in any court, which are governed by foreign law on which this Court has received no briefing, and which belong to individuals who are not parties to this litigation, and are in some cases outside the jurisdiction of this Court.

This Court should reject BNY's invitation to issue an improper advisory opinion that violates due process and would be without effect either in the United States or in foreign jurisdictions. If, however, this Court grants Plaintiffs' and BNY's proposed Order as drafted, including the blanket exculpation provision, we respectfully request that this Court stay its Order so that the Euro Bondholders may initiate an immediate appeal to the United States Court of Appeals for the Second Circuit.

                   Respectfully,

                   /s/ Christopher J. Clark

                   Christopher J. Clark
                   of LATHAM & WATKINS LLP

cc:  All counsel of record (via ECF)