

**Eric A. Schaffer**
Direct Phone:  +1 412 288 4202
Email:  eschaffer@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel +1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

August 6, 2014

**Via ECF and Email to michelle_diamond@nysd.uscourts.gov**

Honorable Thomas P. Griesa
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1630
New York, NY  10007-1312

*NML Capital, Ltd. v. The Republic of Argentina,* Nos. 08 Civ. 6978 (TPG), 09 Civ. 1707 (TPG), and 09 Civ. 1708 (TPG); *Aurelius Capital Master, Ltd. et al. v. The Republic of Argentina,* Nos. 09 Civ. 8757 (TPG), 09 Civ. 10620 (TPG), 10 Civ. 1602 (TPG), 10 Civ. 3507 (TPG), 10 Civ. 3970 (TPG), 10 Civ. 8339 (TPG); *Blue Angel Capital I, LLC v. The Republic of Argentina,* Nos. 10 Civ. 4101 (TPG), 10 Civ. 4782 (TPG); *Pablo Alberto Varela, et al. v. The Republic of Argentina,* No. 10 Civ. 5338 (TPG), *Olifant Fund, Ltd. v. The Republic of Argentina,* 10 Civ. 9587 (TPG)

Dear Judge Griesa:

We represent The Bank of New York Mellon, as Indenture Trustee ("BNY Mellon"), a non-party to the above-referenced actions.  We write in response to the August 4, 2014 letter from the Euro Bondholders (No. 08 Civ. 6978, Dkt. # 628), which objected to one sentence in the consent order submitted by Plaintiffs (No. 09 Civ. 8757, Dkt. # 463).  That consent order would resolve BNY Mellon's outstanding motion to clarify its responsibilities under this Court's Injunctions with respect to the payment BNY Mellon received from Argentina on June 26, 2014 (the "Funds").

The Euro Bondholders object to Paragraph Four of the proposed order which provides, in part, that BNY Mellon "shall incur no liability under the Indenture . . . for complying with this Order and the Amended February 23 Order."  The Euro Bondholders claim that this Court lacks jurisdiction to enter Paragraph Four because this language amounts to an advisory ruling on a non-litigated issue.  They further contend that striking this provision from the proposed order is imperative because the language could undermine their as yet unfiled lawsuit against BNY Mellon in a foreign court seeking payment of the Funds in contravention of the Court's Injunctions.  The Euro Bondholders' objection is meritless, and the proposed order should be entered as submitted.

First, all parties and interested non-parties now agree that the BNY Mellon's retention of the money in its accounts complies fully with the Court's Injunctions and maintains the status quo.  At the June 27 and July 22 hearings, this Court directed Plaintiffs and BNY Mellon to "[t]ry to work something out that you can agree on" which "will create the least problems, the least potential litigation."  (July 22, 2014 Tr. at 43:19-21.)  Plaintiffs and BNY Mellon followed the Court's instructions and, on August 1, 2014,

Honorable Thomas P. Griesa
August 6, 2014
Page 2



Plaintiffs submitted an agreed-upon order reflecting that consensus. Paragraph Four of the proposed order simply provides that BNY Mellon should not be liable for having retained the June 26 payment in compliance with the Injunctions – hardly a controversial proposition. "It is beyond question that obedience to judicial orders is an important public policy. An injunction issued by a court acting within its jurisdiction must be obeyed until the injunction is vacated or withdrawn." *W.R. Grace & Co. v. Local Union 759*, 461 U.S. 757, 767 (1983).

Second, this Court has jurisdiction to include Paragraph Four in a final order. The scope and merit of the Injunctions have been litigated before this Court, the Second Circuit, and the Supreme Court since February 2012. Parties and interested non-parties, including the Euro Bondholders, have briefed and argued the proper disposition of the Funds under the Injunctions. There plainly is a concrete case and controversy here as to the treatment of the Funds under this Court's Injunctions – a controversy which is addressed by BNY Mellon's motion for clarification and would be resolved by the proposed order. Moreover, this Court plainly has jurisdiction to declare what the Injunctions mean relative to BNY Mellon's motion. The "question of whether a party adequately has complied with a court order is a matter peculiarly within the ken of the judge who issued the order." *Faigan v. Kelly*, 184 F.3d 67, 84 (1st Cir. 1999). And, it "is peculiarly within the province of the district court to determine the meaning of its own order." *Manning v. New York Univ.*, 299 F.3d 156, 164 (2d Cir. 2002). Paragraph Four is merely an exercise of this Court's inherent power to administer its own decrees. *See*, *e.g.*, *S.E.C. v. Hermil, Inc.*, 883 F.2d 1151, 1153 (11th Cir. 1988).

Third, the Court should not reward the Euro Bondholders for threatening to file lawsuits in foreign courts for the express purpose of undoing this Court's Injunctions. Indeed, the Euro Bondholders accept that this Court should order BNY Mellon to maintain the Funds in its accounts, and simultaneously request that the Court endorse their potential lawsuit against BNY Mellon for doing just that. There is no compulsion, and the Euro Bondholders offer none, for this Court to compromise the effect of its own orders in favor of unfiled litigation that seeks to undermine those orders. To the contrary, this Court has both the right and the inherent authority to invoke the judicial power to "protect [its] proceedings and judgments in the due course of discharging [its] traditional responsibilities." *Barnett v. Young Men's Christian Ass'n, Inc.*, 268 F.3d 614, 617 (2d Cir. 2011). And, despite their protest, the Euro Bondholders are not in fact deprived of due process by the entry of the requested order. They remain free to litigate the effect of the proposed order and have made clear their intent to do so, including advancing their argument in a foreign court that this Court lacks jurisdiction to bind Euro-denominated Exchange Bonds. But their desire to preserve a litigating position of their own for some proceeding later has no effect on this Court's ability to control the proceedings before it now.

In short, this Court has the authority to enter the proposed order and should exercise its power for the benefit of non-party BNY Mellon who is bound by this Court's Injunctions and acted in compliance with them.

Honorable Thomas P. Griesa
August 6, 2014
Page 3

ReedSmith

Respectfully submitted,

REED SMITH LLP

By: *[signature]*
Eric A. Schaffer

cc:   Edward A. Friedman, Esq. *(efriedman@fklaw.com)*
      Robert A. Cohen, Esq. *(robert.cohen@dechert.com)*
      Carmine D. Boccuzzi, Jr., Esq. *(cboccuzzi@cgsh.com)*
      Kevin S. Reed, Esq. *(kevinreed@quinnemanuel.com)*
      Michael C. Spencer, Esq. *(mspencer@milberg.com)*
      Leonard F. Lesser, Esq. *(llesser@simonlesser.com)*
      Christopher J. Clark, Esq. *(christopher.clark2@lw.com)*
      *(via email)*