UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
NML CAPITAL, LTD.,                          :  03 Civ. 8845 (TPG)
                                            :  05 Civ. 2434 (TPG)
                                            :  06 Civ. 6466 (TPG)
            Plaintiff,                      :  07 Civ. 1910 (TPG)
                                            :  07 Civ. 2690 (TPG)
    - against -                             :  07 Civ. 6563 (TPG)
                                            :  08 Civ. 2541 (TPG)
THE REPUBLIC OF ARGENTINA,                  :  08 Civ. 3302 (TPG)
                                            :  08 Civ. 6978 (TPG)
            Defendant.                      :  09 Civ. 1707 (TPG)
                                            :  09 Civ. 1708 (TPG)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF CITIBANK, N.A.'S CROSS-MOTION TO QUASH, MODIFY, OR FOR A PROTECTIVE ORDER**

Non-party Citibank respectfully submits this reply memorandum of law in further support of its cross-motion to quash, modify, or for a protective order.

**PRELIMINARY STATEMENT**

NML never had any right to the discovery it sought—and certainly had no right to demand that Citibank expedite its response to this motion to compel. Now, NML suggests that bank executives from Argentina and elsewhere who come to New York for the purpose of trying to resolve these cases should be targeted for depositions—a move designed to chill any such efforts.

NML's Subpoena should be quashed, and its motion to compel summarily denied.

**ARGUMENT**

**I.    NML IS NOT ENTITLED TO DISCOVERY TO SUPPLEMENT THE RECORD ON APPEAL**

NML argued in its opening brief—and to this Court in support of its order to show cause—that it needs information "urgently" because it is "critical to the Second Circuit's evaluation of the merits of Citibank's arguments" on an appeal that is fully briefed, and on which oral argument will be heard on September 18. NML Br. at 11; Reed Decl. ¶¶ 13–14.

Obviously, this Court cannot grant discovery as to the issues on appeal. *See* Citibank Br. at 9. In addition, NML told the Second Circuit that the evidence it seeks is *irrelevant* to the appeal. *See* NML Appeal Br., No. 14-2689(L) (2d Cir. Aug. 29, 2014) (D.E. 130) at 39, 51; Citibank Br. at 10–11. Indeed, NML did not argue to the Second Circuit that the compulsion threatened by the Republic against Citibank is not "genuine," and cannot therefore tell this Court that NML requires evidence for any such argument.

1

Further, NML entirely misrepresented the facts to this Court. NML said that the Finance Secretary Letter that Citibank submitted to the Second Circuit "*had not been previously submitted to this Court nor known to NML*," NML Br. at 6 (emphasis in original), when NML had itself submitted the exact same letter to this Court five days earlier, *see* Citibank Br. at 3–5 & n.2. That Letter confirmed precisely the risks about which Citibank warned the Court almost a year and a half ago, when it first filed its motion for clarification of this Court's Amended February 23 Order. NML never challenged Citibank's evidence, and never sought to take any discovery about those risks.

**II.    THE SUBPOENAED INFORMATION IS IRRELEVANT AND UNNECESSARY**

Now, in a somewhat incoherent reply, NML appears to adopt a different rationale, apparently arguing that it needs discovery because it is "relevant and necessary to the ongoing litigation—as it goes directly to Argentina's continuing efforts to avoid this Court's orders." NML Reply Br. at 1. But the information sought by NML's Subpoena is not relevant to any dispute between NML and the Republic. The Republic has regularly and publicly stated its position with regard to this Court's orders, and has acted accordingly. *See, e.g.*, NML Reply Br. at 8 (citing the Republic's statements to Citibank); Letter from M. McGill to Hon. Thomas P. Griesa, Aug. 21, 2014 (*Aurelius*, Dkt. No. 483). Obviously, NML needs no confirmation *from Citibank* of the Republic's actions. While NML suggests, without foundation, that Citibank is "colluding" with the Republic to make payments on the Argentine Law Bonds, any such allegation is entirely undercut by the evidence NML itself put before this Court—the Finance Secretary Letter and the President's Speech. It is also fatally undercut by the fact that Citibank has been extremely straightforward in accepting this Court's invitation to explain why it believes

2

the Amended February 23 Order does not and should not apply to payments on those bonds—precisely the issues now on appeal.

### III. CITIBANK CANNOT BE COMPELLED TO PRODUCE A WITNESS FOR DEPOSITION

Perhaps most appalling, NML suggests that an executive of Citibank Argentina should be targeted for a deposition because he joined a group of bankers meeting in New York to try to be "helpful in . . . resolving" these cases.  *See* Declaration of Jay Newman, Sept. 8, 2014.  This Court has plainly expressed its view that a settlement is necessary.  NML is equally plainly trying to block any such settlement.  Moreover, NML's demand for a deposition is entirely inappropriate under the Federal Rules of Civil Procedure.

### IV. CITIBANK'S CROSS-MOTION SHOULD BE GRANTED

As NML says, Citibank indeed moves to quash NML's Subpoena on the ground that the Subpoena was served for an improper purpose.  *See* NML Reply Br. at 9.  But Citibank argues that the Subpoena should be quashed on many other grounds as well: (i) NML is not entitled to discovery with respect to Citibank's pending appeal to the Second Circuit, (ii) NML is not entitled to discovery of undisputed information that is already in the record and is irrelevant to its claims, and (iii) NML is not entitled to the deposition testimony it seeks.  *See* Citibank Br. at 7–15; *supra* at 1–3.

3

## CONCLUSION

For the foregoing reasons, Citibank's cross-motion to quash, modify, or for a protective order should be granted, and NML's motion to compel should be denied.

Dated:  New York, New York
September 10, 2014

DAVIS POLK & WARDWELL LLP

By:   /s/ Karen E. Wagner
Karen E. Wagner
James L. Kerr
Matthew B. Rowland
Lindsey T. Knapp

450 Lexington Avenue
New York, New York  10017
Telephone:   (212) 450-4000
Facsimile:   (212) 701-5800

*Counsel to Non-Party Citibank, N.A.*