```
                                        USDC SDNY
                                        DOCUMENT
                                        ELECTRONICALLY FILED
                                        DOC #: _____
UNITED STATES DISTRICT COURT            DATE FILED: 10/2/14
SOUTHERN DISTRICT OF NEW YORK
```

------------------------------------------------------- x
NML CAPITAL, LTD.,                                      :
                                                        :   08 Civ. 6978 (TPG)
        Plaintiff,  :   09 Civ. 1707 (TPG)
                                                        :   09 Civ. 1708 (TPG)
        v.          :
                                                        :
THE REPUBLIC OF ARGENTINA,                              :
                                                        :
        Defendant.  :
------------------------------------------------------- x
                                                        :
AURELIUS CAPITAL MASTER, LTD. and                       :
ACP MASTER, LTD.,                                       :   09 Civ. 8757 (TPG)
                                                        :   09 Civ. 10620 (TPG)
        Plaintiffs, :
                                                        :
        v.          :
                                                        :
THE REPUBLIC OF ARGENTINA,                              :
                                                        :
        Defendant.  :
------------------------------------------------------- x
                                                        :
AURELIUS OPPORTUNITIES FUND II, LLC                     :
and AURELIUS CAPITAL MASTER, LTD.,                      :   10 Civ. 1602 (TPG)
                                                        :   10 Civ. 3507 (TPG)
        Plaintiffs, :
                                                        :
        v.          :
                                                        :
THE REPUBLIC OF ARGENTINA,                              :
                                                        :
        Defendant.  :
                                                        :   **(captions continued on next page)**
------------------------------------------------------- x

**[PROPOSED] ORDER HOLDING DEFENDANT THE
REPUBLIC OF ARGENTINA IN CIVIL CONTEMPT**

*[handwritten: Not signed. Thomas P. Griesa  USDJ   10/2/14]*

3003934.1

```
------------------------------------------------------------ x
AURELIUS CAPITAL MASTER, LTD. and           :
AURELIUS OPPORTUNITIES FUND II, LLC,        :   10 Civ. 3970 (TPG)
                                            :   10 Civ. 8339 (TPG)
                    Plaintiffs,             :
                                            :
            v.                              :
                                            :
THE REPUBLIC OF ARGENTINA,                  :
                                            :
                    Defendant.              :
------------------------------------------------------------ x
BLUE ANGEL CAPITAL I LLC,                   :
                                            :
                    Plaintiff,              :   10 Civ. 4101 (TPG)
                                            :   10 Civ. 4782 (TPG)
            v.                              :
                                            :
THE REPUBLIC OF ARGENTINA,                  :
                                            :
                    Defendant.              :
------------------------------------------------------------ x
OLIFANT FUND, LTD.,                         :
                                            :
                    Plaintiff,              :   10 Civ. 9587 (TPG)
                                            :
            v.                              :
                                            :
THE REPUBLIC OF ARGENTINA,                  :
                                            :
                    Defendant.              :
------------------------------------------------------------ x
PABLO ALBERTO VARELA, et al.,               :
                                            :
                    Plaintiff,              :   10 Civ. 5338 (TPG)
                                            :
            v.                              :
                                            :
THE REPUBLIC OF ARGENTINA,                  :
                                            :
                    Defendant.              :
------------------------------------------------------------ x
```

3003934.1

WHEREAS, the Court has issued Orders dated February 23, 2012 (as amended, the "Amended February 23, 2012 Orders") requiring that the Republic of Argentina make Ratable Payments to Plaintiffs in the above-captioned actions concurrently or in advance of any payments it makes on the Exchange Bonds,[1] and prohibiting any action to evade the directives of those Orders, or render them ineffective, or take any steps to diminish the Court's ability to supervise compliance with those Orders, including a prohibition on it taking any steps to alter or amend the processes or specific transfer mechanisms by which it makes payments on the Exchange Bonds, without obtaining prior approval by the Court, including but not limited to an exchange or restructuring of the Exchange Bonds for securities payable outside of the United States; and

WHEREAS, Argentine President Cristina Fernández de Kirchner announced, on August 26, 2013, a plan to evade the Amended February 23, 2012 Orders by offering to swap Exchange Bonds for bonds payable in Argentina; and

WHEREAS, the Court issued an Order dated October 3, 2013 ruling, among other things, that the plan announced by President Kirchner on August 26, 2013, or any "functionally equivalent or reasonably similar plan," would violate anti-evasion provisions of the Court's orders; and

WHEREAS, on June 16, 2014, after the Supreme Court of the United States denied *certiorari* as to the Amended February 23, 2012 Orders, President Kirchner criticized the orders of the U.S. courts, declaring in a televised address that the Republic would not "be subjected to such extortion"; and

---

[1] The "Exchange Bonds," as in the Amended February 23 Orders, refer to the bonds or other obligations issued pursuant to Argentina's 2005 or 2010 Exchange Offers, or any subsequent exchange of or substitution for the 2005 and 2010 Exchange Offers that may occur in the future.

