UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NML CAPITAL, LTD.,<br><br>                    Plaintiff,<br>v.<br><br>THE REPUBLIC OF ARGENTINA,<br><br>                    Defendants. | No. 08 Civ. 6978 (TPG)<br>No. 09 Civ. 1707 (TPG)<br>No. 09 Civ. 1708 (TPG) |
| AURELIUS CAPITAL MASTER, LTD. and, ACP MASTER, LTD.,<br><br>                    Plaintiffs,<br>v.<br><br>THE REPUBLIC OF ARGENTINA,<br><br>                    Defendants. | No. 09 Civ. 8757 (TPG)<br>No. 09 Civ. 10620 (TPG) |
| AURELIUS OPPORTUNITIES FUND II, LLC and AURELIUS CAPITAL MASTER, LTD.,<br><br>                    Plaintiffs,<br>v.<br><br>THE REPUBLIC OF ARGENTINA,<br><br>                    Defendants. | No. 10 Civ. 1602 (TPG)<br>No. 10 Civ. 3507 (TPG)<br>No. 10 Civ. 3970 (TPG)<br>No. 10 Civ. 8339 (TPG) |
| BLUE ANGEL CAPITAL I LLC,<br>                    Plaintiffs,<br>v.<br><br>THE REPUBLIC OF ARGENTINA,<br><br>                    Defendants. | No. 10 Civ. 4101 (TPG)<br>No. 10 Civ. 4782 (TPG) |

*(captions continue on the following page)*

**NOTICE OF EUROCLEAR BANK SA/NV'S OBJECTIONS TO SUBPOENA**

| | |
|---|---|
| OLIFANT FUND, LTD.,<br>       Plaintiffs,<br>v.<br>THE REPUBLIC OF ARGENTINA,<br>       Defendants. | No. 10 Civ. 9587 (TPG) |
| PABLO ALBERTO VARELA, et al.,<br>       Plaintiffs,<br>v.<br>THE REPUBLIC OF ARGENTINA,<br>       Defendants. | No. 10 Civ. 5338 (TPG) |

**OBJECTIONS AND RESPONSES OF
NON-PARTY EUROCLEAR BANK SA/NV TO
THE SUBPOENA ISSUED BY AURELIUS CAPITAL PARTNERS, LP, AURELIUS
CAPITAL MASTER, LTD., BLUE ANGEL CAPITAL I LLC, ACP MASTER, LTD.,
AND AURELIUS OPPORTUNITIES FUND II, LLC.**

Non-Party Euroclear Bank SA/NV ("Euroclear"), by and through its attorneys, Greenfield Stein & Senior, LLP, hereby submits pursuant to Federal Rules of Civil Procedure 45 its objections and responses to Plaintiffs Aurelius Capital Partners, LP, Aurelius Capital Master, Ltd., Blue Angel Capital I LLC, ACP Master, Ltd., and Aurelius Opportunities Fund II, LLC ("Plaintiffs") Subpoena, dated October 8, 2014 (the "Requests").

## GENERAL OBJECTIONS AND RESPONSES

These general objections and responses are hereby incorporated into each specific objection and response below and are not necessarily repeated therein.

1. Euroclear objects to the Requests because this court lacks jurisdiction over Euroclear. The Court lacks jurisdiction over Euroclear (a) because it is a foreign corporation with insufficient contacts with New York to support the exercise of general jurisdiction and (b) because there is no basis for the exercise of specific jurisdiction over Euroclear.

2

2.      Euroclear objects to the Requests because Euroclear is incorporated in Belgium and subject to Belgian law, and disclosing the requested information without an appropriate court order would violate Euroclear's discretion duty under Belgian law. In addition, the Requests are overly broad and seek highly sensitive information including but not limited to account numbers, which are irrelevant to the case at hand.

3.      Euroclear objects to the Requests on the grounds that it subjects Euroclear, a nonparty, to undue burden and expense. The Requests seek documents that could more easily be gathered by others, including others who are parties, rather than a nonparty like Euroclear.

