New York          Paris
Menlo Park        Madrid
Washington DC     Tokyo
São Paulo         Beijing
London            Hong Kong

# Davis Polk

**Karen E. Wagner**

Davis Polk & Wardwell LLP       212 450 4404 tel
450 Lexington Avenue            212 701 5404 fax
New York, NY 10017              karen.wagner@davispolk.com

March 12, 2015

Re:   *NML Capital, Ltd. v. Republic of Argentina*, Nos. 08 Civ. 6978 (TPG), 09 Civ. 1707 (TPG), 09 Civ. 1708 (TPG);

*Aurelius Capital Master, Ltd. and ACP Master, Ltd. v. Republic of Argentina*, Nos. 09 Civ. 8757 (TPG) and 09 Civ. 10620 (TPG);

*Aurelius Opportunities Fund II, LLC and Aurelius Capital Master, Ltd. v. Republic of Argentina*, Nos. 10 Civ. 1602 (TPG), 10 Civ. 3507 (TPG), 10 Civ. 3970 (TPG) and 10 Civ. 8339 (TPG);

*Blue Angel Capital I LLC v. Republic of Argentina*, Nos. 10 Civ. 4101 (TPG) and 10 Civ. 4782 (TPG);

*Olifant Fund, Ltd. v. Republic of Argentina*, No. 10 Civ. 9587 (TPG); and

*Pablo Alberto Varela, et al. v. Republic of Argentina*, No. 10 Civ. 5338 (TPG).

Hon. Thomas P. Griesa
United States District Judge
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Dear Judge Griesa:

We write on behalf of Citibank, N.A. ("Citibank") to request a stay of the enforcement of the opinion and order entered today (the "March 12, 2015 Order") as to the payment due March 31, 2015 on the Argentine Law Bonds.[1]  This stay would protect Citibank from catastrophic consequences while it seeks appellate review of the March 12, 2015 Order.

As a result of the March 12, 2015 Order, Citibank is now caught between two irreconcilable obligations.  As Citibank has previously informed this Court, it will not go into contempt.  Citibank therefore faces serious harm on March 31, 2015 if no stay is granted because the Republic of Argentina (the "Republic") has publicly indicated that it will continue making payments on the Argentine Law Bonds despite this Court's orders and will penalize Citibank Argentina if it fails to

---

[1] As identified in the March 12, 2015 Order, the Argentine Law Bonds are certain dollar-denominated bonds issued by the Republic of Argentina in the 2005 and 2010 exchanges, which are governed by Argentine law and bear the International Security Identification Numbers ARARGE03E097, ARARGE03E113, ARARGE03E154, ARARGE03G688, and ARARGE03G704.  *See* March 12, 2015 Order, *NML Capital, Ltd. v. Republic of Argentina*, No. 08 Civ. 6978 (TPG) (Dkt. No. 762) at 3.

remit payments to its customers, including by revoking Citibank Argentina's license and imprisoning its employees.

These risks are not hypothetical.  Officials of the Republic with authority over Citibank Argentina have "demand[ed] that [Citibank Argentina] continue acting to further and to protect the interests of the Holders of the Argentine [Law] Bonds," and warned that failure to do so because of this Court's orders would violate Argentine law and "undermine[] the Argentine legal system."[2]  The Republic's President has also proclaimed that Citibank Argentina would "los[e] its ability to exercise its authority as a bank" if it violates Argentine law.[3]

Therefore, unless this Court allows Citibank Argentina to process the March 31 payment—which is expected to be a fraction (approximately $3.7 million) of both the total payment on all Argentine Law Bonds and the total amount owed by the Republic to Plaintiffs (more than $1.6 billion)—Citibank will suffer immediate and irreparable injury, including the possible loss of its valuable Argentine banking license.

While the grave harm facing Citibank and its employees is by far the most compelling reason for granting a stay, each of the other relevant factors also supports a stay here.  Plaintiffs will not be harmed if Citibank processes the March 31 payment, as they have essentially conceded by consenting to the processing of interest payments for the last two quarters.  Moreover, the public interest is better served by allowing innocent non-party Citibank to avoid the severe consequences of complying with the March 12, 2015 Order, rather than forcing it to make an extraordinary sacrifice that will have no practical effect on either of the parties in this action—harming Citibank will not cause the Republic to comply with this Court's orders or negotiate with Plaintiffs, nor will it put Plaintiffs in a worse position than they now are in.

Citibank respectfully requests that this Court stay enforcement of the July 28, 2014 Order and the March 12, 2015 Order as to the March 31 payment while Citibank seeks appellate review.  Citibank respectfully requests a decision on this request as soon as possible and submits a proposed order granting this requested relief for the Court's consideration.  Citibank, through counsel, has requested consent from Plaintiffs for the requested stay, but has not yet received a response to the request.

Very respectfully yours,


/s/ Karen E. Wagner
Karen E. Wagner

Encl.
By ECF
cc:     All counsel of record (via ECF)

---

[2] Letter from Ministry of Econ. & Pub. Fin. to Citibank Argentina, dated Aug. 6, 2014 (attached, with translation, as Exs. A & B to Letter from Robert A. Cohen to Hon. Thomas P. Griesa, dated Aug. 8, 2014 (Dkt. No. 635)).

[3] President Cristina Fernandez de Kirchner, Speech on Nat'l Radio from the Presidential Office in the Casa Rosada (Aug. 19, 2014) (translation attached as Ex. A to Letter from Matthew D. McGill to Hon. Thomas P. Griesa, filed Aug. 21, 2014, *Aurelius Capital Master, Ltd. v. Republic of Argentina*, No. 09 Civ. 8757 (Doc. No. 483)).