Christopher J. Clark
Direct Dial: 212.906.1350
Christopher.Clark2@lw.com

53rd at Third
885 Third Avenue
New York, New York  10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

**LATHAM & WATKINS** LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Milan |
| Barcelona | Moscow |
| Beijing | Munich |
| Boston | New Jersey |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Doha | Riyadh |
| Dubai | Rome |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

March 17, 2015

<u>**VIA ECF**</u>

Hon. Thomas P. Griesa
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   *Graziano Adami, et al. v. The Republic of Argentina*, **14 Civ. 7739 (TPG)**
      *NML Capital, Ltd. v. The Republic of Argentina*, **No. 08-cv-6978 (TPG) and related cases**

Dear Judge Griesa:

We write on behalf of our clients, the Euro Bondholders,[1] in response to Anthony J. Costantini's March 6, 2015 letter to the Court, filed on the docket for Case No. 14 Civ. 7739 (TPG). We will not dwell on Mr. Costantini's deliberate misstatements regarding the decision of the English High Court of Justice (the "English Court") that we brought to the Court's attention on March 3, 2015, Case No. 14 Civ. 7739 (TPG), Dkt. #, 753, except to note that his arguments were already rejected by the English Court, which considered them in its deliberations in spite of the highly irregular and grossly disrespectful manner in which they were presented to the court.

Mr. Costantini also suggests that the Court should ignore the settlement mechanism we proposed to Your Honor in another letter of the same date, Case No. 14 Civ. 7739 (TPG), Dkt. #, 754, because "such suggestion should come from the parties . . . and not from a group of interested non-parties who, innocent or not, have greatly benefited from the misdeeds of the Republic." As an initial matter, clients would be greatly interested in hearing about the "benefit" of agreeing to receive discounted payments on the Republic's bonds and seeing those payments blocked as a result of the Republic's litigation with parties which did not make similar concessions. The only reason there is even any possibility of a settlement here for plaintiffs, including Mr. Costantini's clients, is that Exchange Bondholders, such as my clients, agreed to take huge haircuts in the exchange offers to allow the Republic's economy to recover. In any

---

[1] The Euro Bondholders are a group of investors owning euro-denominated bonds exchange bonds ("Exchange Bonds") issued by the Republic of Argentina (the "Republic") pursuant to 2005 and 2010 exchange offers. The Euro Bondholders are Knighthead Capital Management, LLC; Perry Capital, LLC, Monarch Master Funding 2 (Luxembourg) S.á.r.l.; QVT Fund IV LP; QVT Fund V LP; Quintessence Fund L.P.; and Centerbridge Partners LP (each on behalf of itself or one or more investment funds or accounts managed or advised by it).

LATHAM&WATKINS LLP

event, Mr. Costantini's urging that settlement proposals should only be made by "the parties" rings hollow in light of his (or any other party's) failure to make any such proposal, or even to indicate that he has one in mind.  Instead, he makes the remarkable assertion that our suggestion would "greatly expand" the litigation before Your Honor.  This is absurd.  It ignores that the Court's injunctions already have spawned litigations in the United States, the United Kingdom, and Belgium, and are now likely to drag Citibank into litigation in Argentina, and that the dockets for the above-captioned actions reflect literally hundreds of notice of appearance of counsel.

Accordingly, we reiterate our proposal that the Court exercise its discretion to deny *pari passu* injunctions to any party that fails to seek such relief by a date certain set by the Court, for example, April 1, 2015.  This is the only mechanism proposed to date which addresses the Republic's expressly and repeatedly acknowledged concern that even if it settles with the plaintiffs in these proceedings, it faces an unknown number of future claims by similarly-situated creditors.  As stated in our March 3 letter, given the massive, lengthy, and highly-publicized litigations relating to Argentine sovereign bonds, the holders of such bonds are indisputably aware of any claims they may have against the Republic.  There is no reason for these holders not to have come forward and sought relief from the Court already, and any attempts to lie in wait while other plaintiffs negotiate a settlement with the Republic should be seen for what they are – an opportunistic effort to increase their leverage against the Republic and Exchange Bondholders in the future.  Indeed, by having such a structure in place the Court could help ensure *pari passu* treatment among the plaintiffs in any settlement.

Sincerely yours,

/s/ Christopher J. Clark
Christopher J. Clark
of LATHAM & WATKINS LLP

cc: Counsel of Record (via ECF)