USDC SDNY
DOCUMENT
ELECTRONICALLY
DOC #: _____
DATE FILED: 3/20/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

| | |
|---|---|
| NML CAPITAL, LTD., | 08 Civ. 6978 (TPG) |
| Plaintiff, | 09 Civ. 1707 (TPG) |
| | 09 Civ. 1708 (TPG) |
| v. | |
| THE REPUBLIC OF ARGENTINA, | |
| Defendant. | |

------------------------------------------------------------ x

| | |
|---|---|
| AURELIUS CAPITAL MASTER, LTD. and ACP MASTER, LTD., | 09 Civ. 8757 (TPG) |
| | 09 Civ. 10620 (TPG) |
| Plaintiffs, | |
| v. | |
| THE REPUBLIC OF ARGENTINA, | |
| Defendant. | |

------------------------------------------------------------ x

| | |
|---|---|
| AURELIUS OPPORTUNITIES FUND II, LLC and AURELIUS CAPITAL MASTER, LTD., | 10 Civ. 1602 (TPG) |
| | 10 Civ. 3507 (TPG) |
| Plaintiffs, | |
| v. | |
| THE REPUBLIC OF ARGENTINA, | |
| Defendant. | (captions continued on next page) |

------------------------------------------------------------ x

**STIPULATION AND [PROPOSED] ORDER**

```
------------------------------------------------------------ x
AURELIUS CAPITAL MASTER, LTD. and           :
AURELIUS OPPORTUNITIES FUND II, LLC,        :   10 Civ. 3970 (TPG)
                                            :   10 Civ. 8339 (TPG)
                    Plaintiffs,             :
                                            :
       v.                                   :
                                            :
THE REPUBLIC OF ARGENTINA,                  :
                                            :
                    Defendant.              :
------------------------------------------------------------ x
BLUE ANGEL CAPITAL I LLC,                   :
                                            :
                    Plaintiff,              :   10 Civ. 4101 (TPG)
                                            :   10 Civ. 4782 (TPG)
       v.                                   :
                                            :
THE REPUBLIC OF ARGENTINA,                  :
                                            :
                    Defendant.              :
------------------------------------------------------------ x
OLIFANT FUND, LTD.,                         :
                                            :
                    Plaintiff,              :   10 Civ. 9587 (TPG)
                                            :
       v.                                   :
                                            :
THE REPUBLIC OF ARGENTINA,                  :
                                            :
                    Defendant.              :
------------------------------------------------------------ x
PABLO ALBERTO VARELA, et al.,               :
                                            :
                    Plaintiff,              :   10 Civ. 5338 (TPG)
                                            :
       v.                                   :
                                            :
THE REPUBLIC OF ARGENTINA,                  :
                                            :
                    Defendant.              :
------------------------------------------------------------ x
```

WHEREAS, in light of the unique concerns of the Argentine branch ("Citibank Argentina") of Citibank, N.A. ("Citibank")—a major international branch of Citibank with thousands of employees and banking operations in Argentina—with respect to Citibank Argentina's obligations under Argentine law to process payments for its customers and the severe potential sanctions to which Citibank Argentina believes it might be subject should it not do so, and in light of Citibank's desire to comply with any obligations that it may have under the Amended February 23, 2012 Orders (the "Injunction") and the March 12, 2015 Opinion and Order, Citibank has decided to withdraw from the custody business in Argentina and/or cease to provide custodial services for certain U.S. Dollar denominated bonds governed by Argentine law ("U.S. Dollar Argentine Law Exchange Bonds") (the "Citibank Withdrawal");

It is hereby STIPULATED and AGREED:

1. Citibank waives and foregoes any and all (i) rights of appeal with respect to the Court's July 28, 2014 Order, March 12, 2015 Opinion and Order, and March 16, 2015 Order; and (ii) rights to seek a stay, without the consent of plaintiffs in the above-captioned actions ("Plaintiffs"), from any court with respect to any part of the July 28, 2014 Order, the March 12, 2015 Opinion and Order, or the Injunction.

