Morgan, Lewis & Bockius LLP
399 Park Avenue
New York, New York 10022-4689
Tel. 212.705.7000
Fax: 212.752.5378
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

Timothy B. DeSieno
Partner
+1.212.705.7426
tim.desieno@morganlewis.com

March 23, 2015

**VIA ECF**

Hon. Thomas P. Griesa
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

**Re: *NML Capital, Ltd. v. The Republic of Argentina*, No. 08-cv-6978 (TPG) and related cases**

Dear Judge Griesa:

    Morgan Lewis represents the plaintiffs in two related "pari passu" cases filed against the Republic of Argentina, Case nos. 14-cv-09095 and 14-cv-09427.[1] These plaintiffs hold untendered notes issued by the Republic of Argentina pursuant to debt instruments governed by English or German law. Together with their holdings of the Republic's New York law-governed untendered notes, these plaintiffs hold hundreds of millions of dollars of face amount of defaulted Argentine obligations. Argentina has answered in both of the plaintiffs' foreign law cases and has denied liability.

    We received the letters Latham & Watkins LLP filed in the above-referenced case on March 3, 2015 and March 17, 2015, on behalf of the Euro Bondholders [Dkt. Nos. 754 and 767]. We express no view on the letters' suggestion that the Court enter a blanket injunction affecting non-parties (akin to a "bar date"), but our clients agree with the letters' motivating assertion that settlement discussions have not advanced. As Latham's first letter states, one reason for the lack of progress is that not all parties are yet "at the table". The Republic of Argentina bolstered this view in the memorandum of law it filed on March 17, 2015 in Case no. 14-cv-08601 in opposition to various summary judgment motions when it stated there are now over 500 plaintiffs seeking summary judgment in their "pari passu" cases. The litigation is indeed multiplying.

    In its numerosity, this "pari passu" litigation is very much like other defaulted sovereign debt cases. Experience demonstrates, we respectfully submit, that progress in

---

[1] A copy of this letter is being filed simultaneously in each of these related cases.

Morgan Lewis
COUNSELORS AT LAW

March 23, 2015
Page 2

such cases is most likely if the creditors organize a representative committee to negotiate terms with a sovereign debtor. The debtor then proposes the results of the negotiation to all creditors, with the stated support of the committee. The Republic of Argentina has never tried this committee approach with its creditors, including as it designed its 2005 or 2010 exchanges. We respectfully submit such a committee may be more practical than asking this Court to fashion broad injunctive relief.

The Court could aid resolution of these cases materially if it encouraged a committee process to accompany and to support the efforts of the special master. The Court might direct the special master to file a status report by mid-April, to be followed shortly thereafter by a conference before the Court, potentially in chambers in whole or in part. At the conference, the representative constituencies could appear, and the Court could issue orders or guidance to assist the process, with a focus on organizing engagement between the Republic and a representative committee. The relevant constituencies include (i) the Republic of Argentina, (ii) NML and the other injunction beneficiaries, (iii) representatives of other non-tendering bondholders holding unpaid New York or foreign-law bonds, (iv) the exchange bondholders (including the Euro Bondholders) and (v) the agents, depositaries, and clearing systems etc. currently subject to the injunctions issued in this proceeding. The conference would be a discussion of mechanics for advancing the negotiations, in light of the constituencies' stated procedural needs and parameters; the conference would not include any substantive negotiations, but it would be limited to seeking progress on the process.

In its March 12, 2015 order in the matter of Citibank's September 22, 2014 motion to vacate, the Court again urged sensible use of the special master's service. We submit that the approach we outline above would aid in encouraging all parties to comply.

Respectfully submitted,


/s/ Timothy B. DeSieno
Timothy B. DeSieno

cc:   Counsel of Record (via ECF)

A/76745269.8