# EXHIBIT A

**Christopher J. Clark**
Direct Dial: 212.906.1350
Christopher.Clark2@lw.com

53rd at Third
885 Third Avenue
New York, New York 10022-4834
Tel: +1.212.906.1200 Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Milan |
| Barcelona | Moscow |
| Beijing | Munich |
| Boston | New Jersey |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Doha | Riyadh |
| Dubai | Rome |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

# LATHAM&WATKINS LLP

March 3, 2015

**VIA ECF**

Hon. Thomas P. Griesa
United States District Court Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *NML Capital, Ltd. v. The Republic of Argentina*, No. 08-cv-6978 (TPG) and related cases

Dear Judge Griesa:

      We represent the Euro Bondholders[1] in the above-captioned actions. It is undisputed that the Euro Bondholders are innocent third parties in these proceedings and that they have not committed any wrongful act. Indeed, this Court repeatedly has recognized the Euro Bondholders' right to be paid on the bonds they own.[2]

      Nevertheless, the Court enjoined payments to the Euro Bondholders until the Republic made *pari passu* payments to certain other creditors, such as Plaintiffs, who sought this relief from the Court. It is common ground that Your Honor chose to exercise his discretion to grant injunctive relief to those creditors because of the extraordinary circumstances of this case. The Republic's subsequent refusal to make the *pari passu* payments has resulted in a prolonged stalemate with the result that the Court's injunction has deprived the Euro Bondholders of the payments they are owed. Even though the Euro Bondholders have yet to receive meaningful opportunity to be heard in these

---

[1] The Euro Bondholders are a group of investors holding English law governed euro-denominated bonds issued by the Republic of Argentina (the "Republic") pursuant to 2005 and 2010 exchange offers (the "Euro Bonds"). Payments on the Euro Bonds are made in euros and take place entirely outside the United States. The Euro Bondholders are Knighthead Capital Management, LLC; Perry Capital, LLC, Monarch Master Funding 2 (Luxembourg) S.á.r.l.; QVT Fund IV LP; QVT Fund V LP; Quintessence Fund L.P.; and Centerbridge Partners LP (each on behalf of itself or one or more investment funds or accounts managed or advised by it).

[2] For example, on August 1, 2014, the Court noted that "[i]t is important to get the people who are owed interest on their exchange bonds, get them paid." Dkt. # 637, 12:16-12:18. A few days later, during an August 8, 2014 hearing, the Court reiterated, "the Republic surely has obligations to [parties who exchanged their bonds], without any doubt." Dkt. # 646, 4:14 – 5:2.

**LATHAM&WATKINS**LLP

proceedings, they consistently have attempted to create constructive dialogue with other stakeholders in order to assist potential settlement discussions.[3]

However, at present, meaningful settlement discussions are obstructed by the Republic's concern that even if it settles with the Plaintiffs currently holding *pari passu* injunctions, potentially countless additional creditors may seek similar relief from the Court in the future.[4] Of course, at this stage of the proceedings, all such holdout creditors of the Republic are indisputably on notice of their potential claims, and any party that has not brought those claims yet is likely seeking to game the process in an effort to gain settlement leverage in the future. Accordingly, we respectfully propose that, absent new extraordinary circumstances, the Court exercise its discretion to deny *pari passu* injunctions to any party that fails to seek that relief by a date certain set by the Court, for example, April 1, 2015.

We respectfully submit that our proposed approach is entirely fair to the Republic's creditors, who have no reason not to tender their claims and seek relief from the Court now. It is also fair to the Republic, which can meaningfully negotiate a fair settlement with the known universe of creditors. Finally, it would also protect the interests of parties like Plaintiffs, who have invested significant time and resources to litigate their claims, but cannot engage in meaningful settlement negotiations with the Republic because of the Republic's reasonable fear that it would be forced to continue litigating against *other* creditors who have chosen not to come before the Court yet.

It is our hope that the Court considers our proposal and that the Euro Bondholders ultimately receive reprieve after years of pleas to be heard and attempts to unlock the stalemate that is depriving them of the payments which they are rightfully owed.

Sincerely,

/s/ Christopher J. Clark

Christopher J. Clark
of LATHAM & WATKINS LLP

cc: Counsel of Record (via ECF)

---

[3] For example, the Euro Bondholders sought to secure waivers of the "Rights Upon Future Offers" clauses in the exchange bonds and counseled against acceleration of those bonds failing payment by the Republic.

