# Exhibit A

SERVICE COPY
BY HAND
5:02pm

RECEIVED BY LEGAL DEPARTMENT
MAY 05 2015
DEUTSCHE BANK AG NY BRANCH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NML CAPITAL, LTD.<br>V.<br>THE REPUBLIC OF ARGENTINA | 08 Civ. 6978 (TPG)<br>09 Civ. 1707 (TPG)<br>09 Civ. 1708 (TPG) |
| AURELIUS CAPITAL MASTER, LTD. And<br>ACP MASTER, LTD.<br>V.<br>THE REPUBLIC OF ARGENTINA | 09 Civ. 8757 (TPG)<br>09 Civ. 10620 (TPG) |
| AURELIUS OPPORTUNITIES FUND II, LLC<br>and AURELIUS CAPITAL MASTER, LTD.<br>V.<br>THE REPUBLIC OF ARGENTINA | 10 Civ. 1602 (TPG)<br>10 Civ. 3507 (TPG) |
| AURELIUS CAPITAL MASTER, LTD. and<br>AURELIUS OPPORTUNITIES FUND II, LLC<br>V.<br>THE REPUBLIC OF ARGENTINA | 10 Civ. 3970 (TPG)<br>10 Civ. 8339 (TPG) |
| BLUE ANGEL CAPITAL I LLC<br>V.<br>THE REPUBLIC OF ARGENTINA | 10 Civ. 4101 (TPG)<br>10 Civ. 4782 (TPG) |
| PABLO ALBERTO VARELA, et al.<br>V.<br>THE REPUBLIC OF ARGENTINA | 10 Civ. 5338 (TPG) |
| OLIFANT FUND, LTD.<br>V.<br>THE REPUBLIC OF ARGENTINA | 10 Civ. 9587 (TPG) |

**SUBPOENA DUCES TECUM AD TESTIFICANDUM**

To:   Deutsche Bank AG
      60 Wall Street
      New York, New York 10005

      Deutsche Bank America Holding Corp.
      60 Wall Street
      New York, New York 10005

      Deutsche Bank Securities Inc.
      60 Wall Street
      New York, New York 10005

4

Deutsche Bank Trust Company Americas
60 Wall Street
New York, New York 10005

Taunus Corporation
60 Wall Street
New York, New York 10005

PLEASE TAKE NOTICE THAT you are commanded, pursuant to Rule 45 of the Federal Rules of Civil Procedure, to produce for inspection and copying to the offices of Quinn Emanuel Urquhart & Sullivan LLP, 51 Madison Avenue, 22nd Floor, New York, New York 10010 (attention: Kevin S. Reed, Esq.), on or before May 19, 2015, all documents specified in Attachment A to this subpoena, in accordance with the Definitions and Instructions set forth in Attachment A.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to Rules 30(b)(6) and 45, Plaintiffs will take the deposition of Deutsche Bank AG, Deutsche Bank America Holding Corp., Deutsche Bank Securities Inc., Deutsche Bank Trust Company America and Taunus Corporation at the offices of Quinn Emanuel Urquhart & Sullivan LLP, on May 22, 2015 at 10:00 a.m., or at such other time and place as may be agreed upon by counsel. The deposition will continue from day-to-day until completed. Some or all of the deposition testimony may be recorded by stenographic, audio, and/or videographic means.

PLEASE TAKE FURTHER NOTICE THAT pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, you are obligated to designate one or more officers, directors, managing agents, or other persons affiliated with Deutsche Bank AG, Deutsche Bank America Holding Corp., Deutsche Bank Securities Inc., Deutsche Bank Trust Company America and Taunus Corporation to testify on their behalf as to each topic set forth in Attachment B. We further request that you identify the individual(s) who will testify regarding each topic no later

5

than two days prior to the taking of the deposition. The deposition will continue from day-to-day until completed. Some or all of the deposition testimony may be recorded by stenographic, audio, video, and/or videographic means.

This subpoena has been issued by the United States District Court for the Southern District of New York. Your failure to comply with this subpoena may be punished as contempt of that court. Pursuant to the requirements of Rule 45(a)(1)(A)(iv) of the Rules, the text of Rule 45(d) and (e) is reproduced in this subpoena.

