# WOLLMUTH MAHER & DEUTSCH LLP

500 FIFTH AVENUE

NEW YORK, NEW YORK 10110

TELEPHONE (212) 382-3300
FACSIMILE (212) 382-0050

July 8, 2015

BY ECF

Honorable Thomas P. Griesa
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1630
New York, New York 10007-1312

    Re:   *NML Capital, Ltd. v. The Republic of Argentina*,
             <u>Nos. 08 Civ. 6978, 09 Civ. 1707, 09 Civ. 1708; and related cases</u>

Dear Judge Griesa:

      We represent non-parties Fintech Advisory, Inc. ("Fintech"), among others, in connection with subpoenas served on March 27 and March 30 (the "Subpoenas") by plaintiff NML Capital, Ltd. ("NML" or "Plaintiff"). As Your Honor is aware, we submitted a letter to the Court on July 6, 2015 requesting a conference for permission to make a discovery motion seeking to quash the Subpoenas and for a protective order under Rule 26(c) of the Federal Rules of Civil Procedure. After we delivered our letter, we became aware of additional points demonstrating that NML's discovery demands are improper, intrusive, overbroad, and designed to harass. Indeed, a separate letter filed with the Court on July 6, 2015 on behalf of Deutsche Bank AG—New York branch, Deutsche Bank Americas Holding Corp. (subpoenaed as "Deutsche Bank America Holding Corp."), Deutsche Bank Securities Inc., Deutsche Bank Trust Company Americas and DB USA Corporation (f/k/a Taunus Corporation) (collectively, "DB"), attached hereto as Exhibit A, details the improper discovery measures the Plaintiff has directed at DB. NML's conduct described in DB's letter further supports our clients' discovery motions in response to the Subpoenas.

      As detailed in DB's letter, under the guise of seeking attachable assets of the Republic of Argentina (the "Republic"), NML issued a series of overbroad and unduly burdensome discovery demands to innocent third party financial institutions that have any connection to legitimate financial transactions that relate to the Republic. In addition to burdening such third parties with unnecessary and irrelevant discovery requests, the Plaintiff has failed to respect discovery processes, and violated this Court's orders governing discovery. Indeed, the Plaintiff has made

false representations to the Court in support of its overbroad discovery requests,[1] publicly threatened litigation against any financial institution with a connection to legitimate financial transactions that relate to the Republic, and disregarded confidentiality orders issued by Your Honor by sharing discovery materials produced to it with plaintiffs in other actions who are not authorized to view those materials and leaking information to the press.

The revelations in DB's letter regarding the Plaintiff's conduct further support Fintech's need for a protective order in connection with the Subpoenas. Such conduct, particularly NML's violations of Court-ordered confidentiality orders governing discovery materials, is especially troubling with respect to Fintech and its executives because Fintech is a direct competitor of NML, its parent company Elliott Management, and Aurelius. In an effort to harass and punish parties that disagree with its position in this and related litigations, and to delve into sensitive information regarding those parties' business operations, the Plaintiff has served overbroad and unduly burdensome subpoenas on its business competitors, including Fintech and other hedge funds. The measures NML has taken demonstrate not only its improper purposes for discovery, but also the fact that it cannot be trusted to respect the Court's discovery orders designed to protect the confidentiality of materials produced in discovery. Moreover, this is not the first time the Plaintiff has burdened our clients with overbroad and harassing discovery demands. As explained in our letter submitted to the Court on July 6, 2015, Fintech previously filed a motion to quash a subpoena served by Plaintiff in December of 2012 (Docket Nos. 444-47) as part of an effort by the Plaintiff to blanket the financial community with subpoenas. The Court directed that efforts to pursue that discovery "should be entirely discontinued." For the reasons explained in our letter submitted to the Court two days ago, as well as the additional revelations included in DB's letter, the court should provide similar relief again.

Respectfully submitted,

William F. Dahill

Encl.

cc:   Dennis Hranitzky, Esq. (via email)
      Debra O'Gorman, Esq. (via email)

---

[1] As explained in DB's letter, at the April 22, 2015 hearing before Your Honor, counsel for NML represented to the Court that there were media reports identifying an unidentified DB entity in New York as having subscribed to $1 billion of BONAR 2024 bonds. Those representations were false, and co-counsel for NML has confirmed that there were no such media reports. Nevertheless, the Plaintiff has not corrected its misrepresentations to the Court.