UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
NML CAPITAL, LTD.,                                      :        03 Civ. 8845 (TPG)
                                                        :        05 Civ. 2434 (TPG)
                Plaintiff,                              :        06 Civ. 6466 (TPG)
                                                        :        07 Civ. 1910 (TPG)
        v.                                              :        07 Civ. 2690 (TPG)
                                                        :        07 Civ. 6563 (TPG)
THE REPUBLIC OF ARGENTINA,                              :        08 Civ. 2541 (TPG)
                                                        :        08 Civ. 3302 (TPG)
                Defendant.                              :        08 Civ. 6978 (TPG)
                                                        :        09 Civ. 1707 (TPG)
                                                        :        09 Civ. 1708 (TPG)
                                                        :
------------------------------------------------------- X
                                                        :
AURELIUS CAPITAL PARTNERS, LP and                       :
ACP MASTER, LTD.,                                       :        07 Civ. 2715 (TPG)
                                                        :        07 Civ. 11327 (TPG)
                Plaintiffs,                             :
                                                        :
        v.                                              :
                                                        :
THE REPUBLIC OF ARGENTINA,                              :
                                                        :
                Defendant.                              :        **(captions continued on next**
                                                        :        **page)**
------------------------------------------------------- X


**PLAINTIFFS' MEMORANDUM OF LAW IN
SUPPORT OF MOTION FOR AN ORDER DEEMING
THAT ARGENTINA HAS WAIVED ITS PRIVILEGES**

```
-------------------------------------------------- X
AURELIUS OPPORTUNITIES FUND II,          :
LLC and AURELIUS CAPITAL MASTER,         :
LTD.,                                    :
                                         :
                     Plaintiffs,         :
                                         :       10 Civ. 1602 (TPG)
          v.                             :       10 Civ. 3507 (TPG)
                                         :
THE REPUBLIC OF ARGENTINA,               :
                                         :
                     Defendant.          :
-------------------------------------------------- X

AURELIUS CAPITAL MASTER, LTD. and        :
AURELIUS OPPORTUNITIES FUND II,          :
LLC,                                     :
                                         :
                     Plaintiffs,         :
                                         :
          v.                             :       10 Civ. 3970 (TPG)
                                         :       10 Civ. 8339 (TPG)
THE REPUBLIC OF ARGENTINA,               :
                                         :
                     Defendant.          :
-------------------------------------------------- X

AURELIUS CAPITAL MASTER, LTD. and        :
ACP MASTER, LTD.,                        :
                                         :
                     Plaintiffs,         :
                                         :       09 Civ. 8757 (TPG)
          v.                             :       09 Civ. 10620 (TPG)
                                         :
THE REPUBLIC OF ARGENTINA,               :
                                         :
                     Defendant.          :
-------------------------------------------------- X

                                         :
BLUE ANGEL CAPITAL I LLC,                :
                                         :
                     Plaintiff,          :
                                         :
          v.                             :       07 Civ. 2693 (TPG)
                                         :       10 Civ. 4101 (TPG)
THE REPUBLIC OF ARGENTINA,               :       10 Civ. 4782 (TPG)
                                         :
                     Defendant.          :
-------------------------------------------------- X
```

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ......................................................................... 1

BACKGROUND ............................................................................................... 2

      A.    THE COURT SANCTIONS ARGENTINA FOR FAILING TO COMPLY WITH PLAINTIFFS' DISCOVERY REQUESTS ................. 2

      B.    ARGENTINA PRODUCES AN INADEQUATE PRIVILEGE LOG ................................................................................................. 3

      C.    COUNSEL FOR ARGENTINA IMPROPERLY ATTEMPTS TO SUPPLEMENT THE LOG ...................................................... 6

ARGUMENT ..................................................................................................... 8

    POINT I      ARGENTINA HAS WAIVED ITS PRIVILEGES AGAINST PRODUCTION .......................................................................... 8

      A.    Argentina Has Waived Its Privileges By Failing To Produce An Adequate Privilege Log And An Order Deeming That Argentina Has Waived Privilege Is Wholly Justified Given Argentina's Bad Faith And Intentional Misconduct And The Prejudice To Plaintiffs ........ 8

      B.    The Waiver of Privilege Extends To Any Documents Not Appearing On The Log ........................................................... 15

    POINT II     ARGENTINA HAS WAIVED ITS PRIVILEGES FOR THE ADDITIONAL REASON THAT IT FAILED TO MEETS IT BURDEN TO ESTABLISH THAT THE ATTORNEY-CLIENT PRIVILEGE, WORK PRODUCT DOCTRINE, DELIBERATIVE PROCESS PRIVILEGE OR ANY PRIVILEGE OR PROTECTION PREVENTS DISCLOSURE OF DOCUMENTS RESPONSIVE TO THE DISCOVERY REQUESTS.. .......................... 16

      A.    The Attorney Client Privilege Has Not Been Properly Invoked Or Shown To Be Applicable ........................................................ 18

      B.    Argentina Has Failed To Establish The Applicability Of The Work Product Protection .................................................................... 19

      C.    Argentina Waived Privilege As To Numerous Documents By Disclosing Them to Third Parties ........................................... 19

      D.    The Deliberative Process Privilege Has Not Been Properly Invoked. .................................................................................. 20

      E.    The Identity And Location Of Assets, The Structure Of A Particular Transaction, And Similar Factual Information Is Not Privileged And Must Be Immediately Disclosed .................................... 21

POINT III        CLEARY, AS AGENT FOR ARGENTINA, AND OFFICERS OF
                THE COURT, MUST PRODUCE  TO PLAINTIFFS ALL
                DOCUMENTS LISTED ON ARGENTINA'S  PRIVILEGE LOG
                AND RESPONSIVE TO THE DISCOVERY REQUESTS ................... 22

CONCLUSION ............................................................................................................. 25

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Allied Irish Banks v. Bank of Am.*, *N.A.*
    240 F.R.D. 96 (S.D.N.Y. 2007) ....................................................................................19

*Am. Rock Salt Co. LLC v. Norfolk S. Corp.*,
    228 F.R.D. 426 (W.D.N.Y. 2004) .................................................................................23

*Aurelius Capital Master, Ltd. v. Republic of Argentina*,
    589 F. App'x 16 (2d Cir. 2014) .......................................................................................3

*Auto Club of New York*, *Inc. v. Port Authority of New York & New Jersey*,
    297 F.R.D. 55 (S.D.N.Y. 2013) ....................................................................................21

*Bruker v. City of New York*,
    No. 93 Civ. 3848(MGC)(HBP), 2002 WL 484843 (S.D.N.Y. Mar. 29, 2002) ......................11

*Chase Manhattan Bank N.A. v. Turner & Newall PLC*,
    964 F.2d 159 (2d Cir. 1992).........................................................................................10

*Chevron v. Donziger*,
    296 F.R.D. 168 (S.D.N.Y. 2013) ..................................................................................24

*Daval Steel Prods v. M/V Fakredine*,
    951 F.2d 1357 (2d Cir. 1991)........................................................................................12

*Denney v. Jenkens & Gilchrist*,
    362 F. Supp. 2d 407 (S.D.N.Y. 2004)..............................................................................20

*Dimensional Sound, Inc. PPX v. Rutgers Univ.*,
    No. 92 CIV. 2350 (DLC), 1996 WL 11244 (S.D.N.Y. Jan. 10, 1996) ...................................13

*Favors v. Cuomo*,
    285 F.R.D. 187 (E.D.N.Y. 2012) ..................................................................................10

*FG Hemisphere Assocs. LLC v. Republique Du Congo*,
    No. 01 Civ. 8700, 2005 WL 545218 (S.D.N.Y. 2005) ..........................................................12

*G-Fours*, *Inc. v. Miele*,
    496 F.2d 809 (2d Cir. 1974)..........................................................................................22

*GP Hemisphere Assoc. L.L.C. v. Republic of Nicaragua*,
    No. 99 Civ. 10302 (WHP) (S.D.N.Y. June 30, 2003) ..........................................................13

*Grievance Committee for the Southern District of New York v. Simels*,
  48 F.3d 640 (2d Cir. 1995)............................................................................24

