# Exhibit 1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NML CAPITAL,<br><br>　　　　　　　　　　　　　　　　Plaintiff,<br><br>　　　　- against -<br><br>THE REPUBLIC OF ARGENTINA,<br><br>　　　　　　　　　　　　　　　　Defendant. | 08 Civ. 6978 (TPG)<br>09 Civ. 1707 (TPG)<br>09 Civ. 1708 (TPG) |
| AURELIUS CAPITAL MASTER, LTD. and ACP MASTER, LTD.,<br><br>　　　　　　　　　　　　　　　　Plaintiffs,<br><br>　　　　- against -<br><br>THE REPUBLIC OF ARGENTINA,<br><br>　　　　　　　　　　　　　　　　Defendant. | 09 Civ. 8757 (TPG)<br>09 Civ. 10620 (TPG) |
| AURELIUS OPPORTUNITIES FUND II, LLC and AURELIUS CAPITAL MASTER, LTD.,<br><br>　　　　　　　　　　　　　　　　Plaintiffs,<br><br>　　　　- against -<br><br>THE REPUBLIC OF ARGENTINA,<br><br>　　　　　　　　　　　　　　　　Defendant. | 10 Civ. 1602 (TPG)<br>10 Civ. 3507 (TPG)<br><br>*(captions continue on following pages)* |

**[PROPOSED] ORDER**

| | |
|---|---|
| AURELIUS CAPITAL MASTER, LTD. and AURELIUS OPPORTUNITIES FUND II, LLC,<br><br>Plaintiffs,<br><br>- against -<br><br>THE REPUBLIC OF ARGENTINA,<br><br>Defendant. | 10 Civ. 3970 (TPG)<br>10 Civ. 8339 (TPG) |
| BLUE ANGEL CAPITAL I LLC,<br><br>Plaintiff,<br><br>- against -<br><br>THE REPUBLIC OF ARGENTINA,<br><br>Defendant. | 10 Civ. 4101 (TPG)<br>10 Civ. 4782 (TPG) |
| OLIFANT FUND, LTD.,<br><br>Plaintiff,<br><br>- against -<br><br>THE REPUBLIC OF ARGENTINA,<br><br>Defendant. | 10 Civ. 9587 (TPG) |
| PABLO ALBERTO VARELA, et al.,<br><br>Plaintiffs,<br><br>- against -<br><br>THE REPUBLIC OF ARGENTINA,<br><br>Defendant. | 10 Civ. 5338 (TPG) |

2

## [PROPOSED] ORDER

WHEREAS, in Orders dated December 7, 2011, and December 13, 2011, this Court found that, under Paragraph 1(c) of the 1994 Fiscal Agency Agreement ("FAA"), the Republic of Argentina (the "Republic") is "required . . . at all times to rank its payment obligations pursuant to NML's Bonds at least equally with all the Republic's other present and future unsecured and unsubordinated External Indebtedness".

WHEREAS, in its December 7, 2011 and December 13, 2011 Orders, this Court granted partial summary judgment to Plaintiffs on their claims that the Republic repeatedly had breached, and continued to breach, its obligations under Paragraph l(c) of the FAA by, among other things, "ma[king] payments currently due under the Exchange Bonds, while persisting in its refusal to satisfy its payment obligations currently due under [Plaintiffs'] bonds".

WHEREAS, in an Order dated February 23, 2012, entered in the above-captioned actions (the "February 23 Orders"), this Court granted Plaintiffs' motions for equitable relief as a remedy for such violations of the FAA pursuant to Rule 65(d) of the Federal Rules of Civil Procedure and the Court's inherent equitable powers.

WHEREAS, in an Order dated November 21, 2012 (collectively with the February 23 Orders, the "Injunction"), this Court issued a permanent injunction that provided, among other things, that:

> "Whenever the Republic pays any amount due under terms of the bonds or other obligations issued pursuant to the Republic's 2005 or 2010 Exchange Offers, or any subsequent exchange of or substitution for the 2005 and 2010 Exchange Offers that may occur in the future . . . the

3

Republic shall concurrently or in advance make a 'Ratable Payment' to NML."

