UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
NML CAPITAL, LTD.,                          :
                                            :    08 Civ. 6978 (TPG)
          Plaintiff,                        :    09 Civ. 1707 (TPG)
                                            :    09 Civ. 1708 (TPG)
     v.                                     :    14 Civ. 8601 (TPG)
                                            :    14 Civ. 8988 (TPG)
THE REPUBLIC OF ARGENTINA,                  :
                                            :
          Defendant.                        :
------------------------------------------------------------ x
                                            :
AURELIUS CAPITAL MASTER, LTD. and           :
ACP MASTER, LTD.,                           :
                                            :    09 Civ. 8757 (TPG)
                                            :    09 Civ. 10620 (TPG)
          Plaintiffs,                       :
                                            :
     v.                                     :
                                            :
THE REPUBLIC OF ARGENTINA,                  :
                                            :
          Defendant.                        :
                                            :
------------------------------------------------------------ x
                                            :
AURELIUS OPPORTUNITIES FUND II, LLC         :
and AURELIUS CAPITAL MASTER, LTD.,          :    10 Civ. 1602 (TPG)
                                            :    10 Civ. 3507 (TPG)
          Plaintiffs,                       :
                                            :
     v.                                     :
                                            :
THE REPUBLIC OF ARGENTINA,                  :
                                            :
          Defendant.                        :
                                            :    **(captions continued on next page)**
------------------------------------------------------------ x

# **DECLARATION OF JAY NEWMAN**

```
------------------------------------------------------------ x
AURELIUS CAPITAL MASTER, LTD. and            :    10 Civ. 3970 (TPG)
AURELIUS OPPORTUNITIES FUND II, LLC,         :    10 Civ. 8339 (TPG)
                                             :
                    Plaintiffs,              :
                                             :
       v.                                    :
                                             :
THE REPUBLIC OF ARGENTINA,                   :
                                             :
                    Defendant.               :
------------------------------------------------------------ x
BLUE ANGEL CAPITAL I LLC,                    :
                                             :
                    Plaintiff,               :    10 Civ. 4101 (TPG)
                                             :    10 Civ. 4782 (TPG)
       v.                                    :    14 Civ. 8947 (TPG)
                                             :
THE REPUBLIC OF ARGENTINA,                   :
                                             :
                    Defendant.               :
------------------------------------------------------------ x
OLIFANT FUND, LTD.,                          :
                                             :
                    Plaintiff,               :    10 Civ. 9587 (TPG)
                                             :
       v.                                    :
                                             :
THE REPUBLIC OF ARGENTINA,                   :
                                             :
                    Defendant.               :
------------------------------------------------------------ x
AURELIUS CAPITAL PARTNERS, LP AND            :
AURELIUS CAPITAL MASTER, LTD.                :
                                             :
                    Plaintiffs,              :
                                             :
       v.                                    :
                                             :    14 Civ. 8946 (TPG)
THE REPUBLIC OF ARGENTINA,                   :
                                             :
                    Defendant.               :
------------------------------------------------------------ x
```

```
------------------------------------------------------- x
FFI FUND, LTD. AND FYI LTD.,                            :
                                                        :
                         Plaintiffs,                    :
                                                        :
         v.                                             :
                                                        :    14 Civ. 8630 (TPG)
THE REPUBLIC OF ARGENTINA,                              :
                                                        :
                         Defendant.                     :
------------------------------------------------------- x
```

Pursuant to 28 U.S.C. § 1746, Jay Newman declares as follows:

1. I am a Vice President of NML Capital, Ltd. ("NML"), plaintiff in certain of the above-captioned actions.

2. I respectfully make this Declaration to put before this Court certain facts about negotiations between NML, other plaintiffs in the above-captioned actions, (collectively, "Plaintiffs") and the Republic of Argentina ("Argentina") to resolve this pending litigation.

3. On dates in December 2015, and January 2016, along with another representative from NML and a representative from Olifant,[1] I met with two representatives of Argentina, Finance Secretary Luis Caputo and Vice Chief of the Cabinet Mario Quintana. The Special Master did not attend these meetings. During these meetings, Argentina orally presented an offer to settle claims with Plaintiffs, and Plaintiffs orally countered, but the parties did not reach an agreement.

4. On January 13, 2016, along with representatives from Plaintiffs and two other creditors, EM Ltd. and the Montreux group of plaintiffs,[2] I met with a single representative of Argentina, Secretary Caputo (accompanied by counsel for Argentina, Eugenio Bruno) and with

---

[1]   "Olifant" refers to Olifant Fund, Ltd., FFI Fund Ltd., and FYI Ltd.

