# Exhibit 9

## **Republic of Argentina**

## **Master Settlement Agreement**

This Master Settlement Agreement (the "Agreement" or the "Settlement Agreement") is dated as of February 8, 2016, and is made, in accordance with the terms of the Proposal (as defined below), between the Republic of Argentina (the "Republic") and the Holder identified in item (i) of the Agreement Schedule signed by the parties in connection with this Agreement (such Agreement Schedule, when executed and exchanged by the Republic and the Holder, being an integral part of this Settlement Agreement). The Holder holds defaulted Republic of Argentina bonds as described in the Agreement Schedule.

The Republic and the Holder agree as follows:

1. Definitions

In this Agreement, the following terms shall have the meanings set out below:

"Agreement Schedule" means the completed Agreement Schedule signed (and exchanged) by the Holder and the Republic in the form set out as Exhibit A to this Agreement.

"Bonds" means the defaulted Argentine bonds owned (or beneficially owned) by the Holder as detailed in the attachment to the Agreement Schedule, but excluding any Prescribed Claims under such bonds.

"Closing Date" has the meaning given to that term in item (ii) of the Agreement Schedule.

"Holder" means the holder identified in item (i) of the Agreement Schedule.

"Injunction Offer Bonds" means defaulted Republic of Argentina bonds in respect of which a *pari passu* injunction has been rendered by the U.S. District Court for the Southern District of New York prior to February 1, 2016.

"Prescribed Claims" means claims (whether for principal or interest) arising under defaulted Republic of Argentina bonds as to which the contractual prescription period set out in the relevant instrument evidencing those bonds has expired.

"Proposal" means the proposal announced by the Republic on February 5, 2016.

"Settlement Amount" means the amount shown in item (iv) of the Agreement Schedule.

"Standard Offer Bonds" means all defaulted Republic of Argentina bonds (other than Injunction Offer Bonds) covered by the Proposal.

"Termination Date" has the meaning given to that term in item (v) of the Agreement Schedule.

2. Settlement

Subject to satisfaction of the conditions set out in Section 6 below, on the Closing Date the Republic shall pay to the Holder, in full settlement of the Holder's claims under the Bonds, the Settlement Amount. The Settlement Amount will be paid in U.S. Dollars or, in the case of Bonds denominated in Euros, in Euros. Payment of the Settlement Amount will be made in cash in freely-transferable, same-day funds against delivery of the Bonds as further described in Section 3(iii) below.

3. Payment and Release

The Holder agrees:

(i) to accept the Settlement Amount on the Closing Date in full discharge and satisfaction of all claims (whether for principal, interest, overdue interest, fees, expense reimbursement or any other amounts of whatever description) it may have under or in respect of the Bonds and any court judgment or arbitral award issued in respect of the Bonds;

(ii) in consideration for payment of the Settlement Amount to the Holder on the Closing Date on a "delivery versus payment" basis, to transfer the Bonds to such account in Argentina as the Republic may direct, free and clear of any liens, charges, claims, encumbrances, interests, rights of third parties and restrictions of any kind; and

(iii) on or prior to the Closing Date, to deliver to the Republic fully executed instruments reasonably acceptable to the Republic dismissing (with prejudice) any pending litigation or arbitral proceedings relating to the Bonds or, in the case of court judgments or arbitral awards rendered in respect of the Bonds, evidencing the satisfaction in full of the relevant judgment or award. Following the closing, the Holder hereby authorizes the Republic (or its legal counsel) to file appropriate documents with any administrative body, court, tribunal or other body before which any such

proceedings are pending or that has issued or recognized any payment order, judgment, arbitral award or other such order in respect of the Bonds in order to have the proceedings withdrawn, dismissed and discontinued with prejudice.

4. Mutual Representations and Warranties

Each of the Holder and the Republic hereby represents and warrants to the other as follows:

(i) it has full power and authority to enter into this Agreement and to perform its obligations hereunder;

(ii) in entering into this Agreement and performing its obligations hereunder it will not, to its knowledge, contravene any applicable law, regulation or contractual restriction or any order by any tribunal having jurisdiction over it;

(iii) it has taken all necessary action to authorize the execution and delivery of this Agreement and the performance of its obligations hereunder; and

(iv) other than the conditions set forth in section 6 (i) and (ii), any governmental authorizations or approvals of any kind required for the validity or enforceability against it of its obligations hereunder have been obtained or performed and are valid and subsisting in full force and effect.

