

EDWARD A. FRIEDMAN
efriedman@fklaw.com
212.833.1102

March 2, 2016

BY ECF

Honorable Thomas P. Griesa
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *NML Capital, Ltd. v. The Republic of Argentina*
               Nos. 08 Civ. 6978, 09 Civ. 1707, 09 Civ. 1708, 14 Civ. 8601,
               14 Civ. 8988
           *Aurelius Capital Master, Ltd. v. The Republic of Argentina*
               Nos. 09 Civ. 8757, 09 Civ. 10620, 10 Civ. 3970, 10 Civ. 8339
           *Aurelius Opportunities Fund II, LLC v. The Republic of Argentina*
               Nos. 10 Civ. 1602, 10 Civ. 3507
           *Aurelius Capital Partners, LP v. The Republic of Argentina*
               No. 14 Civ. 8946
           *Blue Angel Capital I LLC v. The Republic of Argentina*
               Nos. 10 Civ. 4101, 10 Civ. 4782, 14 Civ. 8947
           *Olifant Fund, Ltd. v. The Republic of Argentina*
               No. 10 Civ. 9587
           *FFI Fund, Ltd. v. The Republic of Argentina*
               No. 14 Civ. 8630

Dear Judge Griesa:

        We represent plaintiffs Aurelius Capital Master, Ltd., Aurelius Opportunities Fund II, LLC, ACP Master, Ltd., Aurelius Capital Partners, LP, and Blue Angel Capital I LLC, and write on behalf of all the plaintiffs in the above-captioned actions in further response to the letter of the Republic of Argentina dated February 25, 2016.

        As Your Honor will recall, at the hearing yesterday (as well as in our papers and our proposed order), I requested that if the Court does enter an order at the request of the Republic, the order should contain a clarification, in keeping with Your Honor's Indicative Ruling. The requested clarification is to add: "For the avoidance of doubt, if Plaintiffs do not receive full payment in accordance with the specific terms of the AIP for any reason, including if Plaintiffs terminate the AIP on or after April 14, 2016 at 12:00 noon EST in accordance with the terms of the AIP, the Injunctions shall remain in place." The reason for the clarification is to make clear that when the Indicative Ruling says that for Injunctions to be vacated "the Republic must make full payment in accordance with the specific terms of

Honorable Thomas P. Griesa        - 2 -        March 2, 2016

each agreement," that necessarily precludes vacating Plaintiffs' Injunctions in the absence of full payment to them under Plaintiffs' Agreement in Principle dated February 28, 2016 (the "AIP"), even if the AIP has been terminated by Plaintiffs due to the Republic's non-payment.

        In addition to what I stated at yesterday's hearing, we respectfully submit that the requested clarification is necessary for one additional reason—it is consistent with the terms of the AIP, and, indeed, Argentina's opposition to the clarification is a breach of what Argentina agreed to in the AIP.

        Specifically, Argentina is asking for entry of an order that would not contain Plaintiffs' requested clarification, and Argentina has made clear that it would interpret that order to mean that if Argentina has failed to pay Plaintiffs—and Plaintiffs terminate the AIP after April 14 in accordance with the terms of the AIP—Plaintiffs' Injunctions would be vacated if Argentina makes payments to other settling parties.   In other words, Argentina is asking the Court to enter an order that (in Argentina's misguided view) would have the effect of vacating Plaintiffs' Injunctions even if Plaintiffs (who hold 65% of the pari passu claims) have not been not paid.

        Paragraph 5 of the AIP provides that while the AIP is in effect (and it is in effect now), "Argentina agrees that it will not request the Court to vacate or modify the Injunctions in the Plaintiffs' cases…., **other than automatically upon payment in full to the Plaintiffs of the amounts set forth in paragraphs 1 and 2 above**."  (Emphasis added.)   Thus, in violation of the terms of the AIP that it signed with Plaintiffs, Argentina is asking the court for an order that would vacate Plaintiffs' Injunctions even if Plaintiffs are not paid.  The AIP is clear—the only request Argentina can properly make for vacatur of Plaintiffs' Injunctions is that they be vacated "automatically upon payment in full to the Plaintiffs."  Thus Argentina's request for an order that does not contain Plaintiffs' clarification is inequitable, contrary to the Indicative Ruling and contrary to the AIP.

        Accordingly, if the Court enters an order, it should be the order proposed by Plaintiffs, which contains the clarification consistent with the Court's Indicative Ruling and the AIP.

        Respectfully submitted,

        *Edward A. Friedman*

        Edward A. Friedman

cc:    All Parties by ECF

Friedman Kaplan Seiler & Adelman LLP          3169352.3