

FRIEDMAN
KAPLAN
SEILER &
ADELMAN LLP

**EDWARD A. FRIEDMAN**
efriedman@fklaw.com
212.833.1102

March 3, 2016

<u>BY ECF</u>

Honorable Thomas P. Griesa
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *NML Capital, Ltd. v. The Republic of Argentina*
     Nos. 08 Civ. 6978, 09 Civ. 1707, 09 Civ. 1708, 14 Civ. 8601,
     14 Civ. 8988
     *Aurelius Capital Master, Ltd. v. The Republic of Argentina*
     Nos. 09 Civ. 8757, 09 Civ. 10620, 10 Civ. 3970, 10 Civ. 8339
     *Aurelius Opportunities Fund II, LLC v. The Republic of Argentina*
     Nos. 10 Civ. 1602, 10 Civ. 3507
     *Aurelius Capital Partners, LP v. The Republic of Argentina*
     No. 14 Civ. 8946
     *Blue Angel Capital I LLC v. The Republic of Argentina*
     Nos. 10 Civ. 4101, 10 Civ. 4782, 14 Civ. 8947
     *Olifant Fund, Ltd. v. The Republic of Argentina*
     No. 10 Civ. 9587
     *FFI Fund, Ltd. v. The Republic of Argentina*
     No. 14 Civ. 8630

Dear Judge Griesa:

        We represent plaintiffs Aurelius Capital Master, Ltd., Aurelius Opportunities
Fund II, LLC, ACP Master, Ltd., Aurelius Capital Partners, LP, and Blue Angel Capital I
LLC, and write on behalf of all the plaintiffs in the above-captioned actions to provide the
Court with a copy of the Agreement in Principle referenced in my letter of yesterday
afternoon.  Certain pages with information not relevant to the matters before the Court have
been redacted.  The relevance of this agreement was set forth in the letter, and we
respectfully submit that its inclusion on this Court's docket will facilitate prompt access by
the Court of Appeals.

                        Respectfully submitted,

                        *Edward A. Friedman*

                        Edward A. Friedman

Honorable Thomas P. Griesa        - 2 -        March 3, 2016

Enclosure

cc:     All Parties by ECF

AGREEMENT IN PRINCIPLE

The Plaintiffs in the actions listed on the Plaintiffs' signature pages hereto agree in principle, severally and not jointly, with the Republic of Argentina, as of February 29, 2016, as follows:

1. Subject to the condition set forth in paragraph 5 below, the Republic of Argentina will pay, and the Plaintiffs will accept, 75% of the amount of their claims of $5,891,000,000 asserted in the U.S. District Court for the Southern District of New York on defaulted Argentine bonds, inclusive of all legal and statutory interest applicable to each such claim through February 29, 2016, which payment therefore shall be equal to $4,418,250,000. The Republic of Argentina shall also pay interest on the claims of $5,891,000,000 which shall accrue at the rate of 2% per annum from March 1, 2016 to the date of payment if payment is made on or before April 14, 2016. If payment is not made by that date, interest will resume running from and after that date on the full claims at the legal and statutory interest rate applicable to each such claim.

2. Subject to the condition set forth in paragraph 5 below, the Republic of Argentina will make an additional payment to the Plaintiffs, and Plaintiffs will accept the additional payment, such payment being in an amount equal to $235 million, to (a) settle all claims asserted *outside* the U.S. District Court for the Southern District of New York, world-wide, and (b) reimburse the Plaintiffs for legal fees wherever incurred, whether in the U.S. District Court for the Southern District of New York or in any other jurisdiction, world-wide.

3. The parties thus agree that through February 29, 2016, the claims amount would be $5,891,000,000 and the total payment due (inclusive of amounts due under paragraphs 1 and 2 above), if paid on such date, would be $4,653,250,000. The parties further agree that interest shall accrue from March 1 through the earlier of payment in full of all amounts due hereunder or April 14 in the per diem amount of $322,795. All payments to be made by the Republic of Argentina pursuant to paragraphs 1 and 2 above shall be paid in accordance with paragraph 7 below.

