UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NML CAPITAL,<br><br>      Plaintiff,<br><br>   - against -<br><br>THE REPUBLIC OF ARGENTINA,<br><br>      Defendant. | 08 Civ. 6978 (TPG)<br>09 Civ. 1707 (TPG)<br>09 Civ. 1708 (TPG) |
| NML CAPITAL,<br><br>      Plaintiff,<br><br>   - against -<br><br>THE REPUBLIC OF ARGENTINA,<br><br>      Defendant. | 14 Civ. 8601 (TPG) |
| NML CAPITAL,<br><br>      Plaintiff,<br><br>   - against -<br><br>THE REPUBLIC OF ARGENTINA,<br><br>      Defendant. | 14 Civ. 8988 (TPG)<br><br>*(captions continue on following pages)* |

**DECLARATION OF UNDERSECRETARY OF FINANCE SANTIAGO BAUSILI IN SUPPORT OF THE REPUBLIC OF ARGENTINA'S CERTIFICATION THAT THE CONDITIONS PRECEDENT TO VACATUR UNDER THE MARCH 2, 2016 ORDER HAVE BEEN SATISFIED**

FFI FUND, LTD. and FYI LTD.,

                                            Plaintiffs,

            - against -                              14 Civ. 8630 (TPG)

THE REPUBLIC OF ARGENTINA,

                                            Defendant.

AURELIUS CAPITAL MASTER, LTD. and ACP
MASTER, LTD.,

                                            Plaintiffs,

            - against -                              09 Civ. 8757 (TPG)
                                                     09 Civ. 10620 (TPG)

THE REPUBLIC OF ARGENTINA,

                                            Defendant.

AURELIUS OPPORTUNITIES FUND II, LLC
and AURELIUS CAPITAL MASTER, LTD.,

                                            Plaintiffs,

            - against -                              10 Civ. 1602 (TPG)
                                                     10 Civ. 3507 (TPG)

THE REPUBLIC OF ARGENTINA,

                                            Defendant.

AURELIUS CAPITAL MASTER, LTD. and
AURELIUS OPPORTUNITIES FUND II, LLC,

                                                    Plaintiffs,

                    - against -

THE REPUBLIC OF ARGENTINA,

                                                    Defendant.

10 Civ. 3970 (TPG)
10 Civ. 8339 (TPG)

BLUE ANGEL CAPITAL I LLC,

                                                    Plaintiff,

                    - against -

THE REPUBLIC OF ARGENTINA,

                                                    Defendant.

10 Civ. 4101 (TPG)
10 Civ. 4782 (TPG)

OLIFANT FUND, LTD.,

                                                    Plaintiff,

                    - against -

THE REPUBLIC OF ARGENTINA,

                                                    Defendant.

10 Civ. 9587 (TPG)

PABLO ALBERTO VARELA, *et al.*,

                                                    Plaintiffs,

                    - against -

THE REPUBLIC OF ARGENTINA,

                                                    Defendant.

10 Civ. 5338 (TPG)

PEREZ, *et al.*,

                                    Plaintiffs,

               - against -                          14 Civ. 8242 (TPG)

THE REPUBLIC OF ARGENTINA,

                                      Defendant.

---

AURELIUS CAPITAL PARTNERS, LP, *et al.*,

                                    Plaintiffs,

               - against -                          14 Civ. 8946 (TPG)

THE REPUBLIC OF ARGENTINA,

                                      Defendant.

---

BLUE ANGEL CAPITAL I LLC,

                                    Plaintiff,

               - against -                          14 Civ. 8947 (TPG)

THE REPUBLIC OF ARGENTINA,

                                      Defendant.

---

EM LTD.,

                                    Plaintiff,

               - against -                          14 Civ. 8303 (TPG)

THE REPUBLIC OF ARGENTINA,

                                      Defendant.

LIGHTWATER CORPORATION LIMITED,

Plaintiff,

- against -

THE REPUBLIC OF ARGENTINA,

Defendant.

14 Civ. 4092 (TPG)

OLD CASTLE HOLDINGS, LTD.,

Plaintiff,

- against -

THE REPUBLIC OF ARGENTINA,

Defendant.

14 Civ. 4091 (TPG)

SETTIN,

Plaintiff,

- against -

THE REPUBLIC OF ARGENTINA,

Defendant.

14 Civ. 8739 (TPG)

CAPITAL VENTURES INTERNATIONAL,

Plaintiff,

- against -

THE REPUBLIC OF ARGENTINA,

Defendant.

14 Civ. 7258 (TPG)

ADAMI, *et al.*,

                                                    Plaintiffs,

           - against -                                          14 Civ. 7739 (TPG)

THE REPUBLIC OF ARGENTINA,

                                                    Defendant.

CAPITAL MARKETS FINANCIAL SERVICES INC., *et al.*,

                                                    Plaintiffs,

           - against -                                          15 Civ. 710 (TPG)

THE REPUBLIC OF ARGENTINA,

                                                    Defendant.

FOGLIA, *et al.*,

                                                    Plaintiffs,

           - against -                                          14 Civ. 8243 (TPG)

THE REPUBLIC OF ARGENTINA,

                                                    Defendant.

PONS, *et al.*,

                                                    Plaintiffs,

           - against -                                          13 Civ. 8887 (TPG)

THE REPUBLIC OF ARGENTINA,

                                                    Defendant.

GUIBELALDE, *et al.*,

                                          Plaintiffs,

                  - against -                         11 Civ. 4908 (TPG)

THE REPUBLIC OF ARGENTINA,

                                        Defendant.

---

DORRA, *et al.*,

                                        Plaintiffs,

                  - against -                       14 Civ. 10141 (TPG)

THE REPUBLIC OF ARGENTINA,

                                        Defendant.

---

BELOQUI, *et al.*,

                                        Plaintiffs,

                  - against -                       14 Civ. 5963 (TPG)

THE REPUBLIC OF ARGENTINA,

                                        Defendant.

---

TORTUS CAPITAL MASTER FUND, LP,

                                        Plaintiff,

                  - against -                       14 Civ. 1109 (TPG)

THE REPUBLIC OF ARGENTINA,

                                        Defendant.

TORTUS CAPITAL MASTER FUND, LP,

Plaintiff,

- against -

THE REPUBLIC OF ARGENTINA,

Defendant.

14 Civ. 3127 (TPG)

---

TRINITY INVESTMENTS LIMITED,

Plaintiff,

- against -

THE REPUBLIC OF ARGENTINA,

Defendant.

14 Civ. 10016 (TPG)

---

MONTREUX PARTNERS, L.P.,

Plaintiff,

- against -

THE REPUBLIC OF ARGENTINA,

Defendant.

14 Civ. 7171 (TPG)

---

LOS ANGELES CAPITAL,

Plaintiff,

- against -

THE REPUBLIC OF ARGENTINA,

Defendant.