3

WHEREAS, on June 17, 2014, Argentine Minister of Economy Axel Kicillof announced a nearly identical plan to evade the Court's orders by swapping Exchange Bonds for new bonds payable outside the Court's jurisdiction; and

WHEREAS, on June 20, 2014, the Court entered an order declaring that a plan of the type announced by Minister Kicillof on June 17, 2014 would be a violation of the Court's orders, and prohibiting Argentina from carrying out such a plan; and

WHEREAS, on June 26, 2014, Argentina initiated payments to Exchange Bondholders, without making a Ratable Payment to Plaintiffs, in direct violation of the Amended February 23, 2012 Orders; and

WHEREAS, on June 27, 2014, the Court found that Argentina's initiation of payments on June 26, 2014 was a violation of the Amended February 23, 2012 Orders; and

WHEREAS, on June 29, 2014, Argentina published a newspaper advertisement asserting that it had "proceeded to pay principal and interest on its [Exchange Bonds] in an amount equivalent to USD 832 million, 539 million of that figure deposited in [Bank of New York Mellon] accounts," and calling the Court's rulings "whimsical and absurd"; and

WHEREAS, on July 3, 2014, and August 6, 2014, Argentina wrote letters to the Bank of New York Mellon ("BNY"), demanding that it facilitate a violation of the Amended February 23, 2012 Orders by distributing to holders of Exchange Bonds funds illegally transferred by Argentina on June 26, 2014; and

WHEREAS, on July 8, 2014, August 6, 2014, and August 7, 2014, Argentina published a "Legal Notice" making assertions and demands similar to those contained in its letters to BNY, and urging that the Exchange Bondholders should remove BNY as Trustee and/or or sue BNY for complying with the Amended February 23, 2012 Orders; and

WHEREAS, on August 1, 2014, the Court held a hearing and admonished Argentina that it must refrain from publishing "half-truths" in it public statements; and

WHEREAS, on August 8, 2014, the Court held a hearing and directed that there be "a cessation of false and misleading statements by the Republic" and went on to rule "[i]f there is not, it will be necessary to consider contempt of court;" and

WHEREAS, on August 19, 2014, President Kirchner announced that her government would propose legislation to, among other things, move the situs of payment on the Exchange Bonds to Argentina in order to avoid its obligations under the Court's orders, and proceeded to submit such legislation to the Argentine Congress; and

WHEREAS, on August 20, 2014, Minister Kicillof issued a statement accusing the Court of making "a blind, inexplicable, excessive, and unjust decision" and reiterating that Argentina would attempt to change the mechanism by which it makes payment on the Exchange Bonds, and also claiming that these measures were intended to demonstrate that "Argentina is not going to default" on the Exchange Bonds; and

WHEREAS, on August 21, 2014, the Court ruled that the evasion plan announced by President Kirchner and Minister Kicillof on August 19 and 20, 2014, is a violation of the Court's orders; and

WHEREAS, on August 25, 2014, Argentina announced that the Kirchner/Kicillof plan would proceed to be debated in the Argentine Congress beginning August 27, and submitted for a vote on September 4; and

WHEREAS on August 26, 2014, Argentina purported to revoke the local office authorization of BNY, on the grounds that BNY had refused to facilitate a violation of the

5

Amended February 23, 2012 Orders by distributing to holders of Exchange Bonds funds illegally transferred by Argentina on June 26, 2014; and

WHEREAS, on September 11, 2014, Argentina enacted Law No. 26,984 to change the location of payment on the Exchange Bonds and to replace BNY with an affiliate of the wholly-owned bank Banco de la Nación Argentina purportedly "to safeguard the national interest and the contracts entered into as part of [the 2005 and 2010 Debt] Restructuring, in response to the illegitimate and illegal obstruction of the means to receive the funds paid by the Argentine Republic on June 26, 2014, pursuant to judicial orders issued by the Southern District Court of the City of New York in the cause *NML Capital Ltd. et al v. Republic of Argentina*, which are impossible to carry out as written and violate both the sovereignty and the immunity of the Republic as well as the rights of third parties;" and

WHEREAS, on September 22, 2014, Argentina published a so-called "Legal Notice" calling for the immediate resignation of BNY, threatening to remove BNY if it does not immediately resign, and encouraging the Exchange Bondholders to use the "rights and tools necessary to remedy the lack of eligibility of BNY Mellon to serve as Trustee" and to "actively pursu[e] any other actions as may be proper to enforce their rights, such as filing of appeals from the orders of the District Court of the Southern District of New York;" and

WHEREAS, on September 24, 2014, plaintiffs moved by order to show cause to hold Argentina in civil contempt; and

WHEREAS, on September 29, 2014, the Court issued an order holding Argentina in civil contempt, and now issues this further order regarding contempt.

**IT IS HEREBY:**

1. DECLARED that Argentina has willfully violated (i) paragraphs 2(a), 2(d), and 4 of the Amended February 23, 2012 Orders (including the corresponding paragraphs 9(a), 9(d), and 11 in the Amended February 23, 2012 Order issued in No. 10 Civ. 9587)[2]; (ii) the June 20, 2014 Order, and (iii) the rulings and directives of the Court issued on August 1, 2014, August 8, 2014 and August 21, 2014 ((i) through (iii) above, the "Orders").

2. DECLARED that Argentina, by virtue of each of the independent actions set forth in the above WHEREAS clauses, is in civil contempt of Court for the willful violation of one or more of the Orders.

3. ORDERED that Argentina shall come into full compliance with the Orders and cease and desist from efforts to evade or violate the Orders.

4. ORDERED that Argentina will remain in contempt until such time as it meets the following conditions: (a) Argentina reaffirms and confirms the Bank of New York Mellon as Trustee for the bonds governed by the Trust Indenture, dated as of June 2, 2005, between the Republic of Argentina, as Issuer, and the Bank of New York, as Trustee; and (b) Argentina terminates Nacion Fideicomisos S.A. or any other person or entity that has been appointed or purportedly appointed as Trustee for those bonds.

---

[2] The version of the Amended February 23 Order issued in *Olifant Fund, Ltd. v. The Republic of Argentina*, No. 10 Civ. 9587, contains different paragraph numbering, although the substance is identical.

5. ORDERED that the Court will consider the imposition of sanctions upon further application by Plaintiffs.

Dated: New York, New York
_____, 2014

_____
Thomas P. Griesa
U.S. District Judge