4.      Euroclear objects to the Requests, and to each individual request, to the extent that they are vague, ambiguous, overly broad, and unduly burdensome, and lack sufficient particularity.

5.      Euroclear objects to the Requests, and to each individual request, because they provided insufficient notice. Euroclear received the Requests on Friday, October 3 at 8 pm and the Requests demand production of documents by Monday, October 13 at 10 a.m.

6.      Euroclear objects to the Requests, and to each individual request, because they request documents that are neither relevant nor reasonably calculated to lead to the production of evidence admissible in this action and addressed to the current dispute between Plaintiffs and Citibank Argentina. The Court has permitted discovery only as to a limited and specific issue, and the Requests go far beyond that issue.

7.      Euroclear objects to the Requests, and to each individual request, to the extent that they purport to require the collection of documents that are contained in public records, are in the possession of a party to this litigation, or are otherwise generally available to the public.

3

8.      The fact that Euroclear objects to any particular Request should not be construed necessarily to mean that responsive documents exist. Among other things, the time frame of the Requests (other than Request No. 7) is unspecified and unlimited, and many responsive documents may no longer exist.

9.      Euroclear objects to the Requests on the grounds that no time frame has been specified (except as to Request No. 7) such that the Requests are unduly vague, overbroad and burdensome. In particular, the instruction purporting to require identification of all documents which have been disposed of is unreasonably burdensome, inappropriate, and impossible to comply with in the context of a request which contains no limitations as to time.

10.     The objections and responses herein are made without waiver of and with specific preservation of:

(a)     All objections as to competency, relevancy, materiality, privilege and admissibility of the information or the subject matter thereof, as evidence for any purpose and any proceeding in this action (including trial) and in other actions;

(b)     The right to object on any grounds at any time to a demand for further responses to these or any other discovery requests or other discovery proceedings involved or related to the subject matter of the discovery to which information or documents are provided; and

(c)     The right at any time to review, correct, add to, supplement or clarify any of these responses.

## DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

All communications between the Republic and any holders or beneficial owners of any Eligible Securities (including any of their agents, representatives, brokers, or financial advisors) concerning, in whole or in part, U.S. Dollar Argentine Law Exchange Bonds, whether such communications were direct or carried out through intermediaries.

**RESPONSE TO REQUEST NO. 1:**

4

Euroclear objects to Document Request No. 1 upon the grounds that the court lacks jurisdiction over Euroclear (a) as a foreign corporation with insufficient contacts with New York to support the exercise of general jurisdiction and (b) because there is no basis for the exercise of specific jurisdiction over Euroclear. Euroclear also objects on the grounds that the request is vague, ambiguous, overly broad, and unduly burdensome, lacks sufficient particularity, seeks the production of documents that are neither relevant nor reasonably calculated to lead to the production of evidence admissible in this action. Euroclear also objects on the grounds that the Republic of Argentina (which is a party to this case whereas Euroclear is not a party) is in a better position to produce and provide all communications between itself and the holders of Eligible Securities. Inasmuch as the Republic of Argentina is a party and is in a better position to provide this information, the information should be sought from and produced by the Republic of Argentina, not by Euroclear.

**DOCUMENT REQUEST NO. 2:**

All documents prepared, distributed, presented, or displayed in connection with road shows, meetings, or presentations to holders or beneficial owners of Eligible Securities (including any of their agents, representatives, brokers, or financial advisors), concerning, in whole or in part, U.S. Dollar Argentine Law Exchange Bonds.

**RESPONSE TO REQUEST NO. 2:**

Euroclear has no such documents. Moreover, Euroclear objects to Request No. 2 upon the grounds that the court lacks jurisdiction over Euroclear (a) as a foreign corporation with insufficient contacts with New York to support the exercise of general jurisdiction and (b) because there is no basis for the exercise of specific jurisdiction over Euroclear. Euroclear also objects on the grounds that the request is vague, ambiguous, overly broad, and unduly

burdensome, lacks sufficient particularity, seeks the production of documents that are neither relevant nor reasonably calculated to lead to the production of evidence admissible in this action.