2. The U.S. Dollar Argentine Law Exchange Bonds bear International Security Identification Numbers ("ISINs") ARARGE03E097, ARARGE03E113, ARARGE03G704, ARARGE03G688, and ARARGE03E154.

3. If the Republic of Argentina (the "Republic") pays some or all of the March 31, 2015 interest payment on the U.S. Dollar Argentine Law Exchange Bonds with ISINs ARARGE03E097 and ARARGE03G704, without making a Ratable Payment as defined in the Injunction, and Citibank Argentina receives a portion of such payment on behalf of its customers (approximately $3.7 million), Citibank Argentina may process that payment in the ordinary

1

course. Such permission shall only apply to Citibank Argentina, and shall not apply to any other party or participant in the payment process on such bonds.

    4.  Citibank Argentina shall, no later than March 27, 2015, provide to customers whose holdings account for at least 85% of the U.S. Dollar Argentine Law Exchange Bonds being held in custody by Citibank Argentina as of March 20, 2015 whatever notice may be required to terminate Citibank Argentina's custody relationship with such customers.

    5.  By June 1, 2015, Citibank Argentina shall have either (1) reached an agreement with all customers whose holdings as of March 20, 2015 include U.S. Dollar Argentine Law Exchange Bonds to amend the terms of their custody agreements to exclude U.S. Dollar Argentine Law Exchange Bonds from the scope of Citibank Argentina's custody services, (2) sent termination notices to any such customers who have refused to amend the terms of their custody agreements, such that the required notice period for termination shall have expired prior to September 30, 2015, or (3) with respect to any such customers who have not agreed to amend the terms of their custody agreements and have not been sent termination notices, entered into an agreement in principle with one or more buyers to sell those portions of Citibank Argentina's custody business that include such customers' accounts (the "June 1 Requirement"). If Citibank Argentina has satisfied the June 1 Requirement, and thereafter the Republic pays some or all of the June 30, 2015 interest payment on the U.S. Dollar Argentine Law Exchange Bonds with ISINs ARARGE03E113 and ARARGE03G688, without making a Ratable Payment as defined in the Injunction, and Citibank Argentina receives a portion of such payment on behalf of its customers, Citibank Argentina may process that payment in the ordinary course. Such permission shall only apply to Citibank Argentina, and shall not apply to any other party or participant in the payment process on such bonds.

2

6. For the purpose of ensuring the Court's ability to supervise compliance with the Injunction, and subject to Citibank Argentina's obligations to honor confidentiality agreements, protect customer privacy, and otherwise comply with all applicable laws concerning banking-related communications:

(a) Citibank shall disclose to Plaintiffs on a bi-weekly basis (i) any plans concerning the Citibank Withdrawal; (ii) any written communications concerning the Citibank Withdrawal between, on the one hand, Citibank Argentina customers who, as of March 20, 2015, hold 10% or more of the total value of the U.S. Dollar Argentine Law Exchange Bonds as to which Citibank Argentina acts as custodian and, on the other hand, the relationship manager for such customer or the supervisors of such relationship manager, or more senior Citibank personnel or legal counsel; (iii) representative samples of other standardized written communications from Citibank Argentina to customers concerning the Citibank Withdrawal; (iv) any actions taken with respect to the Citibank Withdrawal; and (v) the status of the Citibank Withdrawal;

(b) Citibank shall disclose to Plaintiffs on a bi-weekly basis any written, non-privileged communications concerning the Citibank Withdrawal between, on the one hand, the Central Bank of the Republic of Argentina or the Republic's Ministry of Economy and Public Finance or other senior Republic officials or legal counsel and, on the other hand, in-house counsel in Citibank Argentina's general counsel's office, any outside counsel engaged by Citibank Argentina to facilitate the Citibank Withdrawal in Argentina, senior management of Citibank Argentina, or senior management at or legal counsel for Citibank;

3

(c) To facilitate communication with Plaintiffs about the Citibank Withdrawal, Citibank will make available on a weekly basis a representative who will respond to reasonable inquiries about the plans for and status of the Citibank Withdrawal;

(d) To the extent that communications described in subparagraph (a) or (b) come into existence after the date of this Stipulation and Order, such communication shall be disclosed to Plaintiffs in advance of the weekly status update provided to Plaintiffs pursuant to subparagraph (c), but in any case Citibank will have at least two weeks from the creation of the document to produce it;

(e) Citibank shall produce any documents called for by this paragraph 5 on a confidential basis subject to the terms of the Stipulations and Orders Governing Confidential Material that have been entered in these actions;

(f) Citibank's obligations under paragraph 5 shall terminate upon completion of the Citibank Withdrawal.