[4] Indeed, briefing in ten additional proceedings by Holdout Creditors – the so-called "me too" actions – is currently ongoing before the Court. *See* Case No. 14-cv-08947-TPG, Dkt. # 13.

# EXHIBIT B

Christopher J. Clark
Direct Dial: 212.906.1350
Christopher.Clark2@lw.com

53rd at Third
885 Third Avenue
New York, New York 10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Milan |
| Barcelona | Moscow |
| Beijing | Munich |
| Boston | New Jersey |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Doha | Riyadh |
| Dubai | Rome |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

# LATHAM & WATKINS LLP

March 17, 2015

**VIA ECF**

Hon. Thomas P. Griesa
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *Graziano Adami, et al. v. The Republic of Argentina*, 14 Civ. 7739 (TPG)
*NML Capital, Ltd. v. The Republic of Argentina*, No. 08-cv-6978 (TPG) and related cases

Dear Judge Griesa:

We write on behalf of our clients, the Euro Bondholders,[1] in response to Anthony J. Costantini's March 6, 2015 letter to the Court, filed on the docket for Case No. 14 Civ. 7739 (TPG). We will not dwell on Mr. Costantini's deliberate misstatements regarding the decision of the English High Court of Justice (the "English Court") that we brought to the Court's attention on March 3, 2015, Case No. 14 Civ. 7739 (TPG), Dkt. #, 753, except to note that his arguments were already rejected by the English Court, which considered them in its deliberations in spite of the highly irregular and grossly disrespectful manner in which they were presented to the court.

Mr. Costantini also suggests that the Court should ignore the settlement mechanism we proposed to Your Honor in another letter of the same date, Case No. 14 Civ. 7739 (TPG), Dkt. #, 754, because "such suggestion should come from the parties . . . and not from a group of interested non-parties who, innocent or not, have greatly benefited from the misdeeds of the Republic." As an initial matter, clients would be greatly interested in hearing about the "benefit" of agreeing to receive discounted payments on the Republic's bonds and seeing those payments blocked as a result of the Republic's litigation with parties which did not make similar concessions. The only reason there is even any possibility of a settlement here for plaintiffs, including Mr. Costantini's clients, is that Exchange Bondholders, such as my clients, agreed to take huge haircuts in the exchange offers to allow the Republic's economy to recover. In any

---

[1] The Euro Bondholders are a group of investors owning euro-denominated bonds exchange bonds ("Exchange Bonds") issued by the Republic of Argentina (the "Republic") pursuant to 2005 and 2010 exchange offers. The Euro Bondholders are Knighthead Capital Management, LLC; Perry Capital, LLC, Monarch Master Funding 2 (Luxembourg) S.á.r.l.; QVT Fund IV LP; QVT Fund V LP; Quintessence Fund L.P.; and Centerbridge Partners LP (each on behalf of itself or one or more investment funds or accounts managed or advised by it).

**LATHAM&WATKINS**LLP

event, Mr. Costantini's urging that settlement proposals should only be made by "the parties" rings hollow in light of his (or any other party's) failure to make any such proposal, or even to indicate that he has one in mind. Instead, he makes the remarkable assertion that our suggestion would "greatly expand" the litigation before Your Honor. This is absurd. It ignores that the Court's injunctions already have spawned litigations in the United States, the United Kingdom, and Belgium, and are now likely to drag Citibank into litigation in Argentina, and that the dockets for the above-captioned actions reflect literally hundreds of notice of appearance of counsel.

Accordingly, we reiterate our proposal that the Court exercise its discretion to deny *pari passu* injunctions to any party that fails to seek such relief by a date certain set by the Court, for example, April 1, 2015. This is the only mechanism proposed to date which addresses the Republic's expressly and repeatedly acknowledged concern that even if it settles with the plaintiffs in these proceedings, it faces an unknown number of future claims by similarly-situated creditors. As stated in our March 3 letter, given the massive, lengthy, and highly-publicized litigations relating to Argentine sovereign bonds, the holders of such bonds are indisputably aware of any claims they may have against the Republic. There is no reason for these holders not to have come forward and sought relief from the Court already, and any attempts to lie in wait while other plaintiffs negotiate a settlement with the Republic should be seen for what they are – an opportunistic effort to increase their leverage against the Republic and Exchange Bondholders in the future. Indeed, by having such a structure in place the Court could help ensure *pari passu* treatment among the plaintiffs in any settlement.