Dated: New York, New York
       May 5, 2015

By: _____
    Kevin S. Reed

QUINN EMANUEL URQUHART
  & SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

*Attorneys for Plaintiff NML Capital, Ltd.*

Edward A. Friedman (efriedman@fklaw.com)
Daniel B. Rapport (drapport@fklaw.com)
FRIEDMAN KAPLAN SEILER
  & ADELMAN LLP
7 Times Square
New York, New York 10036-6516
(212) 833-1100
*Attorneys for Plaintiffs
Aurelius Capital Master, Ltd.,
Aurelius Opportunities Fund II, LLC,
ACP Master, Ltd., and
Blue Angel Capital I LLC*

6

Michael C. Spencer
(MSpencer@milberg.com)
MILBERG LLP
One Pennsylvania Plaza
New York, New York 10119
(212) 594-5300
*Attorneys for Plaintiffs Pablo Alberto Varela, et al.*

Leonard F. Lesser
(llesser@simonlesser.com)
SIMON LESSER PC
355 Lexington Avenue, 10th Floor
New York, New York 10017
(212) 599-5455
*Attorneys for Plaintiff Olifant Fund, Ltd.*

## ATTACHMENT A

### DEFINITIONS

1. Local Civil Rule 26.3(c)(1) (Uniform Definition in Discovery Requests) shall apply to this Subpoena.

2. The term **"1994 Fiscal Agency Agreement"** means the agreement between Argentina and Bankers Trust Company, as fiscal agent, dated as of October 19, 1994, pursuant to which Argentina issued bonds.

3. The term **"Argentina"** means the Republic of Argentina, as well as its ministries, political subdivisions, agencies, instrumentalities, representatives, and assigns, and all other Persons acting or purporting to act on its behalf, whether or not authorized to do so. For the avoidance of doubt, "Argentina" includes *Banco Central de la República Argentina* (BCRA), the Administracion Nacional de la Seguridad Social, and Yacimientos Petroliferos Fiscales S.A.

4. The term **"BODEN 2015 Bonds"** means any bonds issued by Argentina with the International Security Identification Number ARARGE03F144.

5. The term **"BONAR 2024 Bonds"** means any bonds issued by Argentina with the International Security Identification Number ARARGE03H413.

6. The term **"BONAR 2024 Offering"** means any arrangement through which Argentina has, might, might have, or attempted to issue BONAR 2024 Bonds or obtain financing directly or indirectly through the issuance, placement, auction, sale or resale of BONAR 2024 Bonds, including but not limited to the issuance of BONAR 2024 Bonds that was completed in or around May 2014; the issuance of BONAR 2024 Bonds that was completed on or around December 12, 2014; any efforts to issue or market BONAR 2024 Bonds in February 2015; and the issuance of BONAR 2024 Bonds that was completed on or around April 23,

2015. For the avoidance of doubt, "BONAR 2024 Offering" includes any arrangement pursuant to which You act or might act as an underwriter, arranger, advisor, manager, market maker, purchaser, lender, agent in any capacity, proxy, bidder, "middleman" in a plan to market or sell bonds issued by Argentina to others, or in any other capacity.

7.  The term **"Communication"** (or **"Communications"**) means the transmittal of information in the form of facts, ideas, inquiries or otherwise. Local Civil Rule 26.3.

8.  The term **"Concerning"** means relating to, referring to, describing, evidencing or constituting. Local Civil Rule 26.3.

9.  The term **"Document"** (or **"Documents"**) is defined to be synonymous in meaning and equal in scope to the usage of the term "Documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), and includes writings, drawings, graphs, charts, photographs, sound recordings, images, instant messages, text messages, chats, Bloomberg messages, correspondence, email, postings on boards, entries in broker systems, and other data or data compilation, stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. A draft or non-identical copy is a separate Document within the meaning of this term. Local Civil Rule 26.3.

10. The term **"Person"** means any natural person, or any business, legal, or governmental entity, or association. Local Civil Rule 26.3.

11. The terms **"You," "Your"** and **"Deutsche Bank"** means Deutsche Bank AG, Deutsche Bank America Holding Corp., Deutsche Bank Securities Inc., Deutsche Bank Trust Company Americas, Taunus Corporation, their parents, subsidiaries, branches and affiliates, as well as their officers, directors, principals, agents, representatives, and all other Persons acting

or purporting to act for or on its behalf, whether or not authorized to do so, including but not limited to Deutsche Bank S.A. and Deutsche Bank AG, London Branch.

## INSTRUCTIONS

1. Documents called for by this subpoena are to include all portions, or pages of each document, and all attachments, enclosures, appendices, and supporting documentation, including, without limitation, originals, copies, non-identical copies (that may contain handwritten notes, markings, stamps, interlineations or electronic information), drafts, working papers, routing slips, and similar materials.