*HSH Nordbank AG New York Branch v. Swerdlow*,
  259 F.R.D. 64 (S.D.N.Y. 2009) ...................................................................19

*Hurst v. F.W. Woolworth Co.*,
  No. 95 Civ. 6584-CSH, 1997 WL 61051 (S.D.N.Y. Feb. 11, 1997) .......................11

*In re Abrahams*,
  5 A.D.3d 21 (2d Dep't 2003) ........................................................................25

*In re Chevron Corp.*,
  749 F. Supp. 2d 170 (S.D.N.Y. 2010)............................................................24

*In re Donald Sheldon & Co.*,
  191 B.R. 39 (S.D.N.Y. 1996).........................................................................22

*In re Filosa*,
  976 F. Supp. 2d 460 (S.D.N.Y. 2013)............................................................25

*In re Gilly*,
  976 F. Supp. 2d 471 (S.D.N.Y. 2013)............................................................25

*In re Goll*,
  27 A.D.3d 131 (2d Dep't 2006) .....................................................................25

*In re Grand Jury Subpoena Dated August 9, 2000*,
  218 F. Supp. 2d 544 (S.D.N.Y. 2002)............................................................20

*In re Honeywell Sec. Litig.*,
  230 F.R.D. 293 (S.D.N.Y. 2003) ...................................................................12

*In re Sveaas*,
  249 F.R.D. 96 (S.D.N.Y. 2008) .....................................................................13

*Int'l Union, United Mine Workers of Am. v. Bagwell*,
  512 U.S. 821 (1994).....................................................................................24

*Koumoulis v. Indep. Fin. Mktg. Grp., Inc.*,
  295 F.R.D. 28 (E.D.N.Y. 2013) .....................................................................18

*McNamee v. Clemens*,
  09 CV 1647(SJ)(CLP), 2014 WL 1338720 Slip op. (S.D.N.Y. April 12, 2014)..............10, 17

*Monticello Tobacco Co. v. Am. Tobacco Co.*,
  12 F.R.D. 344 (S.D.N.Y. 1952) .....................................................................22

iv

*Nat'l Council of La Raza v. Dep't of Justice*,
    411 F.3d 350 (2d Cir. 2005)................................................................20, 21

*OneBeacon Ins. Co. v. Forman Int'l Ltd.*,
    No. 04 Civ. 2271(RWS), 2006 WL 3771010 (S.D.N.Y. Dec. 15, 2006) ................................10

*PKFinans Int'l Corp. v. IBJ Schroder Leasing Corp.*,
    No. 93 Civ. 5375(SAS)(HBP), 1996 WL 525862 (S.D.N.Y. Sept. 17, 1996).......................13

*Ratliff v. Davis Polk & Wardell*,
    354 F.3d 165 (2d Cir. 2003)................................................................23

*Republic of Argentina v. NML Capital, Ltd.*,
    134 S.Ct. 2250 (2014)................................................................21

*Riddell Sports Inc. v. Brooks*,
    158 F.R.D. 555 (S.D.N.Y. 1994) ................................................................23

*S.E.C. v. Yorkville Advisors, LLC*,
    300 F.R.D. 152 (S.D.N.Y. 2014) ................................................9, 10, 11, 17, 20

*Safeco Ins. Co. of Am. v. M.E.S. Inc.*,
    289 F.R.D. 41 (E.D.N.Y. 2011) ................................................................9

*Sheikhan v. Lenox Hill Hospital*,
    No. 98 Civ. 6468(WHP), 1999 WL 386714 (S.D.N.Y. June 11, 1999) ................................10

*SR Int'l Bus. Ins. Co. v. World Trade Center Properties, LLC*,
    No. 01 Civ. 9291(JSM), 2003 WL 193071 (S.D.N.Y. Jan. 29, 2003)....................................18

*Strauss v. Credit Lyonnais, S.A.*,
    242 F.R.D. 199 (E.D.N.Y. 2007) ................................................................13

*Struogo v. BEA Assoc.*,
    199 F.R.D. 515 (S.D.N.Y. 2001) ................................................................10

*Thai Lao Lignite (Thailand) Co. Ltd. v. Gov't of the Lao People's Democratic Republic*,
    924 F. Supp. 2d 508 (S.D.N.Y. 2013)................................................................21

*United States v. Black*,
    No. 1:00-cr-15-SPM, 2011 WL 2413401 (N.D. Fla. June 15, 2011) ................................22

*United States v. Constr. Prods. Research, Inc.*,
    73 F.3d 464 (2d Cir. 1996)................................................................11, 18, 19

v

*United States v. Schwimmer,*
   892 F.2d 237 (2d Cir. 1989) ................................................................20

*Upjohn Co. v. United States,*
   449 U.S. 383 (1981) .........................................................................21

*Valentine v. Museum of Modern Art,*
   29 F.3d 47 (2d Cir. 1994) ................................................................13

*Weiss v. Nat'l Westminster Bank PLC,*
   1:05-cv-04622-DLI-MDG (E.D.N.Y. Dec. 19, 2006) ..........................13

*Wultz v. Bank of China Ltd.,*
   979 F. Supp.2d 479 (S.D.N.Y. 2013) ................................................17

**Other Authorities**

7 Moore's Federal Practice § 34.12[2] (3d ed.) ............................................23

*Fabrication or Suppression of Evidence as Ground of Disciplinary Action Against
   Attorney,* 40 A.L.R.3d 169 § 2[a] ....................................................24

Federal Rule of Civil Procedure 26 ...........................................................8, 9, 10

Federal Rule of Civil Procedure 34 ...........................................................22, 24

Local Rule 26.2 ....................................................................................5, 6, 9, 10

Rule 3.3 of the New York Rules of Professional Conduct ............................25

Rules 3.4 of the New York Rules of Professional Conduct.........................24, 25

Restatement (Second) of Agency § 14 cmt. (B) (1958) ................................23

Plaintiffs NML Capital, Ltd. ("NML"), Aurelius Capital Master, Ltd., Aurelius Opportunities Fund II, LLC, ACP Master, Ltd. and Blue Angel Capital I LLC, (collectively, "Plaintiffs"), through their undersigned counsel, respectfully submit this Memorandum of Law in support of their motion for an order deeming that the Republic of Argentina (the "Republic" or "Argentina") has waived its privileges against production and requiring Argentina and its counsel Cleary Gottlieb Hamilton & Steen LLP ("Cleary") to produce all documents and information responsive to Plaintiffs' discovery requests at issue in this Court's August 13, 2015 Order issuing discovery sanctions against Argentina.

## PRELIMINARY STATEMENT

On August 13, 2015, Argentina was ordered to produce "within 10 days of today a privilege log on a document-by-document basis."  Order at 3, *NML Capital*, *Ltd. v. Republic of Argentina*, 08-cv-06978-TPG (S.D.N.Y. Aug. 13, 2015), ECF No. 814 (the "August 13 Order") (Hessney Decl. Exh. A).  The August 13 Order cautioned that "Failure to do so ***will be deemed to be a waiver of the claim of privilege***."  *Id.* (emphasis added).  Despite this directive, Argentina did not provide a privilege log that complies with the August 13 Order and the requirements of the applicable local and federal rules.  This failure is particularly inexcusable (and cannot be attributed to good faith inadvertence or mere negligence) in light of the fact that Cleary is well versed in the requirements for an adequate privilege log, having extensively litigated these very issues numerous times.  Argentina has, under the plain terms of the August 13 Order, waived its privileges against production with respect to any documents responsive to Plaintiffs' discovery requests.

Argentina's belated, inadequate, and unauthorized attempt to supplement its inadequate log must be rejected.  Even if the rules and the August 13 Order authorized Argentina to supplement its plainly deficient log— and they do not—Argentina's supplemental log still fails

1

to satisfy its burden to establish each element of the claimed privilege on a document-by-document basis.

Nor are any of the documents and information Argentina is withholding concerning the identity and location of its assets entitled to any privilege. Indeed, Argentina's Log demonstrates that many of these documents merely contain factual information which, of course, is not privileged.