WHEREAS, in issuing the Injunction, this Court found that (a) absent equitable relief, NML would have suffered irreparable harm; (b) there was no adequate remedy at law; (c) the balance of equities strongly supported issuing the Injunction; and (d) the public interest would be served by the issuance of the Injunction.

WHEREAS, the Republic has moved by order to show cause for an order, pursuant to Rules 54(b), 60(b)(5) and/or 60(b)(6) of the Federal Rules of Civil Procedure and the Court's inherent equitable powers, vacating the Injunction subject to certain conditions precedent.

WHEREAS, pursuant to Rules 54(b), 60(b)(5) and 60(b)(6) of the Federal Rules of Civil Procedure and this Court's inherent equitable powers, and due to significantly changed circumstances, this Court finds that, upon the occurrence of the conditions precedent specified below, applying the Injunction prospectively is no longer equitable and considerations of justice require vacating the Injunction.

Upon consideration of the Republic's motion, all responsive submissions thereto and all other arguments submitted to the Court, it is hereby:

ORDERED that, pursuant to Federal Rules of Civil Procedure 54(b), 60(b)(5) and 60(b)(6), and the Court's inherent equitable powers, the Injunction shall be deemed vacated, without further action of the Court, upon the occurrence of the following conditions precedent:

> (a) the Republic of Argentina takes action necessary to repeal or otherwise abridge Law 26,017 (the "Lock Law") and Law 26,984 (the "Sovereign Payment Law"); and

4

(b) with respect to any of the parties in the above-captioned matters or "Me Too" matters[1] that enters into a settlement agreement with the Republic of Argentina on or before February 29, 2016 (each a "Settling Party"), payment is made by the Republic of Argentina to all such Settling Parties (in accordance with the specific terms of each such Settlement Agreement) and certification that such payment was received by each Settling Party is made by the Republic of Argentina to this Court with simultaneous notice to the Settling Party;

and it is further

ORDERED that the payments to any Settling Parties described in paragraph (b) above are hereby authorized by this Court; and it is further

ORDERED that this Court shall retain jurisdiction to monitor and enforce this Order, and to modify and amend it as justice requires to achieve its equitable purposes and to account for changing circumstances.

Dated: February __, 2016
New York, New York

                                                      Thomas P. Griesa
                                                United States District Judge

---

[1] The "Me Too" actions can be found at: 14 Civ. 8601 (TPG); 14 Civ. 8988 (TPG); 14 Civ. 8630 (TPG); 14 Civ. 8242 (TPG); 14 Civ. 8946 (TPG); 14 Civ. 8947 (TPG); 14 Civ. 8303 (TPG); 14 Civ. 4092 (TPG); 14 Civ. 4091 (TPG); 14 Civ. 8739 (TPG); 14 Civ. 7258 (TPG); 14 Civ. 7739 (TPG); 15 Civ. 710 (TPG); 14 Civ. 8243 (TPG); 13 Civ. 8887 (TPG); 11 Civ. 4908 (TPG); 14 Civ. 10141 (TPG); 14 Civ. 5963 (TPG); 14 Civ. 1109 (TPG); 14 Civ. 3127 (TPG); 14 Civ. 10016 (TPG); 14 Civ. 7171 (TPG); 14 Civ. 7169 (TPG); 14 Civ. 7164 (TPG); 14 Civ. 7166 (TPG); 14 Civ. 7637 (TPG); 14 Civ. 10064 (TPG); 14 Civ. 9093 (TPG); 14 Civ. 10201 (TPG); 14 Civ. 9855 (TPG); 14 Civ. 5849 (TPG); 15 Civ. 1470 (TPG); 15 Civ. 1471 (TPG); 15 Civ. 1553 (TPG); 15 Civ. 1588 (TPG); 15 Civ. 1508 (TPG); 15 Civ. 2611 (TPG); 15 Civ. 5886 (TPG); 15 Civ. 2577 (TPG); 15 Civ. 5190 (TPG); 15 Civ. 4654 (TPG); 15 Civ. 3523 (TPG); 15 Civ. 4284 (TPG); 15 Civ. 4767 (TPG); 11 Civ. 8817 (TPG); 15 Civ. 6702 (TPG); 15 Civ. 3932 (TPG); 15 Civ. 7367 (TPG); and 15 Civ. 2369 (TPG).