[2]   Montreux Partners, L.P., Los Angeles Capital, Cordoba Capital, and Wilton Capital, Ltd.

the Special Master. This meeting lasted approximately one hour and thirty minutes and the discussion focused on process for future negotiations and the provisions of a non-disclosure agreement governing further settlement negotiations. Secretary Caputo refused to enter into a non-disclosure agreement, and demanded that Plaintiffs and Argentina exchange term sheets simultaneously at their next meeting. During the meeting, Plaintiffs stated that they would be willing to exchange term sheets via email in order to expedite the negotiation process. Secretary Caputo declined this offer. Following the January 13 meeting, NML spoke with the Special Master several times regarding Plaintiffs' desire to enter into a confidentiality agreement with Argentina regarding settlement negotiations. The Special Master urged NML and others to abandon the request for a non-disclosure agreement because Argentina would never agree to one.

5. On February 1, 2016, three representatives of Argentina from the Macri administration met with myself, representatives from other Plaintiffs, EM, and Montreux. Argentine representatives were not accompanied by transactional counsel. The meeting lasted approximately two hours, including a 30 minute break-out meeting. Argentina outlined its preliminary thoughts about their willingness to pay. Although Argentina did not make a formal proposal, its representatives suggested prices at which Argentina might be willing to settle.

6. On February 4, 2016, Plaintiffs presented the Argentine representatives with a term sheet for a settlement of their claims. Another group of creditors—the Varela plaintiffs—also attended this meeting. I attended this meeting. This meeting lasted about 20 minutes, and the Argentine representatives once again were not accompanied by transactional counsel. The Argentine representatives left the meeting immediately after Plaintiffs presented their term sheet and stated that they planned to leave for Buenos Aires on a flight that evening.

7. On February 5, 2016, a representative of NML received a telephone call from the Special Master during which the Special Master stated that Argentina would be willing to honor Plaintiffs' claims at a level in between the figures the parties discussed on February 1 and February 4. NML's representative responded that NML would be willing to settle with Argentina for that amount.

8. After that conversation with the Special Master, Argentina issued a public tender offer on February 5, 2016, offering 72.5 cents on the dollar to any creditor who had obtained an Injunction who agreed to the settlement by February 19, 2016, and 70 cents on the dollar to any creditor who had obtained an Injunction who agreed to the settlement thereafter. Other creditors could receive 150% of the principal amount of their bonds. These terms were lower than the terms that the Special Master had proposed to NML earlier that day.

9. On February 7, 2016, Plaintiffs sent a term sheet to the Special Master memorializing the terms of the verbal agreement in principle that the Special Master had described during the February 5, 2016 telephone conversation. The Special Master did not confirm whether he had forwarded the term sheet to the Argentine representatives. Argentina never responded to Plaintiffs' term sheet.

10. From February 7, 2016 to February 16, 2016, the Special Master had several discussions with representatives of Plaintiffs, during which the Special Master repeatedly asserted that certain terms Plaintiffs were requesting would be unacceptable to the Argentina, including a standard commercial escrow agreement to handle payment to Plaintiffs. The Special Master also informed NML of his view of how further discussions would occur, including: That the Special Master would be the drafter of any agreement in principle, and that the Special Master (not the parties) would announce any agreement in principle.

11.     On February 16, 2016, in response to Plaintiffs' numerous requests to meet, a representative from Argentina stated that Plaintiffs should send a term sheet, but did not further suggest that Argentina would agree to meet with Plaintiffs after receiving that term sheet.

12.     On February 17, 2016, Plaintiffs sent a binding term sheet to Secretary Caputo, Vice Cabinet Chief Quintana, and the Special Master.  The Special Master informed Plaintiffs that day that the term sheet did not merit a meeting.  But later that day, the Special Master called for a meeting of the principals of all Plaintiffs and Argentine representatives, to be held on February 18, 2016.

13.     On February 18, 2016, principals of Plaintiffs attended an in-person meeting with representatives of Argentina.  I attended this meeting.  The Special Master stated during the meeting that Argentina had not hired transaction counsel.  The meeting lasted approximately eight hours.  During that meeting, the parties reached an agreement on the price at which the parties would settle and agreed to memorialize their understanding and work through ancillary terms.

14.     On February 18, 2016, after the meeting, the Special Master sent Plaintiffs a term sheet.  The term sheet did not reflect the agreements that the parties had just reached.  The Special Master stated that he, not a lawyer or representative of Argentina, had drafted the terms. Plaintiffs revised the term sheet to reflect the parties' actual agreement and, on February 20, 2016, Plaintiffs sent the revised term sheet to Secretary Caputo, Vice Chief of Cabinet Quintana, and the Special Master.

15.     Since February 20, 2016, Plaintiffs continued to negotiate with Argentina, through the Special Master, regarding language implementing the mechanics of the transaction.

16. On February 29, 2016, Plaintiffs and Argentina executed agreements in principle to settle all claims related to this litigation. This agreement is conditional and subject to automatic termination if certain conditions are not met.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 29, 2016
New York, New York

_____
Jay Newman