5. Additional Representations and Warranties of the Holder

In addition, the Holder represents and warrants to the Republic as follows:

(i) it is the owner (or beneficial owner) of the Bonds and has all legal right, title and authority to sell and transfer the Bonds free from all liens, encumbrances or rights of third parties therein and to give a full and complete discharge and release of all amounts due under or in respect of such Bonds;

(ii) it has the full power and authority to receive the Settlement Amount as the full consideration for the sale and transfer of the Bonds and the discharge and

        release of all amounts due under or in respect of the Bonds;

  (iii) on the Closing Date, the Bonds will be transferred to the Republic free from all liens, encumbrances or rights of third parties therein; and

6. <u>Conditions</u>

  The settlement and release contemplated by Sections 2 and 3 above are subject to:

  (i) The repeal or abridgement of Law 26,017 (the "<u>Lock Law</u>") and Law 26,984 (the "<u>Sovereign Payment Law</u>") and the approval of the terms and conditinos of this Agreement by the Argentine Congress.

  (ii) The U.S. District Court for the Southern District of New York having permanently lifted all *pari passu* injunctions granted to certain holders of defaulted Argentine bonds.

  (iii) No action shall have been taken and no statute, rule, regulation or judicial order shall have been enacted, adopted or issued by any government or regulatory authority that would, as of the Closing Date, prevent any of the actions set forth in this Settlement Agreement from taking place.

  In the event that the above conditions are not satisfied during the Closing Period, a closing shall not occur, this Settlement Agreement shall terminate, and the parties shall have no further obligations to each other under this Settlement Agreement.

7. <u>Undertakings</u>

  (i) The Republic and the Holder each agree to consummate the settlement on the terms summarized herein on the Closing Date.

  (ii) After the Closing Date, the Holder undertakes not to acquire, directly or indirectly, any defaulted Argentine bonds or to commence any legal proceeding with respect thereto.

8. <u>Governing Law/ Jurisdiction</u>

This Agreement shall be subject to, and construed in accordance with, the law of the State of New York. The parties submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York in connection with any dispute or action relating to this Agreement.

9. <u>Immunity</u>

The Republic waives and agrees not to plead any immunity from suit (whether on the basis of sovereignty or otherwise) to which it may be entitled in connection with any action or proceeding commenced by the Holder to enforce this Settlement Agreement. This waiver of immunity does not extend to any assets or revenues of the Republic, wherever located.

*   *   *   *

Exhibit A -- Form of Agreement Schedule

## Argentina Agreement Schedule

This Agreement Schedule, dated as of date indicated in the signature page forms an integral part of the Master Settlement Agreement dated as of February 8, 2016 between the Republic and the Holder identified in item (i) below (the "Settlement Agreement"). Terms used but not defined in this Agreement Schedule have the meanings given to those terms in the Settlement Agreement.

This Agreement Schedule is being submitted in respect of
☐ Injunction Offer Bonds  ☑ Standard Offer Bonds [**check one**] owned (or beneficially owned) by the Holder.

(i) Name and address of Holder

> Red Pines LLC
>
> 901 Marquette Avenue South, Suite 3300
>
> Minneapolis, Minnesota 55402 USA
>
> Telephone: 952-374-5107
>
> Email:   mmach@varde.com
>
> Contact Person:  Matt Mach

(ii) Closing Date

> The Closing Date shall be the business day (in Buenos Aires and New York City) that the parties shall agree falling within the Closing Period.

(iii) Closing Period

> The Closing Period means the period beginning on the date of this Agreement Schedule and ending 120 days after that date; provided, however, that the Republic may, at its option and by written notice to the Holder, extend the Closing Period for a further period ending not later than 150 days after the date of this Agreement Schedule.

(iv) <u>Settlement Amount</u>

USD _____ or

EUR **129,837,113.80**

This Settlement Amount has been reconciled between the Republic and the Holder.

(v) <u>Termination Date</u>

The Termination Date means the last day of the Closing Period.

(vi) <u>Additional Undertaking for Holders of Injunction Offer Bonds</u>

*If this Agreement Schedule relates to Injunction Offer Bonds,* the Holder agrees:

At the request of the Republic, the Holder shall submit a motion to the U.S. District Court for the Southern District of New York (or shall join such a motion if submitted by other holders of defaulted Argentine bonds) requesting that the court permanently lift the *pari passu* injunctions granted to the Holder and certain other holders of defaulted Argentine bonds.

By executing counterparts of this Agreement Schedule in the space provided below and exchanging those counterparts, the parties agree to be bound by the terms of the Settlement Agreement, as completed by the information contained in this Agreement Schedule.

| Red Pines LLC | Republic of Argentina |
|---|---|
| /s/ *[signature]* | /s/ ____ |
| By: Matt Mach | By: Luis A. Caputo |
| Title: President | Title: Secretary of Finance |