4. The sums set forth in paragraphs 1 and 2 above, when paid, will be in full and final settlement of all claims of any nature or kind by the Plaintiffs against the Republic of Argentina, arising or existing world-wide in connection with the securities that are the subject of the actions listed on each such Plaintiff's signature page hereto or any judgments entered in such actions through the date of such payment, other than claims that arise under this Agreement in Principle, and,

following such payment in full, each Plaintiff will provide the Republic of Argentina with Stipulations of Dismissal with Prejudice of all of the actions listed on such Plaintiff's signature page hereto in the U.S. District Court for the Southern District of New York and the equivalent in any related actions pending in any other jurisdiction, world-wide.

Upon the receipt by the Plaintiffs of payments in full of the sums set forth in paragraphs 1 and 2 above, the Plaintiffs will promptly release all attachments and pending attachments and executions, world-wide, and return to Argentina all property levied upon or seized by the Plaintiffs, world-wide, all as listed on Schedule 1.

Upon the receipt by the Plaintiffs of payments in full of the sums set forth in paragraphs 1 and 2 above, as of the date of such receipt of payment, each Plaintiff, on the one hand, and the Republic of Argentina, on the other hand, hereby unqualifiedly releases and discharges each other, and their respective ministers, government and other officials, officers, directors, equityholders, managers, affiliates, employees, agents, attorneys, successors and assigns, from any and all claims, causes of action, damages or liabilities (including attorneys' fees), of any kind, whether at law or in equity, known or unknown, asserted or unasserted, fixed or contingent, arising or existing world-wide in connection with the securities that are the subject of the actions listed on each such Plaintiff's signature page hereto or any judgments entered in such actions through the date of such payment, other than claims that arise under this Agreement in Principle.

5.  The condition to the Plaintiffs receiving the payments set forth above is that legislation by the Congress of the Republic of Argentina that lifts, abridges or repeals Law 26,017 (known as the Lock Law) and Law 26,984 (known as the Sovereign Payment Law) (or a functionally equivalent action) has become effective and unconditionally permits the immediate payment in full of the amounts set forth in paragraphs 1 and 2 above.  Effective immediately upon the receipt of the final payment in full of the sums set forth in paragraphs 1 and 2 above, the Plaintiffs' Injunctions will be automatically vacated.  If and to the extent that the Court requires any additional documentation to effect the lifting of the Plaintiffs' Injunctions as set forth in the prior sentence, the Plaintiffs agree to provide such documentation, in form and substance reasonably satisfactory to the Republic of Argentina, and the Court, promptly upon request.  Until the Plaintiffs are paid in full pursuant to paragraphs 1 and 2 above or this Agreement in Principle is terminated in accordance with its terms, the Republic of Argentina agrees that it will not request the Court to vacate or modify the Injunctions in the Plaintiffs'

2

cases or support the request by any third party to vacate or modify such Injunctions, other than automatically upon payment in full to the Plaintiffs of the amounts set forth in paragraphs 1 and 2 above.

6. The parties agree to cooperate with each other and with the Special Master, Daniel A. Pollack, Esq., to effectuate the purposes and terms of this Agreement in Principle, including but not limited to executing and delivering any and all documents reasonably required to effectuate the purposes and terms of this Agreement in Principle, in form reasonably satisfactory to the Republic of Argentina and the Plaintiffs. Notwithstanding any other provision in this agreement, nothing herein will prevent or limit the Plaintiffs' ability to litigate to safeguard their legal position, including the position that, until the Plaintiffs are paid in full, their Injunctions cannot be lifted.

7. The parties contemplate that to fund the payments to the Plaintiffs under paragraphs 1 and 2 above (other than interest accruing after February 29, 2016 as set forth below), the Republic of Argentina, after certifying to the Plaintiffs in writing that the condition set forth in the first sentence of paragraph 5 above has been satisfied, will undertake one or more capital-raises, likely in the form of a bond offering.