14 Civ. 7169 (TPG)

CORDOBA CAPITAL,

          Plaintiff,

    - against -         14 Civ. 7164 (TPG)

THE REPUBLIC OF ARGENTINA,

          Defendant.

---

WILTON CAPITAL, LTD.,

          Plaintiff,

    - against -         14 Civ. 7166 (TPG)

THE REPUBLIC OF ARGENTINA,

          Defendant.

---

MCHA HOLDINGS, LLC,

          Plaintiff,

    - against -         14 Civ. 7637 (TPG)

THE REPUBLIC OF ARGENTINA,

          Defendant.

---

MCHA HOLDINGS, LLC,

          Plaintiff,

    - against -         14 Civ. 10064 (TPG)

THE REPUBLIC OF ARGENTINA,

          Defendant.

ANDRAREX LTD.,

                                        Plaintiff,

            - against -                                    14 Civ. 9093 (TPG)

THE REPUBLIC OF ARGENTINA,

                                        Defendant.

CLARIDAE, *et al.*,

                                        Plaintiffs,

            - against -                                    14 Civ. 10201 (TPG)

THE REPUBLIC OF ARGENTINA,

                                        Defendant.

ARAG-A LIMITED, *et al.*,

                                        Plaintiffs,

            - against -                                    14 Civ. 9855 (TPG)

THE REPUBLIC OF ARGENTINA,

                                        Defendant.

ATTESTOR MASTER VALUE FUND LP,

                                        Plaintiff,

            - against -                                    14 Civ. 5849 (TPG)

THE REPUBLIC OF ARGENTINA,

                                        Defendant.

ANGULO, *et al.*,

                                    Plaintiffs,

              - against -                                    15 Civ. 1470 (TPG)

THE REPUBLIC OF ARGENTINA,

                                    Defendant.

---

LAMBERTINI, *et al.*,

                                    Plaintiffs,

              - against -                                    15 Civ. 1471 (TPG)

THE REPUBLIC OF ARGENTINA,

                                    Defendant.

---

HONERO FUND I, LLC,

                                    Plaintiff,

              - against -                                    15 Civ. 1553 (TPG)

THE REPUBLIC OF ARGENTINA,

                                    Defendant.

---

TRINITY INVESTMENTS LIMITED,

                                    Plaintiff,

              - against -                                    15 Civ. 1588 (TPG)

THE REPUBLIC OF ARGENTINA,

                                    Defendant.

BANCA ARNER S.A., *et al.*,

                                        Plaintiffs,

              - against -                              15 Civ. 1508 (TPG)

THE REPUBLIC OF ARGENTINA,

                                        Defendant.

---

TRINITY INVESTMENTS LIMITED,

                                        Plaintiff,

              - against -                              15 Civ. 2611 (TPG)

THE REPUBLIC OF ARGENTINA,

                                        Defendant.

---

TRINITY INVESTMENTS LIMITED,

                                        Plaintiff,

              - against -                              15 Civ. 5886 (TPG)

THE REPUBLIC OF ARGENTINA,

                                        Defendant.

---

MCHA HOLDINGS, LLC,

                                        Plaintiff,

              - against -                              15 Civ. 2577 (TPG)

THE REPUBLIC OF ARGENTINA,

                                        Defendant.

MCHA HOLDINGS, LLC,

                            Plaintiff,

           - against -

THE REPUBLIC OF ARGENTINA,

                          Defendant.

15 Civ. 5190 (TPG)

ERCOLANI, *et al.*,

                         Plaintiffs,

           - against -

THE REPUBLIC OF ARGENTINA,

                          Defendant.

15 Civ. 4654 (TPG)

FAZZOLARI, *et al.*,

                         Plaintiffs,

           - against -

THE REPUBLIC OF ARGENTINA,

                          Defendant.

15 Civ. 3523 (TPG)

STONEHILL INSTITUTIONAL PARTNERS, L.P., *et al.*,

                         Plaintiffs,

           - against -

THE REPUBLIC OF ARGENTINA,

                          Defendant.

15 Civ. 4284 (TPG)

WHITE HAWTHORNE, LLC,

                                        Plaintiff,

        - against -                                      15 Civ. 4767 (TPG)

THE REPUBLIC OF ARGENTINA,

                                        Defendant.

---

VR GLOBAL PARTNERS, LP,

                                        Plaintiff,

        - against -                                      11 Civ. 8817 (TPG)

THE REPUBLIC OF ARGENTINA,

                                        Defendant.

---

HONERO FUND I, LLC,

                                        Plaintiff,

        - against -                                      15 Civ. 6702 (TPG)

THE REPUBLIC OF ARGENTINA,

                                        Defendant.

---

PROCELLA HOLDINGS, L.P.,

                                        Plaintiff,

        - against -                                      15 Civ. 3932 (TPG)

THE REPUBLIC OF ARGENTINA,

                                        Defendant.

|  |  |
|---|---|
| BYBROOK CAPITAL MASTER FUND LP, *et al.*,<br><br>                                   Plaintiffs,<br><br>                - against -<br><br>THE REPUBLIC OF ARGENTINA,<br><br>                                   Defendant. | 15 Civ. 7367 (TPG) |
| BYBROOK CAPITAL MASTER FUND LP, *et al.*,<br><br>                                   Plaintiffs,<br><br>                - against -<br><br>THE REPUBLIC OF ARGENTINA,<br><br>                                   Defendant. | 15 Civ. 2369 (TPG) |

**DECLARATION OF UNDERSECRETARY OF FINANCE SANTIAGO BAUSILI IN SUPPORT OF THE REPUBLIC OF ARGENTINA'S CERTIFICATION THAT THE CONDITIONS PRECEDENT TO VACATUR UNDER THE MARCH 2, 2016 ORDER HAVE BEEN SATISFIED**

Santiago Bausili hereby declares as follows:

1.    I am the Undersecretary of Finance of the Republic of Argentina (the "Republic").

2.    I am familiar with the facts of this case and submit this declaration on behalf of the Republic in support of the Certification that it has satisfied the two conditions precedent to vacatur of the Injunctions pursuant to this Court's March 2, 2016 Order.

3.    The Republic has repealed all legislative obstacles to settlement with the FAA bondholders, including the Lock Law and the Sovereign Payment Law.  The Republic has

1

enacted Law 27,249, which repeals Law 26,017 (the "Lock Law"), Law 26,984 (the "Sovereign Payment Law") and all other provisions or legislation that would interfere with payment of the FAA bondholders' settlements.

4.      Attached as Exhibit 1 is a true and correct copy of Law 27,249, enacted as of March 31, 2016, and a certified English translation thereof.

5.      For all plaintiffs in the actions in which injunctions had been issued that entered into agreements in principle with the Republic on or before February 29, 2016 (the "February 29 Settling Parties"), the Republic has caused Deutsche Bank Securities Inc. ("Deutsche Bank"), acting in its capacity as billing and delivery bank in connection with the Republic's issuance and sale of bonds, to make full payment in accordance with the specific terms of each such agreement in principle.