**DOCUMENT REQUEST NO. 3:**

All press releases or public statements by the Republic concerning, in whole or in part, any U.S. Dollar Argentine Law Exchange Bonds.

**RESPONSE TO REQUEST NO. 3:**

Euroclear objects on the grounds that the Republic of Argentina, which is a party whereas Euroclear is not a party, is better equipped and in a better position to provide and produce the requested documents. It is inappropriate for the plaintiff to impose upon Euroclear an obligation to act as the plaintiffs' "clipping service" and to scour Euroclear's books and records for materials which can be obtained by the plaintiffs from publicly available sources and/or from the Republic of Argentina itself. Moreover, Euroclear objects to Request No. 3 upon the grounds that the court lacks jurisdiction over Euroclear (a) as a foreign corporation with insufficient contacts with New York to support the exercise of general jurisdiction and (b) because there is no basis for the exercise of specific jurisdiction over Euroclear. Euroclear also objects on the grounds that the request is vague, ambiguous, overly broad, and unduly burdensome, lacks sufficient particularity, seeks the production of documents that are neither relevant nor reasonably calculated to lead to the production of evidence admissible in this action, and requests documents that are generally available to the public.

**DOCUMENT REQUEST NO. 4:**

All documents filed by the Republic with any government agency, stock exchange, or securities regulator in any jurisdiction concerning, in whole or in part, U.S. Dollar Argentine Law Exchange Bonds, including without limitation any filings with government agencies, stock

exchanges, or securities regulators in the United States, Luxembourg, Denmark, Argentina, Germany, Italy, the Netherlands, Spain, Austria, Switzerland, the United Kingdom, or Japan.

**RESPONSE TO REQUEST NO. 4:**

Euroclear has no such documents and, indeed, the country of Belgium (in which Euroclear is incorporated and located) is not even included in the list of countries with respect to which filings apparently are believed to exist. Moreover, Euroclear objects to Request No. 4 upon the grounds that the court lacks jurisdiction over Euroclear (a) as a foreign corporation with insufficient contacts with New York to support the exercise of general jurisdiction and (b) because there is no basis for the exercise of specific jurisdiction over Euroclear. Euroclear also objects on the grounds that the request is vague, ambiguous, overly broad, and unduly burdensome, seeks the production of documents that are neither relevant nor reasonably calculated to lead to the production of evidence admissible in this action, and requests documents that other parties are in a better position to provide than a nonparty such as Euroclear.

**DOCUMENT REQUEST NO. 5:**

Documents sufficient to show the identities, nationalities, and addresses of all holders and beneficial owners of Eligible Securities who participated in the Exchange Offers and received, in whole or in part, U.S. Dollar Argentine Law Exchange Bonds.

**RESPONSE TO REQUEST NO. 5:**

Euroclear objects on the grounds that (a) it has no information concerning participation in Exchange Offers which were not transmitted through Euroclear, (b) it has no information regarding who the beneficial owners are, and (c) Euroclear ordinarily maintains records for no more than five (5) years such that many of the requested documents no longer exist. Moreover, Euroclear objects to Request No. 5 upon the grounds that the court lacks jurisdiction over

7

Euroclear (a) as a foreign corporation with insufficient contacts with New York to support the exercise of general jurisdiction and (b) because there is no basis for the exercise of specific jurisdiction over Euroclear. Euroclear also objects on the grounds that the request is vague, ambiguous, overly broad, and unduly burdensome, lacks sufficient particularity, seeks the production of documents that are neither relevant nor reasonably calculated to lead to the production of evidence admissible in this action, and requests confidential documents that are protected by the banker's discretion duty under Belgian law.