7. In order to effect the Citibank Withdrawal, Citibank Argentina shall be permitted to: (1) process customer instructions to transfer customer holdings of U.S. Dollar Argentine Law Exchange Bonds to other custodians or institutions wherever located; and (2) sell any portion or all of its custody business to one or more third parties. Plaintiffs stipulate that they will not assert that Citibank Argentina's transfer of bonds to other custodians or institutions in accord with customer-originated instructions in connection with the Citibank Withdrawal, or Citibank Argentina's sale in connection with the Citibank Withdrawal of its custody business constitutes a violation by Citibank or Citibank Argentina of the Injunction. In connection with the Citibank Withdrawal, Plaintiffs shall not object to or otherwise interfere with (1) Citibank Argentina's customers giving instructions to Citibank Argentina to transfer their holdings of U.S. Dollar Argentine Law Exchange Bonds to other custodians or institutions, or (2) the compliance

4

of any customer of Citibank Argentina with Citibank Argentina's termination notices insofar as those notices require the termination in whole or in part of the customer's custodial relationship with Citibank Argentina and/or the transfer of the customer's holdings to a different custodian or institution. Citibank shall not seek to influence such customers' decisions relating to where customers should transfer their holdings of U.S. Dollar Argentine Law Exchange Bonds. Nothing in this Stipulation and Order shall alter or amend any obligation Citibank, Citibank Argentina, Citibank Argentina's customers, or any other person or entity may have under Fed. R. Civ. P. 65 and the Injunction not to act in concert with or participate in a violation of the Injunction by the Republic, it being understood that Plaintiffs will not assert that Citibank Argentina's transfer of customers' holdings in U.S. Dollar Argentine Law Exchange Bonds from Citibank Argentina to other custodians or institutions as described above in connection with the Citibank Withdrawal is in and of itself a violation of the Injunction by Citibank or Citibank Argentina. In connection with the Citibank Withdrawal, Euroclear and Clearstream are permitted, but not required, to transfer their holdings of U.S. Dollar Argentine Law Exchange Bonds to Caja de Valores, S.A.

Dated: March 20, 2015

_Edward A. Friedman_

Edward A. Friedman
Daniel B. Rapport
FRIEDMAN KAPLAN SEILER
& ADELMAN LLP
7 Times Square
New York, New York 10036-6516
(212) 833-1100

*Attorneys for Plaintiffs*
*Aurelius Capital Master, Ltd.,*
*Aurelius Opportunities Fund II, LLC,*
*ACP Master, Ltd.,*
*and Blue Angel Capital I LLC*

_Kevin S. Reed_
QUINN EMANUEL URQUHART
& SULLIVAN
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

*Attorneys for Plaintiff NML Capital, Ltd.*

_Karen E. Wagner_
Denis J. McInerney
Michael S. Flynn
James L. Kerr
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

*Attorneys for Non-Party Citibank, N.A.*

_Leonard F. Lesser_
SIMON LESSER PC
355 Lexington Avenue, 10th Floor
New York, New York 10017
(212) 599-5455

*Attorneys for Plaintiff Olifant Fund, Ltd.*

_Michael C. Spencer_
Michael C. Spencer
MILBERG LLP
One Pennsylvania Plaza
New York, New York 10119
(212) 594-5300

*Attorneys for Plaintiffs Pablo Alberto Varela, et al.*

SO ORDERED:

_Thomas P. Griesa_
Hon. Thomas P. Griesa
United States District Judge

March 20, 2015

6