Sincerely yours,

/s/ Christopher J. Clark
Christopher J. Clark
of LATHAM & WATKINS LLP

cc: Counsel of Record (via ECF)

# EXHIBIT C

Morgan, Lewis & Bockius LLP
399 Park Avenue
New York, New York 10022-4689
Tel. 212.705.7000
Fax: 212.752.5378
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

**Timothy B. DeSieno**
Partner
+1.212.705.7426
tim.desieno@morganlewis.com

March 23, 2015

**VIA ECF**

Hon. Thomas P. Griesa
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

**Re: *NML Capital, Ltd. v. The Republic of Argentina*, No. 08-cv-6978 (TPG) and related cases**

Dear Judge Griesa:

Morgan Lewis represents the plaintiffs in two related "pari passu" cases filed against the Republic of Argentina, Case nos. 14-cv-09095 and 14-cv-09427.[1] These plaintiffs hold untendered notes issued by the Republic of Argentina pursuant to debt instruments governed by English or German law. Together with their holdings of the Republic's New York law-governed untendered notes, these plaintiffs hold hundreds of millions of dollars of face amount of defaulted Argentine obligations. Argentina has answered in both of the plaintiffs' foreign law cases and has denied liability.

We received the letters Latham & Watkins LLP filed in the above-referenced case on March 3, 2015 and March 17, 2015, on behalf of the Euro Bondholders [Dkt. Nos. 754 and 767]. We express no view on the letters' suggestion that the Court enter a blanket injunction affecting non-parties (akin to a "bar date"), but our clients agree with the letters' motivating assertion that settlement discussions have not advanced. As Latham's first letter states, one reason for the lack of progress is that not all parties are yet "at the table". The Republic of Argentina bolstered this view in the memorandum of law it filed on March 17, 2015 in Case no. 14-cv-08601 in opposition to various summary judgment motions when it stated there are now over 500 plaintiffs seeking summary judgment in their "pari passu" cases. The litigation is indeed multiplying.

In its numerosity, this "pari passu" litigation is very much like other defaulted sovereign debt cases. Experience demonstrates, we respectfully submit, that progress in

---

[1] A copy of this letter is being filed simultaneously in each of these related cases.

Almaty  Astana  Beijing  Boston  Brussels  Chicago  Dallas  Dubai  Frankfurt  Harrisburg  Hartford  Houston  London  Los Angeles  Miami  Moscow
New York  Orange County  Paris  Philadelphia  Pittsburgh  Princeton  San Francisco  Santa Monica  Silicon Valley  Tokyo  Washington  Wilmington
A/76745269.8

Morgan Lewis
COUNSELORS AT LAW

March 23, 2015
Page 2

such cases is most likely if the creditors organize a representative committee to negotiate terms with a sovereign debtor. The debtor then proposes the results of the negotiation to all creditors, with the stated support of the committee. The Republic of Argentina has never tried this committee approach with its creditors, including as it designed its 2005 or 2010 exchanges. We respectfully submit such a committee may be more practical than asking this Court to fashion broad injunctive relief.

The Court could aid resolution of these cases materially if it encouraged a committee process to accompany and to support the efforts of the special master. The Court might direct the special master to file a status report by mid-April, to be followed shortly thereafter by a conference before the Court, potentially in chambers in whole or in part. At the conference, the representative constituencies could appear, and the Court could issue orders or guidance to assist the process, with a focus on organizing engagement between the Republic and a representative committee. The relevant constituencies include (i) the Republic of Argentina, (ii) NML and the other injunction beneficiaries, (iii) representatives of other non-tendering bondholders holding unpaid New York or foreign-law bonds, (iv) the exchange bondholders (including the Euro Bondholders) and (v) the agents, depositaries, and clearing systems etc. currently subject to the injunctions issued in this proceeding. The conference would be a discussion of mechanics for advancing the negotiations, in light of the constituencies' stated procedural needs and parameters; the conference would not include any substantive negotiations, but it would be limited to seeking progress on the process.

In its March 12, 2015 order in the matter of Citibank's September 22, 2014 motion to vacate, the Court again urged sensible use of the special master's service. We submit that the approach we outline above would aid in encouraging all parties to comply.

Respectfully submitted,

/s/ Timothy B. DeSieno
Timothy B. DeSieno

cc: Counsel of Record (via ECF)

A/76745269.8