2. A document is deemed in Your actual or constructive possession, custody, or control if it is in Your physical custody, or if it is in the physical custody of any other person and You (a) own such document in whole or in part; (b) have a right, by control, contract, statute, order, or otherwise, to use inspect, examine or copy such document on any terms; (c) have an understanding, express or implied, that You may use, inspect, examine, or copy such document upon any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such document when You sought to do so. For the avoidance of doubt, a document is deemed in Your actual or constructive possession, custody, or control if it is accessible on a network or server that You maintain, or to which You have access.

3. The specifications of this subpoena are to be construed as being inclusive rather than exclusive. Thus, use of the singular form of any word includes the plural and vice versa; words importing one gender includes both genders; the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this subpoena all documents that might otherwise be construed to be outside of its scope; the words

"all," "any," and "each" shall each be construed as encompassing "any and all." Local Civil Rule 26.3(d).

4. In producing responsive documents, You should furnish all documents in Your possession, custody, or control, regardless of whether such documents are possessed directly by You or by Your directors, officers, partners, members, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by Your attorneys or their agents, employees, representatives or investigators.

5. You are to produce any and all drafts and copies of each document that are responsive to any specification of this subpoena and all copies of each such document that are not identical in any respect, including but not limited to handwritten notes, markings, stamps, interlineations, and electronic information.

6. With respect to Electronically Stored Information ("ESI"):

    a. All electronic mail and spreadsheets responsive to this subpoena that are maintained in the usual course of business in electronic format are to be produced in their native format along with the software necessary to interpret such files if such software is not readily available.

    b. All other documents responsive to this subpoena that are maintained in the usual course of business in electronic format are to be produced in properly utilized, multi-page TIFF Group IV format complete with full text extracts and all associated metadata.

    c. All documents responsive to this subpoena are to be produced with the metadata normally contained within such documents, and the necessary Concordance, Introspect or other database load files. If such metadata is not available, each document is to be accompanied by a listing of all file properties relating to such document, including, but not limited to, all information relating to the date(s) the document was last accessed, created, modified or distributed, and the author(s) and recipient(s) of the document.

    d. Under no circumstances should ESI be converted from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome to use. ESI should not be produced in a form that removes or significantly degrades the ability to search the ESI by

11

electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means. Databases or underlying data should not be produced without first discussing production format issues with Plaintiff's counsel. If You decline to search or produce ESI on the ground that such ESI is not reasonably accessible because of undue burden or cost, identify such information by category or source and provide detailed information regarding the burden of cost You claim is associated with the search or production of such ESI.

7. All documents that are physically attached to each other when located for production are to be left so attached when produced. Documents that are segregated or separated from other documents, whether by inclusion in binders, files, subfiles, or by use of dividers, tabs or any other method, are to be left so segregated or separated when produced. Documents are to be produced in the order in which they were maintained and in the files in which they were found.

8. If any document, or any part of a document, called for by this subpoena has been destroyed, discarded, lost, or otherwise disposed of or placed beyond Your custody or control, You are to furnish a list identifying each such document by: (a) date, (b) author; (c) recipient(s); (d) type of document (e.g., letter, memorandum, chart, e-mail, etc.); (e) general subject matter; (f) the document's present or last-known location or custodian; (g) the date of the document's destruction or other disposition; (h) the reason for such destruction or other disposition; and (i) the Person authorizing such destruction or other disposition.

9. Each specification of this subpoena requires production in full, without abbreviation, redaction, or expurgation, of any responsive documents. If any responsive document is not or cannot be produced in full, produce it to the extent possible, indicating which document, or portion of that document is being withheld, and the reason(s) it is being withheld.

10. Documents not otherwise responsive to specifications of this subpoena are to be produced if such documents mention, discuss, refer to, or explain the documents which are responsive to this subpoena, or if such documents are attached to documents responsive to this subpoena and constitute routing slips, transmittal memoranda, or letters, comments, evaluations or similar materials.

11. If in responding to this subpoena, You encounter any ambiguity in construing it or any definitions and instructions relevant to it, set forth the matter or term deemed "ambiguous" and the construction used in responding to the subpoena.