Lacking any legal basis to withhold production of documents responsive to Plaintiffs' discovery requests, Argentina and its agent must produce such documents and information.

## BACKGROUND

### A. THE COURT SANCTIONS ARGENTINA FOR FAILING TO COMPLY WITH PLAINTIFFS' DISCOVERY REQUESTS

For more than a decade, Plaintiffs have pursued discovery from Argentina in an effort to collect billions of dollars of judgments—discovery that Argentina has ignored or resisted.[1] In 2011 and 2012, Plaintiffs served interrogatories and requests for production of documents (the "Discovery Requests") on Argentina principally seeking two categories of documents and information: documents and information about Argentina's assets, wherever located, and documents and information about its relationships with entities that Plaintiffs believe are alter egos of Argentina. Argentina failed to adequately respond to the Discovery Requests and Plaintiffs moved to compel. The motion was granted in an order dated September 25, 2013 (the "Discovery Order"). Argentina appealed and on December 23, 2014 the Second Circuit issued a

---

[1]     The facts related to Plaintiffs' Discovery Requests and Motion for Sanctions are more fully set forth in NML's Memorandum of Law in Support of Motion for Discovery Sanctions, *NML Capital*, *Ltd. v. Republic of Argentina,* No. 08-cv-06978-TPG, (S.D.N.Y. June 17, 2015), ECF No. 793, and the Memorandum of Law in Support of the Aurelius Plaintiffs' Motion for Discovery Sanctions, *Aurelius Capital Partners L.P. v. Republic of Argentina*, No. 07-cv-2715 (S.D.N.Y. June 17, 2015), ECF No. 623.

summary order affirming the Discovery Order in "all respects." *Aurelius Capital Master, Ltd. v. Republic of Argentina*, 589 F. App'x 16, 18 (2d Cir. 2014).

Argentina *still* did not respond to the Discovery Requests, and on June 17, 2015, Plaintiffs moved for discovery sanctions against Argentina.  The Court held a hearing on that motion on August 12, 2015, at which it recognized that "[t]here is no real dispute about the fact that there is a discovery order of September 25, 2013, which was affirmed and the Republic was obligated to answer that discovery order, respond to that discovery order.  It has not done so." August 12, 2015 Hr'g Tr. (Hessney Decl. Exh. B) at 50:10-13.  The Court, recognizing Argentina's "obstruction," granted Plaintiffs' motion, and issued the August 13 Order setting forth sanctions, including, *inter alia*, that Argentina deliver a "privilege log on a document-by-document basis" within 10 days, and that "***[f]ailure to do so will be deemed to be a waiver of the claim of privilege***."[2]  August 13 Order at 3 (emphasis added).

## B.   ARGENTINA PRODUCES AN INADEQUATE PRIVILEGE LOG

Despite the August 13 Order's mandate that Argentina produce a "document-by-document" privilege log, Argentina submitted a privilege log (the "Log") containing just 502 entries for the period from 2003 to 2015 purportedly representing all privileged documents responsive to the Discovery Requests (which seek documents and information dating back to

---

[2]     Shortly after the August 13 Order was issued, Plaintiffs served subpoenas on Cleary seeking "All Documents" in Cleary's "possession, custody or control responsive to the discovery requests served by Plaintiff on Argentina on August 14, 2012 and that Argentina was ordered to produce pursuant to" the Discovery Order.  *See* Subpoena Duces Tecum to Cleary (Hessney Decl. Exh. C) at 8; *see also* Subpoena Duces Tecum to Cleary (Hessney Decl. Ex. D) at 6 (seeking "All Documents" in Cleary's "possession, custody or control responsive to the discovery request served by [the Aurelius] Plaintiffs on Argentina on December 13, 2011 and that Argentina was ordered to produced pursuant to" the Discovery Order).  On September 1, 2015, Cleary served written responses and objections to Plaintiffs' subpoenas setting forth a laundry list of objections, including relevance objections already rejected by the Court when it issued the Discovery Order.  *See* Cleary's Responses and Objections to NML (Hessney Decl. Exh. E); *see also* Cleary's Responses and Objections to the Aurelius Plaintiffs (Hessney Decl. Ex. F).  Concurrently with its objections, Cleary also submitted its own privilege log to Plaintiffs that was merely an excerpted portion of Argentina's privilege log (described below) and failed to produce a single document responsive to the Cleary subpoenas.  (Hessney Decl. Exh. G).

2001).  (Hessney Decl. Exh. H).   On September 14, 2015, counsel for Plaintiffs wrote to counsel

for Argentina (the "September 14 Letter") identifying the numerous deficiencies in the Log and

informing Argentina that "[a]s a result, Argentina has waived any claim of privilege, and the

documents listed on the Log must be produced to Plaintiffs immediately."  *See* Sept. 14, 2015

Letter from R. Cohen to J. Blackman (Hessney Decl. Exh. I) at 1.

Plaintiffs also informed counsel for Argentina that it was "highly skeptical of the

completeness of the Log for a number of reasons given the nature and extent of these legal

proceedings."  *Id.* at 5.   The reasons included, but were not limited to:

- "The Log covers a 12-year time period but includes only 502 entries" and "does not reflect the type and volume of privileged communications that would be expected."  *Id*.

- The Log had many "significant unexplained months-long time gaps" and in one case there were no entries for an 8 month period.[3]  *Id*. at 6.

- "Several obvious sources of responsive documents" did not appear to be searched. Moreover, it was not apparent whether the Log included documents maintained at Cleary's foreign offices and there were "very few purportedly privileged communications" on which Mr. Blackman and Mr. Boccuzzi were "identified as the author or recipient."[4]  *Id*.

- The Log was "confined to emails, and attachments to those emails" and did not include other document types, such as letters, memos or reports.  *Id*.  Nor did the Log appear to contain any entries reflecting documents in Argentina's files (as distinct from documents in Cleary's possession).

---

[3]   Plaintiffs are aware of significant litigation activity during specific time frames for which the Log inexplicably contains few, if any, entries.  For example, the Log has no entries whatsoever for the time periods between January 2001 and May 6, 2003, May 8, 2003 and February 1, 2004; September 25, 2004 and December 5, 2005; May 5, 2005 and December 5, 2005; January 26, 2006 and May 14, 2006; July 1, 2006 and February 7, 2007; May 25, 2007 and August 6, 2007; December 7, 2008 and February 17, 2009; November 3, 2011 and January 26, 2012; and November 22, 2012 and January 16, 2013.  It is inconceivable that no responsive privileged documents were generated during these time periods.

[4]   Mr. Blackman is not listed as the specific sender or recipient of ***any*** purportedly privileged communication and Mr. Boccuzzi is listed as the sender of just two purportedly privileged communications and the recipient of only seven communications.  To the extent their names appear on the Log—each is only identified as having been copied on approximately 70 withheld communications.

4

- The individuals identified in the Log also suggested that "in preparing the Log, the definition of 'Argentina' contained in the underlying discovery requests was not used" which included "Argentina's agencies, instrumentalities, ministries, political subdivisions, representatives, secretariats, undersecretariats, commissions, councils, offices, institutes, funds" as well as other entities specifically identified by Plaintiffs.

In addition, Plaintiffs informed counsel for Argentina of a non-exhaustive list of patent deficiencies in the Log, including:

- The Log did not comply with the mandatory requirements of Local Rule 26.2 by failing to identify the individuals listed as senders/recipients, the place of employment, job title (including whether or not the recipients are attorneys) and relationship to Argentina. *Id.* at 3.

- The Log did not identify the individual recipients of a particular communication but simply included descriptions such as "Internal Cleary Gottlieb listserv," or "Republic of Argentina Client listserv." *Id.*

- Argentina's assertion of the deliberative process privilege provided no information regarding "whether the withheld documents are 'predecisional' and 'deliberative'" and did not include "a description of the decision to which the documents relate, the date of the decision, the subject matter of the documents [at issue], the date the documents were generated, the roles of the individuals who authored the document." *Id.* at 4.