DATE: 28-Feb-16

Attachment -- List of Bonds

Attachment to Agreement Schedule

## List of Bonds

| Caption of Bond | ISIN Number | Ccy | Amount of Original Principal Owned by Holder Local Face | EUR Face | Settlement Amount | Legal Action or Arbitration Pending? | Monetary Judgment or Arbitral Award Entered? |
|---|---|---|---|---|---|---|---|
| ARGENT 11 1/4 04/10/06 | DE0001319507 | DEM | 5,711,000 | 2,920,032.72 | € 4,380,049.08 | 14-09427 (S.D.N.Y.) | N |
| ARGENT 11 3/4 11/13/26 | DE0001348100 | DEM | 660,000 | 337,457.82 | € 506,186.73 | 14-09427 (S.D.N.Y.) | N |
| ARGENT 12 09/19/16 | DE0001340917 | DEM | 190,000 | 97,146.95 | € 145,720.42 | 14-09427 (S.D.N.Y.) | N |
| ARGENT 9 11/19/08 | DE0001767101 | DEM | 985,000 | 503,630.23 | € 755,445.34 | 14-09427 (S.D.N.Y.) | N |
| ARGENT 10 01/07/05 | XS0105694789 | EUR | 500,000 | 500,000 | € 750,000.00 | 14-09427 (S.D.N.Y.) | N |
| ARGENT 10 02/22/07 | XS0124528703 | EUR | 2,774,000 | 2,774,000 | € 4,161,000.00 | 14-09427 (S.D.N.Y.) | N |
| ARGENT 10 09/07/07 | DE0005450258 | EUR | 7,328,000 | 7,328,000 | € 10,992,000.00 | 14-09427 (S.D.N.Y.) | N |
| ARGENT 10 1/4 01/26/07 | DE0004509005 | EUR | 7,046,000 | 7,046,000 | € 10,569,000.00 | 14-09427 (S.D.N.Y.) | N |
| ARGENT 10 12/07/04 | DE0004500558 | EUR | 75,000 | 75,000 | € 112,500.00 | 14-09427 (S.D.N.Y.) | N |
| ARGENT 7 03/18/04 | XS0096960751 | EUR | 1,667,300 | 1,667,300 | € 2,500,950.00 | 14-09427 (S.D.N.Y.) | N |
| ARGENT 7 1/2 05/23/02 | ES0273541013 | EUR | 129,217.15 | 129,217.15 | € 193,825.73 | 14-09427 (S.D.N.Y.) | N |
| ARGENT 7 1/8 06/10/02 | XS0098314874 | EUR | 1,114,000 | 1,114,000 | € 1,671,000.00 | 14-09427 (S.D.N.Y.) | N |
| ARGENT 8 02/26/08 | XS0103457585 | EUR | 3,252,124 | 3,252,124 | € 4,878,186.00 | 14-09427 (S.D.N.Y.) | N |
| ARGENT 8 02/26/08 | DE0002966900 | EUR | 5,000 | 5,000 | € 7,500.00 | 14-09427 (S.D.N.Y.) | N |
| ARGENT 8 1/2 07/01/04 | DE0003089850 | EUR | 553,000 | 553,000 | € 829,500.00 | 14-09427 (S.D.N.Y.) | N |
| ARGENT 8 1/2 07/30/10 | XS0089277825 | EUR | 2,816,000 | 2,816,000 | € 4,224,000.00 | 14-09427 (S.D.N.Y.) | N |
| ARGENT 8 1/8 10/04/04 | XS0109203298 | EUR | 1,870,000 | 1,870,000 | € 2,805,000.00 | 14-09427 (S.D.N.Y.) | N |
| ARGENT 8 3/4 02/04/03 | XS0084071421 | EUR | 4,029,167 | 4,029,167 | € 6,043,750.50 | 14-09427 (S.D.N.Y.) | N |
| ARGENT 9 04/26/06 | DE0002998952 | EUR | 6,612,000 | 6,612,000 | € 9,918,000.00 | 14-09427 (S.D.N.Y.) | N |
| ARGENT 9 05/24/05 | USP8055KFQ33 | EUR | 1,816,000 | 1,816,000 | € 2,724,000.00 | 14-09427 (S.D.N.Y.) | N |
| ARGENT 9 05/26/09 | DE0003045357 | EUR | 16,809,000 | 16,809,000 | € 25,213,500.00 | 14-09427 (S.D.N.Y.) | N |
| ARGENT 9 06/20/03 | DE0002466208 | EUR | 14,335,000 | 14,335,000 | € 21,502,500.00 | 14-09427 (S.D.N.Y.) | N |
| ARGENT 9 07/06/10 | DE0002483203 | EUR | 41,000 | 41,000 | € 61,500.00 | 14-09427 (S.D.N.Y.) | N |
| ARGENT 9 1/2 03/04/04 | DE0002929452 | EUR | 6,288,000 | 6,288,000 | € 9,432,000.00 | 14-09427 (S.D.N.Y.) | N |
| ARGENT 9 1/4 07/20/04 | XS0113833510 | EUR | 3,156,000 | 3,156,000 | € 4,734,000.00 | 14-09427 (S.D.N.Y.) | N |
| ARGENT 9 1/4 10/21/02 | DE0003527966 | EUR | 484,000 | 484,000 | € 726,000.00 | 14-09427 (S.D.N.Y.) | N |
| Total | | | | 86,558,075.87 | € 129,837,113.80 | | |