The Republic of Argentina agrees that, other than as set forth in the next succeeding sub-paragraph, until the Republic of Argentina provides the certification referred to in the preceding sentence, or this Agreement in Principle is terminated, the Republic of Argentina will not undertake any capital-raises. Following such certification, the Republic of Argentina agrees that the first monies raised by it through capital-raises, up to the full amount to be paid to the Plaintiffs under paragraphs 1 (other than interest accruing after February 29, 2016) and 2 above will immediately and directly be paid by the underwriters or other entities selected to manage or provide the capital-raises into Accounts maintained with one or more money center financial institutions in the State of New York and each of such institutions shall be determined by the Plaintiffs and reasonably acceptable to the Republic of Argentina, and which Accounts shall be in the name of and for the sole benefit of the applicable Plaintiff. The Republic of Argentina shall require the underwriters or other entities selected to manage or provide any capital-raises to pay all proceeds thereof directly into the Accounts (allocated among such Accounts as provided by the court order contemplated below by this paragraph 7), unless the underwriters or such other entities shall have been notified in writing by the Plaintiffs that all amounts due and payable to the Plaintiffs under paragraphs 1

3

(other than interest accruing after February 29, 2016) and 2 above have been paid in full in accordance with the terms hereof.

None of the requirements set forth in this paragraph 7 shall apply to a capital-raise which (a) occurs in the ordinary course of the operation and administration of the affairs of the government of the Republic of Argentina, (b) is (i) entirely denominated in Argentine pesos, which capital-raises can be unlimited in amount, or (ii) other currencies, provided that such capital-raises do not exceed, in the aggregate, $2,000,000,000 U.S. dollars (calculated for each such capital-raise at the exchange rates in effect on the date of the closing of such capital raise), and (c) is marketed and offered solely within the Republic of Argentina.

Each Plaintiff agrees that as long as this Agreement in Principle is in effect as to that Plaintiff and as long as the Republic of Argentina is in compliance with the terms of this Agreement in Principle, it shall not attach, or attempt to attach, or enjoin, in whole or in part, a capital-raise that is made by the Republic of Argentina.

The parties will negotiate in good faith to agree as promptly as practicable following the date hereof to an Addendum A to this Agreement in Principle, and shall cooperate to obtain promptly thereafter an order of the Court approving such Addendum A, which order shall be binding upon the Plaintiffs, the Republic of Argentina and any underwriters or other entities selected to manage or provide any capital-raises, as provided in this paragraph 7. Such Addendum A shall contain provisions for the implementation of this paragraph 7, including, without limitation, the following:

(i)     that the first monies raised through capital-raises up to the full amount to be paid to the Plaintiffs under paragraphs 1 (other than interest accruing after February 29, 2016) and 2 above shall immediately and directly be paid by the underwriters or other entities selected to manage or provide the capital-raises into the Accounts, as provided above;

(ii)    that all funds paid into the Accounts shall be immediately paid over to the Plaintiffs, subject to any notice or instructions from the Plaintiffs required by the financial institution(s) at which the Accounts are maintained;

(iii)   that, in the event of the termination of this Agreement in Principle, all funds at the time held in the Accounts shall be retained by the Plaintiffs, as aforesaid;

4

(iv)   that all funds paid into the Accounts will be in cash, in U.S. dollars in immediately available funds, via wire transfer; and

(v)   that the allocation of the payments in full as contemplated by paragraphs 1 and 2 above among the Plaintiffs shall be in accordance with a schedule to be incorporated into such order, as such schedule may be further modified with the consent of each of the Plaintiffs.

Notwithstanding the foregoing, the Plaintiffs may choose an alternative payment mechanism which will be reflected in Addendum A and the court order contemplated by this paragraph 7, which alternative payment mechanism shall be reasonably acceptable to the Republic of Argentina.

The parties contemplate that the payments to the Plaintiffs of interest accruing after February 29, 2016 as provided in paragraph 1 above will be made directly to the Plaintiffs by the Republic of Argentina, in cash, in U.S. dollars, in immediately available funds, by wire transfer.   Notwithstanding that such interest shall be separately payable to the Plaintiffs as provided in this sub-paragraph, for all purposes of this Agreement in Principle, the Plaintiffs shall not be deemed to have been paid in full unless and until all interest as provided in paragraph 1 above is also paid in full.