6.      Attached as Exhibit 2 is a true and correct list of all February 29 Settling Parties who had Injunctions and the amounts each has been paid.

7.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 22, 2016.

_____
Santiago Bausili

2

# Exhibit 1

STATE OF NEW YORK      )
                                    ) ss:
COUNTY OF NEW YORK  )

Leila F. Bose, being duly sworn, deposes and declares:

That she is employed as Translator by the firm of Cravath, Swaine &

Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019;

That she is fully conversant in the Spanish and English languages;

That she translated or reviewed the translation of the attached document:

LAW 27249 OF THE REPUBLIC OF ARGENTINA

from Spanish into English;

and that the English translation is, to her best knowledge and belief, a true

and correct rendering of the original text in the Spanish language.

Sworn to before me this
__4__ day of _Apch_ of _2016_

Notary Public

CHARISSE Y. RODRIGUEZ
Notary Public, State of New York
No. 01RO6145128
Qualified in New York County
Commission Expires May 1, 2018

Leila F. Bose
4/4/2016

Leila F. Bose
Former Member, Translation Studies
Faculty, New York University School of
Continuing and Professional Studies;
American Translators Association;
New York Circle of Translators

*"2016 – Year of the Bicentennial of the Declaration of National Independence"*

27249

## The Senate and Chamber of Deputies

### of the Argentine Nation assembled in Congress

#### approve with the force of Law.

Article 1 .- Acts Nos. 26,017, 26,547, 26,886 and 26.984 and their regulatory and supplemental rules are hereby abrogated, as well as any other law, executive order or rule contrary to or incompatible with the provisions of this act.

Article 2.- Ratification of agreements envisaged in Article 5, the authorization granted to the Enforcement Authority in Article 6, as well as provisions of Articles 7, 8, 9, 10, 11, 12, 13 and 15, all of this act, shall come into effect upon confirmation by the Court of Appeals of the United States of America for the Second Circuit of the effective lifting of all injunctions issued against the Republic of Argentina.

Article 3.- Article 42 of Act No. 27,198 is hereby amended, to be rewritten as follows:

"Article 42.- The National Executive Branch is hereby authorized, through the Ministry of the Treasury and Public Finance, to continue with the regularization of the public debt service mentioned in Article 41 of this act, pursuant to the terms of Article 65 of the Financial Administration and National Public Sector Control Systems Act No. 24,156, as amended, or of the Public Debt Regularization and Credit Recovery Act, empowering the National Executive Branch to continue with

[seal of
the Legislative Congress of the
Argentine Nation]
[initials]

*"2016 – Year of the Bicentennial of the Declaration of National Independence"*

The Senate of the Nation                           27249                    2

negotiations and carry out all necessary acts for its conclusion.

The Ministry of the Treasury and Public Finance shall report to the Honorable Congress of the Argentine Nation on a quarterly basis about the progress of negotiations and agreements reached during the negotiation process.

Said report shall incorporate an updated data base identifying the agreements reached, the judicial or arbitration procedures completed, the principal amounts and amounts already paid or to be paid in each agreement and the degree of execution of the authorization of the level of indebtedness granted through Article 7° of Public Debt Regularization and Credit Recovery Act.

Moreover, certified copies of the agreements reached shall be included, as well as their translations into Spanish as appropriate.

With the same regularity, the Ministry of the Treasury and Public Finance shall report on the progress made in the regularization of the service of public securities issued within the framework of the public debt restructuring ordered by Decrees Nos. 1.735/2004 and 563/2010.

Final court decisions, issued against provisions of Act No. 25,561, Decree No. 471 dated March 8, 2002 and its supplemental rules, relating to said securities, are included in the deferral indicated in Article 41 of this act.

[seal of
the Legislative Congress of the
Argentine Nation]
[initials]

*"2016 – Year of the Bicentennial of the Declaration of National Independence"*

The Senate of the Nation                                27249                    3

Article 4.- In the event that the provisions envisaged in Article 2nd of this act do not become effective due to causes foreseen in said Article, the Enforcement Authority shall be able to conduct new negotiations with the holders of public securities (and/or their representatives) that were eligible for the exchange provided in the Decree No. 1,734 dated December 9, 2004 and its supplemental rules, which had not been tendered in said exchange or in the one established by the Decree No. 563 dated April 26, 2010 (Eligible Public Securities), providing that the agreements that the Enforcement Authority executes with said creditors as well as payment and/or restructuring proposals that the Enforcement Authority formulates shall be subject to approval by Argentine Congress.

Article 5.- The payment agreements entered into between the Republic of Argentina and Eligible Public Securities holders (and/or their representatives) are hereby ratified, which as Annex I, in English and its corresponding Spanish translation, form an integral part of this act.

The Ministry of the Treasury and Public Finance is hereby authorized, as Enforcement Authority of this act, to extend the corresponding terms of maturity established in the said payment agreements.

Article 6.- The Enforcement Authority is hereby authorized

i) To make amendments and/or addenda to payment agreements referred to in the preceding Article as long as they do not amend their purpose, their economic conditions, and their terms and conditions; and

ii) To carry out all necessary acts to pay debt to holders (and/or representatives) of Eligible Public Securities not included in the payment agreements

[[seal of
the Legislative Congress of the
Argentine Nation]
[initials]

*"2016 – Year of the Bicentennial of the Declaration of National Independence"*

The Senate of the Nation                    27249                    4

referred to in the preceding Article, including the signing of agreements and other instruments.

In order to implement the signing of the agreements referred to in the preceding paragraph, the Enforcement Authority shall be able to offer:

a)     To all holders of Eligible Public Securities, a payment equivalent to the principal amount due of their securities plus fifty percent (50%) of said principal amount (Standard Offer). In no case shall the amount to be paid be higher than the amount acknowledged by any judgment issued with respect to said securities plus the corresponding legal updating of judicial interest application as of January 31, 2016.

The Standard Offer shall be implemented through:

i)      The signing of debt payment agreements; and
ii)     A national and international payment offer in cash upon delivery of the Eligible Public Securities ("cash tender offer", in the English language)

With respect to holders of Eligible Public Securities who had brought claims before the District Court for the Southern District of New York, United States of America, grouped in a class action, authorization is hereby granted to agree upon an additional sum to settle all necessary administrative expenses incurred to notify those included in the corresponding class, pursuant to the terms of the Agreement foreseen in paragraph 4 of Annex I.