**DOCUMENT REQUEST NO. 6:**

For each Eligible Security (by ISIN) and each U.S. Dollar Argentine Law Exchange Bond (by ISIN), documents sufficient to identify: (i) all countries in which that security or bond is or has ever been registered, and effective date ranges of all such registrations; and (ii) all exchanges on which that security or bond has even been listed, bought, or sold, and the date ranges during which the bond or security was listed, bought, or sold on each such exchange.

**RESPONSE TO REQUEST NO. 6:**

Euroclear has no such documents. Moreover, Euroclear objects to Request No. 6 upon the grounds that the court lacks jurisdiction over Euroclear (a) as a foreign corporation with insufficient contacts with New York to support the exercise of general jurisdiction and (b) because there is no basis for the exercise of specific jurisdiction over Euroclear. Euroclear also objects on the grounds that the request is vague, ambiguous, overly broad, and unduly burdensome, lacks sufficient particularity, seeks the production of documents that are neither relevant nor reasonably calculated to lead to the production of evidence admissible in this action, and requests confidential documents that are protected by the banker's discretion duty under Belgian law.

**DOCUMENT REQUEST NO. 7:**

Documents sufficient to identify all transfers, on or after January 1, 2013, of monies paid with respect to U.S. Dollar Argentine Law Exchange Bonds, including the entire text of communications transmitted through systems such as SWIFT, CHIPS, FEDWire, DTC, and any similar system. For the avoidance of any doubt and without limiting the foregoing, data concerning transactions with a counterparty should include fields corresponding to the counterparty, including but not limited to account number, ABA routing number, and SWIFT code.

**RESPONSE TO REQUEST NO. 7:**

Euroclear objects to Request No. 7 upon the grounds that the court lacks jurisdiction over Euroclear (a) as a foreign corporation with insufficient contacts with New York to support the exercise of general jurisdiction and (b) because there is no basis for the exercise of specific jurisdiction over Euroclear. Euroclear also objects that it is vague, ambiguous, overly broad, and unduly burdensome, lacks sufficient particularity, seeks the production of documents that are neither relevant nor reasonably calculated to lead to the production of evidence admissible in this action, and requests confidential documents that are protected by the banker's discretion duty under Belgian law.

**DOCUMENT REQUEST NO. 8:**

For each Eligible Security (by ISIN), documents sufficient to identify: (i) the name given to that Eligible Security in the global security and/or any offering documents; (ii) the amount of that Eligible Security tendered in the Exchange Offers in exchange for, in whole or in part, U.S. Dollar Argentine Law Exchange Bonds; (iii) how much of this amount was tendered through each of Euroclear, Euroclear, DTC, Monte Titoli, SIS, OEKB, Caja de Valores, Iberclear, and

any other clearing system; and (iv) by clearing system, the amount of U.S. Dollar Argentine Law Exchange Bonds, by ISIN, received in exchange for that Eligible Security.

**RESPONSE TO REQUEST NO. 8:**

Euroclear objects on the grounds that Euroclear has no information concerning the entities mentioned in the Requests, other than itself, and that Euroclear ordinarily maintains records for no more than five (5) years such that many of the requested documents no longer exist and it would be impossible to create a list of such documents and a description of each one of them and of the circumstances of its disposal. Moreover, Euroclear objects to Request No. 8 upon the grounds that the court lacks jurisdiction over Euroclear (a) as a foreign corporation with insufficient contacts with New York to support the exercise of general jurisdiction and (b) because there is no basis for the exercise of specific jurisdiction over Euroclear. Euroclear also objects that the request is vague, ambiguous, overly broad, and unduly burdensome, lacks sufficient particularity, seeks the production of documents that are neither relevant nor reasonably calculated to lead to the production of evidence admissible in this action, and requests confidential documents that are protected by the banker's discretion duty under Belgian law.

Dated: New York, New York
October 13, 2014

GREENFIELD STEIN & SENIOR, LLP

By: *Paul T. Shoemaker*
Paul T. Shoemaker (PS5388)
600 Third Avenue
New York, York, New York 10016
(212) 818-9600

*Attorneys for Non-Party Euroclear Bank SA/NV*