12. If a privilege is claimed as the basis for not producing any document, You are to furnish a privilege log setting forth, for each such document: (a) nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; (b) the type of document, e.g., letter, memorandum, etc.; (c) the general subject matter of the document; (d) the date of the document; and (e) the author of the document, the addressees and any other recipients of the document and, where not apparent, the relationship of the author, addressees, and recipients to each other. Local Civil Rule 26.2(a).

13. The specifications of this subpoena are submitted for the purposes of discovery and are not to be taken as waiving any objections to the introduction of evidence on subjects covered by this subpoena, or as an admission of the relevance or materiality of any of the matters covered by this subpoena.

## DOCUMENTS TO BE PRODUCED

1.      All Documents that were originated or otherwise came into Your possession during the period from January 1, 2014 to the date of Your response to this Subpoena Concerning any BONAR 2024 Offering, including but not limited to Communications by or with Argentina, any prospective or actual purchasers (including any agents, brokers, and/or financial advisers) and/or third parties.  For the avoidance of doubt, this includes any Documents or Communications Concerning:

>(i) where, how, and to whom the BONAR 2024 Offering was or was to have been issued, marketed, pitched, solicited or any similar act by Argentina, You, or any other financial institution;

>(ii) any steps taken to facilitate the issuance, placement, auction, sale or resale of BONAR 2024 Bonds;

>(iii) all bids submitted by You in connection with any BONAR 2024 Offering, whether or not accepted, including but not limited to the Person on whose behalf such bid was submitted, the Person's address, the Person's location when submitting bids and receiving Communications from You regarding the bids and purchase of BONAR 2024 Bonds, the face amount of the bonds bid upon, the bid price, the date of the bid, and whether the bid was accepted;

>(iv) any internal review or authorization required to participate in any capacity in any BONAR 2024 Offering, including but not limited to memoranda or presentations to or from any internal committees reflecting the same;

>(v) the mechanism and/or flow of funds by which payment was to be made or was actually made for purchases of BONAR 2024 Bonds;

14

(vi) any efforts to structure any BONAR 2024 Offering in a way to avoid attachment, execution, or other legal process in aid of judgment or pre-judgment enforcement initiated by creditors of Argentina, or any remedy or relief that creditors of Argentina may seek Concerning any BONAR 2024 Offering or BONAR 2024 Bonds, including but not limited to any remedy or relief in reliance on the *pari passu* clause in the creditor's bond contract, including but not limited to the 1994 Fiscal Agency Agreement, whether or not such creditor currently has an injunction applicable to BONAR 2024 Bonds;

(vii) the governance of any BONAR 2024 Offering, including without limitation any contracts, global notes, decrees, Big Boy letters, and any other solicitation materials or similar Documents, or amendments to any such Documents;

(viii) any discussion of the impact of any applicable laws, rules, or regulations, including but not limited to laws, rules or regulations governing foreign currency exchanges or transfers of securities, and the relationship of these laws, rules or regulations to any BONAR 2024 Offering;

(ix) filings by the Republic with any government agency, stock exchange, or securities regulator in any jurisdiction Concerning, in whole or in part, BONAR 2024 Bonds.

2.  All Documents and Communications by or with Argentina, any prospective or actual purchasers (including any agents, brokers, and/or financial advisers) and/or third parties Concerning the purchase or sale of BONAR 2024 Bonds through any means or in any context other than a BONAR 2024 Offering.

3.      Documents sufficient to identify all exchanges or other entities through which BONAR 2024 Bonds are traded and cleared.

4.      All Documents that were originated or otherwise came into Your possession during the period from January 1, 2014 to the date of Your response to this Subpoena Concerning the method and/or process by which payments of principal or interest due on the BONAR 2024 Bonds were to be, or have been, made.

5.      Documents sufficient to identify all BONAR 2024 Bonds that were purchased or sold by You, at any time after December 1, 2014, whether or not still held by You, including but not limited to Documents sufficient to identify: (i) by entity or account the identity of any Person who purchased or sold such bonds through You, and Documents sufficient to identify the Person's address and location during any communications with You regarding the purchase of bonds; (ii) the face amount of such bonds purchased or sold, (iii) the price of such bonds purchased or sold; (iv) the date on which such bonds were purchased or sold.

6.      Documents sufficient to identify all BODEN 2015 Bonds that were purchased or sold by You, at any time after February 1, 2015, whether or not still held by You, including but not limited to Documents sufficient to identify: (i) by entity or account, the identity of any Person who purchased or sold such bonds through You, and Documents sufficient to identify the Person's address and location during any communications with You regarding the purchase of bonds; (ii) the face amount of such bonds purchased or sold, (iii) the price of such bonds purchased or sold; (iv) the date on which such bonds were purchased or sold.