- The Log listed "Email" and "Attachments" in a single entry as the "Document Type," but failed to "identify the type of document attached, the number of attachments or the basis for withholding the attachments." *Id.*

- All entries concerning Argentina's assets simply provided vague descriptions of the documents and communications as relating to "legal advice" in connection with the attachment of "property," "diplomatic accounts" or the "structure" or "steps" of a particular transaction and failed to identify the specific property or the transaction, information that is not privileged. *Id.* at 4-5.

In their September 14 Letter Plaintiffs also requested that Argentina's counsel provide additional details concerning the circumstances under which the Log was prepared, including a request to "identify the definition of 'Argentina' applied when making relevancy and privilege determinations, the locations searched for responsive documents, the manner in which the search was undertaken and the criteria applied in determining the responsiveness of documents." *Id.* at

6.  Finally, with respect to those responsive documents that exist but were not listed on the Log, the September 14 Letter noted that any privilege that might otherwise be available as to such documents "has now been waived" and said that those documents "must be produced."  *Id.*

## C.   COUNSEL FOR ARGENTINA IMPROPERLY ATTEMPTS TO SUPPLEMENT THE LOG

On September 25, 2015, counsel for Argentina responded to Plaintiffs' September 14 Letter (the "September 25 Letter") attempting to defend the adequacy of the Log and denouncing Plaintiffs' efforts to obtain the "extraordinary" relief of a "wholesale disregard . . . of the privilege."  *See* Sept. 25, 2015 Letter from C. Boccuzzi to R. Cohen (Hessney Decl. at Exh. J) at 1.  The September 25 Letter rejected Plaintiffs' observation that the Log is deficient due to the failure to identify the relationships between the authors and addressees—arguing that the individuals listed on the Log are "***largely*** attorneys" at Cleary and "Republic officials," which the letter falsely claims are "well known to plaintiffs."  *Id.* at 2.  (emphasis added).  Although Argentina's counsel attached to the September 25 Letter an appendix setting forth the "relevant affiliation"[5] of individuals listed on the Log, it has refused to identify the job title of the individuals (and, more importantly, their title at the time the withheld documents were created). Argentina maintains that the identity of the specific individuals who sent or received the purportedly privileged documents is unnecessary to properly assert the privilege, because "[i]n the ordinary course of representing the Republic of Argentina, Cleary Gottlieb and the Republic used e-mail groups as part of the request for, or provision of, legal advice" and "[i]t would be

---

[5]     The Appendix is divided into three parts.  The first lists individuals associated with Cleary (although there is no confirmation that all such individuals are Cleary attorneys).  The second identifies those persons affiliated with Argentina and the third lists individuals described as "Local counsel, common interest and/or recipients of work product."  No explanation is offered as to the nature of the asserted "common interest." nor is there any support for the absurd notion that merely being a "recipient[] of work product" confers a privilege.

unduly burdensome (if not impossible)" and "unnecessary, to attempt to reconstruct the members

the listservs… that indisputably were comprised of members of the client and attorney." *Id.* at 3.

Contrary to established law, Argentina and its counsel further rejected the notion that

Argentina is required to separately list emails and attachments because only communications

(not the actual documents) need to be logged and "[a]ttachments to those communications, like

the body of the emails themselves, are merely a portion of the communication…. The Log's

descriptions set out the subject matter of these communications . . .  and thus provides you with

the information necessary to determine the basis for the privilege." *Id.*  But, in the next breath,

Argentina admits that describing the attachments separately would yield additional and distinct

information: claiming that "[d]escribing attachments to the logged communications" would

"divulge the contents of the privileged communication." *Id.* at 3.

The September 25 Letter also rejects Plaintiffs' claim that they are entitled to information

regarding the specific property that was the subject of legal advice on the basis that it would

"improperly divulge the subject matter of the privileged communication." *Id.* at 4.  The letter

goes on to minimize Plaintiffs' concerns as to the completeness of the Log by adopting the

position that Argentina is under no obligation to disclose information, or log privileged

documents that contain, facts already known to Plaintiffs, and contending that months long gaps

in the Log occurred years ago and during the "holiday season." *Id*. at 5.

Finally, in an effort to shift the focus from its egregious and repeated violations of orders

of this Court, Argentina has audaciously accused Plaintiffs of playing "a game of 'Gotcha!'" in

asserting that Argentina has waived its privileges.  But as the facts make abundantly clear, the

only one playing "games" is Argentina.  Argentina has had ***over three years*** to produce

responsive documents and provide a privilege log.  In that time, it has produced ***no documents or***

*information about its assets* and has blatantly flouted Court orders designed to assist Plaintiffs in enforcing their valid judgments.  If anyone is playing "a game of 'Gotcha'" it is Argentina.[6]

## ARGUMENT

## POINT I

## ARGENTINA HAS WAIVED ITS PRIVILEGES AGAINST PRODUCTION

The Court ordered that "if the Republic is claiming a privilege as to any documents or information required to be produced under the discovery order of September 25, 2013, it is directed to prepare and deliver within 10 days of today a privilege log on a document-by-document basis" and "[f]ailure to do so will be deemed to be a waiver of the claim of privilege." August 13 Order at 3.  Argentina's deliberate defiance of the August 13 Order requiring the production of a "document-by-document" privilege log under penalty of waiver justifies a determination that Argentina is no longer permitted to withhold documents and information on grounds of any privilege.[7]

**A.      Argentina Has Waived Its Privileges By Failing To Produce An Adequate Privilege Log And An Order Deeming That Argentina Has Waived Privilege Is Wholly Justified Given Argentina's Bad Faith And Intentional Misconduct And The Prejudice To Plaintiffs.**

1.      In light of Argentina's failure to produce an adequate privilege log, the Court should deem Argentina has waived its privileges against production.  Rule 26 of the Federal Rules of Civil Procedure requires that when a party withholds documents on the grounds of privilege, "it must both 'expressly make the claim' and 'describe the nature of the documents,

---

[6]      For this reason, Plaintiffs reject Argentina and Cleary's request for an additional meet and confer.  *Id.* at 4. The conduct of both Argentina and Cleary has demonstrated that further discussions would be an exercise in futility and, in any event, will not cure Argentina's waiver of privilege.

[7]      The waiver must, of course, apply not only to documents in Cleary's possession but also to documents and information in the possession of other firms representing Argentina, such as Tannenbaum Helpern Syracuse & Hirschtritt LLP, and in the possession of Argentina itself.

communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.'" *S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 157 (S.D.N.Y. 2014).  Local Civil Rule 26.2 specifies that the log must "identify the nature of the privilege (including work product) which is being claimed" and set forth  "(i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other."

Despite this clear mandate, Argentina's Log—produced three years after the Discovery Requests were served and only after the Court imposed sanctions and ordered its production— does not comply with the most basic requirement of Rule 26 and the Local Civil Rules by, among other reasons, failing to identify the author and addressees of each document and communication withheld on the basis of privilege and by failing to separately log attachments. *See* Section B, *supra* at 4-6.  It does not identify the author and addressees of each document and communication withheld on the basis of privilege, but rather refers to undefined internal recipient lists:  "Internal Cleary Gottlieb Listserv" and "Republic of Argentina listserv," among others. [8]  These opaque categories cannot satisfy the Local Rules, *see* Local Rule 26.2(a)(2)(A)(iv), and certainly provide no basis for Plaintiffs to assess whether the particular communication was made to secure legal advice or whether Argentina waived privilege by sending the document to a third party included somewhere in its recipient lists.  Moreover, the

---

[8]    Argentina's belated Appendix did not cure these deficiencies because the Appendix fails to set forth the job titles of all the employees listed in the Log.  *See Safeco Ins. Co. of Am. v. M.E.S. Inc.*, 289 F.R.D. 41, 48 (E.D.N.Y. 2011) (requiring, pursuant to Local Civil Rule 26.2, that a privilege log indicate "whether the author or recipient of the communication is an attorney" and also "where they worked, what their position is, or their relationship" to the party asserting the privilege).