8. The parties agree that announcement of the Agreement in Principle will be made by the Special Master, Daniel A. Pollack, Esq. upon the signing of the Agreement in Principle, and that, thereafter, the parties will issue public statements of their own supportive of the Agreement in Principle.

9. This Agreement in Principle is governed by the laws of the State of New York.   The parties agree that any dispute arising under, out of or relating to this Agreement in Principle shall be submitted to the Special Master for mediation. If the Special Master is unable to effect a resolution within 2 business days of the submission of such dispute, such dispute may be submitted to the U.S. District Court for the Southern District of New York before the Hon. Thomas P. Griesa on an expedited basis for resolution. Notwithstanding the foregoing, in the event that any party requires urgent resolution of dispute in order to avoid irreparable harm to its rights under this Agreement in Principle, such party may apply directly to the Court for dispute resolution without first submitting the dispute to the Special Master for mediation. Each party waives trial by jury. For the purpose of the resolution of disputes under this Agreement in Principle, the Republic of Argentina

5

waives sovereign and other immunities (and consents to New York jurisdiction and service of process) otherwise available to it to the fullest extent provided in the documentation governing the Plaintiffs' claims.  The parties hereto agree that in connection with any such dispute (i) no party hereto shall be entitled to monetary damages as a result of another party's breach of the terms of this Agreement in Principle and (ii) each party shall be entitled to specific performance and to injunctive or other equitable relief as the sole remedies for any breach of this Agreement in Principle.

10. This Agreement in Principle is binding and enforceable upon all the parties. Each party represents that the person signing this Agreement in Principle on its behalf is duly authorized to do so and to bind such party in accordance with the terms of this Agreement in Principle. Each Plaintiff will have the right to terminate this Agreement in Principle as to itself if (1) by March 3, 2016, the order contemplated by paragraph 7 above has not been entered by the U.S. District Court for the Southern District of New York or (2) the payment in full of all amounts to be made to the Plaintiffs as contemplated by this Agreement in Principle is not made in accordance with the terms hereof by 12:00 noon EST, Thursday, April 14, 2016. In the event that this Agreement in Principle is terminated as to any or all Plaintiffs pursuant to this paragraph 10, the terminating Plaintiffs and the Republic of Argentina (with respect to the terminating Plaintiffs only) shall thereupon be restored to their respective prior positions as if there had been no Agreement in Principle.  The parties agree that this Agreement in Principle qualifies as an agreement in principle with the Republic of Argentina entered into on or before February 29, 2016 as contemplated by the Court's indicative order dated February 19, 2016.

[SIGNATURE PAGES FOLLOW]

6

Luis Caputo
Secretary of Finance
Republic of Argentina


New York, New York
February 26, 2016

<u>**PLAINTIFFS**</u>

NML CAPITAL, LTD.

By: _Paul Singer_ _____

Name:  PAUL SINGER
Title:  PRESIDENT

Actions referenced in the preamble: Case Nos. 03 Civ. 8845 (TPG) (S.D.N.Y.), 05 Civ. 2434 (TPG) (S.D.N.Y), 06 Civ. 6466 (TPG) (S.D.N.Y.), 07 Civ. 2690 (TPG) (S.D.N.Y.), 08 Civ. 3302 (TPG) (S.D.N.Y.), 07 Civ. 1910 (TPG) (S.D.N.Y.), 07 Civ. 6563 (TPG) (S.D.N.Y.), 08 Civ. 2541 (TPG) (S.D.N.Y.), 08 Civ. 6978 (TPG) (S.D.N.Y.), 09 Civ. 1707 (TPG) (S.D.N.Y.), 09 Civ. 1708 (TPG) (S.D.N.Y.), 14 Civ. 8988 (TPG) (S.D.N.Y.), 14 Civ. 8601 (TPG) (S.D.N.Y.)

AURELIUS CAPITAL MASTER, LTD.
By Aurelius Capital Management, LP,
solely as investment manager and not in its
individual capacity

By: _____

Name: Luc M. Dowling
Title:   Managing Director

ACP MASTER, LTD.
By Aurelius Capital Management, LP,
solely as investment manager and not in its
individual capacity

By: _____

Name: Luc M. Dowling
Title:   Managing Director

AURELIUS OPPORTUNITIES FUND II, LLC
By Aurelius Capital Management, LP,
solely as manager and not it its individual
capacity

By: _____

Name: Luc M. Dowling
Title:   Managing Director

AURELIUS CAPITAL PARTNERS, LP
By Aurelius Capital Management, LP,
solely as investment manager and not in its
individual capacity

By: _____

Name: Luc M. Dowling
Title:   Managing Director

9

OLIFANT FUND, LTD.