[seal of
the Legislative Congress of the
Argentine Nation]
[initials]

The Senate of the Nation                    27249            5

The National Executive Branch shall not assume any expenses or charges in excess with respect to the remaining holders of Eligible Public Securities comprised in the Standard Offer.

b)      For those holders of Eligible Public Securities whose claims were comprised in the court orders issued by the District Court for the Southern District of New York, United States of America, dated February 23, 2012, and amended on November 21, 2012 (the "Original Pari Passu Order") and on October 30, 2015 (the "Pari Passu Me Too Order" and together with the Original Pari Passu Order, the "Pari Passu Orders"), what is provided in the Standard Offer provided in the preceding subarticle a) or, at their choice, the following proposal (the "Pari Passu Offer"):

i)      For those holders of Eligible Public Securities that were covered by the Pari Passu Orders, having a monetary judgment, issued before February 1, 2016, acknowledging debt derived from Eligible Public Securities held, a payment equivalent to seventy percent (70%) of the legal claim (which includes the amount acknowledged in said judgment and judicial interest accrued from the judgment date until January 31, 2016), and

ii)     For those holders of Eligible Public Securities that were covered by the Pari Passu Orders without a monetary judgment, issued before February 1, 2016, recognizing debt derived from Eligible Public Securities held, a payment equivalent to seventy percent (70%) of the legal claim (which includes principal due plus

[seal of
the Legislative Congress of the
Argentine Nation]
[initials]

*"2016 – Year of the Bicentennial of the Declaration of National Independence"*

The Senate of the Nation                          27249                   6

accrued interests pursuant to the contractual interest rate and the statutory interest rate over the contractual interest rate until January 31, 2016, pursuant to the laws of the State of New York, United States of America).

Article 7.- Through the Enforcement Authority and under this act, issuance of National Treasury Bonds and/or engagement in of other public loan transactions is hereby provided for a U.S. Dollar (and/or their equivalent in other currencies) original nominal amount necessary to comply with payments required under this act, and to the extent said payments do not exceed the amount of twelve thousand five hundred million U.S. dollars (US$ 12.500.000.000) and/or their equivalent in other currencies, the National Administration General Budget for Fiscal Year 2016, approved by Act No. 27,198 being thus extended .

The Enforcement Authority shall assign the product of the issuances mentioned in the preceding paragraph to debt payments provided for in this act. In the event that the issuance amount exceeds the payment amount required under this act, the excess shall be allocated to the existing authorization of public debt provided for in the National Administration General Budget for Fiscal Year 2016, approved by Act No. 27,198.

Article 8.- Holders of Eligible Public Securities wishing to participate in any payment transaction executed within the framework of the provisions of this act, including the creditors that signed the agreements in Annex I and those accepting proposals provided for in Article 6, shall waive all rights to which they are entitled under the above-mentioned securities, including those rights which had been recognized by any court or administrative judgment, arbitral award or

[seal of
the Legislative Congress of the
Argentine Nation]
[initials]

*"2016 – Year of the Bicentennial of the Declaration of National Independence"*

The Senate of the Nation                    27249                    7

decision of any other authority, issued in any jurisdiction, and waive and release the Republic of Argentina from any court, administrative, arbitral or other action brought or which may be brought in the future with respect to the above-mentioned securities or to the obligations of the Republic of Argentina arising from them, including any action intended to receive principal or interest services from said securities or any other accrued supplement or expense.

Article 9.- The Enforcement Authority is hereby authorized to include provisions establishing the extension of jurisdiction in favor of foreign courts, and providing a waiver to the defense of sovereign immunity, solely with respect to claims in the jurisdiction extended and with respect to the agreements signed and the public debt issuances executed, pursuant to the provisions of this act and on the condition that the so-called "class actions" and "pari passu" clause are included, in accordance with the current practices of international capital markets.

The waiver of the defense of sovereign immunity shall not entail any waiver with respect to the Republic of Argentina's immunity in relation to the attachment of property detailed below:

a)   Any reserves of the Banco Central de la Republica Argentina;

b)   Any property of public domain located in the territory of the Republic of Argentina, including those comprised by Articles 234 and 235 of the Civil and Commercial Code of the Argentine Nation;

c)   Any property located within or outside the Argentine territory providing an essential public service;

[seal of
the Legislative Congress of the
Argentine Nation]
[initials]

*"2016 – Year of the Bicentennial of the Declaration of National Independence"*

The Senate of the Nation                    27249            8

d)    Any property (whether in the form of cash, bank deposits, securities, third-party obligations or any other means of payment) of the Republic of Argentina, its government agencies, and other government entities connected to budget execution, within the scope of Articles 165 to 170 of the Permanent Supplemental Budget Act No. 11,672 (o.t. 2014);

e)    Any property within the scope of the privileges and immunities of the 1961 Vienna Convention on Diplomatic Relations and the 1963 Vienna Convention on Consular Relations, including, but not limited to, property, facilities and accounts of Argentine missions:

)     Any property used by a diplomatic, government or consular mission of the Republic of Argentina;

g)    Taxes and/or royalties owed to the Republic of Argentina and the rights of the Republic of Argentina to collect taxes and/or royalties;

h)    Any property of military nature or under the control of a military authority or defense agency of the Republic of Argentina;

i)    Any property which is part of the cultural heritage of the Republic of Argentina; and

j)    Property protected by any applicable sovereign immunity act.


[seal of
the Legislative Congress of the
Argentine Nation]
[initials]

*"2016 – Year of the Bicentennial of the Declaration of National Independence"*

The Senate of the Nation                                27249                9

Article 10.- The Enforcement Authority is hereby authorized to carry out all necessary acts to comply with the provisions of this act, including, but not limited to:

a)    The determination of periods and terms of participation in debt payment offers;

b)    The determination of periods, terms, methods and issuance procedures of new public securities;

c)    The appointment of financial institutions participating in the placement of new public securities and the engagement in other public credit loans;

d)    The execution of agreements with financial entities placing new public securities to be issued, providing, to that end, commission payment subject to market conditions, which under no circumstances shall exceed zero point twenty percent (0,20%) of the issuance amount;

e)    The preparation and registration of a public securities program before control organizations of the main international capital markets;

f)    The execution of agreements with trustees, payment agents, information agents, custody agents, registration agents and/or credit rating agencies which prove necessary both for debt payment transactions as well as for the issuance and placement of new public securities, foreseeing payment of the corresponding fees and expenses under market conditions; and

[seal of
the Legislative Congress of the
Argentine Nation]
[initials]

*"2016 – Year of the Bicentennial of the Declaration of National Independence"*

The Senate of the Nation                          27249                    10

g)   The payment of other necessary registration, printing, prospectus distribution, translation and other associated expenses, which shall be subject market conditions, in order to comply with the provisions of this act.

Article 11.- Transactions comprised in this act are exempted from payment of all existing and future national taxes, rates and contributions, and from foreign exchange restrictions that may be applied to transactions envisaged in this act.

Article 12.- Transactions comprised in this act are exempt from the provisions of Articles 7 and 10 of Act No. 23,928 as amended, and from the provisions of Article 765 of the Civil and Commercial Code of the Argentine Nation.