7.      All Documents that were originated or otherwise came into Your possession during the period from January 1, 2014 to the date of Your response to this Subpoena Concerning any telephonic, teleconference, videoconference, web-based (such as via WebEx), or

in-person meetings scheduled or conducted at which any BONAR 2024 Offering or the BONAR 2024 Bonds were discussed, or are expected to be discussed (collectively, "Meetings"), and any associated presentation materials for or from these Meetings. For the avoidance of doubt, this request includes any such Meetings that were attended, or were to or will be attended, by Argentina's Finance Secretary Pablo Lopez, Argentina's Under Secretary of Financing Facundo Bocco, Argentina's Minister of Economy Axel Kicillof, Argentina's Legal and Administrative Secretary Federico Thea and/or any other official, representative, or agent of Argentina's Ministry of Economy and Public Finance and/or any other official, representative, or agent of Argentina.

8. All Documents or Communications Concerning the fees, incentive payment, commissions, spreads, or other financial remuneration You received or expect to receive from any Person in connection with any BONAR 2024 Offering, and from whom, how and when You received or expect to receive them.

17

## ATTACHMENT B

## SUBJECTS FOR EXAMINATION

1. All BONAR 2024 Offerings.

2. Communications with Argentina and/or any third parties Concerning any BONAR 2024 Offering, including but not limited to Communications Concerning: (i) where, how, and to whom the BONAR 2024 Offering was or was to have been issued, marketed, pitched, solicited or any similar act; (ii) any steps taken to facilitate the issuance, placement, auction, sale or resale of BONAR 2024 Bonds; (iii) any internal review or authorization required to participate in any capacity in any BONAR 2024 Offering; (iv) the identity of any potential, prospective or actual purchaser or recipient of BONAR 2024 Bonds, whether purchased or received directly from Argentina, You or a third party; (v) the mechanism and/or flow of funds by which payment was to be made or was actually made for purchases of BONAR 2024 Bonds; (vi) any efforts to structure any BONAR 2024 Offering in a way to avoid attachment, execution, or other legal process in aid of judgment or pre-judgment enforcement initiated by creditors of Argentina, or any remedy or relief that creditors of Argentina may seek Concerning any BONAR 2024 Offering or BONAR 2024 Bonds, including but not limited to any remedy or relief in reliance on the *pari passu* clause in the creditor's bond contract, whether or not such creditor currently has an injunction applicable to BONAR 2024 Bonds, and (vii) any discussion of the impact of any applicable laws, rules, or regulations, including but not limited to laws, rules or regulations governing foreign currency exchanges or transfers of securities, and the relationship of these laws, rules or regulations to any BONAR 2024 Offering.

3. All bids submitted by You in connection with any BONAR 2024 Offering, whether or not accepted, including but not limited to the Person on whose behalf such bid was submitted, the Person's address, the Person's location when submitting bids and receiving communications from You regarding the bids and purchase of BONAR 2024 Bonds, the face amount of the bonds bid upon, the bid price, the date of the bid, and whether the bid was accepted.

4. Any prospective, contemplated or completed purchases of BONAR 2024 Bonds, including all Communications by or with Argentina, any prospective or actual purchasers (including any agents, brokers, and/or financial advisers) and/or third parties Concerning the purchase or sale of BONAR 2024 Bonds through any means or in any context other than a BONAR 2024 Offering.

5. The method or process by which payments of principal or interest due on the BONAR 2024 Bonds were to be or have been made.

6. All BONAR 2024 Bonds that were purchased or sold by You, or that You accepted bids for purchase or otherwise attempted to issue, market, pitch, solicit, sell or any similar act, at any time after December 1, 2014, whether or not still held by You.

7. All BODEN 2015 Bonds that were purchased or sold by You, or that You accepted bids for purchase or otherwise attempted to issue, market, pitch, solicit, sell or any similar act, at any time after February 1, 2015, whether or not still held by You.

8. Any Meetings at which any BONAR 2024 Offering or BONAR 2024 Bonds were discussed, were expected to be discussed, or are expected to be discussed.

9.     Any fees, incentive payment, commissions, spreads, or other financial remuneration You received or expect to receive from any Person in connection with any BONAR 2024 Offering, and from whom, how and when You received or expect to receive them.

## Rule 45 Federal Rules of Civil Procedure, Parts D & E

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.