9

Log fails even to satisfy the basic requirements that this Court set forth—privilege assertions "on a document-by-document basis"— and the associated Local Rules that require that the log set forth "the type of document, e.g., letter or memorandum."  Local Rule 26.2(a)(2)(A)(i).  The Log lumps together attachments and cover emails, again depriving Plaintiffs or the Court of any ability to assess whether the attachment may be privileged, or is instead be a non-privileged document Argentina should have produced long ago. *Favors v. Cuomo*, 285 F.R.D. 187, 223 (E.D.N.Y. 2012) (privilege log should include a "description of any attachments" to the emails). By lumping emails and their attachments into a single entry, Argentina has failed to support its privilege claim as to any of the withheld attachments and a finding of waiver is justified.

By failing to provide an adequate privilege log, Argentina has waived privileges over any documents or information responsive to the Discovery Requests.  Even in the absence of an express order requiring the production of a privilege log, courts routinely find that a party has waived its privileges by failing to produce an adequate privilege log.  *See, e.g.*, *OneBeacon Ins. Co. v. Forman Int'l Ltd.*, No. 04 Civ. 2271(RWS), 2006 WL 3771010, at *8 (S.D.N.Y. Dec. 15, 2006) (holding that the party "waived any privilege with respect to its withheld documents by failing to properly identify them on a privilege log"); *Chase Manhattan Bank N.A. v. Turner & Newall PLC*, 964 F.2d 159, 166 (2d Cir. 1992) ("[T]he failure to comply with [Rule 26] may result in a finding that the privilege has been waived."); *Yorkville Advisors*, 300 F.R.D. at 158 (party's failure to provide adequate privilege log resulted in waiver of any applicable privilege); *McNamee v. Clemens*, 09 CV 1647(SJ)(CLP), 2014 WL 1338720 Slip op. at *4-*5 (S.D.N.Y. April 12, 2014) (deficient log justified finding that privilege had been waived); *Struogo v. BEA Assoc.*, 199 F.R.D. 515, 521 (S.D.N.Y. 2001) (same); *Sheikhan v. Lenox Hill Hospital*, No. 98 Civ. 6468(WHP), 1999 WL 386714, at *3 (S.D.N.Y. June 11, 1999) (holding "that the purported

10

privilege had been waived due to the [party's] failure to comply with the requirements of the federal rules as well as this Court's local rules."); *Hurst v. F.W. Woolworth Co.*, No. 95 Civ. 6584-CSH, 1997 WL 61051, at *6 (S.D.N.Y. Feb. 11, 1997) (finding waiver for failure to produce adequate privilege log because the importance of the local and federal rules "should not be diminished by skirting their application when the results prove harsh to a party."). Contrary to the assertion that the relief Plaintiffs seek would be "extraordinary," the Second Circuit has upheld a finding of waiver in circumstances far less egregious than here. *See, e.g.*, *United States v. Constr. Prods. Research, Inc.*, 73 F.3d 464, 473-74 (2d Cir. 1996) (failure to provide adequately detailed court-ordered privilege log results in a waiver of privilege).

Having served a patently deficient Log, Argentina should not be permitted to further delay proceedings by supplementing its Log. *See Bruker v. City of New York*, No. 93 Civ. 3848(MGC)(HBP), 2002 WL 484843, at *6 (S.D.N.Y. Mar. 29, 2002) (rejecting party's attempt to provide a supplemental index since it "was not provided in accordance with the schedule established in" the Court's Order and thus "the new claims and assertions made therein have been waived"); *Yorkville Advisors*, 300 F.R.D. at 166 (neither the "Federal Rules of Civil Procedure nor the Local Civil Rules permit any party to make its assertions of privilege a moving target"). The August 13 Order provided a firm deadline (later extended with the Court's permission and the consent of Plaintiffs) by which Argentina was required to provide the Log. In their September 14 Letter, Plaintiffs invited Argentina to proffer any supplemental evidence to validate its claims of privilege. Argentina largely refused, preferring instead to rest on its objections. There is no opportunity to now amend or supplement the Log and Argentina's improper (and inadequate) attempt to supplement the Log must be rejected. To do so would defy

11

the well-established policy of this Circuit to deter practitioners from deliberately disobeying the Court's Rules.

2.      An order deeming Argentina's privileges against production to be waived is consistent with the law of this Circuit, entirely justified on the facts of this case, and well within the Court's authority.  As detailed herein, the Log is inadequate in both the level of detail of the entries and the completeness of the Log itself.  Such glaring and wholesale inadequacies, particularly in the face of an express order to provide a proper log, "undermines the very purpose of privilege logs, and promotes the kind of gamesmanship that courts discourage in discovery." *In re Honeywell Sec. Litig.*, 230 F.R.D. 293, 299-300 (S.D.N.Y. 2003).

As the Second Circuit has held, where, as here, a "party seeks to frustrate [the Federal Rules] by disobeying discovery orders, thereby preventing disclosure of facts essential to the adjudication on the merits, severe sanctions are appropriate," including a finding of waiver. *Daval Steel Prods v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991).  As Courts in this Circuit have recognized, "[i]t should be clear to all attorneys that the Federal Rules of Civil Procedure and the Local Civil Rules are not starting points for a discussion concerning the handling of privileged documents nor are they merely suggested practice guidelines that attorneys are free to disregard.  They are *rules*, and in the absence of a Court Order or [a] stipulation providing otherwise, they must be obeyed." *FG Hemisphere Assocs. LLC v. Republique Du Congo*, No. 01 Civ. 8700, 2005 WL 545218, at *5 (S.D.N.Y. 2005) (emphasis in original) (holding that a foreign sovereign waived its privileges against production).  "Although the result of waiver is harsh, the federal and local rules' 'importance should not be diminished by skirting their application when the results prove harsh to a party.'" *Honeywell*, 230 F.R.D. at 299.  As Argentina's own counsel has recognized, where a party has "flouted discovery

procedures," "ignored its obligation to provide such discovery," and "has [not] cooperated with Plaintiff and this Court throughout the parties' discovery dispute" that is the very type of "situation where waivers of privilege are imposed." [9]   Def.'s Memorandum of Law in Opposition to Plaintiff's Motion To Compel Discovery at 22, *GP Hemisphere Assoc. L.L.C. v. Republic of Nicaragua*, No. 99 Civ. 10302 (WHP) (S.D.N.Y. June 30, 2003) (Hessney Decl. at Exh. K).   Because this is exactly the situation presented here, a finding of waiver certainly is appropriate.   Refusing to find waiver and permitting Argentina and its counsel further opportunities to supplement the inadequate Log "effectively tells practitioners they can flout the Court's Rules and incur no sanction other than an Order directing compliance with the rules. Such a result would only encourage disregard of the Court's Rules."  *PKFinans Int'l Corp. v. IBJ Schroder Leasing Corp.*, No. 93 Civ. 5375(SAS)(HBP), 1996 WL 525862, at *4 (S.D.N.Y. Sept. 17, 1996); *see also Dimensional Sound, Inc. PPX v. Rutgers Univ.*, No. 92 CIV. 2350 (DLC), 1996 WL 11244, at * 3 (S.D.N.Y. Jan. 10, 1996) (The Federal Rules are intended "to deter those that who might be tempted to such conduct in the absence of such a deterrent.") (quoting *Valentine v. Museum of Modern Art*, 29 F.3d 47, 49 (2d Cir. 1994)).

Even if, implausibly, Argentina and Cleary's conduct was deemed not in bad faith and is mere negligence, a finding of waiver is still warranted.   There is no question that the failure of

---

[9]   There is no doubt that Cleary is fully familiar with the manner in which a privilege claim must be asserted and logged based on past experience litigating these very issues.  *See, e.g.*, *In re Sveaas*, 249 F.R.D. 96, 100-02 (S.D.N.Y. 2008) (compelling Mr. Blackman's clients, Mexican financier David Martinez and art dealer Dominique Levy, to turn over documents identified as privileged and noting the need to separately log emails and attachments); *Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 235 (E.D.N.Y. 2007) (in litigation where Mr. Blackman and Cleary represented French Bank Credit Lyonnais the Court noted that "[t]he party asserting a protection or privilege must not only sufficiently assert the basis therefor [sic], but must also timely produce a privilege log" and "[f]ailing to include sufficiently descriptive information may result in a finding that the privilege has not been established"); Memorandum Of Law In Support Of National Westminster Bank PLC's Motion To Compel Production of Documents And Answers To Interrogatories at 8, 12, *Weiss v. Nat'l Westminster Bank PLC*, 1:05-cv-04622-DLI-MDG (E.D.N.Y. Dec. 19, 2006), ECF 85-2 (in litigation where Mr. Blackman and Cleary represented Westminster Bank, the Court noted that "the burden of establishing" the applicability of a claimed privilege is on "the party resisting discovery").