By: _____

Name: John N Spinney Jr

Title: Authorized Signatory

Actions referenced in the preamble: 10 Civ. 9587 (TPG) (S.D.N.Y.)

FYI LTD.

By: _____

Name: John N Spinney Jr

Title: Authorised Signatory

FFI FUND LTD.

By: _____

Name: John N Spinney Jr

Title: Authorised Signatory

Actions referenced in the preamble: Case Nos. 05 Civ. 3328 (TPG) (S.D.N.Y.), 14 Civ. 8630 (TPG) (S.D.N.Y)

BLUE ANGEL CAPITAL I LLC

By: _____
　　Name:　Avram Freedman
　　Title:　Manager

Actions referenced in the preamble: Case Nos. 07 Civ. 2693 (TPG) (S.D.N.Y.), 10 Civ. 4101 (TPG) (S.D.N.Y.), 10 Civ. 4782 (TPG) (S.D.N.Y.), 14 Civ. 8947 (TPG) (S.D.N.Y.)

Schedule 1

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

## Taylor, Jeffrey

| | |
|---|---|
| **From:** | Eckstein, Kenneth H. |
| **Sent:** | Sunday, February 28, 2016 5:02 PM |
| **To:** | Argentina Settlement Group |
| **Subject:** | FW: AIP |
| **Attachments:** | Modified Document AIP  (003).doc |

As sent. Will wait for his reply.

**From:** Eckstein, Kenneth H.
**Sent:** Sunday, February 28, 2016 5:00 PM
**To:** Pollack, Daniel
**Subject:** FW: AIP

Dear Dan,

As you know, I represent all of the Plaintiffs that intend to be parties to the Agreement in Principle with the Republic of Argentina to be dated February 29, 2016 (a copy of which is attached and referred to as the "AIP").  I have been authorized by the Plaintiffs to agree to the modification to the AIP set forth below on their behalf.  Kindly send this email to Mr. Caputo and ask him to confirm today, on behalf of the Republic, by return email, that the following language shall be deemed substituted for the language in the third full (unnumbered) paragraph of paragraph 7 of the AIP.

"None of the requirements set forth in this paragraph 7 shall apply to a capital-raise which (a) occurs in the ordinary course of the operation and administration of the affairs of the government of the Republic of Argentina (for the purposes of this Agreement in Principle only, "ordinary course" shall not include paying in whole or in part, while this Agreement in Principle is in effect, any claims relating to defaulted Argentine bonds brought in the United States District Court for the Southern District of New York), (b) is (i) entirely denominated in Argentine pesos, which capital raises can be unlimited in amount, or (ii) other currencies, provided that such capital raises do not exceed, in the aggregate, $2,000,000,000 U.S. dollars (calculated for each such capital raise at the exchange rates in effect on the date of the closing of such capital raise) and (c) is marketed and offered solely within the Republic of Argentina."

Once Mr. Caputo has so confirmed, I am authorized to exchange signature pages with the Republic of Argentina and execute the AIP in the form attached hereto with the modification set forth above.

Best regards.

Kenneth H. Eckstein

**Kenneth H. Eckstein**
Partner

**KRAMER LEVIN**
**NAFTALIS & FRANKEL** LLP
1177 Avenue of the Americas
New York, New York 10036

## Pollack, Daniel

| | |
|---|---|
| **From:** | Luis Andres Caputo <lcaputo@mecon.gob.ar> |
| **Sent:** | Sunday, February 28, 2016 5:35 PM |
| **To:** | Pollack, Daniel |
| **Subject:** | AIP |

Dear Dan:

I confirm the acceptability of the addition  to para 7 as stated in Mr. Eckstein's e- mail to you of this afternoon.

Best regards,
Luis

1