Article 13.- The Enforcement Authority, within a term of sixty (60) days starting as of compliance with the condition of Article 2 of this act, shall adopt all necessary measures intended to regularize service of public securities issued within the framework of the public debt restructuring provided by Decrees Nos. 1,735 dated December 9, 2004 and 563 dated April 26, 2010 (the "Restructured Public Securities"), including:

i)   The regularization of the Bank of New York Mellon situation as trustee within the framework of the Trust Indenture dated June 2, 2005, amended on April 30, 2010 (the "Trust Indenture");

ii)  If necessary, the engagement of another institution complying with trustee duties and roles pursuant to the provisions of the Trust Indenture; and

            [seal of
     the Legislative Congress of the
            Argentine Nation]
[initials]

*"2016 – Year of the Bicentennial of the Declaration of National Independence"*

The Senate of the Nation                    27249                    11

iii)  The issuance of the necessary instructions to order the transfer of the funds deposited in the account "Fund Act No. 26,984 Sovereign Payment of Restructured Debt" of Nación Fideicomisos Sociedad Anónima in the Banco Central de la Republica Argentina to the corresponding accounts of The Bank of New York Mellon, or the entity replacing it as trustee under the Trust Indenture, in the Banco Central de la Republica Argentina in order to allocate them to payment of said securities. Until the contractual situation is regularized with the Bank of New York Mellon as trustee under the Trust Indenture, the Enforcement Authority shall be able to transfer the corresponding funds for future maturities of Restructured Public Securities to Nación Fideicomisos Sociedad Anónima, an entity hereby appointed as temporary payment agent (to such purposes, the Enforcement Authority shall make an agreement with said corporation as to the terms of said appointment) for its later transfer to the trustee under the Trust Indenture, provided that the provisions of this Article do not entail any modification to said Trust Indenture.

Article 14.- In the event that the provisions envisaged in Article 2 of this act do not become effective due to causes provided in said Article, the Enforcement Authority shall transfer the funds corresponding to future maturities of Restructured Public Securities to Nacion Fideicomisos Sociedad Anonima as temporary payment agent for their subsequent transfer to the trustee subject to the Trust Indenture, provided the provisions of this Article do not entail any amendment to said Trust Indenture.

[seal of
the Legislative Congress of the
Argentine Nation]
[initials]

*"2016 – Year of the Bicentennial of the Declaration of National Independence"*

The Senate of the Nation                    27249            12

Article 15.- The Ministry of the Treasury and Public Finance is hereby appointed as Enforcement Authority of this act, being able to enact the clarifying and supplemental rules necessary to implement compliance with this act.

Article 16.- The Office of the Chief of the Cabinet Of Ministers is hereby empowered to carry out all relevant budgetary amendments to comply with the provisions of this act.

Article 17.- Payments provided for in this act shall be debited to the budgetary allocation "Expenses and Commissions of Public Debt" corresponding to Jurisdiction 90.

Article 18.- The Permanent Bicameral Committee for the Monitoring and Control for the Management of the Engagement and Payment of External Debt of the Argentine Nation is hereby created, within the scope of Argentine Congress, which shall be made up of ten (10) Senators and ten (10) Deputies, appointed by the Presidents of the corresponding Chambers upon proposal of the parliamentary blocks, observing the proportion of political representations, and which shall be governed by the internal operation rules enacted to such effect and whose main objective shall be the monitoring of the development, management and payment of external debt of the Argentine Nation.

The Committee shall be able to request information, documentation or data from national, provincial or municipal agencies, whether centralized, decentralized or local, as well as from national and international financial entities, whether private or public, and from any other agency that may prove necessary for the fulfillment of its duties.

Article 19.-This act is of public order and shall become effective as of the publication date in the Official Gazette.

[seal of
the Legislative Congress of the
Argentine Nation]
[initials]

*"2016 – Year of the Bicentennial of the Declaration of National Independence"*

The Senate of the Nation                    27249                13

Article 20.- Notify the National Executive Branch of this submission.

ISSUED IN THE SESSION ROOM OF THE ARGENTINE CONGRESS, IN BUENOS AIRES,ON THE THIRTY-FIRST DAY OF THE MONTH OF MARCH OF THE YEAR TWO THOUSAND SIXTEEN.

REGISTERED                    [signature]                    [signature]

[seal of                    [signature]                    [signature]
the Legislative Congress of the
Argentine Nation]
UNDER NO. 27249

[signatures]

*"2016 · Año del Bicentenario de la Declaración de la Independencia Nacional".*

27 2 4 9

*El Senado y Cámara de Diputados*

*de la Nación Argentina reunidos en Congreso, etc.*

*sancionan con fuerza de*

*Ley:*

Artículo 1°- Deróganse las leyes 26.017, 26.547, 26.886, 26.984 y sus normas reglamentarias y complementarias, como así también toda otra ley, decreto o norma que sea contraria o incompatible con las disposiciones de la presente ley.

Art. 2°- La ratificación de los acuerdos contemplados en el artículo 5°, la autorización concedida a la Autoridad de Aplicación en el artículo 6°, como así también las disposiciones de los artículos 7°, 8°, 9°, 10, 11, 12, 13 y 15, todos de la presente ley, entrarán en vigencia a partir de la confirmación por parte de la Cámara de Apelaciones del Segundo Circuito de los Estados Unidos de América del efectivo levantamiento de todas las medidas cautelares ("injunctions") dictadas contra la República Argentina.

Art. 3°- Modifícase el artículo 42 de la ley 27.198, el que quedará redactado de la siguiente manera:

Artículo 42: Autorízase al Poder Ejecutivo nacional, a través del Ministerio de Hacienda y Finanzas Públicas, a proseguir con la normalización de los servicios de la deuda pública referida en el artículo 41 de la presente ley, en los términos del artículo 65 de la Ley de Administración Financiera y de los Sistemas de Control del Sector Público Nacional 24.156, y sus modificaciones o de la Ley de Normalización de la Deuda Pública y de Recuperación del Crédito, quedando facultado el Poder Ejecutivo nacional para continuar con las

*2016 - Año del Bicentenario de la Declaración de la Independencia Nacional*.

*Senado de la Nación*

27249        2

negociaciones y realizar todos aquellos actos necesarios para su conclusión.

El Ministerio de Hacienda y Finanzas Públicas informará trimestralmente al Honorable Congreso de la Nación, el avance de las tratativas y los acuerdos a los que se arribe durante el proceso de negociación.

Dicho informe deberá incorporar una base de datos actualizada en la que se identifiquen los acuerdos alcanzados, los procesos judiciales o arbitrales terminados, los montos de capital y los montos cancelados o a cancelar en cada acuerdo y el nivel de ejecución de la autorización del nivel de endeudamiento que se otorga a través del artículo 7° de la Ley de Normalización de la Deuda Pública y de Recuperación del Crédito.