Argentina and its counsel to comply with the Discovery Order and the August 13 Order has severely prejudiced Plaintiffs.[10]   It has been over three years since the discovery was served, two years since the Court ordered Argentina to produce all responsive documents and information within 30 days, and ten months since the Second Circuit affirmed the Court's order in "all respects."   Yet Plaintiffs have received **no** documents or information about Argentina's assets and are in possession of a Log that fails to demonstrate the applicability of the claimed privileges and deprives them of the opportunity to challenge Argentina's assertions of privilege.   These failures have directly contributed to Plaintiffs' inability to determine if there are assets that could be seized to partially satisfy their judgments against Argentina and have caused Plaintiffs to incur unnecessary expenses, including the filing of this motion.   Indeed, as this Court has previously recognized:

> I'm sure you've heard or read what I've said many, many times, that all of this very strained, drawn-out, expensive effort, expensive for a lot of people, and difficult for a lot of people, all of this is caused by the utter recalcitrance of the Republic in not paying its judgments debts.

---

[10]      Argentina, with Cleary's participation, has acted in bad faith in continually and willfully defying unambiguous Court orders.  Plaintiffs have been prejudiced.  The requested relief is therefore appropriate.  As the Court previously recognized:

> It would be very nice if the combination of Cleary Gottlieb and the Republic of Argentina could help us through this mess.  But I don't see any move on the part of the Cleary Gottlieb firm or the Republic to do so, not anything, nothing. . . Why?  It isn't because they are interested in difficult legal problems.  It's because your client defended by your firm persists in defying the court and defying, defying may not be the best work in the second round, but in refusing deliberately to honors its obligations.  I don't see any sign of Cleary Gottlieb helping to lead us out of this.  I don't see any sign of the Republic helping to lead us out of this all.

Feb. 23, 2012 Hr'g Tr. at 31:9-31:22, *NML Capital, Ltd. v. Republic of Argentina*, 08-cv-06978-TPG (Hessney Decl. Exh. L).

Mar. 26, 2012 Hr'g Tr. at 7:18-22., *NML Capital*, *Ltd. v. Republic of Argentina*, 08-cv-06978-TPG (Hessney Decl. at Exh. M).[11]

## B.   The Waiver of Privilege Extends To Any Documents Not Appearing On The Log.

For the avoidance of doubt, to the extent that responsive documents exist but are not identified in the Log, any privilege as to those documents has now unquestionably been waived, and Plaintiffs are entitled to receive that material from either Argentina or its agents.

This waiver obviously encompasses the responsive documents that Argentina and Cleary reviewed and decided were not privileged.  But it also covers the responsive materials for which Argentina and Cleary did not search and the responsive materials over which Argentina and Cleary might have wanted to assert privilege, but chose not to include on the Log.  Indeed, Argentina's scant Log strongly suggests that Argentina either failed to conduct a complete search for responsive documents, or that Argentina simply chose to omit numerous documents from the Log.

Argentina's scant Log cannot possibly be complete and the September 25 Letter all but confirms this fact.  The Log covers a 12-year time period during which there was continuous litigation activity handled primarily by Cleary attorneys Carmine Boccuzzi and Jonathan Blackman, but includes only 502 entries in total, very few of which identify Messrs. Boccuzzi and Blackman, with numerous months-long periods for which there are no entries at all.  When challenged about the skimpy Log and obvious omissions, Cleary admits that it provided an incomplete log saying that it need not disclose responsive documents because, purportedly,

---

[11]    Argentina has a demonstrated history of bad faith and willful defiance of the authority of the Court and the Federal and Local Rules.  Argentina has been previously sanctioned for failure to comply with discovery and has twice been held in contempt.  *See* Order, *Aurelius Capital Partners L.P. v. Republic of Argentina*, No. 07-cv-2715 (TPG) (S.D.N.Y. May 29, 2009) (holding Argentina in contempt for failure to obey discovery orders); *see also* Order, *NML Capital*, *Ltd. v. Republic of Argentina*, No. 08-cv-6978 (TPG) (S.D.N.Y. Sept. 29, 2014).

Plaintiffs were "well aware" of the existence of potential assets as a result of their efforts to attach them.  Cleary makes weak excuses for additional omissions Plaintiffs noted, including that several multi-month long gaps in the Log occurred years ago or coincided with holidays, and that Messrs. Boccuzzi and Blackman are in fact copied on numerous communications.  Cleary also failed to specifically address the questions in Plaintiffs' Counsel's September 14 Letter regarding the locations searched for documents and whether the responsiveness criteria applied when conducting such searches was consistent with the Discovery Order.  Cleary does not refute Plaintiffs' assertion that the Log does not appear to include *any* entries identifying documents from Argentina's files (as distinct from documents in Cleary's possession) and has also failed to specify the definition of Argentina applied to its document searches.   These failures confirm the obvious—that Argentina persists in its obstructive discovery practices, and that the Log is woefully incomplete.

* * *

This Court should not further indulge Argentina's numerous and longstanding discovery deficiencies.  Argentina had the opportunity to assert any privileges against discovery and utterly failed to do so.  This Court should thus follow through on the warning contained in its August 13 Order and deem Argentina's privileges waived for all documents responsive to the Discovery Requests.

## POINT II

**ARGENTINA HAS WAIVED ITS PRIVILEGES FOR THE ADDITIONAL REASON THAT IT FAILED TO MEETS IT BURDEN TO ESTABLISH THAT THE ATTORNEY-CLIENT PRIVILEGE, WORK PRODUCT DOCTRINE, DELIBERATIVE PROCESS PRIVILEGE OR ANY PRIVILEGE OR PROTECTION PREVENTS DISCLOSURE OF <u>DOCUMENTS RESPONSIVE TO THE DISCOVERY REQUESTS.</u>**

Argentina has waived its privileges for the additional reason that it failed to meets it burden to establish that any privilege or protection applies to prevent disclosure of withheld

documents.   Argentina justifies its failure to produce responsive asset-related documents by contending (implausibly) that the attorney-client privilege, work-product protection and deliberative process privilege apply to prevent Plaintiffs' access to all such information.   In order to satisfy its burden of establishing the application of asserted privileges to the documents withheld, Argentina's Log must "as to each document . . . set[] forth specific facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed." *Yorkville*, 300 F.R.D. at 158; *see also McNamee,* 2014 WL 1338720, at *4.   Argentina's deficient Log certainly cannot sustain its burden to show that any particular document is privileged on any of the grounds it asserts.   It therefore has waived any privilege or protection as to any such documents.

For example, Argentina has patently failed to establish the applicability of any privilege with respect to those documents shared with unspecified members of a "Listserv" for the simple reason that without identifying the persons who are the senders or recipients of these communications, there is no way to determine if all persons included in the email group were clients and counsel, or if the communications went to third parties whose inclusion resulted in a waiver of the purported privilege (or would have made the communication not privileged in the first instance).  *See Wultz v. Bank of China Ltd.*, 979 F. Supp.2d 479, 497 (S.D.N.Y. 2013) (where a privilege log identifies an entire department as the recipient of sender of an email, the party must provide additional "adequate information about the individual authors and recipients" of those email chains).[12]

---

[12]    Argentina and Cleary have also failed to provide any evidence to substantiate their assertions that all the individuals included on the Listservs groups were within the privilege and that it would be unduly burdensome to require them to identify the specific persons included in these distribution groups.