Además, deberán acompañarse copias certificadas de los acuerdos alcanzados, así como su traducción al idioma español en caso de corresponder.

Con igual periodicidad, el Ministerio de Hacienda y Finanzas Públicas deberá informar el avance de la gestión tendiente a la normalización del servicio de los títulos públicos emitidos en el marco de la reestructuración de la deuda pública dispuesta por los decretos 1.735/2004 y 563/2010.

Los pronunciamientos judiciales firmes, emitidos contra las disposiciones de la ley 25.561, el decreto 471 de fecha 8 de marzo de 2002, y sus normas complementarias, recaídos sobre dichos títulos, están incluidos en el diferimiento indicado en el artículo 41 de la presente ley.

*2016 - Año del Bicentenario de la Declaración de la Independencia Nacional*.

*Senado de la Nación*

27249          3

Art. 4°- En caso que las disposiciones contempladas en el artículo 2° de la presente ley no entren en vigencia por las causas previstas en dicho artículo, la Autoridad de Aplicación podrá llevar adelante nuevas negociaciones con los tenedores de títulos públicos (y/o sus representantes) que fueran elegibles para el canje dispuesto en el decreto 1.734 de fecha 9 de diciembre de 2004 y sus normas complementarias, que no hubiesen sido presentados a tal canje ni al dispuesto por el decreto 563 de fecha 26 de abril de 2010 (Títulos Públicos Elegibles), disponiéndose que los acuerdos que la Autoridad de Aplicación suscriba con dichos acreedores así como las propuestas de cancelación y/o reestructuración que la Autoridad de Aplicación formule quedarán sujetas a la aprobación del Congreso de la Nación.

Art. 5°- Ratifícanse los acuerdos de cancelación celebrados entre la República Argentina y los tenedores de Títulos Públicos Elegibles (y/o sus representantes), los que como Anexo I, en copia en idioma inglés y su traducción al idioma español, forman parte integrante de la presente ley.

Se autoriza al Ministerio de Hacienda y Finanzas Públicas, como Autoridad de Aplicación de la presente ley, a prorrogar los respectivos plazos de vencimiento establecidos en los mencionados acuerdos de cancelación.

Art. 6°- Autorízase a la Autoridad de Aplicación a:

i)   Efectuar enmiendas y/o adendas a los acuerdos de cancelación referidos en el artículo precedente en tanto no modifiquen su objeto, sus condiciones económicas y sus términos y condiciones; y,

ii)  Realizar todos los actos necesarios para cancelar la deuda con los tenedores de Títulos Públicos Elegibles (y/o sus representantes) que no estuvieren comprendidos en los acuerdos

*"2016 - Año del Bicentenario de la Declaración de la Independencia Nacional".*

*Senado de la Nación*

27 2 49          4

de cancelación referidos en el artículo precedente, incluyendo la suscripción de acuerdos y otros instrumentos.

A fin de instrumentar la suscripción de los acuerdos referidos en el párrafo precedente, la Autoridad de Aplicación podrá ofrecer:

a)   A todos los tenedores de Títulos Públicos Elegibles, un pago equivalente al monto de capital adeudado de sus títulos con más un cincuenta por ciento (50%) de dicho monto de capital (Oferta Base). En ningún caso, el monto a pagar podrá ser superior al monto reconocido por cualquier sentencia dictada con relación a dichos títulos más la actualización legal correspondiente a la aplicación de intereses judiciales al 31 de enero de 2016.

La Oferta Base se instrumentará e implementará mediante:

i)   La firma de acuerdos de cancelación de deuda; y
ii)  Una oferta nacional e internacional de pago en efectivo contra entrega de los Títulos Públicos Elegibles ("cash tender offer", según su denominación en idioma inglés).

Con respecto a los tenedores de Títulos Públicos Elegibles que hubieren iniciado reclamos ante la Corte de Distrito para el Distrito Sur de Nueva York, Estados Unidos de América, agrupados en una acción de clase, se autoriza a acordar una suma adicional para solventar los gastos administrativos necesarios para notificar a quienes se encuentran incluidos en la respectiva clase, según los términos del Acuerdo previsto en el apartado 4 del Anexo I.



*2016 - Año del Bicentenario de la Declaración de la Independencia Nacional*.

*Senado de la Nación*

27 2 49          5

El Poder Ejecutivo nacional   no asumirá ningún gasto ni cargo excedente respecto del resto de los tenedores de Títulos Públicos Elegibles abarcados en la Oferta Base;

b)   A aquellos tenedores de Títulos Públicos Elegibles cuyos reclamos estuvieran comprendidos en las órdenes judiciales dictadas por la Corte de Distrito para el Distrito Sur de Nueva York, Estados Unidos de América, en fecha 23 de febrero de 2012, y modificada en fecha 21 de noviembre de 2012 (la "Orden "Pari Passu" Original") y en fecha 30 de octubre de 2015 (la "Orden "Pari Passu" Me Too" y conjuntamente con la Orden "Pari Passu" Original, las "Órdenes Pari Passu"), lo dispuesto en la Oferta Base prevista en el inciso a) precedente o, a su elección, la siguiente propuesta (la "Oferta "Pari Passu""):

i)   A aquellos tenedores de Títulos Públicos Elegibles que estuvieren alcanzados por las Órdenes "Pari Passu", que contaren con una sentencia monetaria, dictada con anterioridad al 1° de febrero de 2016, que reconociere la deuda derivada de los Títulos Públicos Elegibles bajo su tenencia, un pago equivalente al setenta por ciento (70%) del reclamo legal (que incluye el monto reconocido en dicha sentencia y los intereses judiciales devengados desde la fecha de la sentencia hasta el 31 de enero de 2016), y

ii)   A aquellos tenedores de Títulos Públicos Elegibles que estuvieren alcanzados por las Órdenes "Pari Passu" que no contaren con una sentencia monetaria, dictada con anterioridad al 1° de febrero de 2016, que reconociere la deuda derivada de los Títulos Públicos Elegibles bajo su tenencia, un pago equivalente al setenta por ciento (70%) del reclamo legal (que incluye el capital adeudado más los

*"2016 - Año del Bicentenario de la Declaración de la Independencia Nacional".*

*Senado de la Nación*

27 2 49          6

importes devengados conforme la tasa de interés contractual y la tasa de interés reglamentaria "statutory interest rate" sobre la tasa de interés contractual hasta el 31 de enero de 2016, conforme las leyes del Estado de Nueva York, Estados Unidos de América).

Art. 7°- Dispónese, a través de la Autoridad de Aplicación y con cargo a la presente ley, la emisión de bonos del Tesoro de la Nación y/o la contratación de otras operaciones de empréstito público por hasta un valor nominal original de dólares estadounidenses y/o su equivalente en otras monedas, que sea necesario para cumplir con los pagos requeridos bajo la presente ley y en la medida que dichos pagos no excedan el monto de doce mil quinientos millones de dólares estadounidenses   (U$S 12.500.000.000) y/o su equivalente en otras monedas quedando ampliado, en consecuencia, el Presupuesto General de la Administración Nacional para el Ejercicio 2016, aprobado por ley 27.198.