**A.     The Attorney Client Privilege Has Not Been Properly Invoked
        <u>Or Shown To Be Applicable.</u>**

"To invoke the attorney-client privilege, a party must demonstrate that there was: (1) a communication between client and counsel, which (2) was intended to be and was in fact kept confidential, and (3) made for the purpose of obtaining or providing legal advice." *Construction Products Research*, 73 F.3d at 473.  Argentina's failure to identify the title and/or position of the persons listed as senders or recipients on the Log and its refusal to identify the individuals comprising certain "Listserves," constitutes an obvious failure to show that there was a "communication between client and counsel" and that the communication was "confidential." *Id.*

Nor has Argentina shown that the withheld documents contain communications for the purpose of obtaining legal advice.  The fact that a document reflects a communication between Cleary and Argentina does not provide a sufficient basis to withhold such communications.  *See, e.g.*, *SR Int'l Bus. Ins. Co. v. World Trade Center Properties*, *LLC*, No. 01 Civ. 9291(JSM), 2003 WL 193071, at *1 (S.D.N.Y. Jan. 29, 2003) ("Discoverability of a communication depends on its nature, rather than its source.") (internal citation and quotation marks omitted); *Koumoulis v. Indep. Fin. Mktg. Grp., Inc.*, 295 F.R.D. 28, 37 (E.D.N.Y. 2013) ("The mere fact that a communication is made directly to an attorney, or an attorney is copied on a memorandum, does not mean the communication is necessarily privileged.").  The Log, despite its blanket assertions of attorney-client privilege for 487 of the 502 entries, fails to establish that the communications withheld on the basis of the attorney-client privilege are in fact communications between a lawyer and client for the purpose of obtaining legal advice.

**B.      Argentina Has Failed To Establish The Applicability Of
The Work Product Protection.**

Argentina's Log also fails to establish the applicability of the work-product privilege.

The Log asserts work-product protection for 483 of the 502 documents listed, but sets forth no

facts establishing that the specific documents being withheld on that basis were actually

"prepared in anticipation of litigation" and "prepared by or for a party, or by his representative."

*Allied Irish Banks v. Bank of Am.*, *N.A.* 240 F.R.D. 96, 105 (S.D.N.Y. 2007).  As a result, the

work-product protection cannot be invoked.   *See Construction Products Research*, 73 F.3d  at

473 (denying work-production protection when a party's privilege log "simply [did] not provide

enough information to support the privilege claim.").

**C.      Argentina Waived Privilege As To Numerous Documents
By Disclosing Them to Third Parties.**

Argentina's Log also shows that it affirmatively waived privilege with respect to

numerous documents by disclosing them to third parties.  *See HSH Nordbank AG New York*

*Branch v. Swerdlow*, 259 F.R.D. 64, 71 (S.D.N.Y. 2009) ("[D]isclosure of attorney-client

communications to a third party or communications with an attorney in the presence of a third

party . . . vitiates the confidentiality required for asserting the privilege.") (internal citation and

quotation marks omitted).  Argentina does not provide any support for its belated and improper

assertion that the "common interest" doctrine protects disclosure of those documents disclosed to

persons outside of the Argentine government, including two commercial banks (Commerzbank

and Deutsche Bank) and, inexplicably, the "Frankfurter Buchmesse — Ausstellungs- und Messe

GmbH" (in translation, "Frankfurt Book Fair – Exhibit and Congress GmbH.")  (Hessney Decl.

at Exh. G) at Appendix A. p. 3.  The "common interest" doctrine cannot possibly apply to

communications with persons who are not parties or counsel in this litigation because it only

"serves to protect the confidentiality of communications passing from ***one party*** to the ***attorney***

19

for ***another party*** where a joint defense effort or strategy has been decided upon and undertaken ***by the parties and their respective counsel***."[13]   *United States v. Schwimmer*, 892 F.2d 237, 243 (2d Cir. 1989) *cert. denied*, 502 U.S. 810 (1991) (emphasis added).

**D.**     **The Deliberative Process Privilege Has Not Been Properly Invoked.**

The Log (and its purported supplement) also fails to establish the applicability of the deliberative process privilege.  The deliberative process privilege is "discretionary" and "the party asserting the privilege bears the burden of proof."  *In re Grand Jury Subpoena Dated August 9, 2000*, 218 F. Supp. 2d 544, 553 (S.D.N.Y. 2002).  The privilege "does not provide a blanket basis upon which to withhold documents that an agency has created during its decision-making process . . . if that were the case, the deliberative process privilege would provide an exemption from the discovery rules for decision-making agencies generally—and that, of course, is not the law."  *Yorkville Advisors*, 300 F.R.D. at 161.  A document "may be withheld pursuant to the deliberative process privilege if it is: (1) 'predecisional,' *i.e.*, 'prepared in order to assist an agency decisionmaker in arriving at his decision' and (2) 'deliberative' *i.e.* 'actually . . . related to the process by which policies are formulated.'"  *Nat'l Council of La Raza v. Dep't of Justice*, 411 F.3d 350, 356 (2d Cir. 2005) (internal citations omitted).  A privilege log invoking this privilege, therefore, must include "a description of the decision to which the documents relate, the date of the decision, the subject matter of the documents at issue, the nature of the opinions and analyses offered, the date the documents were generated, the roles of the [individuals] who authored or received the withheld document and the number of [individuals] among whom the

---

[13]     Furthermore, "[T]he common interest rule is narrowly construed," and its assertion requires evidence that the persons claimed to have a common interest with Argentina reached an agreement to pursue a common legal strategy *prior* to the communication taking place.  *Denney v. Jenkens & Gilchrist*, 362 F. Supp. 2d 407, 415 (S.D.N.Y. 2004).

documents were circulated." *Auto Club of New York*, *Inc. v. Port Authority of New York & New Jersey*, 297 F.R.D. 55, 60 (S.D.N.Y. 2013).

Just like its claims of the attorney-client privilege and work-product protection, Argentina fails to set forth requisite facts to satisfy its burden of establishing that the deliberative process privilege applies to any of the 7 documents and communications Argentina is withholding.  And even if the Log "satisfies these requirements" that "does not mean that the deliberative process privilege bars disclosure," if—for example—it is adopted or incorporated into a final decisional. *National Council of La Raza*, 411 F.3d at 356.  Argentina does not provide any factual basis that would permit the Court to evaluate whether such circumstances apply here.

**E.      The Identity And Location Of Assets, The Structure Of A**
**          Particular Transaction, And Similar Factual Information**
**          Is Not Privileged And Must Be Immediately Disclosed.**

It is evident from Argentina's Log that many of the documents, portions of documents, and information Argentina is withholding from Plaintiffs merely disclose the identity and location of Argentina's assets, or other facts regarding financial transactions.  *See, e.g.*, *Republic of Argentina v. NML Capital, Ltd.*, 134 S.Ct. 2250, 2254 (2014) ("The rules governing discovery in postjudgment execution proceedings are quite permissive"); *Thai Lao Lignite (Thailand) Co. Ltd. v. Gov't of the Lao People's Democratic Republic*, 924 F. Supp. 2d 508 (S.D.N.Y. 2013) (information about foreign sovereign's accounts—including diplomatic accounts—fell within the broad post judgment discovery in aid of execution that is the norm in federal and New York courts).  Argentina cannot withhold this information under the guise of privilege.  The attorney-client "privilege only protects disclosure of communications;  it does not protect disclosure of the underlying facts by those who communicated with the attorney."  *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981).  "A party cannot conceal a fact merely by revealing it to his lawyer." *Id.* at 396.  A claim of privilege, therefore, cannot be used as a means to conceal assets to prevent

21

the satisfaction of a judgment.  *G-Fours*, *Inc. v. Miele*, 496 F.2d 809, 813 (2d Cir. 1974)

(affirming finding of contempt after nonparty refused to answer written interrogatories regarding

a party's assets based on an assertion of privilege);  *In re Donald Sheldon & Co.*, 191 B.R. 39, 48

(S.D.N.Y. 1996) (noting that the Second Circuit has held asset information is "not privileged if

the [parties] were trying to conceal their assets from a judgment-creditor" even "if the parties

intended the communications to be confidential");  *Monticello Tobacco Co. v. Am. Tobacco Co.*,

12 F.R.D. 344, 345 (S.D.N.Y. 1952) (noting that privileges against production "do[] not extend

to money or property received by, or in the custody or control of, the attorney, for he is acting as

agent for his client with respect thereto.");  *United States v. Black*, No. 1:00-cr-15-SPM, 2011

WL 2413401, at *1 (N.D. Fla. June 15, 2011) ("A claim of privilege cannot be used to hide

assets.").