La Autoridad de Aplicación destinará el producido de las emisiones referidas en el párrafo precedente a las cancelaciones de deuda previstas en la presente ley. En caso que el monto de emisión supere el monto de pago requerido bajo la presente ley, el excedente será imputado a la autorización existente de deuda pública prevista en el Presupuesto General de la Administración Nacional para el ejercicio 2016, aprobado por ley 27.198.

Art. 8°- Los tenedores de Títulos Públicos Elegibles que deseen participar de cualquier operación de cancelación que se realice en el marco de lo dispuesto en la presente ley,  incluyendo a los acreedores que suscribieron los acuerdos del Anexo I y a los que acepten las propuestas previstas en el artículo 6°, deberán renunciar a todos los derechos que les correspondan, en virtud de los referidos títulos, inclusive a aquellos derechos que hubieran sido reconocidos por cualquier sentencia judicial o administrativa, laudo arbitral o

*"2016 - Año del Bicentenario de la Declaración de la Independencia Nacional".*

*Senado de la Nación*

27 2 49     7

decisión de cualquier otra autoridad, dictados en cualquier jurisdicción, y renunciar y liberar a la República Argentina de cualquier acción judicial, administrativa, arbitral o de cualquier otro tipo, iniciada o que pudiere iniciarse en el futuro con relación a los referidos títulos o a las obligaciones de la República Argentina que surjan de ellos, incluyendo cualquier acción destinada a percibir servicios de capital o intereses de dichos títulos o cualquier otro accesorio acrecido o gasto.

Art. 9º- Autorízase a la Autoridad de Aplicación a incluir cláusulas que establezcan la prórroga de jurisdicción a favor de tribunales extranjeros, y que dispongan la renuncia a oponer la defensa de inmunidad soberana, exclusivamente, respecto a reclamos en la jurisdicción que se prorrogue y con relación a los acuerdos que se suscriban y a las emisiones de deuda pública que se realicen, de conformidad con lo previsto en la presente ley y sujeto a que se incluyan las denominadas "cláusulas de acción colectiva" y cláusula de "pari passu", de conformidad con las prácticas actuales de los mercados internacionales de capitales.

La renuncia a oponer la defensa de inmunidad soberana no implicará renuncia alguna respecto de la inmunidad de la República Argentina con relación a la ejecución de los bienes que se detallan a continuación:

a)   Cualquier reserva del Banco Central de la República Argentina;

b)   Cualquier bien perteneciente al dominio público localizado en el territorio de la República Argentina, incluyendo los comprendidos por los artículos 234 y 235 del Código Civil y Comercial de la Nación;

c)   Cualquier bien localizado dentro o fuera del territorio argentino que preste un servicio público esencial;



*"2016 - Año del Bicentenario de la Declaración de la Independencia Nacional".*

*Senado de la Nación*

27 2 49

8

d)  Cualquier bien (sea en la forma de efectivo, depósitos bancarios, valores, obligaciones de terceros o cualquier otro medio de pago) de la República Argentina, sus agencias gubernamentales y otras entidades gubernamentales relacionadas con la ejecución del presupuesto, dentro del alcance de los artículos 165 a 170 de la Ley Complementaria Permanente de Presupuesto 11.672 (t.o. 2014);

e)  Cualquier bien alcanzado por los privilegios e inmunidades de la Convención de Viena sobre Relaciones Diplomáticas de 1961 y la Convención de Viena sobre Relaciones Consulares de 1963, incluyendo, pero no limitándose a bienes, establecimientos y cuentas de las misiones argentinas;

f)  Cualquier bien utilizado por una misión diplomática, gubernamental o consular de la República Argentina;

g)  Impuestos y/o regalías adeudadas a la República Argentina y los derechos de la República Argentina para recaudar impuestos y/o regalías;

h)  Cualquier bien de carácter militar o bajo el control de una autoridad militar o agencia de defensa de la República Argentina;

i)  Cualquier bien que forme parte de la herencia cultural de la República Argentina; y

j)  Los bienes protegidos por cualquier ley de inmunidad soberana que resulte aplicable.




*"2016 -Año del Bicentenario de la Declaración de la Independencia Nacional".*

*Senado de la Nación*

27 2 49          9

Art. 10.- Autorízase a la Autoridad de Aplicación a realizar todos aquellos actos necesarios para dar cumplimiento a lo dispuesto en la presente ley, incluyendo, sin limitación, a:

a) La determinación de las épocas y plazos de participación en las ofertas de cancelación de deuda;

b) La determinación de las épocas, plazos, métodos y procedimientos de emisión de los nuevos títulos públicos;

c) La designación de instituciones financieras que participarán en la colocación de los nuevos títulos públicos y la contratación de otros empréstitos de crédito público;

d) La suscripción de acuerdos con entidades financieras colocadoras de los nuevos títulos públicos a emitirse, previéndose, para ello, el pago de comisiones en condiciones de mercado, las que en ningún caso podrán superar el cero coma veinte por ciento (0,20%) del monto de emisión;

e) La preparación y registración de un programa de títulos públicos ante los organismos de control de los principales mercados de capitales internacionales;

f) La suscripción de acuerdos con agentes fiduciarios, agentes de pago, agentes de información, agentes de custodia, agentes de registración y agencias calificadoras de riesgo que sean necesarios tanto para las operaciones de cancelación de deuda como de emisión y colocación de los nuevos títulos públicos, previéndose el pago de los correspondientes honorarios y gastos en condiciones de mercado; y




*"2016 - Año del Bicentenario de la Declaración de la Independencia Nacional".*

*Senado de la Nación*

27 2 49

10

g) El pago de otros gastos necesarios de registración, impresión, distribución de prospectos, traducción y otros gastos asociados, los que deberán ser en condiciones de mercado, a fin de dar cumplimiento a lo previsto en la presente ley.

Art. 11.- Exímese a las operaciones comprendidas en la presente ley del pago de todos los impuestos, tasas y contribuciones nacionales existentes y a crearse en el futuro, y de las restricciones cambiarias que puedan aplicarse a las operaciones contempladas en la presente ley.

Art. 12.- Exceptúase a las operaciones comprendidas en la presente ley de lo dispuesto en los artículos 7° y 10 de la ley 23.928 y sus modificaciones, y de lo establecido en el artículo 765 del Código Civil y Comercial de la Nación.