       Argentina's Log contains various references to assets and transactions.  These documents

thus disclose information about Argentina's assets, and Argentina cannot refuse to produce these

documents based on its vague assertions of privilege.

## POINT III

### CLEARY, AS AGENT FOR ARGENTINA, AND OFFICERS OF THE COURT, MUST PRODUCE TO PLAINTIFFS ALL DOCUMENTS LISTED ON ARGENTINA'S PRIVILEGE LOG AND RESPONSIVE TO THE DISCOVERY REQUESTS

       Cleary, as agent for Argentina and the recipient of a separate subpoena, has an

independent obligation to produce to Plaintiffs all documents and information within its control

that are responsive to the Discovery Requests.  Federal Rule of Civil Procedure 34 requires a

party to produce all responsive documents within its "possession, custody, and control," and

documents and information in the possession of party's agent—including the party's attorneys—

are deemed to be within the party's possession, custody, and control.  *See Am. Rock Salt Co. LLC*

*v. Norfolk S. Corp.*, 228 F.R.D. 426, 457 (W.D.N.Y. 2004) ("[D]ocuments held by a party's

agent are deemed to be in a party's control."); Restatement (Second) of Agency § 14 cmt. (B)

(1958) (describing lawyers as "recognized agents"); Stephen Gillers, Regulation of Lawyers 60

(5th ed. 1998) ("Lawyers are their clients' agents" and the "law of agency therefore applies to

the client-lawyer relationship.").

>   It is well recognized that:

>>   Documents in the possession of a party's attorney may be
>>   considered to be within the control of the party.  Thus, documents
>>   turned over by a party to the party's attorney remain within the
>>   party's control.  In addition, if an attorney comes into possession
>>   of a document *as attorney for the party* his possession of the
>>   documents is the possession of the party.  While there may be an
>>   arguable basis for disputing control with respect to a document
>>   created, at least in part, by a party's attorney, the better reasoned
>>   view is that such a document should be considered within the
>>   party's control.

7 Moore's Federal Practice § 34.12[2] (3d ed.) (emphasis in original).  The law in the Second

Circuit accords with this principle, and recognizes that documents and information cannot be

privileged merely because they are in possession of an attorney.  *See, e.g.*, *Ratliff v. Davis Polk

& Wardell*, 354 F.3d 165, 170 (2d Cir. 2003) (recognizing that "documents held by an attorney

in the United States on behalf of a foreign client . . . are as susceptible to subpoena" and "obtain

no special protection because they are housed [with] a law firm;  any other rule would permit a

person to prevent disclosure of any of his papers by the simple expedient of keeping them in the

possession of his attorney."); *Riddell Sports Inc. v. Brooks*, 158 F.R.D. 555, 559 (S.D.N.Y. 1994)

("[T]he collection of evidence, without any creative or analytic input by an attorney or his agent,

does not qualify as work product.").

>   In *Chevron Corp.  v. Donziger*, 296 F.R.D. 168, 186 (S.D.N.Y. 2013), the plaintiffs

moved to compel the defendants "to produce documents in the possession, custody, or control of

their attorneys in Ecuador."  The Court ordered production, holding that Rule 34 required the lawyers to produce responsive documents within their possession, custody, or control under threat of sanctions, relying in part on the party's history of demonstrated bad faith.  *Id.*  As the Court noted, "***[w]here, as here, a party actively seeks legal impediments to justify its non-production, selectively determines when it will produce documents and when it will not, and continues to assert objections to discovery that long have been rejected, that party has willfully and culpably failed to produce evidence***," justifying requiring the attorney to produce documents.  *Id.* at 222 (emphasis added).  The Court has the inherent authority and "the power to enforce its orders" and therefore may require Cleary "to turn over the documents."  *In re Chevron Corp.*, 749 F. Supp. 2d 170, 179 (S.D.N.Y. 2010); *see also Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 831 (1994) (recognizing that "[c]ourts independently must be vested with 'power to impose'" compliance with their "lawful mandates.").

In addition, Cleary has an ethical obligation to produce the requested information to Plaintiffs.[14]  "[A]n attorney is subject to disciplinary proceedings if he suppresses or conceals relevant evidence from a court or opposing party," including "documents, or physical evidence, and other materials." *Fabrication or Suppression of Evidence as Ground of Disciplinary Action Against Attorney*, 40 A.L.R.3d 169 §2[a].  The New York Rules of Professional Conduct prohibit lawyers from flouting the rules of civil procedure and, in particular, Rule 3.4 provides that a lawyer shall not "suppress any evidence that the lawyer or the client has a legal obligation to reveal or produce."  Properly requested evidence "must be produced unless there is a good faith basis for not doing so."  *Id.* Comment [2].  The New York State Bar interprets this rule to mean that "an attorney must be proactive and non-evasive in the discovery process, and, in particular,

---

[14]     *See Grievance Committee for the Southern District of New York v. Simels*, 48 F.3d 640, 644 (2d Cir. 1995) (recognizing the "power of federal district courts to supervise the conduct of attorneys.").

be fully knowledgeable in the areas of identifying, preserving, and producing relevant"

documents, communications and other electronically stored information.  *Attorney*

*Professionalism Forum*, New York State Bar Journal, 85-APR N.Y. St. B.J. 50 (March/April

2013).  In addition, Rule 3.3 prevents a lawyer from "intentionally or habitually" violating "any

established rule of procedure or evidence."  *See In re Abrahams*, 5 A.D.3d 21 (2d Dep't 2003)

(holding that an attorney's failure to respond to discovery demands on behalf of its client, despite

a court order to do so, constituted a violation of Rule 3.3); *In re Goll*, 27 A.D.3d 131, 133 (2d

Dep't 2006) (sanctioning an attorney for failure to produce relevant information).  Cleary may

not—consistent with its ethical obligations and in good faith—continue to withhold responsive

documents and information within its possession, custody, and control, regardless of the

instructions of its client.  *See In re Gilly*, 976 F. Supp. 2d 471, 478 (S.D.N.Y. 2013) (holding that

an attorney violated Rules 3.3 and 3.4 by failing "to produce the documents in a timely

manner"); *see also In re Filosa*, 976 F. Supp. 2d 460 (S.D.N.Y. 2013) (same).

As the Log itself reflects, there is no question that Cleary is in possession of relevant

documents that Argentina is required—by law—to provide to Plaintiffs.  Independent of

Argentina's unequivocal obligation to produce the withheld documents, Cleary—as agent for

Argentina and officers of the court—should be compelled to produce all documents in its

possession, custody, or control that are responsive to the Discovery Requests.

## CONCLUSION

For the forgoing reasons, Plaintiffs respectfully request that the Court enter an order

deeming Argentina to have waived all privileges against production and requiring Argentina, and

Cleary, as agent for Argentina, to produce to Plaintiffs all documents and information responsive

to the Discovery Requests within their possession, custody, and control, including those listed on

the Log.

Dated: New York, New York
      October 16, 2015

DECHERT LLP


/s/ Robert A. Cohen
Robert A. Cohen
Debra D. O'Gorman
Collin F. Hessney
1095 Avenue of the Americas
New York, New York 10036-6797
(212) 698-3500

*Attorneys for Plaintiff NML Capital, Ltd.*


FRIEDMAN KAPLAN SEILER
   & ADELMAN LLP

/s/ Edward A. Friedman
Edward A. Friedman
Daniel B. Rapport
Eric J. Finkelstein
7 Times Square
New York, New York 10036-6516
(212) 833-1100

*Attorneys for Plaintiffs Aurelius Capital Partners, LP,*
*Aurelius Capital Master, Ltd., ACP Masters, Ltd.,*
*Aurelius Opportunities Fund II, LLC and Blue Angel*
*Capital I, LLC*