Art. 13.- La Autoridad de Aplicación, dentro del plazo de sesenta (60) días contados a partir del cumplimiento de la condición del artículo 2° de la presente ley, adoptará todas las medidas necesarias tendientes a normalizar el servicio de los títulos públicos emitidos en el marco de la reestructuración de la deuda pública dispuesta por los decretos 1.735, de fecha 9 de diciembre de 2004, y 563, de fecha 26 de abril de 2010 ("Títulos Públicos Reestructurados"), incluyendo:

i) La regularización de la situación de The Bank of New York Mellon como agente fiduciario en el marco del Convenio de Fideicomiso de fecha 2 de junio de 2005, modificado el 30 de abril de 2010 (el "Convenio de Fideicomiso");

ii) De ser necesario, la contratación de otra institución que cumpla con las funciones de agente fiduciario conforme lo establecido en el Convenio de Fideicomiso; y

*"2016 - Año del Bicentenario de la Declaración de la Independencia Nacional".*

*Senado de la Nación*

**27 2 49**    11

iii)  La emisión de las instrucciones necesarias para que se disponga la transferencia de los fondos depositados en la cuenta "Fondo Ley N° 26.984 Pago Soberano de Deuda Reestructurada" de Nación Fideicomisos Sociedad Anónima en el Banco Central de la República Argentina a las cuentas que correspondan de The Bank of New York Mellon, o de la entidad que lo reemplace en carácter de agente fiduciario bajo el Convenio de Fideicomiso, en el Banco Central de la República Argentina a fin de aplicarlos al pago de dichos títulos. Hasta tanto se normalice la situación contractual con The Bank of New York Mellon como agente fiduciario bajo el convenio de fideicomiso, la Autoridad de Aplicación podrá transferir los fondos correspondientes a los futuros vencimientos de los Títulos Públicos Reestructurados a Nación Fideicomisos Sociedad Anónima, entidad a la que por este acto se designa como agente de pago transitorio, (a cuyos fines la Autoridad de Aplicación acordará con dicha sociedad los términos de dicha designación) para su posterior transferencia al agente fiduciario bajo el Convenio de Fideicomiso, sin que lo dispuesto en el presente artículo implique modificación alguna a dicho Convenio de Fideicomiso.

Art. 14.-  En caso que las disposiciones contempladas en el artículo 2° de la presente ley no entren en vigencia por las causas previstas en dicho artículo, la Autoridad de Aplicación podrá transferir los fondos correspondientes a los futuros vencimientos de los Títulos Públicos Reestructurados a Nación Fideicomisos Sociedad Anónima como agente de pago transitorio para su posterior transferencia al agente fiduciario bajo el Convenio de Fideicomiso, sin que lo dispuesto en el presente artículo implique modificación alguna a dicho Convenio de Fideicomiso.



*"2016 - Año del Bicentenario de la Declaración de la Independencia Nacional".*

*Senado de la Nación*

27249          12

Art. 15.- Desígnase al Ministerio de Hacienda y Finanzas Públicas como Autoridad de Aplicación de la presente ley, pudiendo dictar las normas aclaratorias y complementarias que fueran necesarias para instrumentar el cumplimiento de la presente norma.

Art. 16.- Facúltase a la Jefatura de Gabinete de Ministros a efectuar las adecuaciones presupuestarias que resulten pertinentes para dar cumplimiento a las disposiciones de la presente ley.

Art. 17.- Los pagos previstos en la presente ley serán atendidos con cargo a la imputación presupuestaria "Gastos y Comisiones de la Deuda Pública" correspondiente a la Jurisdicción 90.

Art. 18.- Créase, en el ámbito del Honorable Congreso de la Nación, la Comisión Bicameral Permanente de Seguimiento y Control de la Gestión de Contratación y de Pago de la Deuda Exterior de la Nación, que estará compuesta por diez (10) Senadores y diez (10) Diputados, designados por los Presidentes de las respectivas Cámaras a propuesta de los bloques parlamentarios respetando la proporción de las representaciones políticas, y que se regirá por el reglamento de funcionamiento interno que a tal efecto dicte y cuyo objeto principal será el seguimiento de la evolución, gestión y pagos de la deuda exterior de la Nación.

La Comisión podrá solicitar información, documentación o datos a organismos nacionales, provinciales o municipales, centralizados, descentralizados o autárquicos como así también a entidades financieras nacionales e internacionales, privadas o públicas; y a cualquier otro organismo que fuere necesario para el cumplimiento de sus cometidos.

Art. 19.- La presente ley es de orden público y entrará en vigencia a partir de la fecha de su publicación en el Boletín Oficial.

*"2016 - Año del Bicentenario de la Declaración de la Independencia Nacional".*

*Senado de la Nación*

27 2 49    13

Art. 20.- Comuníquese al Poder Ejecutivo nacional.

DADA EN LA SALA DE SESIONES DEL CONGRESO ARGENTINO, EN BUENOS AIRES, A LOS TREINTA Y UN DIAS DEL MES DE MARZO DEL AÑO DOS MIL DIECISEIS.

REGISTRADA

BAJO EL N° 27 2 49

# Exhibit 2

**EXHIBIT 2**
AMOUNTS PAID TO FEBRUARY 29 SETTLING PARTIES

| # | Feb 29 Settling Party | Amount Paid (USD) |
|---|---|---|
| 1 | NML Capital, Ltd. | U.S.$2,426,610,458.00 |
| 2 | Aurelius Capital Master, Ltd | U.S.$434,476,042.00 |
| 3 | ACP Master, Ltd. | U.S.$108,711,975.00 |
| 4 | Aurelius Opportunities Fund II, LLC | U.S.$134,225,451.00 |
| 5 | Aurelius Capital Partners, LP | U.S.$169,141,371.00 |
| 6 | Blue Angel Capital I LLC | U.S.$411,425,409.00 |
| 7 | Olifant Fund, Ltd. | U.S.$70,990,501.00 |
| 8 | FYI Ltd. | U.S.$366,407,062.00 |
| 9 | FFI Fund Ltd. | U.S.$550,603,782.00 |
| 10 | EM Limited | U.S.$849,201,747.00 |
| 11 | Procella Holdings, L.P. | U.S.$37,866,814.00 |
| 12 | VR Global Partners, L.P. | U.S.$35,508,705.00 |
| 13 | Montreux Partners, LP | U.S.$308,560,843.00 |
| 14 | Capital Ventures International | U.S.$221,833,952.53 |
| 15 | Lorin Capital Master Fund, LP (formerly Tortus Capital Master Fund, LP) | U.S.$739,265.26 |

2

| # | Feb 29 Settling Party | Amount Paid (USD) |
|---|---|---|
| 16 | Clarex Limited | U.S.$110,468,850.45 |
| 17 | Lightwater Corporation Limited | U.S.$9,634,370.00 |
| 18 | Old Castle Holdings, Ltd. | U.S.$963,437.00 |
| 19 | Paolo Ercolani | U.S.$1,008,964.48 |
| 20 | Rafael Leopoldo Settin Lando | U.S.$3,235,439.00 |